UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GAWKER MEDIA, LLC and GREGG D. THOMAS,**

       Plaintiffs,

v.

**THE FEDERAL BUREAU OF INVESTIGATION and THE EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS,**

       Defendants.

Case No._____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, by and through their undersigned attorneys, allege:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.,* brought by Gawker Media, LLC and its counsel Gregg D. Thomas, Esq. (together, "Gawker"), for injunctive and other appropriate relief, seeking the release of agency records from the Federal Bureau of Investigation ("FBI") and the Executive Office of United States Attorneys ("EOUSA") (together, the "Agencies").

2. Through this lawsuit, Gawker seeks to compel the Agencies to provide records it requested through FOIA relating to an FBI investigation, conducted in 2012, into the source and distribution of video footage depicting Terry Gene Bollea, professionally known as Hulk Hogan ("Hogan"), engaged in a sexual affair with Heather Clem, the wife of his best friend, the radio shock jock Bubba the Love Sponge Clem.

3. The EOUSA has not responded at all to Gawker's FOIA request. The FBI has claimed that all responsive documents are exempt under FOIA because their release would constitute an interference with a law enforcement investigation. But any law enforcement investigation into the video footage that may once have existed is now long since over, and thus the claim that release of records would "interfere" with it is demonstrably incorrect. Moreover, even if there were an ongoing or prospective investigation, the FBI has made no showing, as it must under FOIA, that release of specific records related to it would necessarily disrupt that investigation.

4. Because the requested records have been ruled to be critical to Gawker's defense of a $100 million lawsuit brought by Hogan, first in this Court, and then in Florida state court arising from Gawker's publication a news report and commentary about the footage, along with short excerpts of the footage itself (the "Florida Litigation"), it now institutes this lawsuit.

## PARTIES

5. Plaintiff Gawker Media, LLC is an online news organization and publisher of the website www.gawker.com, as well as seven other popular websites. Gawker Media, LLC is a defendant in the Florida Litigation.

6. Plaintiff Gregg D. Thomas, Esq. is an attorney and counsel to Gawker Media, LLC in the Florida Litigation, in which capacity he made the FOIA requests at issue in this lawsuit.

7. Defendant FBI is an agency of the federal government that has possession, custody and/or control of the records that Gawker seeks. The FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

8. Defendant EOUSA is an agency of the federal government that has possession, custody and/or control of the records that Gawker seeks. The EOUSA is headquartered at 950 Pennsylvania Avenue, NW, Room 2242, Washington, DC 20530-0001.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action and personal jurisdiction over the FBI and the EOUSA pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

10. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

11. Gawker has exhausted all available administrative remedies against the FBI because the FBI has issued its final determination to deny access to all responsive records, and Gawker's administrative appeal therefrom has been denied.

12. Gawker is deemed to have exhausted all administrative remedies against the EOUSA pursuant to 5 U.S.C. § 552(a)(6)(C) because the EOUSA has failed to respond within the statutory time limit.

## FACTS

### The FBI Investigation

13. In or around the fall of 2012, the FBI conducted an investigation into the source and distribution of video footage of Hogan engaged in a sexual affair with Heather Clem.

14. Upon information and belief, the investigation ended shortly after it began, and no criminal prosecutions were ever brought.

### Gawker's Requests

15. On November 8, 2013, Gawker requested from the FBI, via FOIA, public records relating to the FBI investigation. Gawker sought these records in connection with its defense of

a $100 million lawsuit that Hogan filed against it arising from its publication in October 2012 of a news report and commentary about the video footage of Hogan's and Mrs. Clem's affair, along with short and heavily-edited excerpts of that footage. Hogan initially filed his case in this Court, which denied his successive requests for injunctive relief on various theories. Hogan then dismissed his federal court complaint and re-filed his claims against Gawker in state court, where, after removal and remand, the case is now pending.

16. The FBI denied Gawker's FOIA request on the sole basis of privacy concerns, indicating that it would not process the request without formal records authorizations from persons connected to the investigation.

17. Accordingly, Gawker sought to obtain such authorizations from Hogan and his attorneys, who refused to voluntarily provide them. After nearly a year of litigating the matter in the Florida Litigation, Hogan and his attorneys were eventually required to provide the authorizations (and to provide to Gawker their own records related to the FBI investigation) on the grounds that information about the investigation was critical to Gawker's defense.

18. On November 7, 2014, Gawker renewed its request to the FBI and submitted an identical request to the EOUSA, in both cases enclosing the records authorizations from Hogan and his counsel (as well as one from Ms. Clem, which she voluntarily provided). In its requests, Gawker specifically enumerated certain categories of records it was seeking relating to the FBI investigation:

      a. communications between Hogan and his counsel with the FBI;

      b. documents related to video recordings depicting Hogan engaged in sexual activity with Ms. Clem, including the recordings themselves;

      c. statements by Hogan and/or his counsel; and

      d. records pertaining to the source and distribution of the video recordings, or attempts to disseminate or sell those video recordings.

19. The FBI acknowledged receipt of Gawker's request on November 17, 2014. On January 29, 2015, the FBI informed Gawker that it had located 1,168 pages of responsive records and two CDs containing responsive video material.

**The FBI Denial**

20. Gawker responded to the FBI's acknowledgement on February 3, 2015, accepting all duplication charges.

21. The following day, however, on February 4, 2015, the FBI denied Gawker's request in full and declined to produce any records, citing FOIA's Exemption 7(A), the law enforcement exemption as the sole basis for its denial. Specifically, the agency stated: "The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings."

22. Gawker submitted an administrative appeal from the FBI's denial on March 4, 2015. In the administrative appeal, Gawker submitted substantial evidence that there was no ongoing or prospective investigation, no plausible interference with any such investigation, and thus no proper basis for the FBI's wholesale denial. Gawker also explained that, under governing law, the FBI had a responsibility to conduct its review (and justify withholding) on a category-by-category basis, and requested that the FBI provide a specific explanation why it was denying Gawker's request for each category of documents.

23.     On May 6, 2015, the Department of Justice affirmed the FBI's decision not to disclose any records (the "Final Determination").  The Final Determination did not dispute or rebut any of the showings Gawker made in its administrative appeal – it neither asserted that any investigation exists, nor claimed that any such investigation would be harmed by disclosure of any responsive records.  And it did not provide any explanation of the reasons Exemption 7(A) might apply to particular categories of records.  Rather, the Final Determination stated only: "The FBI properly withheld certain information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A).  This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings."

**The EOUSA's Denial**

24.     The EOUSA acknowledged receipt of Gawker's request on December 4, 2014.

25.     Thomas repeatedly attempted to follow up on the request, emphasizing the absence of any basis for withholding records.

26.     To date, the EOUSA has failed to respond to Gawker's request, and has produced no records.  Therefore, it has constructively denied the request and Gawker has, by operation of law under 5 U.S.C. § 552(a)(6)(c), exhausted its administrative remedies.

### FIRST CAUSE OF ACTION
(FBI's wrongful withholding of records and
its failure to make them promptly available)

27.     Gawker repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

28.     The FBI is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the

6

request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records as to which it is claiming an exemption.

29. The FBI's final determination that it will not disclose any of the records requested by Gawker, its failure to adequately explain its reasons for withholding them, and its failure to make them promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and the FBI's corresponding regulations.

## SECOND CAUSE OF ACTION
(EOUSA's wrongful withholding of records
and failure to make them promptly available)

30. Gawker repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

31. The EOUSA is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records as to which it is claiming an exemption.

32. The EOUSA's constructive denial of Gawker's FOIA request violates FOIA, 5 U.S.C. §§ 552(a)(3)(A) and 552(a)(6)(A), and the EOUSA's corresponding regulations.

## REQUEST FOR RELIEF

**WHEREFORE**, Gawker respectfully requests that this Court:

    a.    Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

    b.    Declare that the records requested by Gawker, including as more particularly described above, are public records pursuant to 5 U.S.C. § 552 and must be disclosed;

    c.    Declare that Exemption 7(A) does not exempt the requested records from disclosure;

    d.    Order the FBI to produce the requested records, including electronic copies of records stored in electronic format, as provided in the request, within 10 business days of the Court's order;

    e.    Order the EOUSA to provide the requested records, including electronic copies of records stored in electronic format, as provided in the request, within 10 business days of the Court's order;

    f.    Award Gawker the costs of this proceeding, including reasonable attorney's fees, as authorized by FOIA; and

    g.    Grant Gawker such other and further relief as this Court deems just and proper.

Dated: May 19, 2015

Respectfully submitted,

THOMAS & LOCICERO PL

By:   *Greg D. Thomas*
    Gregg D. Thomas
    Florida Bar No.: 223913
    Rachel E. Fugate
    Florida Bar No.: 0144029
601 South Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Tel: (813) 984-3060; Fax: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

*Counsel for Plaintiffs*

*Of counsel:*
Seth D. Berlin
Pro hac vice application forthcoming
Alia L. Smith
Pro hac vice application forthcoming
Patrick Kabat
Pro hac vice application forthcoming
LEVINE SULLIVAN KOCH
  & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Tel: (202) 508-1122; Fax: (202) 861-9888
sberlin@lskslaw.com
asmith@lskslaw.com
pkabat@lskslaw.com