# Exhibit 7

to the

# Declaration of Gregg D. Thomas

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

        Plaintiff,

v.

HEATHER CLEM; GAWKER MEDIA, LLC
aka GAWKER MEDIA; GAWKER MEDIA
GROUP, INC. aka GAWKER MEDIA;
GAWKER ENTERTAINMENT, LLC;
GAWKER TECHNOLOGY, LLC; GAWKER
SALES, LLC; NICK DENTON; A.J.
DAULERIO; KATE BENNERT, and
BLOGWIRE HUNGARY SZELLEMI
ALKOTAST HASZNOSITO KFT aka
GAWKER MEDIA,

        Defendants.

Case No. 12012447-CI-011



FILED
CIVIL COURT RECORDS DEPARTMENT
DEC 2 8 2012
KEN BURKE
CLERK CIRCUIT COUNTY COURT

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff Terry Gene Bollea ("Plaintiff" or "Mr. Bollea"), professionally known as "Hulk

Hogan," sues defendants Heather Clem aka Heather Cole ("Clem"), Gawker Media, LLC aka

Gawker Media, Gawker Media Group, Inc. aka Gawker Media, Gawker Entertainment, LLC,

Gawker Technology, LLC, Gawker Sales, LLC, Nick Denton, A.J. Daulerio, Kate Bennert,

Blogwire Hungary Szellemi Alkotast Hasznosito KFT aka Gawker Media (collectively, the

"Gawker Defendants") (collectively with Clem, "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

    1.    Defendants have engaged in outrageous, irresponsible and despicable conduct that

should be punished to the maximum extent under the law.  Defendant Clem caused Mr. Bollea to

be secretly videotaped in or about 2006, without his knowledge or consent, while he was engaged in private consensual sexual relations with her in a private bedroom. On or about October 4, 2012, the Gawker Defendants posted to the Internet a one-minute and forty-second "highlight reel" of the secretly-taped video and audio footage depicting Mr. Bollea naked and engaged in private consensual sexual relations with Clem in a private bedroom (the "Video"). The Gawker Defendants also posted, with the Video, a graphic narrative that describes the sexual activity in the Video in lurid detail (the "Narrative"). The Gawker Defendants posted the Video and Narrative at their website www.Gawker.com (the "Gawker Site"). The Gawker Defendants posted the Video and Narrative for the public to view, for the purpose of obtaining tremendous financial benefit for themselves, including without limitation (a) the sale of advertisements at the Gawker Site to viewers of the webpage with a link to the Video and Narrative, and (b) attracting new viewers to the Gawker Site for the long-term financial benefit of the Gawker Defendants and their numerous affiliated websites, and additional revenues from the substantial new viewers brought to the Gawker Site and its affiliated websites by the Video and Narrative.

2.      Mr. Bollea had no knowledge that the intimate activity depicted in the Video was being recorded. To the contrary, Mr. Bollea believed that such activity was completely private, and he had a reasonable expectation of his privacy in the private bedroom, and he reasonably believed that his privacy was safe and protected at all relevant times.

3.      Both Clem's secret recording of Mr. Bollea naked and engaged in private consensual sexual activity, and the Gawker Defendants' posting of the Video and Narrative at the Gawker Site, constitutes a shameful and outrageous invasion of Mr. Bollea's right of privacy by a group of loathsome Defendants who have no regard for human dignity and care only about maximizing their revenues and profits at the expense of all others.

4.     Mr. Bollea is informed and believes that the activities by both Clem, and the Gawker Defendants, constitutes a criminal violation of Florida's Video Voyeurism law codified at Section 810.145 of the Florida Statutes.

5.     This lawsuit was necessitated by Defendants' blatant violations of Mr. Bollea's right of privacy and other rights as discussed herein. Clem violated Mr. Bollea's rights by participating in the secret recording of Mr. Bollea naked and engaged in private sexual activity in a private bedroom. The Gawker Defendants violated Mr. Bollea's rights by their wrongful disclosure of the private acts depicted in the Video; their unauthorized commercial exploitation of Plaintiff's name, image, identity and persona; their refusal to remove the Video and Narrative when Plaintiff repeatedly requested and demanded its removal from the Gawker Site; and other calculated wrongful and tortious conduct as described herein.

6.     Defendants' malicious conduct violates Plaintiff's constitutional and common law privacy rights and publicity rights, and exceeds all bounds of human decency. Defendants' gross and egregious intrusion into Plaintiff's privacy must be stopped, and must be punished to the maximum extent of the law.

## JURISDICTION

7.     This Court has jurisdiction because Plaintiff seeks relief in an amount greater than $15,000, exclusive of interest, costs and attorneys' fees.

8.     This Court has personal jurisdiction over the Defendants as follows:

a.     Defendants committed tortious acts within the State of Florida thereby satisfying Florida's long-arm statute, section 48.193, Florida Statutes;

b.     Defendants have committed intentional torts expressly aimed at Plaintiff, the effects of which were suffered in this circuit. Defendants' intentional conduct was calculated

to cause injury to Plaintiff in Florida. Based on their intentional torts, Defendants should have reasonably anticipated being haled into this Court and due process is satisfied.

9.      Venue is proper in this Court pursuant to section 47.011, Florida Statutes, because, among other things, the claims at issue accrued within this circuit.

## PARTIES

10.     Plaintiff Terry Gene Bollea is a resident and citizen of the State of Florida, and resident of Pinellas County.

11.     Defendant Heather Clem aka Heather Cole is a resident of the State of Florida, believed to reside in Hillsborough County.

12.     At all relevant times, defendant Gawker Media, LLC aka Gawker Media, was and is a limited liability company organized and operating under the laws of the State of Delaware, with its principal place of business in New York.

13.     At all relevant times, defendant Gawker Media Group, Inc. aka Gawker Media, was and is a Cayman Islands corporation.

14.     At all relevant times, defendant Gawker Entertainment, LLC, was and is a New York limited liability company.  Thus, defendant Gawker Entertainment, LLC was and is a citizen of New York.

15.     At all relevant times, defendant Gawker Technology, LLC was an is a New York limited liability company.

16.     At all relevant times, defendant Gawker Sales, LLC was an is a New York limited liability company.

17.     Plaintiff is informed and believes and based thereon alleges that defendants Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Technology, LLC, and Gawker

Sales, LLC were and are all under the control of defendant Gawker Media Group, Inc. based in the Cayman Islands.

18.    At all relevant times, defendant Blogwire Hungary Szellemi Alkotast Hasznosito KFT aka Gawker Media ("Blogwire Hungary") was and is a Hungarian off-shore company, and owns the Internet domain name GAWKER.COM.

19.    Defendants Gawker Media, LLC, Gawker Entertainment, LLC, Gawker Technology, LLC, Gawker Sales, LLC, Gawker Media Group, Inc., and Blogwire Hungary are collectively referred to herein as "Gawker Media".

20.    Gawker Media owns, operates, controls and publishes several Internet websites, including the Gawker Site, which disseminate information worldwide via the Internet.

21.    At all relevant times, defendant Nick Denton ("Denton") was and is a citizen of Hungary and the United Kingdom, and is a resident and domiciliary of the State of New York. Defendant Denton is the founder of Gawker Media and currently owns all of, or a controlling or substantial interest in, Gawker Media.

22.    At all relevant times, defendant A.J. Daulerio ("Daulerio") was and is a citizen, resident and domiciliary of the State of New York. Plaintiff is informed and believes and based thereon alleges that defendant Daulerio is the Editor in Chief of the Gawker Site and Gawker Media.

23.    Plaintiff is informed and believes that defendant Kate Bennert ("Bennert") is a citizen, resident and domiciliary of the State of New York and is employed by Gawker Media.

24.    Plaintiff is informed and believes and based thereon alleges that the Gawker Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Gawker

Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture. Plaintiff further is informed and believes and based thereon alleges that the acts and conduct herein alleged of each of the Gawker Defendants were known to, authorized by, and/or ratified by the other Gawker Defendants, and each of them.

## FACTS GIVING RISE TO THE CLAIMS

25.    Plaintiff is a professional wrestler, motion picture actor, and television personality who has enjoyed mainstream popularity as the character "Hulk Hogan." Plaintiff is a twelve-time world wrestling champion.

26.    In or about 2006, Mr. Bollea engaged in private sexual relations with defendant Heather Clem, in Clem's private bedroom. Unbeknownst to Mr. Bollea, and without his knowledge or consent, Mr. Bollea was filmed naked and engaged in private sexual relations with Clem. Plaintiff is informed and believes and on that basis alleges that Clem was involved in filming the private consensual sexual encounter between Mr. Bollea and Clem. Mr. Bollea understood, believed and expected that the sexual activities in which he and Clem engaged in her private bedroom were completely private and would not be viewed by any other persons. Had Mr. Bollea known that his private sexual activities were being secretly filmed, Mr. Bollea would not have engaged in any such activities.

27.    Plaintiff is informed and believes and thereon alleges that the Gawker Defendants, based on the actions of Clem and others, obtained a copy of the secretly-filmed recording depicting Mr. Bollea naked and engaged in sexual relations with Clem. The recording was edited by the Gawker Defendants into a one-minute and forty-second "highlight reel" depicting Mr. Bollea fully naked; showing his sex partner, Clem, performing oral sex on him; and showing

him engaged in sexual intercourse with her. The footage was not blocked, blurred or obscured in any way by the Gawker Defendants, who created the edited "highlight reel" and also added English subtitles to the Video to ensure that viewers did not miss a word of their private encounter. The Gawker Defendants also prepared the Narrative describing the sexual encounter in lurid detail.

28.     On or about October 4, 2012, the Gawker Defendants published at the Gawker Site the Video depicting Plaintiff having private consensual sexual relations with an anonymous woman in a private bedroom, and the Narrative graphically describing the actions taking place in the Video in lurid detail. Defendant Bennert, with the help or under the direction of defendants Denton and Daulerio, edited the secretly-filmed recording into the Video without Plaintiff's knowledge or consent. The Narrative was written and edited by defendants Daulerio, Denton and Bennert. Plaintiff made numerous and repeated demands to the Gawker Defendants, including directly to defendant Denton, to remove the Video from the Gawker Site. However, the Gawker Defendants failed and refused to do so.

29.     At no time prior to, during, or after the private consensual sexual encounter between Mr. Bollea and Clem did Mr. Bollea ever authorize or consent to any person or entity recording the private, intimate acts depicted in the Video, or the storage of the Video, or the editing of the Video, the dissemination, publishing or exploitation of the Video in any way or manner whatsoever, or the creation of the Narrative or other work based on the Video. On the contrary, Plaintiff finds the secret recording of his private sexual activity by Ms. Clem and the publishing of the Video and Narrative by the Gawker Defendants to be outrageous and egregious. The Video and Narrative have never been authorized by Plaintiff for any purpose whatsoever, including any form of disclosure to the public whatsoever.

30.     Numerous media outlets and websites picked up on the Video and Narrative posted at the Gawker Site, and posted links to it, thus exposing hundreds of millions of people to the Video and Narrative.  As a natural and foreseeable consequence, massive numbers of individuals were drawn to the Gawker Site, for which the Gawker Defendants have reaped tremendous revenues and profits, and have been unjustly enriched therefrom, based on both the short term web traffic of millions of people who have viewed the Video and Narrative and advertisements displayed thereat, and the long term increase in viewership to the Gawker Site and the Gawker Defendants' other affiliated sites, and the revenues and profits associated therewith for a prolonged period of time.  Such tremendous benefits are a direct result of the tremendous fame and goodwill of Plaintiff.

31.     As a natural and foreseeable consequence of Defendants' actions, Plaintiff has suffered, and continues to suffer, tremendous emotional distress.  His life was "turned upside down" by the unlawful actions of the Defendants, including the continued display of the Video and Narrative at the Gawker Site, and Plaintiff continues to suffer from substantial emotional distress, on a daily basis, as a result.  In particular, Plaintiff has suffered, and continues to suffer, substantial embarrassment, humiliation and hurt feelings as a result.  Moreover, Plaintiff's goodwill, commercial value, and brand have been substantially harmed as a result as well.

32.     Plaintiff has devoted a tremendous amount of his time and effort to developing his career as a professional champion wrestler, motion picture actor, and television personality, and to developing his universal goodwill, reputation and brand.  Such efforts have created considerable commercial value in his name, image, identity and persona.

33.     The commercial value of Plaintiff's name, image, identity and persona has been, and continues to be, substantially diminished by Defendants' actions, including the secret taping

of Plaintiff naked and having sex; the unauthorized transmission of that recording to the Gawker

Defendants; and the unauthorized posting, publishing, distribution and dissemination of the

Video and Narrative, which is perceived unfavorably by the public and by the negative portrayal

of Plaintiff in the Video and Narrative to the general public.

34.     Defendants' conduct manifests a depraved disregard for Plaintiff's privacy rights

and an unauthorized commercial exploitation of his publicity rights.

35.     Plaintiff is informed and believes and alleges thereon that unless enjoined and

restrained, the Gawker Defendants will continue to post, publish, distribute, disseminate and

exploit the Video and Narrative, despite Plaintiff's numerous and repeated demands that the

Gawker Defendants cease and desist.  Such infringement and violation of Plaintiff's rights will

continue to cause Plaintiff severe emotional distress and damage, for which there is no adequate

remedy at law, if the Video and/or Narrative continue to be posted, published, distributed,

disseminated and exploited by the Gawker Defendants.  Such conduct and activity has caused

and will continue to cause Plaintiff to suffer irreparable harm for which there is no adequate

remedy at law.

36.     All conditions precedent to the bringing and maintenance of this action and the

granting of the relief requested have been performed, have occurred, or have been waived.

## FIRST CAUSE OF ACTION

### (Invasion of Privacy by Intrusion Upon Seclusion Against Defendant Heather Clem)

37.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation

contained in Paragraphs 1 through 36, inclusive, as though fully set forth herein.

38.     Clem, without Plaintiff's knowledge or consent, has grossly invaded Plaintiff's

protected rights of privacy as recognized under the United States Constitution, Florida

Constitution, and the common law, by filming Plaintiff in or about 2006 engaged in private

consensual intimate sexual relations with Ms. Clem in a private bedroom. Plaintiff recently learned of the existence of this secretly-filmed video, and brought this lawsuit promptly thereafter.

39.    Clem further violated Plaintiff's rights of privacy by disclosing the secretly-filmed video to third parties, which then resulted in excerpts of the secretly-filmed video being posted on the Gawker Site.

40.    The videotaping of Plaintiff engaging in consensual sexual relations in private quarters was not carried out for reasonable or legitimate purposes. Plaintiff had a reasonable expectation of privacy at all relevant times, and did not know about, nor consent to, the taping of the activity depicted in the secretly-filmed video.

41.    The unauthorized taking and dissemination of the secretly-filmed video is highly offensive and objectionable to Plaintiff and to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.

42.    Clem knew or should have known that the secretly-filmed video contained private and confidential information, that Plaintiff had a reasonable expectation of privacy, that her conduct would cause private and personal things about Plaintiff to be revealed which Clem had no right to disseminate or disclose, and that the publication of these private facts constitute a clear and substantial violation of Plaintiff's right of privacy.

43.    Clem violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the publication, and dissemination of the secretly-filmed video in an unprivileged manner in conscious disregard of Plaintiff's rights.

44.     Plaintiff is informed and believes and thereon alleges that Clem acted with actual malice and reckless disregard of Plaintiff's right of privacy.

45.     Unless and until enjoined and restrained by order of this Court, Clem's continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the secretly-filmed video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the secretly-filmed video and all portions and content thereof and all copies thereof.

46.     Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the secretly-filmed video , and any portions and content thereof; mandating the delivery of all reproductions and copies of the secretly-filmed video and all portions and content thereof; and transferring to Plaintiff all right, title and interest in and to the secretly-filmed video and all portions and content thereof.

47.     Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the secretly-filmed video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the secretly-filmed video and all portions and content thereof and all copies thereof.

48.     Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Clem were done intentionally or with a conscious and/or reckless

disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

## SECOND CAUSE OF ACTION

### (Publication of Private Facts Against Defendant Heather Clem)

49.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 36, inclusive, as though fully set forth herein.

50.     Clem disclosed or caused to be disclosed to third parties the contents of the secretly-filmed video depicting Plaintiff in or about 2006 engaged in private consensual sexual relations between with Ms. Clem in a private bedroom.  Clem knew, or should have known, that the secretly-filmed video contained private and confidential information; that Plaintiff had a reasonable expectation of privacy in engaging in the activity depicted in the secretly-filmed video; that the secretly-filmed video was taken without Plaintiff's knowledge, consent, or approval and would reveal private and personal things about Plaintiff if disclosed to third parties which Clem had no right to disseminate or disclose; and that this publication of these private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities, and would have the natural tendency of causing substantial damages to Plaintiff.

51.     Clem's actions served no legitimate public interest.

52.     Plaintiff is informed and believes and thereon alleges that Clem, acted with actual malice and reckless disregard of Plaintiff's right to privacy.

53.     Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the secretly-filmed video and all portions and content thereof and all copies thereof, and

mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the secretly-filmed video and all portions and content thereof and all copies thereof.

54.     As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered substantial injury, damage, loss, harm, anxiety, embarrassment, humiliation and shame.  As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof.

55.     Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious and/or reckless disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

## THIRD CAUSE OF ACTION

### (Publication of Private Facts as Against the Gawker Defendants)

56.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 36, inclusive, as though fully set forth herein.

57.     The Gawker Defendants disclosed to the public the contents of the confidential Video depicting Plaintiff fully naked and engaged in private consensual sexual relations with Clem in a private bedroom.  The Gawker Defendants knew or should have known that the Video contained private and confidential information, and that Plaintiff had a reasonable expectation of privacy in being fully naked and engaged in consensual sexual relations in a private bedroom, and that the Video, taken without Plaintiff's knowledge or consent, would reveal private and personal things about Plaintiff which the Gawker Defendants had no right to disseminate, disclose or exploit, and that the publication of these private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities.

58.     The Gawker Defendants' posting, publishing, distributing, disseminating and exploiting of Plaintiff engaged in sexual relations in private quarters was not carried out for reasonable or legitimate purposes.  Plaintiff had a reasonable expectation of privacy in being fully naked and having private consensual sexual relations with Clem in a private bedroom, and had no knowledge of, and did not consent to, the recording of such private sexual activity.

59.     The unauthorized publication by the Gawker Defendants of the Video, Narrative and any portions or content thereof, is offensive and objectionable to Plaintiff, as well as to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.  Plaintiff did not consent to any use, distribution or exploitation by Defendants, or any other persons or entities, of the Video, Narrative or any portions or content thereof, whatsoever.

60.     The Gawker Defendants knew or should have known that the Video, Narrative and/or any portions or content thereof, contained private and confidential information, and that Plaintiff had a reasonable expectation of privacy in the sexual activities depicted therein, and that the Gawker Defendants' conduct would reveal private and personal things about Plaintiff which the Gawker Defendants had no right to disseminate, disclose or exploit, and that the publication of these private facts would constitute a clear and egregious violation of Plaintiff's right of privacy.

61.     The Gawker Defendants violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the publication, dissemination, exploitation of the Video, Narrative and/or any portions or content thereof, in an unprivileged manner calculated to financial capitalize therefrom and garner publicity throughout the world, to unjustly enrich the Gawker Defendants and in conscious disregard of Plaintiff's right of privacy.

62.    Plaintiff is informed and believes and thereon alleges that the Gawker Defendants acted with actual malice and reckless disregard for Plaintiff's right of privacy.

63.    The Gawker Defendants have continued to invade Plaintiff's right of privacy by continuing to disseminate and post the Video and Narrative.  Unless and until enjoined and restrained by order of this Court, the Gawker Defendants' continued acts will cause Plaintiff to continue to incur severe and irreparable injury that cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content therefrom, including without limitation all still images thereof, and the Narrative.

64.    As a direct and proximate result of the aforementioned acts by the Gawker Defendants, Plaintiff has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress in an amount subject to proof.

65.    Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of the Gawker Defendants were done intentionally or with a conscious and/or reckless disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

## FOURTH CAUSE OF ACTION

### (Invasion of Privacy by Intrusion Upon Seclusion Against the Gawker Defendants)

66.    Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 36, inclusive, as though fully set forth herein.

67.    The Gawker Defendants, without Plaintiff's consent and against Plaintiff's will, have grossly invaded Plaintiff's protected rights of privacy as recognized under the United States Constitution, Florida Constitution, and applicable common law, by obtaining, watching and

editing the secretly recorded video and audio footage involving Plaintiff Clem and by posting and publicly disclosing the Video depicting Plaintiff fully naked and engaged in private intimate consensual sexual relations with Clem in a private bedroom, and by describing, in graphic, lurid detail, the private activities that occurred in private quarters.  In doing so, the Gawker Defendants "peered into the private bedroom" and enabled the general public to "peer into the private bedroom" and watch Plaintiff when he was fully naked and engaged in private sexual activity, without Plaintiff's knowledge, authorization or consent.

68.     The Gawker Defendants' acquiring, viewing, editing, posting, publishing, distributing, disseminating and exploiting of Plaintiff fully naked and engaged in sexual relations in private quarters was not carried out for reasonable or legitimate purposes, but rather to reap substantial revenues and profits at the expense of Plaintiff and others.  Plaintiff had a reasonable expectation of privacy in having private consensual sexual relations with Clem in a private bedroom, and had no knowledge of, and did not consent to, the recording or dissemination of such private sexual activity.

69.     The actions by the Gawker Defendants are offensive and objectionable to Plaintiff, and would be offensive and objectionable any reasonable person of ordinary sensibilities, and is not of legitimate public concern.

70.     The Gawker Defendants knew or should have known that the private video and audio footage, depicting Plaintiff naked and engaged in consensual sexual activity in a private bedroom, contained private and confidential information and content, and that Plaintiff had a reasonable expectation of privacy in the activities depicted therein, and that the Gawker Defendants' conduct would reveal private and personal things about Plaintiff which Defendants

had no right to disseminate, disclose or exploit, and that the publication of these private facts would constitute a clear and egregious violation of Plaintiff's right of privacy.

71.     The Gawker Defendants violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the publication, dissemination, and exploitation of the Video and Narrative in an unprivileged manner calculated to financially capitalize therefrom, to garner publicity throughout the world, and to unjustly enrich the Gawker Defendants in conscious disregard of Plaintiff's right of privacy.

72.     Plaintiff is informed and believes and thereon alleges that the Gawker Defendants acted with actual malice and reckless disregard of Plaintiff's right of privacy.

73.     The Gawker Defendants have continued their invasion of Plaintiff's right of privacy by continuing to disseminate and post the Video and Narrative.  Unless and until enjoined and restrained by order of this Court, the Gawker Defendants' continued acts will cause Plaintiff to continue to incur severe and irreparable injury that cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content therefrom, including without limitation all still images thereof, and the Narrative.

74.     As a direct and proximate result of the aforementioned acts by the Gawker Defendants, Plaintiff has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame and severe emotional distress.  As a direct and proximate result of the aforementioned acts by the Gawker Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof.

75.     Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious and/or reckless disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

## FIFTH CAUSE OF ACTION

**(Violation of Florida Common Law Right of Publicity Against the Gawker Defendants)**

76.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 36, inclusive as though fully set forth herein.

77.     Plaintiff is a professional wrestler, motion picture actor, and television personality who has enjoyed mainstream popularity as the character "Hulk Hogan."  Plaintiff is a twelve time world wrestling champion.  Plaintiff has devoted a tremendous amount of time and effort developing his career and developing his universal goodwill, reputation and brand.  Such efforts have created considerable commercial value in his name, image, identity and persona.

78.     The Gawker Defendants' unauthorized use of Plaintiff's name, image, identity and persona in connection with the Video and Narrative constitutes a violation and misappropriation of Plaintiff's right of publicity in that the Gawker Defendants misappropriated Plaintiff's name, likeness, image, identity and persona by using the Video and Narrative for the purpose of commercial gain, without Plaintiff's consent.

79.     The misappropriation of Plaintiff's publicity rights was for the Gawker Defendants' advantage in that Plaintiff's name, likeness, image, identity and persona were used and intended to create and enhance the Gawker Defendants' pecuniary gain and profit.

80.     The Gawker Defendants have continued to use Plaintiff's publicity rights continuing to disseminate the Video and Narrative at the Gawker Site, notwithstanding Plaintiff's numerous and repeated requests to Gawker Media and defendant Denton that they

cease and desist immediately and permanently.  Unless and until enjoined and restrained by Order of this Court, the Gawker Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot be adequately compensated by monetary damages.  Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunctive relief enjoining the publication, distribution, dissemination and use of the Video and all portions and content therefrom, including without limitation all still images thereof, and the Narrative.

81.     As a direct and proximate result of the aforementioned acts by the Gawker Defendants, the Gawker Defendants have earned profits attributable to this unauthorized commercial use and exploitation of Plaintiff's name, image and likeness.  The amount of such ill-gotten gains had yet to be ascertained.  Plaintiff is entitled to recover all said unjust enrichment, including all profits earned by the Gawker Defendants as a result of the Gawker Defendants' unauthorized commercial exploitation as herein alleged.

82.     Moreover, Plaintiff is entitled to seek and hereby does seek the market value of the use of his publicity rights in the manner in which they were commercially exploited, without Plaintiff's permission and against his strenuous objections and legal demands.

83.     As a direct and proximate result of the aforementioned acts by the Gawker Defendants, Plaintiff has suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress in an amount subject to proof.

84.     Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of the Gawker Defendants were done intentionally or with a conscious and/or reckless disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

## SIXTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress Against All Defendants)**

85.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 36, inclusive as though fully set forth herein.

86.     At all times herein, Clem acted intentionally and unreasonably in creating the secretly-filmed video and audio footage and causing it to be disseminated to third parties when she knew or should have known that Plaintiff's emotional distress would likely result.  The Gawker Defendants acted intentionally and unreasonably in acquiring, viewing, editing, publishing, distributing and disseminating the Video, and creating and publishing the Narrative, when they knew or should have known that emotional distress would likely result. Notwithstanding Plaintiff's repeated requests that Defendants cease and desist immediately from their posting and publishing of the Video and Narrative, the Gawker Defendants failed and refused to do so.

87.     Defendants' conduct was intentional and malicious and done for the purpose of causing, or was known by Defendants to likely cause, Plaintiff humiliation, mental anguish and severe emotional distress and was done with the wanton and reckless disregard of the consequences to Plaintiff.

88.     As such, in doing the acts alleged hereinabove, Defendants acted outrageously and beyond all reasonable bounds of decency, and intentionally inflicted severe emotional distress upon Plaintiff, to his detriment.

89.     As a proximate result of the aforementioned wrongful conduct, Plaintiff has suffered substantial monetary damages, including damages to his personal and professional reputation and career, and substantial emotional distress, anxiety and worry.

90.    Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's right of privacy.

91.    Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all portions and content thereof and all copies thereof, and the Narrative.

92.    As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has suffered substantial monetary damages, including damages to his personal and professional reputation and career, and substantial injury damage, loss, harm, anxiety, embarrassment, humiliation, shame, and severe emotional distress in an amount that has not yet been fully ascertained.  As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof.

93.    Plaintiff is informed and believes and on that basis alleges that the aforementioned acts of Defendants were done intentionally or with a conscious and/or reckless disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute oppression, fraud, or malice.

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress Against All Defendants)

94.    Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 36, inclusive as though fully set forth herein.

95.     At all times herein, Defendants acted negligently and unreasonably in creating the Video and causing it to be disseminated to third parties.  In doing so, Defendants acted beyond all reasonable bounds of decency, and negligently inflicted emotional distress upon Plaintiff, to his detriment.

96.     Defendants' conduct was negligent and proximately caused Plaintiff to suffer substantial humiliation, mental anguish and severe emotional distress and was done with the wanton and reckless disregard of the consequences to Plaintiff.

97.     As a proximate result of the aforementioned wrongful conduct, Plaintiff has suffered substantial emotional distress, anxiety and worry.

98.     Plaintiff is informed and believes and thereon alleges that Defendants acted with actual malice and reckless disregard of Plaintiff's right to privacy.

99.     Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of the Video and all portions and content thereof and all copies thereof, and mandating the delivery of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all portions and content thereof and all copies thereof.

## EIGHTH CAUSE OF ACTION

### (Violation of section 934.10, Florida Statutes Against All Defendants)

100.     Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 36, inclusive as though fully set forth herein.

101.     Plaintiff had a reasonable expectation of privacy in engaging in private consensual sexual relations in a private bedroom at all relevant times, and did not know about,

nor consent to, the taping of the activity depicted in the secretly-filmed video, or its publication or dissemination.

102.    Defendants violated Plaintiff's fundamental privacy rights by the conduct alleged herein, including the outrageous intrusion into Plaintiff's privacy and the publication, and dissemination of the secretly-filmed Video in an unprivileged manner in conscious disregard of Plaintiff's rights.

103.    Defendants disclosed or caused to be disclosed to third parties the contents of the secretly-filmed video depicting Plaintiff in or about 2006 engaged in private consensual sexual relations between with Clem in a private bedroom.  Defendants knew, or should have known, that the Video contained private and confidential information; that Plaintiff had a reasonable expectation of privacy in engaging in the activity depicted in the Video; that the Video was taken without Plaintiff's knowledge, consent, or approval and would reveal private and personal things about Plaintiff if disclosed to third parties which Defendants had no right to disseminate or disclose; and that this publication of these private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities, and would have the natural tendency of causing substantial damages to Plaintiff.

104.    Defendants' actions have not served any legitimate public interest.

105.    Plaintiff is informed and believes and thereon alleges that Defendants have acted with actual malice and reckless disregard of Plaintiff's rights, including his right to privacy.

106.    Unless and until enjoined and restrained by order of this Court, Defendants' continued acts will cause Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages.  By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the distribution, dissemination and use of

the Video and all portions and content thereof and all copies thereof, and mandating the delivery

of same to Plaintiff and transferring to Plaintiff all right, title and interest in the Video and all

portions and content thereof and all copies thereof.

107.    As a direct and proximate result of the aforementioned acts by Defendants ,

Plaintiff has suffered substantial injury, damage, loss, harm, anxiety, embarrassment,

humiliation, shame, and severe emotional distress.  As a direct and proximate result of the

aforementioned acts by Defendants,  Plaintiff has been damaged and will be damaged, in an

amount subject to proof.

108.    Plaintiff is informed and believes and on that basis alleges that the

aforementioned acts of Defendants were done intentionally or with a conscious and/or reckless

disregard of Plaintiff's rights, and with the intent to vex, injure or annoy, such as to constitute

oppression, fraud, or malice.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Terry Gene Bollea prays for judgment against defendants

Heather Clem aka Heather Cole, Gawker Media, LLC aka Gawker Media, Gawker Media

Group, Inc. aka Gawker Media, Gawker Entertainment, LLC, Gawker Technology, LLC,

Gawker Sales, LLC, Nick Denton, A.J. Daulerio, Kate Bennert, Blogwire Hungary Szellemi

Alkotast Hasznosito KFT aka Gawker Media as follows:

1.    For an award of general and special damages in an amount in excess of the

minimum jurisdictional limits of this Court in accordance with proof at trial together with

interest thereon at the maximum legal rate;

2.    For costs of suit incurred herein;

3.    For an Order and Judgment transferring to Plaintiff all of Defendants' right, title

and interest in and to the secretly-recorded video and audio footage depicting Plaintiff's sexual

encounter with Clem, and all portions and content thereof, and all copies and reproductions thereof contained in all media;

    4.    For an Order and Judgment requiring the delivery to Plaintiff of all copies of the secretly-recorded video and audio footage depicting Plaintiff's sexual encounter with Clem, and all portions and content thereof, in all formats and all forms of media, including electronic and physical media, within Defendants' possession, custody or control, including without limitation turning over to Plaintiff any and all storage devices (such as CDs, DVDs, hard drives, flash drives, tapes, and disks) containing same;

    5.    For preliminary and permanent injunction against Defendants and all persons acting under their control, from any and all activity that would cause the distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using, exploiting or attempting to exploit, the secretly-recorded video and audio footage depicting Plaintiff's sexual encounter with Clem, or any portions or content thereof or any copies thereof, in any and all formats and media, including all electronic and physical media;

    6.    For an Order and Judgment requiring Defendants to turn over to Plaintiff all information pertaining to the secretly-recorded video and audio footage depicting Plaintiff's sexual encounter with Clem, including without limitation, all activity by all persons and entities related to the creation, storage, transportation, editing, distributing, disseminating, publishing, displaying, posting for view or access on or through the Internet or any other manner or media outlet, broadcasting, transferring, licensing, selling, offering to sell or license, or otherwise using,

exploiting or attempting to exploit, such footage or any portions or content thereof or any copies thereof, in any and all formats and media, including all electronic and physical media;

7.      For a constructive trust to be placed upon Defendants and all persons acting on their behalf or under their direction or control, as to all revenues and profits received by any and all such individuals, including Defendants, to be held for the benefit of Plaintiff, and to be disgorged in their entirety to Plaintiff, in connection with the secretly-recorded video and audio footage depicting Plaintiff's sexual encounter with Clem, including the publishing of the Video and Narrative;

8.      For such other and further relief as to this court may deem and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Terry Gene Bollea hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

DATED: December 28, 2012

Kenneth G. Turkel, Esq.
Florida Bar No. 867233
kturkel@bajocuva.com
Christina K. Ramirez
Florida Bar No. 0954497
cramirez@bajocuva.com
**BAJO CUVA COHEN & TURKEL, P.A.**
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Telephone: (813) 443-2199
Facsimile: (813) 443-2193

DATED: December 28, 2012

Charles J. Harder, Esq.
California Bar No. 184593
(*Pro Hac Vice* application to be filed)
charder@HMAfirm.com
**HARDER MIRELL & ABRAMS LLP**
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067
Telephone: (424) 203-1600
Facsimile: (424) 203-1601

*Attorneys for Plaintiff Terry Gene Bollea*