# Exhibit 8

to the

# Declaration of Gregg D. Thomas

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

    Plaintiff,

                                     Case No.:   12012447-CI-011

vs.

HEATHER CLEM; GAWKER MEDIA,
LLC aka GAWKER MEDIA; et al.,

    Defendants.

_____/

## DEFENDANT GAWKER MEDIA, LLC'S SECOND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, defendant Gawker Media, LLC, ( "Gawker") by its undersigned counsel, hereby requests that plaintiff Terry Gene Bollea produce for inspection and copying the following documents and things within thirty (30) days after service of this request.

### Instructions and Definitions

1.      "You" and "your" mean the plaintiff Terry Gene Bollea, and any agents, attorneys, or other persons or entities acting for or on behalf of him or in concert with him, including without limitation any personal services corporations that make available or license services of plaintiff.  Each interrogatory seeks all information in the possession, custody or control of all such persons and/or entities. When documents or things are requested, such request includes materials in the possession, custody or control of your agents, attorneys or other persons acting on their or your behalf.

2.      The "Gawker Defendants" means defendants Gawker Media, LLC, Gawker Media Group, Inc., Nick Denton, A.J. Daulerio, and Kate Bennert.

3.      The "Video" means the video and audio footage depicting Mr. Bollea that he claims was made without his consent in connection with his claims in this lawsuit.

4.      The "Gawker Story" means the story entitled 'Even For a Minute, Watching Hulk Hogan Have Sex on a Canopy Bed is Not Safe For Work, But Watch It Anyway' published on www.gawker.com on or about October 4, 2012.

5.      "Complaint" means the Amended Complaint filed by you to commence this action against the Gawker Defendants on or about December 28, 2012.

6.      "Sexual Relations" means sexual intercourse, anal intercourse, fellatio, or cunnilingus.

7.      The words "and" and "or" also have the meaning "and/or."

8.      The terms "all" and "any" shall be considered to include "each" and every."  Use of any of these terms incorporates them all.

9.      The term "person" means all individuals and entities.

10.     Unless otherwise specified, the term "Relevant Time Period" means the period from 2002 to the present.

11.     The term "document(s)" means all materials within the full scope of Rule 1.350, including but not limited to:  all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, "instant" messages or "IM" messages, "wall" postings on Facebook, Myspace postings, Twitter postings or "tweets," correspondence, memoranda, notes,

diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

12.     Throughout these requests, the singular shall include the plural and the plural shall include the singular.

13.     The following terms should be read as if they were synonymous, and each should be taken to include the meaning of all of the others:  related to, related in any manner to, concerning, referring to, alluding to, responding to, connected with, with respect to, commenting on, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting.

14.     If you contend that it would be unreasonably burdensome to produce all the documents called for in response to any request, you should:

(a)     produce all documents that are available without unreasonable burden; and

(b)       describe with particularity the reasons why production of the remaining documents would be unreasonably burdensome.

15.       In the event that any responsive document cannot be produced in its entirety, you are requested to produce the document to the fullest extent possible, specifying the reasons for your inability to produce the remainder and describing to the fullest extent possible the contents of the unproduced portion.

16.       With respect to your responses to the following requests for production, if any document or any portion of any document is withheld because of a claim of privilege, please state the basis for your claim of privilege with respect to such document or portion of any document and the specific ground(s) on which the claim of privilege rests, and including, with respect to documents:  the date appearing on the document, or if no date appears, the date on which the document was prepared; the name of the person(s) to whom the document was addressed; the name of each person, other than addressee(s), to whom the document, or a copy thereof, was sent or with whom the document was discussed; the name of the person(s) who signed the document, or if not signed, the name of the person(s) who prepared it; the name of each person making any contribution to the authorship of the document; and the general nature or description of the document and the number of pages of which it consists.

17.       In the event that any documents or things that would have been responsive to these requests have been destroyed, discarded or lost, please identify each such document or thing, including:  the nature of the document or thing; the author(s) and addressee(s) of any document; any indicated or blind copies of any document; the document's subject matter, number of pages and attachments or appendices; all persons

to whom the document was distributed or persons who have seen the thing; the date of destruction, discard or loss; and, if destroyed or discarded, the reasons therefore and the identity of the person(s) authorizing or carrying out any such destruction or discard.

## **Requests for Production**

**Request No. 51:**       Any and all documents in any manner referring or relating to any media appearance at which you discussed the Video and/or the Gawker Story, including, but not limited to, documents referring or relating to the scheduling of such appearances.

**Request No. 52:**       Any and all documents in any manner referring or relating to communications between you or anyone acting on your behalf and any law enforcement person or agency concerning any recording of you having sexual relations with Heather Clem, including without limitation any documents referring or relating to communications identified in Plaintiff's Response to A.J. Daulerio's Interrogatory No. 9.

**Request No. 53:**       Any and all documents in any manner relating to photographs published in April 2012, including at the website thedirty.com, that purported to be from a video recording of you having sexual relations with a woman later identified as Heather Clem.

**Request No. 54:**       All records from 2012 referring or relating to the cellular phone accounts and telephone landlines identified in Plaintiff's Response to A.J. Daulerio's Interrogatory No. 10, including without limitation monthly paper and/or online billing statements.

Respectfully submitted,

THOMAS & LOCICERO PL

By:   *Gregg D. Thomas*
      Gregg D. Thomas
      Florida Bar No.: 223913
      Rachel E. Fugate
      Florida Bar No.: 0144029

601 South Boulevard P.O. Box 2602
(33601)
Tampa, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

   -and-

Seth D. Berlin
Pro Hac Vice Number: 103440
Alia L. Smith
Pro Hac Vice Number: 104249
Paul J. Safier
Pro Hac Vice Number: 103437
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Telephone: (202) 508-1122
Facsimile: (202) 861-9888
sberlin@lskslaw.com
asmith@lskslaw.com
psafier@lskslaw.com

*Counsel for Gawker Media, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of December, 2013, I caused a true and correct copy of the foregoing to be served electronically upon the following counsel of record at their respective email addresses via the Florida Courts E-Filing Portal:

Kenneth G. Turkel, Esq.
kturkel@BajoCuva.com
Christina K. Ramirez, Esq.
cramirez@BajoCuva.com
Bajo Cuva Cohen & Turkel, P.A.
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 443-2199
Fax: (813) 443-2193

David Houston, Esq.
Law Office of David Houston
dhouston@houstonatlaw.com
432 Court Street
Reno, NV 89501
Tel: (775) 786-4188

Charles J. Harder, Esq.
charder@HMAfirm.com
Harder Mirell & Abrams LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067
Tel: (424) 203-1600
Fax: (424) 203-1601

*Attorneys for Plaintiff*

Barry A. Cohen, Esq.
bcohen@tampalawfirm.com
Michael W. Gaines
mgaines@tampalawfirm.com
Barry A. Cohen Law Group
201 East Kennedy Boulevard, Suite 1000
Tampa, FL 33602
Tel: (813) 225-1655
Fax: (813) 225-1921

*Attorneys for Defendant Heather Clem*

*/s/ Gregg D. Thomas*
*Attorney*