# Exhibit 16

to the

# Declaration of Gregg D. Thomas

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

    Plaintiff,

                                 Case No.:   12012447-CI-011

vs.

HEATHER CLEM; GAWKER MEDIA,
LLC aka GAWKER MEDIA; et al.,

    Defendants.

_____/

## AFFIDAVIT OF SETH D. BERLIN

    I, Seth D. Berlin, hereby affirm under penalty of perjury that the following is true and correct:

    1.     The statements made in this affidavit are based on my personal knowledge.

    2.     I am a partner with the law firm Levine Sullivan Koch & Schulz, LLP, counsel to defendants Gawker Media, LLC ("Gawker") and A.J. Daulerio (together, "Defendants"), as well as the other Gawker defendants in the above-captioned action.  I am admitted *pro hac vice* in this action.

    3.     I submit this affidavit in connection with Defendants' Response to Plaintiff's Exceptions Regarding Defendants' Fifth Motion to Compel and, in particular, Special Discovery Magistrate James R. Case's recommendations that (a) Defendants' Motion be granted and (b) plaintiff be directed to produce information and documents referring or relating to communications involving any law enforcement agency.  This affidavit is substantively identical to the affidavit I previously submitted on March 14, 2014 in connection with Gawker's Opposition to Plaintiff's Motion for a Stay of the Court's February 26, 2014 order directing

plaintiff to provide a release for records maintained by the FBI, except that I have updated

Paragraph 7 below and attached a new Exhibit B, to reflect correspondence I received from the

United States Attorney's Office after that earlier affidavit was submitted to the Court.

4.      On March 11, 2014, I spoke with Robert Mosakowski, Esq., Chief of the

Economic Crime Section for the United States Attorney's Office for the Middle District of

Florida.  On March 14, I spoke again with Mr. Mosakowski, this time joined by Sara Sweeney,

Esq., an Assistant United States Attorney in the United States Attorney's Office for the Middle

District of Florida.

5.      During those conversations, they advised that Ms. Sweeney had reviewed both the

Affidavit of David Houston that accompanied the Motion to Stay and the ten-page privilege log

served by plaintiff asserting a law enforcement privilege in connection with 162 documents in

plaintiff's possession, custody and control (the "Privilege Log," a true and correct copy of which

is attached hereto as Exhibit A).

6.      During those conversations, Mr. Mosakowski and Ms. Sweeney also advised that:

    a.  The U.S. Attorney's Office is not asserting any law enforcement privilege in

        connection with any documents in Mr. Bollea's or his counsel's possession,

        including those listed on the Privilege Log,

    b.  Although they could neither confirm nor deny the existence of any

        investigation in light of U.S. Department of Justice policies, Gawker would

        not be interfering in any way with any investigation if either (1) documents in

        Mr. Bollea's or his counsel's possession, including those listed on the

        Privilege Log, were disclosed, or (2) Gawker or its counsel contacted

2

witnesses who may have provided information to the FBI or the United States Attorney's Office, and

    c. To the extent that Mr. Bollea or his counsel believed that they had been instructed not to speak about the above subjects, that belief was incorrect and likely the result of a misunderstanding or miscommunication.

7.      During the March 14, 2014 conversation, Mr. Mosakowski also confirmed that Gawker is "neither a target nor a subject of any investigation by the Middle District of Florida." On March 18, 2014, I received a letter from Ms. Sweeney confirming that information. A true and correct copy of that March 18, 2014 correspondence is attached hereto as Exhibit B.

8.      During the March 14, 2014 conversation, Ms. Sweeney also advised that, after Mr. Houston's affidavit was submitted to the Court and provided to her, she advised Mr. Houston that the U.S. Attorney's Office was not asserting a law enforcement privilege with respect to any documents in Mr. Bollea's or his counsel's possession, including the documents listed on the Privilege Log.

9.      At Mr. Mosakowski's suggestion, I also contacted the Tampa office of the Federal Bureau of Investigation. Specifically, on March 11, 2014, I spoke with FBI agent Jason Shearn, and described what Mr. Mosakowski had said on behalf of the United States Attorney's Office. He described the FBI's position as "echoing" that of the United States Attorney's Office, including that: (a) the FBI is not asserting a law enforcement privilege as to any documents that Mr. Bollea or his counsel might have relating to the FBI's investigation, including those listed on the Privilege Log, and (b) although the FBI could neither confirm nor deny the existence or status of any investigation, Gawker could "do what it needed to do" without in any way interfering with any investigation by the FBI.

10.     Based on the foregoing, and for the other reasons set forth in its Defendants'

Response to Plaintiff's Exceptions, Gawker believes that the Court should affirm Judge Case's

Report and Recommendation on Defendants' Fifth Motion to Compel Discovery from Plaintiff

and enter the proposed Order filed herewith.


Seth D. Berlin


Sworn before me this 18th day of March 2014:


Notary Public

4