UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D.
THOMAS,

       Plaintiffs,

                                     Case No.:  8:15-cv-01202-SCB-EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS

       Defendants.
_____/

**MOTION TO FILE THE CONFIDENTIAL DECLARATION
OF GREGG D. THOMAS, AND THE EXHIBITS ATTACHED THERETO,
<u>UNDER SEAL AND REQUEST FOR EXPEDITED CONSIDERATION</u>**

Pursuant to Rule 1.09 of the Local Rules for the Middle District of Florida, Plaintiffs

Gawker Media, LLC and Gregg D. Thomas (collectively "Gawker"), seek to file under seal the

Confidential Declaration of Gregg D. Thomas and the exhibits attached thereto.  The

Confidential Declaration would be submitted in support of Plaintiff's Motion for Summary

Judgment, which is being filed contemporaneously herewith.  The Confidential Declaration

contains information and documents that have been designated as "CONFIDENTIAL" and

"CONFIDENTIAL – Attorneys' Eyes Only," by Terry Gene Bollea (professionally known as

Hulk Hogan) ("Hogan") under a protective order in place in related litigation pending in state

court, in which Hogan is the plaintiff.

If this Court does not permit the sealing of the Confidential Thomas Declaration and the

exhibits attached thereto, it will not have the information it needs to decide Gawker's Motion for

Summary Judgment, because under the protective order in the Florida Litigation, "confidential"

documents may not be publicly filed.

## MEMORANDUM OF LAW

In October 2012, Gawker, which publishes the news and entertainment website

gawker.com (as well as seven other popular websites) (Compl. ¶ 5), published a news report and

commentary about video footage it had obtained depicting Hogan's sexual affair with Heather

Clem, the wife of his best friend, the radio shock jock Bubba the Love Sponge Clem. *Id*. ¶ 15.

Along with the report and commentary, Gawker also published short and heavily-edited excerpts

of the video footage. *Id*.

As a result of that publication, Hogan filed a $100 million lawsuit against Gawker,

alleging claims for invasion-of-privacy and related torts.  He initially filed his case in this Court,

which denied his successive requests for injunctive relief on various theories.  Hogan then

dismissed his federal court complaint and re-filed his claims against Gawker in state court,

where, after removal and remand, the case is now pending (the "Florida Litigation").  *Id*.

In connection with its defense of that lawsuit, Gawker sought, under the Freedom of

Information Act ("FOIA"), records from the FBI and the Executive Office of U.S. Attorneys

("EOUSA") related to an investigation conducted by the FBI in 2012 into the source and

distribution of video footage depicting Hogan and Ms. Clem, focusing on a Los Angeles lawyer

who was – unbeknownst to Gawker – attempting to sell the video footage to Hogan. *Id*. ¶¶ 13,

15, 18.

The EOUSA never responded to Gawker's FOIA request.  The FBI (at the initial stage

and on administrative appeal) denied Gawker's request on the grounds that disclosure would

interfere with an ongoing or prospective law enforcement investigation, and thus the records

were exempt under 5 U.S.C. § 552(b)(7)(A).  *Id*. ¶¶ 21, 23, 26.

As a result, Gawker filed this lawsuit to compel the FBI and the EOUSA to disclose the

records and to comply with their obligations under FOIA.  Gawker is also filing,

contemporaneously herewith, a Motion for Summary Judgment on the grounds that the FBI's

invocation of the law enforcement exception is erroneous in light of the facts that (1) substantial

evidence confirms that there is no ongoing or prospective investigation (which precludes

invocation of Exemption 7(A)), and (2) even if there were, the FBI and EOUSA have not shown

and cannot show that release of all the documents requested by Gawker would interfere with any

such investigation.

Part of the evidence establishing that the FBI investigation is over is contained in the

(non-confidential) Declaration of Gregg Thomas, filed in support of Gawker's summary

judgment motion.  Other portions of such evidence, however, were produced by Hogan in

discovery in the Florida Litigation, and he marked them "Confidential" or "Confidential –

Attorneys Eyes Only" pursuant to the protective order entered in that case.  (A copy of the

protective order is attached hereto as Exhibit 1.)  Under that protective order, such confidential

information may not be placed in a public court file.  Thus, Gawker has compiled that

information in the Confidential Thomas Declaration, which contains 15 short paragraphs and

nine exhibits, which it now seeks to file under seal.

Gawker takes no position on whether the information contained in, and the documents

attached to, the Confidential Thomas Declaration were properly designated as confidential by

Hogan in the Florida Litigation.  (Gawker is providing notice of this action, including this

motion to seal, to Hogan, so that if he wishes he may ask to be heard on that subject.)

Nevertheless, Gawker believes that sealing is warranted here because, unless sealing is permitted, Gawker will not be able to submit evidence to this Court that is important to the adjudication of its motion for summary judgment in this FOIA case, because the protective order in the Florida Litigation would not permit it.  For its part, the Government previously advised that Gawker "would not be interfering in any way with any investigation if those documents" – i.e., the ones Hogan marked as confidential in the Florida Litigation – "were disclosed."  Thomas Decl. in Supp. of Mot. for Summ. Judg. Ex. 15.

## REQUEST FOR EXPEDITED CONSIDERATION

Gawker has been seeking the records at issue from the Government for more than a year-and-a half.  So as to not unnecessarily delay the resolution of its motion for summary judgment (which itself should be promptly decided, given FOIA's goal of "efficient, prompt, and full disclosure of information," *Smith v. Dep't of Justice*, 251 F.3d 1047, 1051 (D.C. Cir. 2001)), Gawker seeks expedited consideration of this sealing motion.  *See also* 28 U.S.C. § 1657 (providing that courts "shall expedite the consideration of" FOIA cases).  Alternatively, Gawker requests that the Court grant the motion provisionally to allow it to review the documents in connection with Gawker's motion on the merits, but also allowing the Court and the parties (and potentially Hogan) to address whether the records should remain sealed.  If it would streamline matters, or if this Court otherwise feels it would be useful, Gawker would be pleased to provide the confidential declaration and exhibits at issue for *in camera* review.

## CERTIFICATE OF GOOD FAITH

Pursuant to M.D. Fla. R. 3.01(g), counsel for plaintiffs state that because this motion is being filed at the outset of this lawsuit, it does not yet know who will be representing the defendants.  As such, it is not, at this time, able to ascertain whether they will take a position on

this motion to seal.  However, such confidential documents were provided previously to the FBI

in connection with Gawker's administrative appeal, without objection.

Respectfully submitted,

THOMAS & LOCICERO PL

By:   *Gregg D. Thomas*
  Gregg D. Thomas
  Florida Bar No.: 223913
  Rachel E. Fugate
  Florida Bar No.: 0144029
601 South Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Tel: (813) 984-3060; Fax: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

*Counsel for Plaintiffs*

*Of counsel:*
Seth D. Berlin
Pro hac vice application forthcoming
Alia L. Smith
Pro hac vice application forthcoming
Patrick Kabat
Pro hac vice application forthcoming
LEVINE SULLIVAN KOCH
 & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Tel: (202) 508-1122; Fax: (202) 861-9888
sberlin@lskslaw.com
asmith@lskslaw.com
pkabat@lskslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May 2015 a true and correct copy of the

foregoing is being electronically filed via CM/ECF.  It is also being served, by certified mail, on

the following:

> Loretta Lynch
> Attorney General of the United Stats
> U.S. Department of Justice
> 950 Pennsylvania Ave., NW
> Washington, DC 20530
>
> The Federal Bureau of Investigation
> 933 Pennsylvania Ave., NW
> Washington, DC 20530
>
> The Executive Office of United States Attorneys
> 950 Pennsylvania Ave., NW, Room 2242
> Washington, DC 20530.

It is being served by hand on the following:

> Office of the United States Attorney for the Middle District of Florida
> Attention:  Civil Process Clerk
> 400 North Tampa Street, Suite 3200
> Tampa, FL 33602


                                                        _/s Gregg D. Thomas_____
                                                             Attorney