# EXHIBIT 1

## to

## Motion to File the Confidential Declaration of Gregg D. Thomas, and the Exhibits Attached Thereto, Under Seal, and Request for Expedited Consideration

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

    Plaintiff,

vs.

Case No.: 12012447-CI-011

HEATHER CLEM; GAWKER MEDIA,
LLC aka GAWKER MEDIA; et al.,

    Defendants.
_____/

### AGREED PROTECTIVE ORDER
### GOVERNING CONFIDENTIALITY

Upon motion of all the parties for a Protective Order, pursuant to Rule 1.280 of the Florida Rules of Civil Procedure, it is hereby **ORDERED** that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Material" means information in written, oral, graphic/pictorial, audiovisual, digital, electronic, or other form, whether it be electronically stored information, a document, information contained in a document, document metadata, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise disclosed and/or any copies or reproductions, excerpts, summaries or other electronically stored information, documents or media that excerpt, contain, or otherwise reveal the substance of such information.

3. "Confidential Information," as used herein, means any information of any type,

1

kind or character which is designated as "Confidential" by the supplying party, whether it be electronically stored information, document metadata, a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

A party (including a third party witness) may designate the following types of Material as "Confidential:"

  (a) Medical and financial records of any nature from hospitals, physicians, physical therapists, psychologists, psychiatrists, and any other health care provider any individual has seen, consulted, or from whom he or she has sought treatment;

  (b) The Parties' financial information or sensitive business or proprietary information, provided the information is not otherwise available to the public through other means; or

  (c) Other information in which the party from which discovery is sought has a reasonable expectation of privacy or confidentiality.

Material that does not fall within any of these categories may not be designated "Confidential."

In addition, none of the following types of Material shall be designated as Confidential:

  (a) Information that is in the public domain at the time of disclosure;

  (b) Information that becomes part of the public domain through no fault of the other parties in this action;

  (c) Information that was in the rightful and lawful possession of the receiving party at the time of disclosure; or

  (d) Information the receiving party lawfully receives at a later date from a third party without restriction as to disclosure.

Nothing herein is intended to waive the parties' respective positions with respect to, and/or to govern or to adjudicate, the possession or dissemination of the video footage at issue in

this action, or the full video from which such footage was excerpted.

4. "Qualified Persons," as used herein means:

(a) Attorneys of record for the parties in this litigation, in-house attorneys for the corporate defendants, and staff of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Stenographic and videographic reporters, bonded outside copy services, and other litigation support vendors;

(c) The Court and its staff; any arbitrator, mediator or case evaluator in this action;

(d) Actual or potential independent experts or consultants who have signed a document agreeing to be bound by the terms of this Protective Order;

(e) A party, or his, her, or its agent, employee, insurer or representative, provided that such agent, employee, insurer or representative agrees in writing to be bound by the terms of this Protective Order;

(f) Any witness or potential witness provided that such person is advised in advance that the information is governed by the terms of this Protective Order; and

(g) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice to all parties and an opportunity to be heard.

5. Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document(s) so designated with a stamp or label stating "Confidential."

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be

preserved for inspection.

To the extent that electronically stored information is produced in electronic form, the producing party may designate such material as "Confidential" by cover letter referring as specifically as practicable to such matter and by affixing (where practicable) a label on the electronically stored information, its storage media, or casing indicating such designation.

6. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" as follows: The designating party shall clearly identify those portions of the testimony that should be designated "Confidential" either on the record during the deposition and/or in a written notification made within thirty (30) days after receipt by the designating party of the transcript of the testimony. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts and testimony shall be treated as if designated confidential until the expiration of that thirty (30) day period. The parties may not issue blanket designations for depositions and must instead clearly identify the specific testimony and/or page and line numbers containing Confidential Information.

7. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

8. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if each

party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

10. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential." Either party may then move the Court for an order adjudicating the designated status of such information or document. At all times, the burden of proving that discovery material has been properly designated as Confidential Information shall remain with the designating party.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

11. In the event a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other paper filed in Court in this litigation, such Confidential Information used therein shall be filed under seal with the Court consistent with Florida Rule of Judicial Administration 2.420.

12. Consistent with Florida Rule of Judicial Administration 2.420, unless otherwise

ordered by the Court, the Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" by a party to this action.

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order. The Court will determine the use of Confidential Information at trial.

14. Within thirty (30) days after conclusion of this litigation and any appeal thereof, all documents and reproductions thereof containing Confidential Information produced by a party in the possession of any Qualified Persons shall be returned to the producing party or destroyed (in the case of attorney work product) and counsel shall submit a certificate certifying to the full and complete return and/or destruction thereof, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. To the extent that any protective orders entered in this action restrict the communication and use of Confidential Information, including without limitation this Agreed Protective Order Governing Confidentiality, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used in Court, unless such documents were filed under seal, or were filed in violation of this or other protective order and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders. Notwithstanding the foregoing, Counsel for each party may maintain a litigation file of all documents filed with the Court, including documents filed under seal that remain under seal and have not been returned by the Court to the party that lodged, filed or attempted to file them.

15. Pursuant to 45 C.F.R. § 164.512(e), the parties are prohibited from using or disclosing any "protected health information" (as that term is defined in HIPAA and its corresponding regulations) for any purpose other than this litigation and the parties are ordered to destroy all protected health information, including any copies made of the information at the conclusion of this litigation. As a result, the parties acknowledge and agree that this Agreed Protective Order Governing Confidentiality is also a Qualified Protective Order pursuant to HIPAA and 45 C.F.R. § 164.512(e). A party, or non-party, who believes that he, she, or it is producing "protected health information" should designate it as such at the time it is produced, consistent with the procedures outlined in this Order for Confidential Information.

16. This Order shall survive the termination of the Action and shall continue in full force and effect until otherwise ordered by the Court. The Court shall retain jurisdiction to enforce or modify this Order.

DONE AND ORDERED in Chambers, at St. Petersburg, Pinellas County, Florida, this 25 day of July 2013.

_____
PAMELA A.M. CAMPBELL
Circuit Court Judge

cc: Counsel of Record