UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC, and
GREGG D. THOMAS,

       Plaintiffs,                                 CASE NO.: 8:15-cv-1202-T-24EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS,

       Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion to File the Confidential Declaration of Gregg D. Thomas and the Exhibits Attached Thereto Under Seal. (Doc. 6). Plaintiffs submit that the confidential declaration contains information and documents that have been designated as "CONFIDENTIAL" and "CONFIDENTIAL—Attorneys' Eyes Only" by Terry Gene Bollea in a pending state court proceeding, which is related to the instant case. Such documents marked as confidential in the state court case are subject to a protective order. *See* order filed at Dkt. 7. Under the state court protective order, documents marked confidential may not be publicly filed.

Pursuant to Local Rule 1.09, Plaintiffs seek to file the declaration and exhibits under seal. Plaintiffs assert that without the information contained in the declaration and exhibits, the Court will not have the information it needs to decide Plaintiffs' Motion for Summary Judgment.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 (1978) (citations omitted).  "[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C.Cir.1996) (citation omitted).  As a result, good cause is required to seal any portion of the court's record.  *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).  The movant bears the burden of proving that such cause exists.

The Court will conduct an *in camera* review of the documents to determine whether they may be filed under seal or if filed, must be filed in the public record.  Plaintiffs are directed to submit the confidential declaration of Gregg D. Thomas and the exhibits attached thereto to chambers under seal.  Upon receipt, the Court will review the documents to determine whether they may be filed under seal.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of May, 2015.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record