# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| GAWKER MEDIA, LLC et al, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 8:15-CV-01202-SCB-EAJ |
| THE FEDERAL BUREAU OF | ) | |
| INVESTIGATION and THE EXECUTIVE | ) | |
| OFFICE OF UNITED STATES | ) | |
| ATTORNEYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DECLARATION OF DAVID M. HARDY**

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Federal Bureau of Investigation ("FBI")

Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"),

in Winchester, Virginia. I have held this position since August 1, 2002. Prior to joining the FBI,

from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for

Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA")

policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30,

2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA

matters. I am also an attorney who has been licensed to practice law in the state of Texas since

1980.

1

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 224 employees who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA, amended by the OPEN Government Act of 2007 and the Open FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and other Presidential and Congressional directives.  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.  Specifically, I am aware of the FBI's handling of Plaintiff's FOIA requests seeking records pertaining to an investigation concerning recording(s) of Terry Bollea aka "Hulk Hogan" engaged in sexual relations with Heather Clem.

(4)     This declaration is submitted in support of the FBI's response in opposition to plaintiffs' motion for summary judgment.  It will provide a brief administrative history of Plaintiff's FOIA requests, a general description of the FBI's recordkeeping system, and an overview of our search efforts.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUEST

(5)     By letter dated November 8, 2013, Plaintiff, through its attorney Gregg D. Thomas, submitted a FOIA request to FBIHQ requesting "[a]ll documents relating to an

2

investigation, or a request for investigation, in October 2012 regarding allegations of illegal recording(s) of Terry Bollea a/k/a Hulk Hogan engaged in sexual relations." *(See* **Exhibit A.)**

(6)     By letter dated November 19, 2013, the FBI acknowledged receipt of plaintiff's FOIA request and assigned it FOIPA Request Number 1238212-000. The FBI advised plaintiff that it could not release records concerning a third party, absent express authorization and consent of the third party, proof that the subject of his request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records.[1]  The FBI enclosed a Certification of Identity form (form DOJ-361), to be completed by the subject of the request before it would conduct a search for records on a third party. The FBI stated if no response was received from plaintiff within 30 days from the date of the letter, plaintiff's request would be closed. Lastly, the FBI advised plaintiff of his right to appeal the FBI's determination by filing an administrative appeal with the Department of Justice ("DOJ"), Office of Information Policy ("OIP") within sixty (60) days from the date of its letter. *(See* **Exhibit B.)**

(7)     By email dated November 7, 2014, almost a year later since its initial request, Gawker Media, via its attorney Gregg D. Thomas, hereinafter referred to as plaintiff, submitted another FOIA request for records seeking "disclosure of any, and all records in the possession, custody, or control of the United States Department of Justice, including without limitation the agencies described below, relating to an investigation , and complaints or requests for investigation, concerning recording(s) of Terry Gene Bollea a/k/a "Hulk Hogan" engaged in sexual relations with Heather Clem." Specifically, plaintiff sought:

- records reflecting any communication with Mr. Bollea and his counsel;

---

[1]  Without the noted information, the requested records are exempt from disclosure pursuant to the FOIA, Title 5 U.S.C. § 552, Exemptions 6 and 7(C).

3

- any statement made by Mr. Bollea or is counsel;

- any records relating to video recording(s) of Mr. Bollea engaged in sexual relations with Heather Clem;

- any records concerning such video recording(s), including the recording(s) themselves;

- any records relating to the source and distribution of such video recording(s); and

- records relating to any attempt to disseminate such video recording(s), including any attempt to sell such video recording(s) to Mr. Bollea or his counsel.

Plaintiff provided a list of keywords they considered would reasonably assist the FBI in the search for responsive records and indicated the request included, but was not limited to, records from FBI HQ and Tampa Field office ("TPFO"). Plaintiff also included Certification of Identity Forms executed by Ms. Heather Dawn Cole, formerly Heather Clem, Mr. Bollea, three of his lawyers, namely David Houston, Charles Harder, and Kenneth Turkel. Furthermore, plaintiff agreed to pay up to $ 500.00 in search and duplication fees. Finally, plaintiff provided specific instruction for the handling of any DVDs or other video footage provided in response to this request. *(See* **Exhibit C.)** [2]

(8)     By letter dated November 17, 2014, the FBI acknowledged receipt of plaintiff's request and assigned it FOIPA Request Number 1238212-001. The FBI advised plaintiff it was searching the indices to the Central Records System for information responsive to the request. *(See* **Exhibit D.)**

---

[2] By letter dated November 10, 2014 sent via facsimile and mail, the law office of Harder Miller & Abrams informed the FBI they were representing Terry Bollea in a civil lawsuit against Gawker Media LLC, et al, and that in that case, the court determined that the materials within the possession of the FBI were potentially relevant to certain issues and ordered Mr. Bollea and his attorneys to sign FOIA waivers on that basis. Mr. Bollea's attorneys provided information pertaining to the civil action and raised concerns about the privacy of other third party individuals whose privacy rights may be implicated in the records responsive to Gawker Media's FOIA request.

4

(9)       By letter dated January 29, 2015, the FBI informed plaintiff it located

approximately 1168 pages of records potentially responsive to its FOIA request (FOIPA Request

Number 1238212-001) and two compact discs; and pursuant to Department of Justice ("DOJ")

regulations, is required to notify requesters when anticipated fees exceed $25.00. Plaintiff was

advised that releases are made via CD unless otherwise requested; each CD contains up to

approximately 500 reviewed pages; the first 100 pages or the cost equivalent ($10.00) is free of

charge; and if all potentially responsive pages were processed for release, plaintiff would owe

$50.00 in duplication fees (4CDs at $15.00 less $10.00), or $136.80 if the plaintiff requested the

release in paper. The FBI reminded plaintiff that the anticipated fees associated with its request

were only an estimate, as some information may be withheld in full pursuant to FOIA

exemptions, or may be non-responsive to the FOIA request. Thus, the actual charges could be

less than the estimate provided. Plaintiff was instructed to notify RIDS in writing within thirty

(30) days from the date of its letter of the desired release format (CD or paper) and the

commitment to pay the estimated fees. RIDS noted that if plaintiff's written format decision and

commitment to pay fees was not received within thirty (30) days from the date of its letter, the

request would be closed. Lastly, plaintiff was advised that if it wished to reduce the scope of the

FOIA request, costs associated with the request would be less and receipt of the requested

information would be timelier. *(See* **Exhibit E.)**

(10)      By letter dated February 3, 2015, plaintiff advised the FBI it agreed to pay the

estimated duplication fees. *(See* **Exhibit F.)**

(11)      By letter dated February 4, 2015, the FBI advised plaintiff that the material

requested was located in an investigative file which was exempt from disclosure pursuant to 5

U.S.C. § 552(b)(7)(A) because there was a pending or prospective law enforcement proceeding

5

relevant to these records and release of the information could reasonably be expected to interfere with the enforcement proceedings. The FBI advised plaintiff that it could appeal the FBI's determination by filing an administrative appeal with the Department of Justice ("DOJ"), Office of Information Policy ("OIP") within sixty (60) days from the date of its letter. *(See* **Exhibit G.)**

(12)    By letter dated March 4, 2015, plaintiff submitted an appeal to OIP contesting the FBI's determination as described in its February 4, 2015 response letter. Plaintiff sent the same letter twice to OIP via facsimile and mail. *(See* **Exhibit H.)**

(13)    By letter dated March 18, 2015, OIP acknowledged receipt of plaintiff's appeal and assigned it appeal number AP-2015-02411. OIP sent another letter dated March 20, 2015 acknowledging plaintiff's duplicate appeal and assigning appeal number AP-2015-02440. *(See* **Exhibit I.)**

(14)    By letter dated May 6, 2015, OIP affirmed the FBI's determination. OIP advised plaintiff that it was denying its request that OIP itemize and justify each item of the information withheld, since it was not entitled to it at the administrative stage. Additionally, OIP advised plaintiff it was closing Appeal No. AP-2015-02440 administratively because it was a duplicate of Appeal No. AP-2015-02411. Finally, OIP advised plaintiff of its right to file a lawsuit in the federal district court if it was dissatisfied with its action on the appeal. *(See* **Exhibit J.)**

(15)    On May 19, 2015, plaintiff filed his complaint in the instant action. *(See* **Docket Number 1.)**

## EXPLANATION OF THE CENTRAL RECORDS SYSTEM

(16)    The Central Records System ("CRS") is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its integrated missions and functions as a law

6

enforcement, counterterrorism, and intelligence agency to include performance of administrative and personnel functions. The CRS spans the entire FBI organization and encompasses the records of FBIHQ, FBI Field Offices, and FBI Legal Attaché Offices ("Legats") worldwide.

(17)    The CRS consists of a numerical sequence of files, called FBI "classifications," which are organized according to designated subject categories. The broad array of CRS file classification categories include types of criminal conduct and investigations conducted by the FBI, as well as categorical subjects pertaining to counterterrorism, intelligence, counterintelligence, personnel, and administrative matters. For identification and retrieval purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number ("UCFN") consisting of three sequential components: (a) the CRS file classification number, (b) the abbreviation of the FBI Office of Origin ("OO") initiating the file, and (c) the assigned individual case file number for that particular subject matter.[3] Within each case file, pertinent documents of interest are "serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

## THE CRS GENERAL INDICES AND INDEXING

(18)    The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS. The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties. The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subjects of investigative interest

---

[3] For example, in a fictitious file number of "11Z-HQ-56789," the "11Z" component indicates the file classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and "56789"is the assigned case specific file number.

that are indexed for future retrieval. The entries in the general indices fall into two category

types:

  a. Main entry. This entry pertains to records indexed to the main subject(s) of a file, known as "main file" records. The "main" entry carries the name of an individual, organization, or other subject matter that is the designated subject of the file.

  b. Reference entry. This entry, or a "cross-reference," pertains to records that merely mention or reference an individual, organization, or other subject matter that is contained in a "main" file record about a different subject matter.

(19)    FBI Special Agents ("SA") and/or designated support personnel may index

information in the CRS by individual (persons), by organization (organizational entities, places,

and things), and by event (*e.g.*, a terrorist attack or bank robbery). Indexing information in the

CRS is based on operational necessity, and the FBI only indexes that information considered

relevant and necessary for future retrieval. Accordingly, the FBI does not index every individual

name or other subject matter in the general indices.

## AUTOMATED CASE SUPPORT

(20)    Automated Case Support ("ACS") is an electronic, integrated case management

system that became effective for FBIHQ and all FBI Field Offices and Legats on October 1,

1995. As part of the ACS implementation process, over 105 million CRS records were

converted from automated systems previously utilized by the FBI into a single, consolidated case

management system accessible by all FBI offices. ACS has an operational purpose and design to

enable the FBI to locate, retrieve, and maintain information in its files in the performance of its

myriad missions and functions.[4]

---

[4] ACS and the next generation Sentinel system are relied upon by the FBI daily to fulfill essential functions such as conducting criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries, and security screening, to include Presidential protection.

(21)    The Universal Index ("UNI") is the automated index of the CRS and provides all offices of the FBI a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching. Individual names may be recorded with applicable identifying information such as date of birth, race, sex, locality, Social Security Number, address, and/or date of an event. Moreover, ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompasses data that was already indexed into the prior automated systems superseded by ACS. As such, a UNI index search in ACS is capable of locating FBI records created before its 1995 FBI-wide implementation to the present day in both paper and electronic format.[5] Currently, UNI consists of approximately 111 million searchable records and is updated daily with newly indexed material.

### ACS and SENTINEL

(22)    Sentinel is the FBI's next generation case management system that became effective FBI-wide on July 1, 2012. Sentinel provides a web-based interface to FBI users, and it includes the same automated applications that are utilized in ACS. After July 1, 2012, all FBI generated records are created electronically in case files via Sentinel; however, Sentinel did not replace ACS and its relevance as an important FBI search mechanism. Just as pertinent information was indexed into UNI for records generated in ACS before July 1, 2012, when a record is generated in Sentinel, information is indexed for future retrieval. Moreover, there is an index data sharing nexus between the Sentinel and ACS systems whereby components of

---

[5] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation remain searchable by manual review of index cards, known as the "manual indices." A search of the manual indices is triggered for requests on individuals if the person was born on or before January 1, 1958; and for requests seeking information about organizations or events on or before January 1, 1973. Records created after these dates would be captured through a UNI search.

9

information indexed into Sentinel are also replicated or "backfilled" into ACS. In sum, the Sentinel case management system builds on ACS and shares its operational purpose; Sentinel provides another portal to locate information within the vast CRS for FBI records generated on or after July 1, 2012.

## ADEQUACY OF SEARCH

(23)     Index Searching. To locate CRS information, RIDS employs an index search methodology. Index searches of the CRS are reasonably expected to locate responsive material within the vast CRS since the FBI indexes pertinent information into the CRS to facilitate retrieval based on operational necessity. Given the broad range of indexed material in terms of both time frame and subject matter that it can locate in FBI files, the automated UNI application of ACS is the mechanism RIDS employs to conduct CRS index searches. If a request seeks records that may have been generated on or after July 1, 2012, an overlapping search of ACS via the UNI application and a Sentinel index search are performed at the litigation stage to ensure adequacy of the CRS index search.

(24)     CRS Search. In response to Plaintiff's request, RIDS conducted a CRS index search on November 14, 2014, for responsive records employing the UNI application of ACS and a Sentinel index search by utilizing the following terms: "Bollea, Terry Gene," "Boella, Terry," Bolea, Terry," "Hulk Hogan," "Hogan Hulk," "Houston, David,"dhouston@houstonlaw.com," Harder, Charles, J," "Harder, Charles ," charder@hmafirm.com, "charder @wrslawyers.com," Turkle, Kenneth," Turkle, Ken," kturkle@bajocuva.com," " Gawker," "sex tape," "Clem, Todd, Alan," "Clem, Bubba," "Bubba The Love Sponge Clem," "Bubba The Love Sponge," "Clem, Heather," "Cole, Heather, Dawn," "Cole, Heather," "Davidson, Keith," "Duarte, Vilma," " Lloyd, Matt," and "Loyd, Matt." The

FBI used information provided in the various waivers submitted by plaintiff, such as dates of birth and Social Security numbers, to facilitate the identification of potentially responsive records.

(25)     Search Results. As a result of these search efforts, the FBI located a main file originated in the Tampa Field Office responsive to Plaintiff's request. It consisted of a pending main investigation file; 9B-TP-2534791.

(26)     Main and Cross-Reference Files. RIDS policy is to search for and identify only "main" files responsive to most FOIPA requests at the administrative stage; therefore, RIDS conducted an additional search of the CRS and Sentinel to locate any "cross reference" material responsive to plaintiff's request. This search confirmed the results of the original search. The FBI did not locate any additional records responsive to plaintiff's specific request.

(27)     On May 27, 2015, EOUSA made a referral of records to the FBI. EOUSA referred one page and two CDs for disclosure determination by the FBI and requested that the FBI correspond with plaintiff directly as of the result of this consultation.

## PENDING INVESTIGATION

(28)     Upon receipt of plaintiff's lawsuit, the FBI contacted the Tampa Field Office ("TPFO") to request information pertaining to the current status of the investigation referenced in the records responsive to plaintiff's request. The TPFO advised RIDS that another law enforcement agency has an on-going investigation. Furthermore, TPFO indicated that release of any information from this file will interfere with that pending investigation; therefore, the information is exempt from disclosure pursuant to FOIA exemption (b)(7)(A), 5 U.S.C. § 552(b)(7)(A).

## PROPOSED PROCESSING SCHEDULE

11

(29)    Under 5 U.S.C. § 552(b)(7)(A), an agency may categorically deny access to records if the records were compiled for law enforcement purposes and the production of such records could reasonably be expected to interfere with law enforcement proceedings. In this case, the responsive records the FBI located are indexed in a pending main file. As a result, the FBI is categorically denying access to these records pursuant to FOIA exemption (b)(7)(A), because the production of these records could interfere with the pending investigation(s).[6]

(30)    When asserting FOIA Exemption 7(A) at the litigation stage, an agency is required to search for, locate, and conduct a review of all responsive documents. During this categorical review of documents, other than documents that can be segregated for release because they trigger no 7(A) harm, each document is reviewed and assigned a functional category whereby release of the document will trigger one or more harms to an ongoing investigation or pending prosecution. The process of reviewing the Exemption 7(A) material for additional underlying exemptions transforms the review process from a categorical document-by-document review, to a much lengthier page-by-page review to identify additional, underlying exemptions for assertion despite the blanket coverage of Exemption 7(A).

(31)    At this time, the FBI requests an order permitting it to move for summary judgment based on the applicability of Exemption 7(A) to certain records covered by that exemption without waiving any allegation that those records are exempt from release for other reasons. If the Court grants the FBI's motion for this order, Exemption 7(A) would be litigated given its categorical applicability, and in the event that Exemption 7(A) would expire during the pendency of this FOIA litigation – or if the Court rejects the FBI's withholdings under Exemption 7A – the underlying exemptions would be preserved. If the FBI's motion is granted,

---

[6] The pending investigation(s) at issue here are expected to continue for an undetermined amount of time.

12

the FBI proposes a time period of thirty (30) days, namely until July 8, 2015, in which to process and release to Plaintiff all non-exempt material, identify documents for withholding under functional Exemption 7(A) categories, and propose a time period of fifteen (15) additional days, namely, until July 23, 2015, to prepare and file the *Vaughn* declaration fully explaining its assertion of Exemption 7(A).[7]

(32)    If the FBI's motion is denied, then an additional three (3) months, namely, until September 8, 2015, will be needed to complete review and processing of the responsive records, assert all applicable underlying exemptions, and propose a time period of thirty (30) additional days, namely, until October 8, 2015, to prepare and file the *Vaughn* declaration.  Based on our experience in Exemption 7(A) cases of this nature, the additional time required to complete a page-by-page review for underlying exemptions doubles the amount of time that is required to complete a categorical document review under 7(A).   While performing the page-by-page review, the FBI will issue to Plaintiff interim responses/status reports every thirty (30) days beginning on July 8, 2015.  Lastly, the FBI will prepare and file a *Vaughn* declaration on October 8, 2015 that not only details the FBI's FOIA Exemption 7(A) assertion, but also explains and justifies our assertion of each underlying FOIA Exemption.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through G attached hereto are true and correct copies.

Executed this ___8th___ day of June, 2015.

---

[7] For FY 2015, from October 2014 to June 1, 2015, there are a total of 5,114 pending requests, consisting of 5.35 million pages of information, currently assigned to the five FOIPA Disclosure Units for review.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

14

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC et al,           )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )        Case No. 8:15-CV-01202-SCB-EAJ
THE FEDERAL BUREAU OF              )
INVESTIGATION and THE EXECUTIVE    )
OFFICE OF UNITED STATES            )
ATTORNEYS,                         )
                                   )
        Defendant.                 )
                                   )

# **Exhibit A**

**Sobonya, David P.**

| | |
|---|---|
| **From:** | Cherie Pacheco [cpacheco@tlolawfirm.com] |
| **Sent:** | Friday, November 08, 2013 4:17 PM |
| **To:** | FOIPARequest |
| **Subject:** | FOIA Request |
| **Attachments:** | FOIA request re Terry Bollea.pdf |

Please see attached and respond.  Thank you.

**Cherie L. Pacheco**
**Paralegal**
**Thomas & LoCicero PL**
*Focused on Business Litigation, Media and IP Law*

cpacheco@tlolawfirm.com  |  tlolawfirm.com

ph: 813.984.3060 | direct: 813.984.3074
fax: 813.984.3070 | toll-free: 866.395.7100
601 S. Boulevard, Tampa, FL  33606

**Tampa | South Florida**

CONFIDENTIALITY NOTICE:  The information contained in this email message is intended for the personal and confidential use of the recipient(s) designated above.  This message may contain information that is privileged, confidential and exempt from disclosure under applicable law and any unauthorized or inadvertent use, receipt, disclosure, dissemination or distribution of such information shall not waive any such privilege.  If you are not an intended recipient of this message, and/or you have received this message in error, then please notify the sender at (813) 984-3060.  Any unauthorized and/or unintended review, use, dissemination, distribution or reproduction of this message, or any of the information contained in it, is strictly prohibited.



1



**Tampa**

601 South Boulevard, Tampa, FL 33606
ph 813-984-3060  fax 813-984-3070  toll free 886-395-7100

**South Florida**

401 SE 12th Street, Ste. 300, Fort Lauderdale, FL 33316
ph 954-703-3416  fax 954-400-5415

8461 Lake Worth Road, Ste. 114, Lake Worth, FL 33467
ph 561-340-1433  fax 561-340-1432

www.tlolawfirm.com

Rachel E. Fugate
Direct Dial:  (813) 984-3065
rfugate@tlolawfirm.com

Reply to: Tampa

November 8, 2013

VIA foiparequest@ic.fbi.gov.

FBI
Record/Information Dissemination Section
Attn: FOIPA Request
170 Marcel Drive
Winchester, VA 22602-4843

      Re:    Freedom of Information Act Request

Dear FOIA Officer:

      This is a formal request for information pursuant to the Freedom of Information Act.  Our firm requests a copy of the following:

      ALL documents relating to an investigation, or a request for investigation, in October 2012 regarding allegations of illegal recording(s) of Terry Bollea a/k/a Hulk Hogan engaged in sexual relations.

      The Freedom of Information Act provides that if some parts of a requested document are exempt, "reasonably segregable" portions shall be provided.  See 5 U.S.C. § 552(b). Consequently, if you determine that some or all of the information we have requested is exempt, please specify the exemption you believe applies and provide me a copy of the remainder of the information.  We reserve the right to appeal any such decisions.

      Thank you for your assistance.

                  Sincerely,

                  THOMAS & LOCICERO PL

                  Rachel E. Fugate

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC et al,               )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )
                                       )       Case No. 8:15-CV-01202-SCB-EAJ
THE FEDERAL BUREAU OF                  )
INVESTIGATION and THE EXECUTIVE        )
OFFICE OF UNITED STATES                )
ATTORNEYS,                             )
                                       )
        Defendant.                     )
                                       )
                                       )

# Exhibit B

**U.S. Department of Justice**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 19, 2013

Ms. Cherie L. Pacheco
Thomas & LoCicero PL
601 South Boulevard
Tampa, FL 33606

FOIPA Request No.: 1238212-0
Subject: BOLLEA, TERRY/INVESTIGATION
IN OCTOBER 2012 REGARDING
ALLEGATIONS OF ILLEGAL RECORDINGS
OF TERRY BOLLEA A/K/A HULK HOGAN
ENGAGED IN SEXUAL RELATIONS

Dear Ms. Pacheco:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   Because you have requested information about a third party and the FBI recognizes an important privacy interest in that information, to help us process your request we ask that you provide one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source.   Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information are copies of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosures (3)



# FBI FACT SHEET

- **The primary function of the FBI is national security.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identification record or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/1/13

FBI007

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information  ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

**U.S Department of Justice**

**Certification of Identity**



FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature [4]** _____   **Date** _____

### OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

FBI009

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC et al,          )
                                  )
        Plaintiff,                )
                                  )
    v.                            )
                                  )       Case No. 8:15-CV-01202-SCB-EAJ
THE FEDERAL BUREAU OF             )
INVESTIGATION and THE EXECUTIVE   )
OFFICE OF UNITED STATES           )
ATTORNEYS,                        )
                                  )
        Defendant.                )
                                  )
                                  )

# Exhibit C

FBI010

## McGuinn, Lauren S.

**From:** Gregg D. Thomas [gthomas@tlolawfirm.com]
**Sent:** Friday, November 07, 2014 3:08 PM
**To:** FOIPARequest
**Cc:** Mosakowski, Robert (USAFLM); Sekela, Andrew
**Subject:** Freedom of Information Request
**Attachments:** LTR to David Hardy.pdf

Please see the attached Freedom of Information Request.

**Gregg D. Thomas**
**Thomas & LoCicero PL**
*Focused on Business Litigation, Media and IP Law*

gthomas@tlolawfirm.com | tlolawfirm.com

ph: 813.984.3060 | direct: 813.984.3072
fax: 813.984.3070 | toll-free: 866.395.7100
601 South Boulevard, Tampa, FL 33606



**Tampa | South Florida**

**CONFIDENTIALITY NOTICE:** The information contained in this email message is intended for the personal and confidential use of the recipient(s) designated above. This message may contain information that is privileged, confidential and exempt from disclosure under applicable law and any unauthorized or inadvertent use, receipt, disclosure, dissemination or distribution of such information shall not waive any such privilege. If you are not an intended recipient of this message, and/or you have received this message in error, then please notify the sender at (813) 984-3060. Any unauthorized and/or unintended review, use, dissemination, distribution or reproduction of this message, or any of the information contained in it, is strictly prohibited.

1

FBI011



**Tampa**

601 South Boulevard, Tampa, FL 33606
ph 813-984-3060  fax 813-984-3070  toll free 866-395-7100

**South Florida**

401 SE 12th Street, Ste. 300, Fort Lauderdale, FL 33316
ph 954-703-3416  fax 954-400-5415

8461 Lake Worth Road, Ste. 114, Lake Worth, FL 33467
ph 561-340-1433  fax 561-340-1432

www.tlolawfirm.com

Gregg D. Thomas
Direct Dial:  (813) 984-3066
gthomas@tlolawfirm.com

Reply to: Tampa

November 7, 2014

**VIA ELECTRONIC MAIL**

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
170 Marcel Drive
Winchester, VA 22602-4843
Phone: (540) 868-4500
Fax: (540) 868-4997
foiparequest@ic.fbi.gov

**Re: Freedom of Information / Privacy Act Request**

Dear Mr. Hardy:

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

I am an attorney who represents Gawker Media, LLC in connection with a lawsuit filed against it by Terry Gene Bollea, known professionally as "Hulk Hogan," in Florida state court. *See Bollea v. Clem, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.).

I hereby request disclosure of any and all records in the possession, custody or control of the United States Department of Justice, including without limitation the agencies described

David M. Hardy
November 7, 2014
Page 2

below, relating to an investigation, and complaints or requests for investigation, concerning recording(s) of Terry Gene Bollea a/k/a "Hulk Hogan" engaged in sexual relations with Heather Clem.  This request includes, but is not limited to:

- records reflecting any communications with Mr. Bollea or his counsel;

- any statements made by Mr. Bollea or his counsel;

- any records relating to video recording(s) of Mr. Bollea engaged in sexual relations with Heather Clem;

- any records concerning such video recording(s), including the recording(s) themselves;

- any records relating to the source and distribution of such video recording(s); and

- records relating to any attempt to disseminate such video recording(s), including any attempt to sell such video recording(s) to Mr. Bollea or his counsel.

        To assist you and your components in tailoring your searches, the following keyword search protocol is reasonably likely to return responsive records:

> ["Terry Bollea" OR "Terry Gene Bollea" OR "Hulk Hogan" OR "Hogan" OR "David Houston" OR "dhouston@houstonatlaw.com" OR "Charles Harder" OR "Charles J. Harder" OR "charder@HMAfirm.com" OR "charder@wrslawyers.com" OR "Ken Turkel" OR "Kenneth Turkel" OR "KTurkel@bajocuva.com"]

> -AND-

> ["Gawker" OR "Sex Tape" OR "Todd Alan Clem" OR "Bubba Clem" OR "Bubba the Love Sponge Clem" OR "Heather Clem" OR "Heather Cole" OR "Keith Davidson" OR "Vilma Duarte" OR "Matt Lloyd" OR "Matt Loyd"]

        This request includes, but is not limited to, records maintained by the Federal Bureau of Investigation, both at its Headquarters in Washington, D.C. and its Tampa field office (the "FBI Records").  In connection with the FBI Records, we request that in addition to searching all files and communications in the records of its field offices reasonably likely to contain responsive records, the FBI perform the above-mentioned keyword searches in both the "main" and "cross-reference" files in its Central Records System.  For your information, similar requests have been sent to the Executive Office for U.S. Attorneys and the Criminal Division of the Department of Justice.

David M. Hardy
November 7, 2014
Page 3

I have enclosed Certifications of Identity and Authorization to Release Information
(Form DOJ-361) that have been executed by Mr. Bollea and three of his lawyers, David
Houston, Charles Harder, and Ken Turkel. *See* Exhibit A (Certifications). Please note, Mr.
Bollea believes that records relating to the investigation are not relevant to his litigation against
Gawker Media, but he and his counsel have provided the signed Certifications based on a court
order in the above referenced action. *See* Exhibit B (Special Discovery Magistrate's Report and
Recommendation ordering Certifications to be signed, Order of the Court adopting that
Recommendation, and Order of the Second District Court of Appeal dismissing Mr. Bollea's
petition for a writ of certiorari appealing from that Order).

I also have enclosed a Certification of Identity and Authorization to Release Information
(Form DOJ-361) that has been executed by Heather Dawn Cole f/k/a Heather Clem. *See* Exhibit
C (Certification).

Please produce copies of the records in the original form in which they are maintained.
We consent in advance to pay search and duplication charges up to $500. In order to avoid
delay, if you have any questions about this request, please contact me by email, telephone or fax,
rather than relying upon regular mail. You may reach me by email at gthomas@tlolawfirm.com,
by telephone at (813) 984-3060, or by fax at (813) 984-3070.

Finally, in connection with the ongoing litigation in Florida, Gawker Media and Mr.
Bollea have agreed, and the court has ordered, that any DVDs or other video footage that is
provided in response to this request should be placed in a sealed envelope addressed to Judge
James R. Case (Ret.), the Special Discovery Magistrate who is overseeing all discovery in this
case. Consequently, please allow Judge Case to personally pick up the sealed envelope
containing any DVDs or other video footage from either the FBI's Tampa field office or the
office of the United States Attorney for the Middle District of Florida. All other documents can
and should be provided directly to me.

When you complete your work on this request, please call me so that I can alert Judge
Case that he can pick up any DVDs or other video footage and can arrange for a courier to pick
up the other documents.

Thank you for your assistance with this request.

THOMAS & LOCICERO PL

By: *  /s/ Gregg D. Thomas  *
       Gregg D. Thomas

601 South Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Telephone: (813) 984-3060

David M. Hardy
November 7, 2014
Page 4


Facsimile: (813) 984-3070
gthomas@tlolawfirm.com


Enclosures

cc:   Hon. James R. Case, Special Discovery Magistrate, Circuit Court of the Sixth Judicial
District, Florida
Charles J. Harder, Esquire, Counsel for Terry Bollea
Mr. Robert Mosakowski, Office of the U.S. Attorney for the Middle District of Florida
Mr. Andrew Sekala, Federal Bureau of Investigation, Tampa Field Office

FBI015

# Exhibit A

FBI016

**U.S Department of Justice**                **Certification of Identity**                

# CONFIDENTIAL

FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

---

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   *Terry Gene Bollea*

Citizenship Status [2]   *U.S. citizen*            Social Security Number [3]     **FRCP 5.2**

Current Address                      **FRCP 5.2**

Date of Birth     **FRCP 5.2**        Place of Birth      **FRCP 5.2**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   _____      Date   *8-20-14*

---

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.
Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

FBI017

U.S Department of Justice       **Certification of Identity**



# CONFIDENTIAL

FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    *Charles John Harder*

Citizenship Status [2]   *U.S.A.*      Social Security Number [3]    FRCP 5.2

Current Address   *Harder Mirell & Abrams LLP  1925 Century Park East #5ce*
*Los Angeles, CA  90067*

Date of Birth   FRCP 5.2      Place of Birth   FRCP 5.2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   *[signature]*      Date   *9/29/14*

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
**Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.**
**Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida**

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

U.S Department of Justice                    **Certification of Identity**



# CONFIDENTIAL

FORM APPROVED OMB NO  1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    David R Houston

Citizenship Status [2]  US Citizen        Social Security Number [3]    **FRCP 5.2**

Current Address        **FRCP 5.2**

Date of Birth  **FRCP 5.2**         Place of Birth    **FRCP 5.2**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]                            Date   7/03/14

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
**Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.**
**Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.**

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

FBI019

U.S Department of Justice                **Certification of Identity**         

FORM APPROVED OMB NO. 1103-0016
EXPIRES 10-31-14

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC  20503.

Full Name of Requester [1]    **Kenneth G. Turkel**

Citizenship Status [2]   **U.S. Citizen**        Social Security Number [3]   FRCP 5.2

Current Address       FRCP 5.2

Date of Birth        FRCP 5.2         Place of Birth        FRCP 5.2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]    _____       Date  9/30/14

**OPTIONAL:  Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
**Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.
Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.**
**Print or Type Name**

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

# CONFIDENTIAL

FBI020

# Exhibit B

FBI021

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| TERRY GENE BOLLEA, professionally known as HULK HOGAN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | Case No. 2D14-1079 |
| HEATHER CLEM; GAWKER MEDIA, LLC, aka GAWKER MEDIA; GAWKER MEDIA GROUP, INC. a/k/a GAWKER MEDIA; GAWKER ENTERTAINMENT, LLC; GAWKER TECHNOLOGY, LLC; GAWKER SALES, LLC; NICK DENTON; A.J. DAULERIO; KATE BENNERT; and BLOGWIRE HUNGARY SZELLEMI ALKOTAST HASZNOSITO KFT aka GAWKER MEDIA, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) | |

Opinion filed August 15, 2014.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; Pamela A.M.
Campbell, Judge.

Kenneth G. Turkel and Christina K.
Ramirez of Bajo, Cuva, Cohen & Turkel,
P.A., Tampa; and Charles J. Harder of
Harder, Mirell & Abrams, LLP, Los Angeles,
California, for Petitioner.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

                    Plaintiff,

vs.                                                  Case No. 12012447CI-011

HEATHER CLEM, *et al.*,

                    Defendants.
_____/

## REPORT & RECOMMENDATION

This cause came before Special Discovery Magistrate James Case on January 31, 2014, on the Motion of Gawker Media, LLC ("Gawker") to Compel FBI Authorization or, in the Alternative, for an Order of Preclusion. After reviewing the Court file, reviewing and considering the Motion and response papers, and hearing the argument of counsel, the Special Discovery Magistrate RECOMMENDS that Gawker's Motion be GRANTED and that Plaintiff (and any counsel acting on his behalf) be compelled to provide the requested release to Gawker within three days.

The parties shall have 10 days from the date of this Report and Recommendation to file objections with the Circuit Court.

Dated: ____2 - 5_____, 2014

                                        /s/ JAMES R. CASE
                                        _____
                                        James R. Case
                                        Special Discovery Magistrate

Copies furnished to:
Counsel of Record

1

FBI023

Gregg D. Thomas and Rachel E. Fugate
of Thomas & LoCicero, PL, Tampa; and
Seth D. Berlin, Alia L. Smith of Levine,
Sullivan, Loch & Schulz, LLP, Washington,
District of Columbia; and Julie B. Ehrlich of
Levine, Sullivan, Koch & Schulz, LLP, New
York, New York; and David R. Houston of
The Law Office of David R. Houston, Reno,
Nevada, for Respondent Gawker Media,
LLC.

No appearance for remaining Respondents.


PER CURIAM.

       Dismissed.


NORTHCUTT, CRENSHAW, and SLEET, JJ., Concur.

- 2 -

FBI024



IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

        Plaintiff,

vs.                    Case No. 12012447CI-011

HEATHER CLEM, *et al.*,

        Defendants.

_____/

### ORDER

This cause came before Special Discovery Magistrate James Case on January 31, 2014,

on the Motion of Gawker Media, LLC ("Gawker") to Compel FBI Authorization or, in the

Alternative, for an Order of Preclusion. After reviewing and considering the REPORT &

RECOMMENDATION of the Special Discovery Magistrate, IT IS HEREBY ORDERED AND

ADJUDGED that Gawker's Motion is GRANTED and that Plaintiff (and any counsel acting on

his behalf) must provide the requested release to Gawker within three days. *Report and*

*recommendation dated February 5, 2014 is approved.*

    DONE AND ORDERED in Chambers at Pinellas County, Florida this 21 day of

*February*, 2014.

                                   _____

                                   Pamela A.M. Campbell
                                   Circuit Court Judge

Copies furnished to:
Counsel of Record

# Exhibit C

FBI026

U.S Department of Justice                    **Certification of Identity**



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

**Public** reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] HEATHER DAWN COLE F/K/A HEATHER CLEM

Citizenship Status [2] U.S. CITIZEN _____ Social Security Number [3] _____ FRCP 5.2

Current Address _____ FRCP 5.2 _____

Date of Birth _____ FRCP 5.2 _____ Place of Birth _____ FRCP 5.2 _____

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
   Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.
   Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.

Print or Type Name
HEATHER DAWN COLE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000, or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature _____Heather Dawn Cole._____   Date Oct. 30, 2014

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

# CONFIDENTIAL

FBI027

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| GAWKER MEDIA, LLC et al, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 8:15-CV-01202-SCB-EAJ |
| THE FEDERAL BUREAU OF | ) | |
| INVESTIGATION and THE EXECUTIVE | ) | |
| OFFICE OF UNITED STATES | ) | |
| ATTORNEYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# Exhibit D



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 17, 2014

Mr. Gregg D. Thomas
Thomas & LoCicero PL
601 South Boulevard
Tampa, FL 33606

FOIPA Request No.: 1238212-001
Subject: BOLLEA, TERRY

Dear Mr. Thomas:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☑      Your request has been received at FBI Headquarters for processing.

☐      Your request has been received at the [_____ Resident Agency / _____ Field Office] and forwarded to FBI Headquarters for processing.

☑      We are searching the indices to our Central Records System for the information responsive to this request.   We will inform you of the results in future correspondence.

☐      Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☑      Please check for the status of your FOIPA request at www.fbi.gov/foia by clicking on **Check the Status of Your FOIPA Request** under **Records Available Now** located on the right side of the page.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

FBI029

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC et al,       )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )        Case No. 8:15-CV-01202-SCB-EAJ
THE FEDERAL BUREAU OF          )
INVESTIGATION and THE EXECUTIVE )
OFFICE OF UNITED STATES        )
ATTORNEYS,                     )
                               )
        Defendant.             )
                               )
_____)

# Exhibit E

FBI030



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 29, 2015

Mr. Gregg D. Thomas
Thomas & LoCicero PL
601 South Boulevard
Tampa, FL 33606

FOIPA Request No.: 1238212-001
Subject: BOLLEA, TERRY

Dear Mr. Thomas:

This is in reference to your Freedom of Information Act (FOIA) request.

This letter is in response to your letter dated November 7, 2014.   The Federal Bureau of Investigation (FBI) has located approximately <u>**1168**</u> pages of records potentially responsive to the subject of your request.   Per your request, you have also asked for copies of video material related to your subject. Information in the files reveal that there are 2 Compact Discs (CDs) consisting of video material that is potentially responsive to the subject of your request.   By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.   There is a duplication fee for the release of information in CD format (<u>See</u> 28 C.F.R. §16.11 and 16.49).   Per DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.

Releases are made on Compact Disc (CD) unless otherwise requested.   Each CD contains approximately 500 reviewed pages per release.   The 500 page estimate is based on our business practice of processing medium and large track cases in segments.   DOJ regulations provide 100 pages or the cost equivalent ($10.00) free of charge. If all potentially responsive pages are released, you will owe <u>**$50.00**</u> in duplication fees to receive the release on CD (<u>**4**</u> CDs at $15.00 less $10.00 credit).   Should you request that the release be made in paper, you will owe <u>**$136.80**</u> in duplication fees.

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s).  Also, some information may not be responsive to your subject. Thus, the actual charges could be less.   <u>**No payment is required at this time.**</u>   **However, you must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD). You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:**

   \_\_\_\_    I am willing to pay estimated duplication fees up to the amount specified in this letter.
   \_\_\_\_    I am willing to pay duplication fees of a different amount.
                 Please specify amount: _____
   \_\_\_\_    Provide me 100 pages or the cost equivalent ($10.00) free of charge.
   \_\_\_\_    Cancel my request.

If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed.   Include the FOIPA Request Number listed above in any communication regarding this matter.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a smaller processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a three-queue processing system to fairly assign and process new requests.   Requests track into one of the three queues depending on the number of responsive pages - 500 pages or less (small queue), 501 pages to 2500 pages (medium queue), or more than 2500 pages (large queue).   Small queue cases usually require the least time to process.

FBI031

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC et al,            )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )
                                    )       Case No. 8:15-CV-01202-SCB-EAJ
THE FEDERAL BUREAU OF               )
INVESTIGATION and THE EXECUTIVE     )
OFFICE OF UNITED STATES             )
ATTORNEYS,                          )
                                    )
        Defendant.                  )
                                    )

# **Exhibit F**



# THOMAS & LoCICERO

601 South Boulevard ● Tampa, FL 33606
813-984-3060 (Phone) ●813-984-3070 (Fax)
Toll Free: 866-395-7100

## facsimile transmittal

| To: | **Work Process Unit** | Fax: | **540-868-4997** |
|---|---|---|---|
| | **Records Management Div.** | | |
| From: | **Gregg D. Thomas, Esq.** | Date: | **02/03/2015** |
| Re: | **FOIPA Req. No. 1238212-001** | Pages: | **3** |

| Urgent ☐ | For review ☐ | Please comment ☐ | Please reply ☐ | Please recycle ☐ |
|---|---|---|---|---|

Please see attached correspondence. Thank you.

CONFIDENTIALITY STATEMENT
This electronic message transmission contains information from the law firm of Thomas & LoCicero PL and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (813) 984-3060 immediately. Thank you for your cooperation.

IRS Circular 230 Disclosure. To the extent this correspondence contains federal tax advice, such advice was not intended to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. If you would like us to prepare written tax advice designed to provide penalty protection, please contact us and we will be happy to discuss the matter with you in more detail.

# confidential


THOMAS & LoCICERO

**Tampa**

601 South Boulevard, Tampa, FL 33606
ph 813-984-3060  fax 813-984-3070  toll free 866-395-7100

**South Florida**

401 SE 12th Street, Ste. 300, Fort Lauderdale, FL 33316
ph 954-703-3416  fax 954-400-5415

8461 Lake Worth Road, Ste. 114, Lake Worth, FL 33467
ph 561-340-1433  fax 561-340-1432

www.tlolawfirm.com

Gregg D. Thomas
Direct Dial: (813) 984-3066
gthomas@tlolawfirm.com

February 3, 2015

**VIA FACSIMILE**

Work Process Unit
Record Information/Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602
*Facsimile*: (540) 868-4997

> **Re:** **FOIPA Request No. 1238212-001**
> **Subject: Bollea, Terry**

To Whom It May Concern:

I write in response to the correspondence sent by David M. Hardy on January 29, 2015 concerning FOIPA Request No. 1238212-001. I would like to receive the records on CD, and I am willing to pay for the complete cost of duplication, estimated to be $50 for four CDs . (As noted in my original request dated November 7, 2014, I am willing to pay estimated duplication fees up to $500.)

I would greatly appreciate the Bureau expediting my request. As I explained in my November 7 request, I am an attorney who represents Gawker Media, LLC in connection with a lawsuit filed against it by Terry Gene Bollea, known professionally as "Hulk Hogan," in Florida state court. *See Bollea v. Clem, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.). Since the time that I submitted my request, the court has scheduled the trial in the case to begin on July 6, 2015. And, the requested records are relevant to depositions currently scheduled for early April, in connection with a discovery cut-off of April 10, 2015.

Work Process Unit, FBI
02/3/2015
Page 2 of 2

Finally, please note that in connection with the ongoing litigation in Florida, Gawker Media and Mr. Bollea have agreed, and the court has ordered, that any video footage that is provided in response to my request should be placed in a sealed envelope addressed to Judge James R. Case (Ret.), the Special Discovery Magistrate who is overseeing all discovery in this case. Judge Case will personally pick up the sealed envelope containing any video footage from either the FBI's Tampa field office or the office of the United States Attorney for the Middle District of Florida. All other documents can and should be provided directly to me.

When you complete your work on this request, please call me so that I can alert Judge Case that he can pick up the video footage and can arrange for a courier to pick up the other documents.

In the meantime, to avoid delay, if you have any questions about this request, please contact me by email, telephone or fax, rather than relying upon regular mail. You may reach me by email at gthomas@tlolawfirm.com, by telephone at (813) 984-3060, or by fax at (813) 984-3070.

Thank you for your assistance with this request.

Sincerely,

THOMAS & LOCICERO PL

Gregg D. Thomas

FBI036

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| GAWKER MEDIA, LLC et al, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 8:15-CV-01202-SCB-EAJ |
| THE FEDERAL BUREAU OF INVESTIGATION and THE EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

# Exhibit G

FBI037

**U.S. Department of Justice**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 4, 2015

Mr. Gregg D. Thomas
Thomas & LoCicero PL
601 South Boulevard
Tampa, FL 33606

FOIPA Request No.: 1238212-001
Subject: BOLLEA, TERRY

Dear Mr. Thomas:

This responds to your Freedom of Information/Privacy Act (FOIPA) request.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).   5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings.   For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E)/ Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosures (2)

FBI038



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **A criminal history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

1/6/14

FBI039

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| GAWKER MEDIA, LLC et al, )<br><br>    Plaintiff, )<br><br>    v. )<br><br>THE FEDERAL BUREAU OF )<br>INVESTIGATION and THE EXECUTIVE )<br>OFFICE OF UNITED STATES )<br>ATTORNEYS, )<br><br>    Defendant. )<br>         . ) | Case No. 8:15-CV-01202-SCB-EAJ |

# Exhibit H

*✱ May be a Dup - ✱*

foia
fbi

# THOMAS & LoCICERO

**Tampa**

601 South Boulevard, Tampa, FL 33606
ph 813-984-3060  fax 813-984-3070  toll free 866-395-7100

**South Florida**

401 SE 12th Street, Ste. 300, Fort Lauderdale, FL 33316
ph 954-703-3416  fax 954-400-5415

8461 Lake Worth Road, Ste. 114, Lake Worth, FL 33467
ph 561-340-1433  fax 561-340-1432

www.tlolawfirm.com

Gregg D. Thomas
Direct Dial: 813-984-3065
gthomas@tlolawfirm.com

March 4, 2015

**VIA FEDEX AND FACSIMILE**

RECEIVED

MAR 11 2015

Office of Information Policy

Melanie Ann Pustay
Director, Office of Information Policy (OIP)
1425 New York Ave., NW, Suite 11050
Washington, D.C. 20530-0001
Fax: (202) 514-1009

**Re:    Freedom of Information Appeal of FOIAPA Request No. 1238212-001**

Dear Ms. Pustay:

This is an administrative appeal from the denial of my Freedom of Information/Privacy Act request.

## Factual Background

I am an attorney who represents Gawker Media, LLC in connection with a lawsuit filed against it by Terry Gene Bollea, known professionally as "Hulk Hogan," in Florida state court. *See Bollea v. Clem, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.) (the "Florida Litigation"). I made this request in connection with that lawsuit.

The Florida Litigation arises out of Gawker's publication of a commentary (the "Gawker Story") about a video recording of Bollea having sex with Heather Clem, the wife of radio shock jock Bubba The Love Sponge Clem, with Mr. Clem's blessing. (The Clems are now divorced, and Mrs. Clem is now known as Heather Cole). Prior to Gawker's publication, the video recording(s) of Bollea and Ms. Cole was the subject of a pre-existing controversy. The Gawker Story was accompanied by brief excerpts from one of what we understand are more than one video. In the Florida Litigation, Bollea asserted claims for tortious publication of private facts, misappropriation of his publicity rights, intrusion upon his seclusion, violation of the Florida wiretap act, and intentional infliction of emotional distress, and he seeks $100 million in damages. Bollea also named Bubba The Love Sponge Clem and Ms. Cole as defendants in the lawsuit, alleging that they filmed him without his consent and that they were responsible for

M. Pustay
3/4/15
Page 2

disseminating the tape. Shortly after the suit was filed, Bollea and Mr. Clem reached a settlement. Bollea continues to pursue his claims against Ms. Cole and my client, Gawker.

In the context of adjudicating Bollea's motion for a preliminary injunction to enjoin Gawker's publication, the Florida courts have concluded that Gawker's report and accompanying video excerpts involved a matter of public concern and were therefore protected by the First Amendment. *See Gawker Media, LLC v. Bollea*, 129 So. 3d 1196 (Fla. 2d DCA 2014). In an earlier federal action by Bollea against Gawker arising out of the same report, a federal judge repeatedly reached the same conclusion. *See Bollea v. Gawker Media, LLC*, 2012 WL 5509624 (M.D. Fla. Nov. 14, 2012); *Bollea v. Gawker Media, LLC*, 913 F. Supp. 2d 1325 (M.D. Fla. 2012).

Prior to the lawsuit, Bollea and his personal attorney, David Houston, made various statements about their intent to pursue a criminal investigation, and, during the lawsuit, they have made additional public statements about their request that the FBI conduct an investigation into the source and distribution of the video(s), and the fact that the FBI had undertaken that investigation. During the civil suit, Bollea refused to provide documents relating to his communications with law enforcement authorities and others concerning the criminal investigation. But, the presiding court ordered Bollea to turn over copies of any communications involving him or his counsel relating to any criminal investigation concerning the video(s). In addition, the court ruled that the federal government's records concerning its criminal investigation are relevant to Bollea's civil lawsuit.

In connection with those proceedings, the United States Attorney's Office for the Middle District of Florida advised us in writing that

(a)     Bollea could disclose any communications involving him and his counsel, or any other documents in his possession concerning the investigation, without interfering with any law enforcement investigation;

(b)     Gawker would not be interfering with any investigation if it contacted any witness who might have provided information to the government; and

(c)     Gawker was not a target or subject of any investigation.

*See* Exhibit 1 (Affidavit of Seth Berlin, Gawker's co-counsel, attaching communications with U.S. Attorney's Office and describing communications with FBI agent Jason Shearn of the FBI's Tampa, Florida field office confirming same facts); Exhibit 2 (letter and email from U.S. Attorney's Office to Mr. Berlin, confirming same). Once Bollea was ordered to produce his communications, we learned that the United States Attorney's Office has declined to prosecute anyone following the government's investigation, *see* Exhibit 3, and had exchanged correspondence with Mr. Houston about the disposition of evidence collected during the investigation, ultimately advising that the government would retain certain evidence pending the outcome of Bollea's case against Gawker and Ms. Cole, *see* Exhibit 4. Please note that Exhibits

2

FBI043

M. Pustay
3/4/15
Page 3

3 and 4 were designated as "Confidential – Attorney's Eyes Only" under a Protective Order
entered in the Florida Litigation, but are being provided to you with Bollea's consent.

      On November 7, 2014, I requested records in the custody of the FBI relating to
statements or communications between Bollea and his counsel with the FBI; any records relating
to video recordings in the custody of the FBI depicting Bollea engaged in sexual relations with
Ms. Cole, including the recordings themselves; statements by Bollea; and records pertaining to
the source and distribution of the video recordings, or attempts to disseminate or sell those video
recordings (hereinafter, the "Requested Records"). (A copy of that Request is annexed hereto as
Exhibit 5.)

      With my Request, I enclosed Certifications of Identity and Authorization to Release
Information (Form DOJ-361) signed by Bollea and his counsel, as well as by Ms. Cole. In
addition, consistent with an order entered in the Florida Litigation and an agreement between
counsel for Gawker and Mr. Bollea, the Request asked that any video recordings be placed in
sealed envelopes and delivered to or held for pickup by the Special Discovery Magistrate
overseeing discovery in the civil lawsuit, The Honorable James R. Case (Ret.).

      On January 29, 2015, I received a letter from David M. Hardy informing me that the FBI
had located 1168 pages of responsive records, and 2 CDs containing responsive video material.
(A copy of that letter is annexed hereto as Exhibit 6.) I responded by letter dated February 3,
2015, accepting all duplication charges and requesting expedited treatment on the basis of
discovery deadlines in the Florida Litigation. (A copy of that letter is annexed hereto as
Exhibit 7.)

      By letter dated February 4, 2015, the FBI denied the request in full and declined to
produce any records, citing only Exemption 7(A). (A copy of that letter is annexed hereto as
Exhibit 8.) In relevant part, the FBI stated:

> The material you requested is located in an investigative file which is exempt from
> disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). . . . The records responsive to your
> request are law enforcement records; there is a pending or prospective law enforcement
> proceeding relevant to these responsive records, and release of the information in these
> responsive records could reasonably be expected to interfere with enforcement
> proceedings.

The FBI did not provide any explanation why any particular record satisfied any of the criteria
required to invoke Exemption 7(A), other than the foregoing conclusory invocation of the bare
legal elements of the exemption. Given the passage of more than two years, the communications
described above indicating that the U.S. Attorney's Office had declined to prosecute anyone, and
the exchange of correspondence concerning the disposition of evidence that was no longer
needed, the claim that there is a pending or prospective investigation seems fanciful. Moreover,
the FBI did not state whether any of the 1168 pages of responsive records could be redacted to
withhold only demonstrably protected information, for example, about the FBI's investigative
techniques. And, the FBI did not state how the release of communications with Bollea or his

FBI044

M. Pustay
3/4/15
Page 4

counsel, statements made by Bollea, or the video recordings, at least some of which already have
been released, widely reported on and published in excerpted form, could reasonably be expected
to impair any ongoing enforcement proceedings – if any investigation concerning this matter
were even pending or prospective.

## Argument

The FBI invokes Exemption 7(A) as its sole basis for withholding responsive records.
Under Exemption 7(A), an agency may withhold from disclosure "records or information
compiled for law enforcement purposes, *but only to the extent that the production of such law
enforcement records or information could reasonably be expected to interfere with enforcement
proceedings.*" 5 U.S.C. § 552(b)(7)(A) (emphasis supplied).  The FBI has the burden of showing
two elements: (1) that a law enforcement proceeding is underway or actually prospective, and
(2) that the release of responsive records "could reasonably be expected to interfere" with those
current or prospective proceedings.  *Id.*

"An agency cannot meet its statutory burden of justification by conclusory allegations."
*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1977).  Rather,
responsive records may properly be withheld from disclosure only where agencies provide
"relatively detailed justification, specifically identifying the reasons why a particular exemption
is relevant and correlating those claims with the particular part of a withheld document to which
they apply."  *Id.* at 251 (citation omitted); *Senate of the Commonwealth of P.R. on Behalf of
Judiciary Comm. v. DOJ*, 823 F.2d 574, 585 (D.C. Cir. 1987) (to justify withholding records
under FOIA, an agency must assert an exemption "with 'specificity and [in] detail.'").

The FBI has not made an adequate showing that it may properly withhold the Requested
Records.  With respect to the first element of Exemption 7(A), the FBI has only stated that "there
is a pending or prospective law enforcement proceeding relevant to these responsive records."
Ex. 8.  But, a claim that there is an ongoing or prospective investigation must be "more than [a]
conclusory statement" to satisfy FOIA.  *Cudzich v. INS*, 886 F. Supp. 101, 106 (D.D.C. 1995);
*Linn v. Department of Justice*, No. 92-1406, 1995 WL 417810, at *9 (D.D.C. June 6, 1995)
(rejecting agency's assertion of law enforcement exemption where agency averred only that
"some unspecified investigation against a fugitive . . . was ongoing," and the release of the
information sought would interfere with it).

The FBI simply did not address the second element of Exemption 7(A) at all.  It did not
explain how providing copies of communications with Bollea or his counsel, the video
recordings themselves, or statements made to the government by Bollea would interfere with a
law enforcement proceeding, let alone provide "specific information about the impact . . . the
disclosures" would have on the investigation.  *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106,
1114 (D.C. Cir. 2007); *Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1126 (D.D.C.1995)
(agency must be "specific as to what information is being withheld and the distinct harm that
could result from its disclosure," to justify withholding); *see also Cuban v. SEC*, 744 F. Supp. 2d
60, 85 (D.D.C. 2010) (law enforcement exemption "is not meant to be a 'blanket exemption' for

4

M. Pustay
3/4/15
Page 5

any files or records that are relevant to an investigation – their disclosure must be reasonably expected to interfere in a 'palpable, particular way' with the investigation").

In any event, neither element can be satisfied here. First, no concrete law enforcement proceeding against a knowable defendant is under way. It is our understanding that the United States Attorney's Office has declined to bring charges relating to the video recordings or anything else relating to Bollea's original complaint to the FBI concerning the recordings. Indeed, as indicated above, the U.S. Attorney's Office exchanged correspondence with Bollea's counsel about the fact that it was not prosecuting anyone and about the disposition of evidence collected, negating any claim that a pending or prospective investigation is underway. And, even if the underlying investigative file has not formally been closed, the FBI cannot meet its burden of establishing a "concrete prospective law enforcement proceeding," *Carson v. U.S. Dep't of Justice*, 631 F.2d 1008, 1018 (D.C.Cir.1980); *Nat'l Sec. Archive v. F.B.I.*, 759 F. Supp. 872, 883 (D.D.C. 1991) (same), against a cognizable target, *see Playboy Enterprises, Inc. v. U.S. Dep't of Justice*, 516 F. Supp. 233, 246 (D.D.C. 1981) (withholding under Exemption 7(A) inappropriate where the DOJ "itself is not proceeding against" a particular defendant).

Second, release of the Requested Records – most notably, communications with Bollea and his counsel, any statements made by Bollea, and the video recordings themselves – could not interfere with any concrete investigation. *E.g. Scheer v. U.S. Dep't of Justice*, 35 F. Supp. 2d 9, 14 (D.D.C. 1999) (agency "cannot successfully claim that disclosure of the same information . . . would have resulted in distinct harm."). Indeed, Bollea already has turned over certain communications between his counsel and the government (as well as communications with third parties relating to the video recordings and the crime Bollea asked the government to investigate), and the U.S. Attorney's Office has said that the disclosure of those communications would not interfere with the investigation. Likewise, Bollea and his counsel have made a number of statements about the video recordings in the press and during the course of his civil litigation. And, the release of the video recordings themselves – portions of which already have been publicly disclosed and all of which have been the subject of news reports – would not interfere with any investigation (if one is even pending). Indeed, the source and dissemination of these recordings are at the heart of Bollea's civil lawsuit. Moreover, under the circumstances of this case, any claim of interference is particularly implausible because the parties have agreed, and the presiding court has ordered, that any video footage provided in response to this request should be placed in a sealed envelope addressed to the Special Discovery Magistrate who is overseeing all discovery in this case. The Magistrate would review any footage to determine whether it is relevant to Bollea's lawsuit and whether it should be provided to the parties' counsel.

The FBI's blanket denial of my Request is improper for another reason: It has failed to show a particularized basis for withholding any particular information in any of the categories of records I requested. To justify withholding batches of records like this, "the FBI has a three-fold task. First, it must define its categories functionally. Second, it must conduct a document-by-document review in order to assign documents to the proper category. Finally, it must explain . . . how the release of each category would interfere with enforcement proceedings." *Bevis v.*

FBI046

M. Pustay
3/4/15
Page 6

*Dep't of State*, 801 F.2d 1386, 1389-90 (D.C. Cir. 1986). The FBI has not undertaken any of these three tasks.

Moreover, though the Request itself provided initial categories for particularized consideration, the FBI did not explain with *any* degree of precision why any information in those categories should be withheld. For example, it did not state why certain categories of information in records or communications pertaining to the video recordings must be withheld, or why certain categories of content in communications between Bollea or his counsel and the FBI should be redacted from responsive documents.

Certain categories of information in the government's records cannot possibly interfere with a law enforcement investigation. Documents reflecting communications between Bollea or his counsel and the FBI likely reveal information already disclosed in discovery in the pending lawsuit or known to him and his counsel (and thus should have been disclosed by them). As the United States Attorney's Office already has explained, disclosing those records cannot interfere with an investigation. They should be promptly disclosed. The same holds true for statements that Bollea has given to the government.

There simply is no suggestion that any of the requested records are properly withheld, and "the FBI has not met its burden." *Putnam v. U.S. Dep't of Justice*, 873 F. Supp. 705, 714 (D.D.C. 1995); *Jefferson v. Reno*, No. CIV.A 96-1284 GK, 1997 WL 135723, at *4 (D.D.C. Mar. 17, 1997) (agency "failed to show how [its] categorical withholding was limited 'to the extent that' production could reasonably be expected to interfere with that proceeding.").

Finally, even if adequate showings could be made for certain records or categories of records, it is incumbent upon the FBI to ensure that "any 'reasonably segregable' information from those [properly exempted] documents [is] disclosed after redaction of the exempt information." *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). "In order to demonstrate that all reasonably segregable material has been released, the agency must provide a 'detailed justification' for its non-segregability." *Id.* (citation omitted). The FBI has failed to fulfill its obligation to segregate and redact responsive records, if, in light of the dubious fact of an ongoing enforcement proceeding, any information may properly be withheld at all.

## Conclusion

I respectfully request that you reverse the blanket denial of disclosure and direct the FBI to release the requested records in full. If you are inclined to remit the request to the agency for further finding as to the existence of a law enforcement proceeding, I respectfully request:

(1) That you order expeditious compliance, as discovery in the Florida Litigation closes April 10, 2015; certain remaining factual discovery turns on the disclosure of the FBI's records; and trial begins on July 6, 2015; and

FBI047

M. Pustay
3/4/15
Page 7

    (2) That you direct immediate disclosure of the three categories of responsive records that cannot interfere with any extant law enforcement proceeding: records of communications with Bollea or his counsel, statements made by Bollea, and the video recordings.

        To the extent that the FBI continues to refuse to release the requested information, in whole or in part, I ask that you direct it to provide an itemized list describing with specificity each document or portion thereof that is withheld and explaining in detail the grounds for the withholding. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

        I request that you provide us with a decision within 20 business days, as required by the statute. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Thank you for your attention, and I look forward to your response.

                        Respectfully,

                        THOMAS & LoCICERO PL

                        Gregg D. Thomas

7

FBI048

# EXHIBIT 1

FBI049

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

    Plaintiff,

                               Case No.:   12012447-CI-011

vs.

HEATHER CLEM; GAWKER MEDIA,
LLC aka GAWKER MEDIA; et al.,

    Defendants.

_____/

## AFFIDAVIT OF SETH D. BERLIN

        I, Seth D. Berlin, hereby affirm under penalty of perjury that the following is true and

correct:

        1.        The statements made in this affidavit are based on my personal knowledge.

        2.        I am a partner with the law firm Levine Sullivan Koch & Schulz, LLP, counsel to

defendants Gawker Media, LLC ("Gawker") and A.J. Daulerio (together, "Defendants"), as well

as the other Gawker defendants in the above-captioned action.  I am admitted *pro hac vice* in this

action.

        3.        I submit this affidavit in connection with Defendants' Response to Plaintiff's

Exceptions Regarding Defendants' Fifth Motion to Compel and, in particular, Special Discovery

Magistrate James R. Case's recommendations that (a) Defendants' Motion be granted and

(b) plaintiff be directed to produce information and documents referring or relating to

communications involving any law enforcement agency.  This affidavit is substantively identical

to the affidavit I previously submitted on March 14, 2014 in connection with Gawker's

Opposition to Plaintiff's Motion for a Stay of the Court's February 26, 2014 order directing

plaintiff to provide a release for records maintained by the FBI, except that I have updated Paragraph 7 below and attached a new Exhibit B, to reflect correspondence I received from the United States Attorney's Office after that earlier affidavit was submitted to the Court.

4.     On March 11, 2014, I spoke with Robert Mosakowski, Esq., Chief of the Economic Crime Section for the United States Attorney's Office for the Middle District of Florida.  On March 14, I spoke again with Mr. Mosakowski, this time joined by Sara Sweeney, Esq., an Assistant United States Attorney in the United States Attorney's Office for the Middle District of Florida.

5.     During those conversations, they advised that Ms. Sweeney had reviewed both the Affidavit of David Houston that accompanied the Motion to Stay and the ten-page privilege log served by plaintiff asserting a law enforcement privilege in connection with 162 documents in plaintiff's possession, custody and control (the "Privilege Log," a true and correct copy of which is attached hereto as Exhibit A).

6.     During those conversations, Mr. Mosakowski and Ms. Sweeney also advised that:

     a.  The U.S. Attorney's Office is not asserting any law enforcement privilege in connection with any documents in Mr. Bollea's or his counsel's possession, including those listed on the Privilege Log,

     b.  Although they could neither confirm nor deny the existence of any investigation in light of U.S. Department of Justice policies, Gawker would not be interfering in any way with any investigation if either (1) documents in Mr. Bollea's or his counsel's possession, including those listed on the Privilege Log, were disclosed, or (2) Gawker or its counsel contacted

2

witnesses who may have provided information to the FBI or the United States Attorney's Office, and

    c.  To the extent that Mr. Bollea or his counsel believed that they had been instructed not to speak about the above subjects, that belief was incorrect and likely the result of a misunderstanding or miscommunication.

7.      During the March 14, 2014 conversation, Mr. Mosakowski also confirmed that Gawker is "neither a target nor a subject of any investigation by the Middle District of Florida." On March 18, 2014, I received a letter from Ms. Sweeney confirming that information.  A true and correct copy of that March 18, 2014 correspondence is attached hereto as Exhibit B.

8.      During the March 14, 2014 conversation, Ms. Sweeney also advised that, after Mr. Houston's affidavit was submitted to the Court and provided to her, she advised Mr. Houston that the U.S. Attorney's Office was not asserting a law enforcement privilege with respect to any documents in Mr. Bollea's or his counsel's possession, including the documents listed on the Privilege Log.

9.      At Mr. Mosakowski's suggestion, I also contacted the Tampa office of the Federal Bureau of Investigation.  Specifically, on March 11, 2014, I spoke with FBI agent Jason Shearn, and described what Mr. Mosakowski had said on behalf of the United States Attorney's Office. He described the FBI's position as "echoing" that of the United States Attorney's Office, including that: (a) the FBI is not asserting a law enforcement privilege as to any documents that Mr. Bollea or his counsel might have relating to the FBI's investigation, including those listed on the Privilege Log, and (b) although the FBI could neither confirm nor deny the existence or status of any investigation, Gawker could "do what it needed to do" without in any way interfering with any investigation by the FBI.

3

10.    Based on the foregoing, and for the other reasons set forth in its Defendants'

Response to Plaintiff's Exceptions, Gawker believes that the Court should affirm Judge Case's

Report and Recommendation on Defendants' Fifth Motion to Compel Discovery from Plaintiff

and enter the proposed Order filed herewith.


Seth D. Berlin


Sworn before me this _18th_ day of March 2014:

Notary Public



# EXHIBIT B

## to Affidavit of Seth D. Berlin

FBI054



2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

Reply to: Tampa, FL                                                                                    SCS

March 18, 2014

**VIA EMAIL**
Mr. Seth Berlin, Esq.
Levine Sullivan Koch & Schulz, LLP
sberlin@lskslaw.com

Re: Gawker

Dear Mr. Berlin,

Pursuant to our telephone conversation on March 14, 2014, this is to confirm in writing that your client, Gawker, is neither the target nor the subject of any criminal investigation conducted by the United States Attorney's Office for the Middle District of Florida

Sincerely,

A. LEE BENTLEY, III
United States Attorney

By:

Sara C. Sweeney
Assistant United States Attorney

FBI055

# EXHIBIT 2

FBI056

| | |
|---|---|
| **From:** | Sweeney, Sara (USAFLM) 1 <Sara.Sweeney@usdoj.gov> |
| **Sent:** | Wednesday, March 19, 2014 12:53 PM |
| **To:** | Seth Berlin |
| **Subject:** | RE: Contact Information |

Hi Seth,

I confirm everything you wrote below, with one addition: on subpoint (c), it is possible that someone may have said requested that of Mr. Bollea or his counsel in the past. But that request, if given, is no longer in force.

Thanks,
Sara


**Sara C. Sweeney**
*Assistant United States Attorney*
*Middle District of Florida*
*400 N. Tampa St., Suite 3200*
*Tampa, Florida 33602*
*Tel: (813) 274-6145*
*Fax: (813) 274-6178*


**From:** Seth Berlin [mailto:SBerlin@lskslaw.com]
**Sent:** Tuesday, March 18, 2014 4:33 PM
**To:** Sweeney, Sara (USAFLM) 1
**Cc:** Seth Berlin
**Subject:** RE: Contact Information

Ms. Sweeney,

Thank you very much for the letter. Following our conversation last week, I also just wanted to confirm my understanding that (a) the Government is not asserting any privilege with respect to documents that Terry Gene Bollea or his counsel have in their possession, including the documents on the privilege log supplied to you (and so informed Mr. Bollea's counsel), (b) we would not be interfering in any way with any investigation if those documents were disclosed or if we contact witnesses who may have provided information to the Government, and (c) Mr. Bollea and his counsel have not been instructed by the Government not to speak about these subjects or any investigation. Could you please confirm that I have that correct? Thank you.


Seth


Seth D. Berlin

**LSKS** **LEVINE SULLIVAN
KOCH & SCHULZ, LLP**
1899 L Street, NW
Suite 200

1

FBI057

Washington, DC 20036
(202) 508-1122 | Phone
(202) 861-9888 | Fax
www.lskslaw.com

**From:** Sweeney, Sara (USAFLM) 1 [mailto:Sara.Sweeney@usdoj.gov]
**Sent:** Tuesday, March 18, 2014 8:01 AM
**To:** Seth Berlin
**Subject:** RE: Contact Information

Hi Seth,
Attached is the letter you requested.

Thanks,
Sara


Sara C. Sweeney
*Assistant United States Attorney*
*Middle District of Florida*
*400 N. Tampa St., Suite 3200*
*Tampa, Florida 33602*
*Tel: (813) 274-6145*
*Fax: (813) 274-6178*



**From:** Seth Berlin [mailto:SBerlin@lskslaw.com]
**Sent:** Friday, March 14, 2014 10:28 AM
**To:** Sweeney, Sara (USAFLM) 1
**Cc:** Seth Berlin
**Subject:** Contact Information

Ms. Sweeney -- As requested, my contact information is below. Thank you for your assistance.

Seth Berlin


Seth D. Berlin

**LSKS | LEVINE SULLIVAN KOCH & SCHULZ, LLP**
1899 L Street, NW
Suite 200
Washington, DC 20036
(202) 508-1122 | Phone
(202) 861-9888 | Fax
www.lskslaw.com

2

FBI058

# EXHIBIT 3

FBI059

**CONFIDENTIAL-ATTORNEY'S EYES ONLY**

**Kristy Rosser**

| | |
|---|---|
| **From:** | Shearn, Jason R. <Jason.Shearn@ic.fbi.gov> |
| **Sent:** | Tuesday, July 23, 2013 5:36 AM |
| **To:** | David Houston |
| **Subject:** | USAO Contact Information |

Dave-

Per our conversation, any questions regarding the case declination should be directed to Bob Mosakowski, 813-274-6129. He is the supervisor of the Economics Crime Section and Sara Sweeney's boss.

Please get me your expenses asap so I can get the request in the system.

Regards,

SA Jason R. Shearn
Tampa Division, Pinellas RA
Office 727-796-7055

1

**BOLLEA 001165**

FBI060

# EXHIBIT 4

FBI061

**Kristy Rosser**

| | |
|---|---|
| **From:** | Shearn, Jason R. <Jason.Shearn@ic.fbi.gov> |
| **Sent:** | Tuesday, September 03, 2013 8:28 AM |
| **To:** | David Houston |
| **Cc:** | Sweeney, Sara (USAFLM) 1 |
| **Subject:** | FW: Davidson investigation |
| **Attachments:** | I_evidence_Houston 8 28 2013.pdf |

Dave-

Please see the attached e-mail from AUSA Sara Sweeney.  She attempted to send to your but it was returned undeliverable.

Regards,

SA Jason R. Shearn
Tampa Division, Pinellas RA
Office 727-796-7055


-----Original Message-----
From: Sweeney, Sara (USAFLM) 1 [mailto:Sara.Sweeney@usdoj.gov]
Sent: Tuesday, September 03, 2013 10:58 AM
To: dhouston@houstonatlaw.com
Subject: Davidson Investigation

Mr. Houston,
Attached please find a letter regarding the property in the above investigation.  You will also receive a copy via U.S. mail.

Thanks,
Sara

Sara C. Sweeney
Assistant United States Attorney
Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
Tel: (813) 274-6145
Fax: (813) 274-6178

1

**CONFIDENTIAL-ATTORNEY'S EYES ONLY**

BOLLEA001350

FBI062



*2110 First Street, Suite 3-137*
*Fort Myers, Florida 33901*
*239/461-2200*
*239/461-2219 (Fax)*

*300 N. Hogan Street, Room 700*
*Jacksonville, Florida 32202*
*904/301-6300*
*904/301-6310 (Fax)*

**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*

*35 SE 1st Avenue, Suite 300*
*Ocala, Florida 34471*
*352/547-3600*
*352/547-3623 (Fax)*

*400 West Washington Street, Suite 3100*
*Orlando, Florida 32801*
*407/648-7500*
*407/648-7643 (Fax)*

*Main Office*
*400 North Tampa Street, Suite 3200*
*Tampa, Florida 33602*
*813/274-6000*
*813/274-6358 (Fax)*

*Reply to:*   *Tampa, FL*                                                                        SCS

September 3, 2013

**VIA EMAIL AND U.S. MAIL**
Mr. David R. Houston, Esq.
432 Court Street
Reno, Nevada 89501

     Re:  Keith M. Davidson, USAO No. 2012R02418

Dear Mr. Houston:

     I am writing regarding the disposition of the following pieces of evidence from the above-stated investigation:

- The following documents: an assignment and transfer of copyright; a Settlement agreement and mutual release; Exhibit B to settlement agreement; and a side letter agreement to the settlement agreement;

- Check #1127 in the amount of $150,000.00 made out to Keith Davidson from David R. Houston, LTD, a professional corporation; and

- A silver/black case with key containing 3 DVD recordings labeled as follows: (1) DVD-R - Hogan 7-13-07; (2) DVD-R - Hootie 7-13-07; (3) DVD-R - Hootie.

     As to the documents and the check (items # 1 & 2 above), possession of these items will be turned over to you, with a copy provided to Mr. Davidson.

     As to the case and the DVDs within (Item # 3 above), the government intends to retain possession of this evidence pending the outcome in *Terry Gene Bollea v. Heather Clem et al*, case no. 12-012447-CI, currently pending in the Sixth Judicial Circuit Court of Florida, in and for Pinellas County, Florida. The evidence will be provided to whichever party is found to be the rightful possessor of the recordings in that suit.

**CONFIDENTIAL-ATTORNEY'S EYES ONLY**

BOLLEA001351

FBI063

Mr. David R. Houston, Esq.
September 3, 2013
Page 2

Please let me know by September 13, 2013, if you object to the above resolution. If you have any questions, please contact me at (813) 274-6000.

Sincerely,

A. LEE BENTLEY, III
Acting United States Attorney

By:  *Sara C. D*

Sara C. Sweeney
Assistant United States Attorney

\\USAFLMSFILE21\Users\_Criminal Cases\O\Davidson, Keith_2012R02418_SCSN_evidence_Houston 8 28 2013.wpd

CONFIDENTIAL-ATTORNEY'S EYES ONLY

BOLLEA001352

FBI064

# EXHIBIT 5

FBI065



**Tampa**

601 South Boulevard, Tampa, FL 33606
ph 813-984-3060  fax 813-984-3070  toll free 866-395-7100

**South Florida**

401 SE 12th Street, Ste. 300, Fort Lauderdale, FL 33316
ph 954-703-3416  fax 954-400-5415

8461 Lake Worth Road, Ste. 114, Lake Worth, FL 33467
ph 561-340-1433  fax 561-340-1432

www.tlolawfirm.com

Gregg D. Thomas
Direct Dial:  (813) 984-3066
gthomas@tlolawfirm.com

Reply to: Tampa

November 7, 2014

**VIA ELECTRONIC MAIL**

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
170 Marcel Drive
Winchester, VA 22602-4843
Phone: (540) 868-4500
Fax: (540) 868-4997
foiparequest@ic.fbi.gov

Re: **Freedom of Information / Privacy Act Request**

Dear Mr. Hardy:

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

I am an attorney who represents Gawker Media, LLC in connection with a lawsuit filed against it by Terry Gene Bollea, known professionally as "Hulk Hogan," in Florida state court. *See Bollea v. Clem, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.).

I hereby request disclosure of any and all records in the possession, custody or control of the United States Department of Justice, including without limitation the agencies described

David M. Hardy
November 7, 2014
Page 2

below, relating to an investigation, and complaints or requests for investigation, concerning recording(s) of Terry Gene Bollea a/k/a "Hulk Hogan" engaged in sexual relations with Heather Clem. This request includes, but is not limited to:

- records reflecting any communications with Mr. Bollea or his counsel;

- any statements made by Mr. Bollea or his counsel;

- any records relating to video recording(s) of Mr. Bollea engaged in sexual relations with Heather Clem;

- any records concerning such video recording(s), including the recording(s) themselves;

- any records relating to the source and distribution of such video recording(s); and

- records relating to any attempt to disseminate such video recording(s), including any attempt to sell such video recording(s) to Mr. Bollea or his counsel.

To assist you and your components in tailoring your searches, the following keyword search protocol is reasonably likely to return responsive records:

["Terry Bollea" OR "Terry Gene Bollea" OR "Hulk Hogan" OR "Hogan" OR "David Houston" OR "dhouston@houstonatlaw.com" OR "Charles Harder" OR "Charles J. Harder" OR "charder@HMAfirm.com" OR "charder@wrslawyers.com" OR "Ken Turkel" OR "Kenneth Turkel" OR "KTurkel@bajocuva.com"]

-AND-

["Gawker" OR "Sex Tape" OR "Todd Alan Clem" OR "Bubba Clem" OR "Bubba the Love Sponge Clem" OR "Heather Clem" OR "Heather Cole" OR "Keith Davidson" OR "Vilma Duarte" OR "Matt Lloyd" OR "Matt Loyd"]

This request includes, but is not limited to, records maintained by the Federal Bureau of Investigation, both at its Headquarters in Washington, D.C. and its Tampa field office (the "FBI Records"). In connection with the FBI Records, we request that in addition to searching all files and communications in the records of its field offices reasonably likely to contain responsive records, the FBI perform the above-mentioned keyword searches in both the "main" and "cross-reference" files in its Central Records System. For your information, similar requests have been sent to the Executive Office for U.S. Attorneys and the Criminal Division of the Department of Justice.

David M. Hardy
November 7, 2014
Page 3

I have enclosed Certifications of Identity and Authorization to Release Information (Form DOJ-361) that have been executed by Mr. Bollea and three of his lawyers, David Houston, Charles Harder, and Ken Turkel. *See* Exhibit A (Certifications). Please note, Mr. Bollea believes that records relating to the investigation are not relevant to his litigation against Gawker Media, but he and his counsel have provided the signed Certifications based on a court order in the above referenced action. *See* Exhibit B (Special Discovery Magistrate's Report and Recommendation ordering Certifications to be signed, Order of the Court adopting that Recommendation, and Order of the Second District Court of Appeal dismissing Mr. Bollea's petition for a writ of certiorari appealing from that Order).

I also have enclosed a Certification of Identity and Authorization to Release Information (Form DOJ-361) that has been executed by Heather Dawn Cole f/k/a Heather Clem. *See* Exhibit C (Certification).

Please produce copies of the records in the original form in which they are maintained. We consent in advance to pay search and duplication charges up to $500. In order to avoid delay, if you have any questions about this request, please contact me by email, telephone or fax, rather than relying upon regular mail. You may reach me by email at gthomas@tlolawfirm.com, by telephone at (813) 984-3060, or by fax at (813) 984-3070.

Finally, in connection with the ongoing litigation in Florida, Gawker Media and Mr. Bollea have agreed, and the court has ordered, that any DVDs or other video footage that is provided in response to this request should be placed in a sealed envelope addressed to Judge James R. Case (Ret.), the Special Discovery Magistrate who is overseeing all discovery in this case. Consequently, please allow Judge Case to personally pick up the sealed envelope containing any DVDs or other video footage from either the FBI's Tampa field office or the office of the United States Attorney for the Middle District of Florida. All other documents can and should be provided directly to me.

When you complete your work on this request, please call me so that I can alert Judge Case that he can pick up any DVDs or other video footage and can arrange for a courier to pick up the other documents.

Thank you for your assistance with this request.

THOMAS & LOCICERO PL

By: ___*/s/ Gregg D. Thomas*___
     Gregg D. Thomas

601 South Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Telephone: (813) 984-3060

David M. Hardy
November 7, 2014
Page 4


Facsimile: (813) 984-3070
gthomas@tlolawfirm.com


Enclosures

cc:    Hon. James R. Case, Special Discovery Magistrate, Circuit Court of the Sixth Judicial
        District, Florida
        Charles J. Harder, Esquire, Counsel for Terry Bollea
        Mr. Robert Mosakowski, Office of the U.S. Attorney for the Middle District of Florida
        Mr. Andrew Sekala, Federal Bureau of Investigation, Tampa Field Office

# Exhibit A

FBI070

U.S Department of Justice        **Certification of Identity**        



FORM APPROVED OMB NO 1103-0016
EXPIRES 10/31/15

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

**Public reporting burden** for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Terry Gene Bollea

Citizenship Status [2]  U.S. citizen _____ Social Security Number [3]  FRCP 5.2

Current Address  FRCP 5.2

Date of Birth  FRCP 5.2 _____ Place of Birth  FRCP 5.2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _____  Date  8-20-14

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.
Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.

**Print or Type Name**

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

FBI071

**U.S Department of Justice**  **Certification of Identity**



# CONFIDENTIAL

FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  _Charles John Harder_

Citizenship Status [2]  _U.S.A._  Social Security Number [3]  _FRCP 5.2_

Current Address _Harder Mirell & Abrams LLP   1925 Century Park East #800_
_Los Angeles, CA   90067_

Date of Birth  _FRCP 5.2_  Place of Birth  _FRCP 5.2_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _[signature]_  Date  _9/29/14_

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.
Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

FBI072

**U.S Department of Justice**          **Certification of Identity**          

# CONFIDENTIAL

FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   David B. Houston

Citizenship Status [2]   US Citizen _____ Social Security Number [3] __ FRCP 5.2 __

Current Address __ FRCP 5.2 _____

Date of Birth __ FRCP 5.2 _____   Place of Birth _ FRCP 5.2 _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____   Date  9/19/2014

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to: Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida. Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

FBI073

U.S Department of Justice  **Certification of Identity**  

FORM APPROVED OMB NO 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    **Kenneth G. Turkel**

Citizenship Status [2]  **U.S. Citizen**    Social Security Number [3]   **FRCP 5.2**

Current Address    **FRCP 5.2**

Date of Birth    **FRCP**    Place of Birth    **FRCP 5.2**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]    Date   **9/30/14**

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
**Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.**
**Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.**

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361



# Exhibit B

FBI075

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

                        Plaintiff,

vs.                                        Case No. 12012447CI-011

HEATHER CLEM, *et al.*,

                        Defendants.
_____/

### REPORT & RECOMMENDATION

    This cause came before Special Discovery Magistrate James Case on January 31, 2014,

on the Motion of Gawker Media, LLC ("Gawker") to Compel FBI Authorization or, in the

Alternative, for an Order of Preclusion. After reviewing the Court file, reviewing and

considering the Motion and response papers, and hearing the argument of counsel, the Special

Discovery Magistrate RECOMMENDS that Gawker's Motion be GRANTED and that Plaintiff

(and any counsel acting on his behalf) be compelled to provide the requested release to Gawker

within three days.

    The parties shall have 10 days from the date of this Report and Recommendation to file

objections with the Circuit Court.

    Dated: _____2 - 5_____, 2014

                                     /s/ JAMES R. CASE
                                     James R. Case
                                     Special Discovery Magistrate

Copies furnished to:
Counsel of Record

1



IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

TERRY GENE BOLLEA professionally
known as HULK HOGAN,

          Plaintiff,

vs.                          Case No. 12012447CI-011

HEATHER CLEM, *et al.*,

          Defendants.

_____/

### ORDER

      This cause came before Special Discovery Magistrate James Case on January 31, 2014,

on the Motion of Gawker Media, LLC ("Gawker") to Compel FBI Authorization or, in the

Alternative, for an Order of Preclusion. After reviewing and considering the REPORT &

RECOMMENDATION of the Special Discovery Magistrate, IT IS HEREBY ORDERED AND

ADJUDGED that Gawker's Motion is GRANTED and that Plaintiff (and any counsel acting on

his behalf) must provide the requested release to Gawker within three days. *Report and*

*recommendation dated February 5, 2014 is approved.*

      DONE AND ORDERED in Chambers at Pinellas County, Florida this 26 day of

_____, 2014.

_____
Pamela A.M. Campbell
Circuit Court Judge

Copies furnished to:
Counsel of Record

1

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TERRY GENE BOLLEA, professionally )
known as HULK HOGAN, )
)
       Petitioner, )
)
v. )       Case No. 2D14-1079
)
HEATHER CLEM; GAWKER MEDIA, )
LLC, aka GAWKER MEDIA; GAWKER )
MEDIA GROUP, INC, a/k/a GAWKER )
MEDIA; GAWKER ENTERTAINMENT, )
LLC; GAWKER TECHNOLOGY, LLC; )
GAWKER SALES, LLC; NICK DENTON; )
A.J. DAULERIO; KATE BENNERT; and )
BLOGWIRE HUNGARY SZELLEMI )
ALKOTAST HASZNOSITO KFT aka )
GAWKER MEDIA, )
)
       Respondents. )
_____ )

Opinion filed August 15, 2014.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; Pamela A.M.
Campbell, Judge.

Kenneth G. Turkel and Christina K.
Ramirez of Bajo, Cuva, Cohen & Turkel,
P.A., Tampa; and Charles J. Harder of
Harder, Mirell & Abrams, LLP, Los Angeles,
California, for Petitioner.

FBI078

Gregg D. Thomas and Rachel E. Fugate
of Thomas & LoCicero, PL, Tampa; and
Seth D. Berlin, Alia L. Smith of Levine,
Sullivan, Loch & Schulz, LLP, Washington,
District of Columbia; and Julie B. Ehrlich of
Levine, Sullivan, Koch & Schulz, LLP, New
York, New York; and David R. Houston of
The Law Office of David R. Houston, Reno,
Nevada, for Respondent Gawker Media,
LLC.

No appearance for remaining Respondents.


PER CURIAM.

        Dismissed.

NORTHCUTT, CRENSHAW, and SLEET, JJ., Concur.

- 2 -

FBI079

# Exhibit C

FBI080

**U.S Department of Justice**          **Certification of Identity**          

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

**Public** reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] HEATHER DAWN COLE F/K/A HEATHER CLEM

Citizenship Status [2] U.S. CITIZEN          Social Security Number [3]          **FRCP 5.2**

Current Address:          **FRCP 5.2**

Date of Birth   **FRCP 5.2**          Place of Birth   **FRCP 5.2**

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

**Further,** pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:
Any video footage, including DVDs, that are produced should be released to Judge James Case (Ret.) in Tampa, Florida.
Any non-video records that are produced should be released to Gregg Thomas of Thomas & LoCicero in Tampa, Florida.

Print or Type Name
HEATHER DAWN COLE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature _____          Date Oct. 30, 2014

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

CONFIDENTIAL

FBI081

# EXHIBIT 6

FBI082



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 29, 2015

Mr. Gregg D. Thomas
Thomas & LoCicero PL
601 South Boulevard
Tampa, FL 33606

FOIPA Request No.: 1238212-001
Subject: BOLLEA, TERRY

Dear Mr. Thomas:

This is in reference to your Freedom of Information Act (FOIA) request.

This letter is in response to your letter dated November 7, 2014. The Federal Bureau of Investigation (FBI) has located approximately <u>1168</u> pages of records potentially responsive to the subject of your request. Per your request, you have also asked for copies of video material related to your subject. Information in the files reveal that there are 2 Compact Discs (CDs) consisting of video material that is potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. There is a duplication fee for the release of information in CD format (<u>See</u> 28 C.F.R. §16.11 and 16.49). Per DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.

Releases are made on Compact Disc (CD) unless otherwise requested. Each CD contains approximately 500 reviewed pages per release. The 500 page estimate is based on our business practice of processing medium and large track cases in segments. DOJ regulations provide 100 pages or the cost equivalent ($10.00) free of charge. If all potentially responsive pages are released, you will owe <u>$50.00</u> in duplication fees to receive the release on CD (<u>4</u> CDs at $15.00 less $10.00 credit). Should you request that the release be made in paper, you will owe <u>$136.80</u> in duplication fees.

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s). Also, some information may not be responsive to your subject. Thus, the actual charges could be less. <u>No payment is required at this time.</u> However, you must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD). You must also indicate your preference in the handling of your request in reference to the estimated duplication fees from the following four (4) options:

    \_\_\_\_   I am willing to pay estimated duplication fees up to the amount specified in this letter.
    \_\_\_\_   I am willing to pay duplication fees of a different amount.
            Please specify amount: _____
    \_\_\_\_   Provide me 100 pages or the cost equivalent ($10.00) free of charge.
    \_\_\_\_   Cancel my request.

If we do not receive your duplication format decision and/or estimated duplication fee selection within thirty (30) days of the date of this notification, your request will be closed. Include the FOIPA Request Number listed above in any communication regarding this matter.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a smaller processing queue. This may also reduce search and duplication costs and allow for a more timely receipt of your information. The FBI uses a three-queue processing system to fairly assign and process new requests. Requests track into one of the three queues depending on the number of responsive pages - 500 pages or less (small queue), 501 pages to 2500 pages

FBI083

(medium queue), or more than 2500 pages (large queue).   Small queue cases usually require the least time to process.

       Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602.** You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

       Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

# EXHIBIT 7

FBI085



**Tampa**

601 South Boulevard, Tampa, FL 33606
ph 813-984-3060  fax 813-984-3070  toll free 866-395-7100

**South Florida**

401 SE 12th Street, Ste. 300, Fort Lauderdale, FL 33316
ph 954-703-3416  fax 954-400-5415

8461 Lake Worth Road, Ste. 114, Lake Worth, FL 33467
ph 561-340-1433  fax 561-340-1432

www.tlolawfirm.com

Gregg D. Thomas
Direct Dial: (813) 984-3066
gthomas@tlolawfirm.com

February 3, 2015

**VIA FACSIMILE**

Work Process Unit
Record Information/Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602
*Facsimile*:  (540) 868-4997

       **Re:**    **FOIPA Request No. 1238212-001**
               **Subject:  Bollea, Terry**

To Whom It May Concern:

      I write in response to the correspondence sent by David M. Hardy on January 29, 2015 concerning FOIPA Request No. 1238212-001.  I would like to receive the records on CD, and I am willing to pay for the complete cost of duplication, estimated to be $50 for four CDs .  (As noted in my original request dated November 7, 2014, I am willing to pay estimated duplication fees up to $500.)

      I would greatly appreciate the Bureau expediting my request.  As I explained in my November 7 request, I am an attorney who represents Gawker Media, LLC in connection with a lawsuit filed against it by Terry Gene Bollea, known professionally as "Hulk Hogan," in Florida state court.  *See Bollea v. Clem, et al.*, No. 12012447-CI-011 (Fla. Cir. Ct.).  Since the time that I submitted my request, the court has scheduled the trial in the case to begin on July 6, 2015.  And, the requested records are relevant to depositions currently scheduled for early April, in connection with a discovery cut-off of April 10, 2015.

Work Process Unit, FBI
02/3/2015
Page 2 of 2

Finally, please note that in connection with the ongoing litigation in Florida, Gawker Media and Mr. Bollea have agreed, and the court has ordered, that any video footage that is provided in response to my request should be placed in a sealed envelope addressed to Judge James R. Case (Ret.), the Special Discovery Magistrate who is overseeing all discovery in this case. Judge Case will personally pick up the sealed envelope containing any video footage from either the FBI's Tampa field office or the office of the United States Attorney for the Middle District of Florida. All other documents can and should be provided directly to me.

When you complete your work on this request, please call me so that I can alert Judge Case that he can pick up the video footage and can arrange for a courier to pick up the other documents.

In the meantime, to avoid delay, if you have any questions about this request, please contact me by email, telephone or fax, rather than relying upon regular mail. You may reach me by email at gthomas@tlolawfirm.com, by telephone at (813) 984-3060, or by fax at (813) 984-3070.

Thank you for your assistance with this request.

Sincerely,

THOMAS & LOCICERO PL

Gregg D. Thomas

FBI087

# EXHIBIT 8

FBI088



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

February 4, 2015

Mr. Gregg D. Thomas
Thomas & LoCicero PL
601 South Boulevard
Tampa, FL 33606

FOIPA Request No.: 1238212-001
Subject: BOLLEA, TERRY

Dear Mr. Thomas:

This responds to your Freedom of Information/Privacy Act (FOIPA) request.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information in these responsive records could reasonably be expected to interfere with enforcement proceedings.  For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E)/ Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV 2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosures (2)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- *FBI files generally contain reports* of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **A criminal history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit *card payment* option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the NNCP search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

1/6/14

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| GAWKER MEDIA, LLC et al, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE FEDERAL BUREAU OF | ) |
| INVESTIGATION and THE EXECUTIVE | ) |
| OFFICE OF UNITED STATES | ) |
| ATTORNEYS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Case No. 8:15-CV-01202-SCB-EAJ

# Exhibit I



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_                                 _Washington, D.C.  20530_

March 18, 2015

Gregg D. Thomas, Esq.
Thomas & LoCicero
601 South Boulevard
Tampa, FL  33606
gthomas@tlolawfirm.com

     Re:  Request No.1238212-001

Dear Mr. Thomas:

     This is to advise you that your administrative appeal from the action of the Federal
Bureau of Investigation was received by this Office on March 4, 2015.

     The Office of Information Policy has the responsibility of adjudicating such appeals.  In
an attempt to afford each appellant equal and impartial treatment, we have adopted a general
practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned
number **AP-2015-02411**.  Please mention this number in any future correspondence to this
Office regarding this matter.  Please note that if you provide an e-mail address or another
electronic means of communication with your request or appeal, this Office may respond to your
appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

     We will notify you of the decision on your appeal as soon as we can.  If you have any
questions about the status of your appeal, you may contact me at the number above.  If you have
submitted your appeal through this Office's online electronic appeal portal, you may also obtain
an update on the status of your appeal by logging into your portal account.

     Sincerely,

     Priscilla Jones
     Supervisory Administrative Specialist



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_            _Washington, D.C.  20530_

March 20, 2015

Gregg D. Thomas, Esq.
Thomas & LoCicero
601 South Boulevard
Tampa, FL  33606
gthomas@tlolawfirm.com

      Re:  Request No. 1238212-001

Dear Mr. Thomas:

      This is to advise you that your administrative appeal from the action of the Federal
Bureau of Investigation was received by this Office on March 11, 2015.

      The Office of Information Policy has the responsibility of adjudicating such appeals.  In
an attempt to afford each appellant equal and impartial treatment, we have adopted a general
practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned
number **AP-2015-02440**.  Please mention this number in any future correspondence to this
Office regarding this matter.  Please note that if you provide an e-mail address or another
electronic means of communication with your request or appeal, this Office may respond to your
appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

      We will notify you of the decision on your appeal as soon as we can.  If you have any
questions about the status of your appeal, you may contact me at the number above.  If you have
submitted your appeal through this Office's online electronic appeal portal, you may also obtain
an update on the status of your appeal by logging into your portal account.

                             Sincerely,

                             Priscilla Jones
                             Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| GAWKER MEDIA, LLC et al, | ) ) ) | |
|     Plaintiff, | ) ) | |
|     v. | ) ) | Case No. 8:15-CV-01202-SCB-EAJ |
| THE FEDERAL BUREAU OF INVESTIGATION and THE EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS, | ) ) ) ) | |
|     Defendant. | ) ) ) | |

# Exhibit J



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

Gregg D. Thomas, Esq.
Thomas & LoCicero
601 South Boulevard
Tampa, FL  33606
gthomas@tlolawfirm.com

Re:   Appeal Nos. AP-2015-02411 &
      AP-2015-02440
      Request No. 1238212-001
      CDT:TAZ

**VIA: E-mail**

Dear Mr. Thomas:

        You appealed on behalf of your client, Gawker Media, LLC, from the action of the
Federal Bureau of Investigation on its request for access to certain records concerning Terry
Gene Bollea, otherwise known as "Hulk Hogan," and Heather Clem.  I note that your appeal
concerns the FBI's withholding of records under Exemption (7)(A).

        After carefully considering your appeal, I am affirming the FBI's action on your client's
request.  The Freedom of Information Act provides for disclosure of many agency records.  At
the same time, Congress included in the FOIA nine exemptions from disclosure that provide
protection for important interests such as personal privacy, privileged communications, and
certain law enforcement activities.  The FBI properly withheld certain information in full
because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A).
This provision concerns records or information compiled for law enforcement purposes the
release of which could reasonably be expected to interfere with enforcement proceedings.

        Furthermore, I am denying your client's request that we itemize and justify each item of
the information withheld.  You are not entitled to such a listing at the administrative stage of
processing FOIA requests and appeals.  See Bangoura v. U.S. Dep't of the Army,
607 F. Supp. 2d 134, 143 n.8 (D.D.C. 2009).

        Finally, I note that by letter dated March 23, 2015, this Office informed you that your
additional administrative appeal from Request No. 1238212-001 had been received by this
Office and would be assigned for adjudication under Appeal No. AP-2015-02440.  However, this
Office subsequently learned that your appeal file was a duplicate of Appeal No. AP-2015-02411.
In light of these circumstances, I am administratively closing Appeal No. AP-2015-02440 in this
Office.  This Office inadvertently opened two appeal files for the faxed and mailed copies of
your appeal letter.

        Please be advised that this Office's decision was made only after a full review of this
matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and

FBI096

- 2 -

analyzed your appeal, your client's underlying request, and the action of the FBI in response to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits it to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

5/6/2015

X _Sean O'Neill_

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: Sean O'Neill

FBI097