UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D. THOMAS,

      Plaintiffs,

vs.                                  Case No.: 8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS

      Defendants.
_____/

**PLAINTIFFS' MOTION AND MEMORANDUM OF LAW
FOR LEAVE TO FILE SHORT REPLY BRIEF**

    Plaintiffs Gawker Media, LLC and Gregg D. Thomas (collectively, "Gawker") hereby move, pursuant to Local Rule 3.01(d), for leave to file an eight-page reply brief in support of their motion for summary judgment. In support of this motion, Gawker states as follows:

    1.    On June 8, 2015, defendants (the "Agencies") filed their opposition to Gawker's motion, along with the Declaration of David M. Hardy ("Hardy Decl."). Dkt. No. 23. While the EOUSA made no real response, the FBI raised for the first time various issues that it had not raised in its numerous responses to plaintiff's FOIA requests and agency appeal. Plaintiffs wish to address these new points, many of which are demonstrably incorrect, in a short reply.

    2.    For example, in their Opposition, the Agencies asserted for the first time that FOIA's law enforcement exemption applies to the documents requested by Gawker *not* because the Agencies themselves had any ongoing law enforcement investigation, but because "another, non-federal law enforcement agency" had supposedly "commenced a separate investigation." Opp. at 3. Gawker seeks to address this new assertion both factually and legally. Gawker

1

questions the Agencies' vague and hearsay assertion that, in 2015, an unspecified "non-federal" agency is investigating the 2012 dissemination of a sex tape that was recorded in 2007.  In that regard, Gawker seeks leave to put before the Court the fact that it submitted Florida Public Records Act requests on this subject to every state and local agency that could possibly have an interest and that *every one* of these agencies advised that it had no such records.[1]  And, Gawker would like to explain that, *even if* an unnamed "non-federal" agency were conducting an investigation, that does not relieve the Agencies of their burden of making specific, concrete showings that (1) the supposed investigation exists and is active, and (2) disclosure of all of the withheld documents, broken down by discrete categories, would undermine it.

3.   In addition, Gawker wishes to correct a series of legal assertions made for the first time in the Agencies' Opposition (not raised in the administrative proceedings) that speak to core issues in the case, including: the Agencies' burden in a FOIA case, whether they are entitled to deference, whether conclusory assertions that release would interfere with an investigation are sufficient, and whether Gawker's FOIA requests were somehow improper because they were ostensibly made for a private purpose.  Each of the Agencies' arguments on these points is demonstrably incorrect, and Gawker believes it would aid the Court to have a short brief correcting these contentions.

4.   Finally, Gawker also asks for leave to respond to the FBI's requests, made for the first time in the affidavit accompanying their Opposition, (a) for affirmative summary judgment on the applicability of the claimed exemptions (Hardy Decl. ¶ 31) and (b) for three *months* to

---

[1] These include the Belleair Police Department, the Clearwater Police Department, the Florida Attorney General's Office, the Florida Department of Law Enforcement, the Hillsborough County Sheriff's Office, the Pinellas County Sheriff's Office, the Pinellas County State Attorney, the St. Petersburg Police Department, and the Tampa Police Department.

prepare the required *Vaughn* index, even though only approximately 1,200 pages of documents are at issue (*id.* ¶ 32).

5.  These new issues warrant a short reply from Gawker, which Gawker believes will aid the Court in its understanding and consideration of this matter.  *See, e.g.*, *Montgomery Bank, N.A. v. Alico Road Business Park, LP*, 2014 WL 3828406 (M.D. Fla. 2014) (granting motion for leave to file reply where opposition brief "raise[d] new arguments and law" and where reply would "benefit the Court's resolution of the pending motion").

### GOOD FAITH CERTIFICATION

On June 11, 2015, the undersigned consulted counsel for the Agencies (AUSA Kenneth Stegeby) who advised that the Agencies did not consent to the relief sought herein.

### CONCLUSION

For the foregoing reasons, Gawker respectfully requests that this Court grant its motion for leave to file an eight-page reply brief.

|  | Respectfully submitted,<br>THOMAS & LOCICERO PL |
|---|---|
| Seth D. Berlin (pro hac vice)<br>Alia L. Smith (pro hac vice)<br>Patrick Kabat (pro hac vice)<br>LEVINE SULLIVAN KOCH<br>  & SCHULZ, LLP<br>1899 L Street, NW, Suite 200<br>Washington, DC 20036<br>Tel.: (202) 508-1100; Fax: (202) 861-9888<br>sberlin@lskslaw.com<br>asmith@lskslaw.com<br>pkabat@lskslaw.com | By: */s/ Gregg D. Thomas*<br>    Gregg D. Thomas<br>    Florida Bar No.: 223913<br>    Rachel E. Fugate<br>    Florida Bar No.: 0144029<br>    601 South Boulevard<br>    P.O. Box 2602 (33601)<br>    Tampa, FL 33606<br>    Tel.: (813) 984-3060; Fax: (813) 984-3070<br>    gthomas@tlolawfirm.com<br>    rfugate@tlolawfirm.com |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June 2015 a true and correct copy of the foregoing is being electronically filed and served via CM/ECF on the following:

Kenneth Stegeby
Office of the United States Attorney for the Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Kenneth.Stegeby@usdoj.gov

*Counsel for Defendants*

                                          */s Gregg D. Thomas*
                                               Attorney