IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and
GREGG D. THOMAS,

    Plaintiffs,

v.                                          Case No. 8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE
EXECUTIVE OFFICE OF
UNITED STATES ATTORNEYS,

    Defendants.
_____/

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants, the Federal Bureau of Investigation ("FBI") and the Executive Office of United States Attorneys ("EOUSA"), hereby answer and otherwise respond to plaintiffs' complaint as follows:

1.    The allegations in this paragraph comprise legal conclusions and plaintiffs' characterization of their case to which no response is required.

2.    The allegations in this paragraph comprise plaintiffs' characterization of their case to which no response is required.

3.    Denied, except that the FBI admits that all records that are potentially responsive to plaintiffs' Freedom of Information Act ("FOIA") request are properly withheld pursuant to FOIA Exemption 7(A) due to an ongoing investigation by

another law enforcement agency because the release of the records would interfere with said investigation. The EOUSA denies that it has not responded at all to Gawker's FOIA request.

4. The allegations in this paragraph comprise plaintiffs' characterization of their case to which no response is required.

## PARTIES

5. Defendants lack sufficient knowledge and information to formulate a response to the allegations in this paragraph and therefore denies.

6. Defendants lack sufficient knowledge and information to formulate a response to the allegations in this paragraph and therefore denies.

7. The FBI admits that its headquarters are located at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535-0001. The FBI further admits that it is in possession and/or control of records potentially responsive to plaintiffs' FOIA request. The remaining allegations in this paragraph comprise plaintiffs' characterization of their case to which no response is required.

8. The EOUSA admits that its headquarters are located at 950 Pennsylvania Avenue, N.W., Room 2242, Washington, D.C. 20530-0001. The EOUSA further admits that it is in possession and/or control of records potentially responsive to plaintiffs' FOIA request. The remaining allegations in this paragraph comprise plaintiffs' characterization of their case, to which no response is required.

## JURISDICTION AND VENUE

9. The allegations in this paragraph comprise legal conclusions to which

no response is required.

10. The allegations in this paragraph comprise legal conclusions to which no response is required.

11. Denied, except that the FBI admits that it has issued a final determination to withhold potentially responsive records, and that its decision to withhold the potentially responsive records was upheld on appeal.

12. Denied.

## FACTS

### The FBI Investigation

13. Denied, except that the FBI admits that it investigated allegations of a potential federal crime in connection to a video tape involving Terry Gene Bollea, also known as Hulk Hogan.

14. Denied, except that the FBI admits that its investigation is closed and that no criminal charges were filed as a result of its investigation.

### Gawker's Requests

15. Denied, except that the FBI admits that plaintiffs requested certain records pursuant to the FOIA on or about November 8, 2013.

16. The FBI admits that, in response to plaintiffs' FOIA request for records relating to a third party, the FBI informed plaintiffs via letter dated November 19, 2013 that FOIA Exemptions (b)(6) and (b)(7)(C) precluded the FBI from processing any potential documents without first receiving from plaintiffs (1) an authorization and consent from the individual about whom the records were sought, (2) proof of

death of the individual about whom the records were sought, or (3) a justification that the public interest in disclosure outweighs the personal privacy of the individual about whom records were sought.

17. Defendants lack sufficient knowledge and information to formulate a response to the allegations in this paragraph and therefore denies.

18. The FBI admits that plaintiffs requested records, pursuant to the FOIA, that related to the Hogan video tape on or about November 7, 2014. The FBI further admits that plaintiffs attached the executed Certification of Identity for third-parties that could be potentially affected by the FOIA request. The request specifically asked for any and all records related to the 2012 FBI investigation, including but not limited to:

    a. records reflecting any communications with Mr. Bollea or his counsel;

    b. any statements made by Mr. Bollea or his counsel;

    c. any records relating to video recording(s) of Mr. Bollea engaged in sexual relations with Heather Clem;

    d. any records concerning such video recording(s), including the recording(s) themselves;

    e. any records relating to the source and distribution of such video recording(s); and

    f. records relating to any attempt to disseminate such video recording(s). including any attempt to sell such video

recording(s) to Mr. Bollea or his counsel.

The remaining allegations in this paragraph comprise plaintiffs' characterization of their case to which no response is required.

19. The FBI admits that it acknowledged receipt of plaintiffs' FOIA request by letter dated November 17, 2014. FBI further admits that by letter dated January 29, 2015, it informed plaintiffs that it had located records that were potentially responsive to the subject of plaintiff's request.

**The FBI Denial**

20. Admits.

21. Admits.

22. The FBI admits that, on or about March 4, 2015, plaintiffs submitted an administrative appeal of the FBI's denial. The remaining allegations in this paragraph comprise legal conclusions and plaintiffs' characterization of their case to which no response is required.

23. The FBI admits that the United States Department of Justice, by letter on or about May 6, 2015, affirmed the FBI's denial of plaintiffs' FOIA request based on Exemption 7(A). The FBI further admits that the Department of Justice informed plaintiffs that the FBI "properly withheld certain information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings."

**The EOUSA's Denial**

24. Admits.

25. The allegations in this paragraph comprise plaintiffs' characterization of their case to which no response is required.

26. Denies.

### FIRST CAUSE OF ACTION
(FBI's wrongful withholding of records and
its failure to make them promptly available)

27. Defendants reallege and incorporate their responses in paragraphs 1 through 26 as if fully set forth herein.

28. The FBI denies that it is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), and avers instead that it is a component of the Department of Justice, which is an executive department within the meaning of "agency" as defined by 5 U.S.C. § 552(f)(1).

29. Denies.

### SECOND CAUSE OF ACTION
(EOUSA's wrongful withholding of records
and failure to make them promptly available)

30. Defendants reallege and incorporate their responses in paragraphs 1 through 29 as if fully set forth herein.

31. The EOUSA admits that it is a federal agency subject to the FOIA. The remaining allegations in this paragraph comprise legal conclusions to which no response is required.

32. Denies.

## REQUEST FOR RELIEF

The remaining allegations comprise plaintiffs' prayer for relief to which no response is required.

In further answer to the complaint, and as separate affirmative defenses, defendants assert as follows:

## FIRST AFFIRMATIVE DEFENSE

The complaint, and the cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to compel the production of records protected from disclosure by any applicable exemptions or exclusions.

/ / /

/ / /

WHEREFORE, defendants pray for judgment as follows:

1. That judgment be entered in favor of defendants and against plaintiffs;

2. That defendants be awarded costs of suit; and

3. For such other and further relief as the Court may deem just and proper.

          **A. LEE BENTLEY, III**
          United States Attorney

          Respectfully submitted,

By:  *s/ E. Kenneth Stegeby*
          **E. KENNETH STEGEBY**
          Esquire Assistant U.S. Attorney
          USAO No. 112
          400 North Tampa Street, Ste. 3200
          Tampa, Florida 33602
          Telephone: (813) 274-6087
          Facsimile: (813) 274-6198
          Email: kenneth.stegeby@usdoj.gov
          *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alia L. Smith
Gregg Darrow Thomas
Patrick Kabat
Rachel E. Fugate
Seth D. Berlin
*Plaintiffs' Counsel*

 *s/E. Kenneth Stegeby*
E. Kenneth Stegeby