IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and
GREGG D. THOMAS,

    Plaintiffs,

v.                                                    Case No. 8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE
EXECUTIVE OFFICE OF
UNITED STATES ATTORNEYS,

    Defendants.
_____/

**EMERGENCY MOTION FOR RECONSIDERATION, OR,
<u>IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME</u>**

    Defendants, the Federal Bureau of Investigation ("FBI") and the Executive Office of United States Attorneys ("EOUSA"), hereby respectfully requests relief, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), from this Court's Order dated June 24, 2015, in which the Court ordered the FBI to turn over to the state court Special Discovery Magistrate Hon. James R. Case two CDs deemed to be responsive to plaintiffs' November 7, 2014 Freedom of Information Act ("FOIA") request [Doc. No. 31].  In the alternative, defendants respectfully move the Court, pursuant to Rule 6(b)(1), for an extension of time to produce the CDs.  In support thereof, defendants show as follows:

    Pursuant to Rule 60(b), "[o]n motion and just terms, the court may relieve a

party . . . from a[n] . . . order . . . for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities") (emphasis added).[1]

A party seeking relief pursuant to Rule 60(b)(1) must "establish (1) a meritorious defense, (2) a lack of prejudice to the non-defaulting party, and (3) a good reason for the default." *Claytor v. Mojo Grill and Catering Co. of Belleview, LLC*, 2015 WL 1538111, *1, *2 (M.D. Fla. Apr. 7, 2015) (citing *In re Worldwide Web Sys., Inc. v. Feltman*, 328 F.3d 1291, 1295 (11th Cir. 2003)). Determining whether the neglect identified by the movant is excusable is an equitable decision, "taking into account the totality of the circumstances surrounding the party's omission." *Id.* (citing *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Courts have held that a party may not use motions to reconsider as "a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for

---

[1] The Eleventh Circuit Court of Appeals has described a motion for reconsideration filed after the entry of final judgment as falling within the ambit of either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (motion for relief from judgment or order), depending on the nature of the relief sought. *See Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). "This standard also applies to a motion for reconsideration of a *non-final* order [Rule 54(b)], and such motion should be decided using the same analysis as a Rule 59(e) or Rule 60(b) motion." *Horowitch v. Diamond Aircraft Industries, Inc.*, Case No. 6:06–cv–1703–Orl–19KRS, 2009 WL 1537896, *1, *2 (M.D. Fla. June 2, 2009) (emphasis added).

the Court's earlier decision." *Lopez v. UnitedHealth Group, Inc.*, 2015 WL 789253, *1, *1 (M.D. Fla. Feb. 24, 2015) (citations omitted).  Unlike the *Lopez* case, however, defendants here have recently discovered new facts that have had a significant impact on the applicability of various exemptions to the FOIA, including Exemption 7(A).

The Court may also grant a party relief from an order pursuant to Rule 60(b)(6) if the party shows "sufficiently extraordinary" circumstances "that absent such relief, an extreme and unexpected hardship will result." *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294–95 (11th Cir. 2013) (citation and quotation marks omitted).

As the Court is aware, and as further explained in defendants' opposition [Doc. No. 23] to plaintiffs' motion for summary judgment [Doc. No. 5], plaintiffs submitted to the FBI a FOIA request on November 7, 2014 to which they attached release waivers by Mr. Hogan and some of his attorneys, as well as by then Mrs. Clem.  The FBI subsequently identified 1168 pages of potentially responsive records but, on or before February 4, 2015, the FBI learned that another law enforcement agency had commenced an investigation related to Mr. Hogan and that the investigation was ongoing.  The other agency asked the FBI to withhold its records under Exemption 7(A) because disclosure could reasonably be expected to interfere with their investigation.  The FBI therefore informed plaintiffs by letter dated February 4, 2015 that it would withhold all records pursuant to Exemption 7(A) and informed them they had a right to appeal the FBI's decision administratively.

One month later, on March 4, 2015, plaintiffs filed an administrative appeal with the Office of Information and Policy, which affirmed the FBI's application of Exemption 7(A) on May 6, 2015.  Accordingly, the FBI was not legally obligated under the FOIA to process the potentially responsive records.  On May 20, 2015, however, plaintiffs filed the present action and served it on defendants.  Knowing the possibility that the Court could order defendants to produce Vaughn indices and declarations, they commenced processing the documents and working on declarations.  Throughout this process, the FBI has been in contact with the other law enforcement entity, and, within the past week, the FBI learned that the other agency no longer is asking the FBI to withhold any of the documents or the videos pursuant to Exemption 7(A).  *See* declaration of David M. Hardy, attached hereto as Exhibit A ("Exh. A"), ¶ 5.  Accordingly, the FBI is no longer withholding the videos under that exemption.

With respect to the videos that the Court ordered to be produced today, Friday, June 26, 2015, there has been some confusion as to the number of CDs and videos in existence.  However, according to the FBI, there are three different videos of Mr. Hogan and Mrs. Clem.  *See* Exh. A, ¶¶ 7-11.  Based on conversations with the other law enforcement agency, the FBI is not withholding the videos pursuant to Exemption 7(A).  However, while processing the videos, the FBI determined that in one of the videos, a third-party was depicted who has not provided the FBI with an authorized release waiver.[2]  Likewise, on one of the videos, a third-party who has

---

[2] Last night, plaintiffs provided counsel for the FBI with a "Rights Transfer

4

not authorized the release of the audio accompanying the video is heard speaking in the background. Accordingly, the FBI is redacting the videos pursuant to applicable exemptions to the appropriate portions of those videos. *See* Exh. A ¶ 11.

Exemption 6 of the FOIA protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). This exemption applies to all information related to a particular individual. *See Bilderbeek v. United States Dept. of Justice*, 2010 WL 1049618, *1, *6 (M.D. Fla. Mar. 22, 2010); *Office of Capital Collateral Counsel, Northern Region of Florida ex rel. Mordenti v. Department of Justice*, 331 F.3d 799, 802 (11th Cir. 2003) ("Exemption 6 applies broadly to detailed Government records on an individual which can be identified as applying to that individual.") (citation omitted).

Exemption 7(C) also contains a privacy component. *See Cappabianca v. Commissioner, United States Customs Serv.*, 847 F. Supp. 1558, 1565-66 (M.D. Fla. 1994) ("Once the law enforcement purpose is established [for purposes of Exemption 7(C)], the focus of inquiry turns to a balancing of public interest against the individual privacy interests. Those interests are the same as the interests weighed under Exemption 6."). However, Exemption 7(C) "protects from disclosure a broader range of records, those compiled for a law enforcement purpose to the extent a disclosure 'could reasonably be expected to constitute an unwarranted

---

Agreement" between Mr. Hogan and Todd Alan Clem, also known as Bubba the Love Spunge, which plaintiff believes is the third-party in the videos. However, the FBI does not believe this agreement is a privacy waiver under the FOIA.

invasion of personal privacy.'" *See Bilderbeek*, 2010 WL 1049618, at *6 (citing 5 U.S.C. § 552(b)(7)(C)).

As a threshold to applying Exemption 7, an agency must first demonstrate that the records and information at issue were compiled for law enforcement purposes. The videos at issue were collected by the FBI for a law enforcement purpose during the 2012 FBI investigation. Accordingly, the videos only need to satisfy the "reasonably be expected to constitute an unwarranted invasion of personal privacy" standard of Exemption 7(C), and it does not need to meet the more stringent "clearly unwarranted" standard of Exemption 6. *See Bilderbeek*, 2010 WL 1049618, at *6; *Cappabianca*, 847 F. Supp. At 1565-66 ("However, there is one important difference between Exemptions 6 and 7 . . . . While Exemption 6 requires that the government show that the production of the information 'would be clearly unwarranted,' Exemption 7 obligates the government to show only that such production 'could reasonably be unwarranted.'") (citation omitted).

When withholding information pursuant to Exemptions 6 and 7(C), agencies are required to balance the privacy interests of the individuals identified in the records against any public interest in disclosure. For purposes of this balancing analysis, a public interest exists when disclosure of the information would shed light on the agency's performance of its mission. *See Engberg v. United States Dept. of Justice*, 2011 WL 4502079, *1, *5 (M.D. Fla. Aug. 12, 2011). The public's sole interest under FOIA is in shedding light on the actions of the federal government and its agencies so the public has an opportunity to scrutinize the government's

6

actions. *See id.* (citation omitted). Conversely, a public interest does not exist merely because the FOIA requester has a personal interest in the records. *See id.* (noting that, in "weighing the public interest, the particular interest of the requesting party is irrelevant.") (citation omitted).

For purposes of Exemption 6, in determining whether a person has a privacy interest in information contained in "similar files," as opposed to personnel or medical files, the courts "must look past mere appearances and beneath labels, to the actual character and nature of the information in question." *Florida Medical Ass'n, Inc. v. Department of Health, Ed. & Welfare*, 479 F. Supp. 1291, 1303-04 (M.D. Fla. 1979) (citing *Department of Air Force v. Rose*, 425 U.S. 352, 374 (1976)). The determinative characteristic of information that falls within Exemption 6 is "the personal quality and nature of that information. Hence, information identifiable as applying to some particular individual . . . is presumptively included within the term 'similar files' of Exemption 6." *Id.*, at 1304.

In this case, plaintiff has requested a wide range of records, including video footage that contains audio recordings. The people on these videos have privacy interests not only in the video footage, but also in their recorded voices because someone in possession of those recordings could potentially identify them based on their voices. The videos at issue are not found in personnel or medical files but they are "similar files" for purposes of Exemption 6. The "actual character" and the "personal quality" of the video footage and the audio recordings contain identifiable information and squarely falls within Exemption 6. *See Florida Medical Ass'n*, 479

F. Supp. at 1303-04.

The video footage and audio recordings of the third-parties comprise information that is personally identifiable.  Because the FBI does not have executed release authorizations from the third-parties, it must withhold or redact the records accordingly because the release of that information could "reasonably be expected to constitute an unwarranted invasion of personal privacy" under both Exemptions 6 and 7(C).  Plaintiffs here have not identified any public interest in the videos, nor have they shown how the videos would shed light on the actions of the FBI to allow the public to scrutinize its actions.  *See Engberg*, 2011 WL 4502079, at *5.  Instead, plaintiffs have expressly stated that the videos are of purely private interest because it may use them to defend themselves in a wholly unrelated state court action filed by Mr. Hogan because Gawker released the video and wrote stories about Mr. Hogan's involvement with Mrs. Clem.

Given the third-party privacy concerns here, a release in full of the videos and related audio recordings would constitute an unwarranted invasion of personal privacy, and the FBI has therefore withheld, pursuant to Exemptions 6 and 7(C), the portions of the videos and audio that reveal the third-parties and their voices because they have not signed release authorizations.  *See Richardson v. United States Dept. of Justice*, 730 F. Supp.2d 225, 238-39 (D.D.C. 2010);[3] *People For*

---

[3] In *Richarson*, the court noted the threshold to satisfy Exemption 6 is "fairly minimal, such that [a]ll information which applies to a particular individual is covered  . . . .  In this way, the FOIA's protection of personal privacy is not affected by the happenstance of the type of agency record in which personal information is stored."  *Richardson*, 730 F. Supp.2d at 238-39 (citing *New York Times Co. v.*

*The Ethical Treatment of Animals v. United States Dept. of Agr.*, 2007 WL 1847714, *1, *2 (D.D.C. June 27, 2007).[4]

The FBI will send the th

ree CD's, redacted pursuant to Exemptions 6 and 7(C), to the U.S. Attorney's Office via FedEx Next Day Delivery for delivery to plaintiffs who will deliver the videos to the chambers of the Special Discovery Magistrate Judge on Monday, June 29, 2015. *See* Exh. A ¶ 6. It is this office's understanding that the Magistrate Judge is out of state but that plaintiffs have made arrangements to deliver the videos to the Honorable Pamela A.M. Campbell.

As for the EOUSA, they have not asserted that their documents are exempt under FOIA Exemption 7(A). However, as the Court is aware, EOUSA has withheld fifty-nine pages in full and three pages in part on the grounds of Exemptions 5, 6 and 7(C). Plaintiffs have not appealed the EOUSA's response to their FOIA request. Yet, the EOUSA is not raising as a defense plaintiffs' failure to exhaust their administrative remedies. Instead, the EOUSA believes their May 27, 2015

---

*National Aeronautics & Space Admin.*, 920 F.2d 1002, 1004-05 (D.C. Cir. 1990), in which the D.C. Circuit found, *en banc*, that Exemption 6 protected from disclosure a tape of voice communications aboard the Challenger space shuttle, although transcripts of the tape had been released, because even non-lexic information such as voice inflections applied to particular individuals.); *see also Schwaner v. Department of The Army*, 696 F. Supp.2d 77, 81 (D.D.C. 2010) (same).

[4] In *People for the Ethical Treatment of Animals*, the court decided, after an in camera review, that the U.S. Department of Agriculture properly withheld the entire recording of a phone call by a person about a tiger attack because "the caller could be identified by the sound of his/her voice, and thus the information is exempt from disclosure due to privacy concerns under Exemption 7(C)." The court further noted that a release of the recording "reveals little or nothing about [the] agency's own conduct." 2007 WL 1847714, at *2. The same is true in the present case.

response to plaintiffs' FOIA request was a good faith effort to produce all responsive non-exempt records. However, as a result of the lawsuit brought by plaintiffs, the EOUSA has further reviewed its records. It must be noted that the EOUSA records were created in response to a potential extortion case against a third-party who was under investigation for a potential crime. The third-party was not indicted and has not provided an authorized waiver to allow the release of information related to that third-party. *See* Declaration of Tricia Francis, attached hereto as Exhibit B ("Exh. B"), ¶ 15. In addition, the documents contain communications between the EOUSA and the FBI. Accordingly, the EOUSA cannot produce records that are protected by Exemptions 5, 6 or 7(C), but it will produce today, June 26, 2015, all records that are not exempt under the FOIA.

With respect to the documents that the FBI was ordered to produce next week, the FBI is requesting additional time to process the 1,168 potentially responsive pages and 138 potentially responsive pages from the EOUSA referral. *See* Exh. A, ¶ 12. The potentially responsive records contain information over which the FBI will claim exemptions under the FOIA. *See id.* For example, an initial review has shown that certain grand jury information is included in the potentially responsive records, and such information must be redacted pursuant to Fed. Rules of Criminal Procedure 6(e). *See id.* Also, by way of example, this initial review has revealed that personal privacy information is also contained in these records, which will be redacted pursuant to Exemptions 6 and 7(C) of the FOIA. *See id.* The FBI anticipates other information could be exempt from release pursuant to various

other FOIA exemptions.  *See id.*

    The FBI has devoted additional resources and is currently making its best effort to process these records to segregate the non-exempt information to the plaintiff as soon as possible.  *See id.*, ¶ 13.  The FBI intends to have approximately 11 employees work approximately 66 hours over the weekend (in addition to working on this matter during the standard work week) in the best attempt to process the 1,168 potentially responsive pages and 138 potentially responsive pages from the EOUSA referral.  *See id.*  By utilizing all of these resources, the FBI expects to complete the processing of these records by Tuesday, June 30, 2015 and could FedEx them to plaintiffs' the same day for a next day delivery, namely Wednesday, July 1, 2015.  *See id.*, ¶ 14.

## **LOCAL RULE 3.01(G) CERTIFICATION**

    The undersigned has conferred with plaintiff's counsel who has stated that plaintiff objects to this motion.

/ / /

/ / /

## **CONCLUSION**

Based on the foregoing, defendants respectfully request that this Court grant defendants' motion for reconsideration or, in the Alternative, Am Extension of Time.

                              **A. LEE BENTLEY, III**
                              United States Attorney

                              Respectfully submitted,

By:  *s/ E. Kenneth Stegeby*
       **E. KENNETH STEGEBY**
       Esquire Assistant U.S. Attorney
       USAO No. 112
       400 North Tampa Street, Ste. 3200
       Tampa, Florida 33602
       Telephone:  (813) 274-6087
       Facsimile:  (813) 274-6198
       Email: kenneth.stegeby@usdoj.gov
       *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 26, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Alia L. Smith
    Gregg Darrow Thomas
    Patrick Kabat
    Rachel E. Fugate
    Seth D. Berlin
    *Plaintiffs' Counsel*

                                                         *s/E. Kenneth Stegeby*
                                                          E. Kenneth Stegeby