# **Exhibit B**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| GAWKER MEDIA, LLC. and<br>GREGG D. THOMAS<br>　　　　Plaintiff<br><br>v.<br><br>THE FEDERAL BUREAU OF<br>INVESTIGATION, and<br>THE EXECUTIVE OFFICE FOR<br>UNITED STATES ATTORNEYS,<br>　　　　Defendants | } } } } } } } } } } } } } | Case No.:　　15-cv-1202-T-24EAJ |

### DECLARATION FOR TRICIA FRANCIS

I, Tricia Francis, declare the following to be a true and correct statement of facts:

1. I am an Attorney-Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA that administers the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (2006), amended by the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974 ("PA"), 5 U.S.C. §552a (2006).

2. As an Attorney-Advisor, my duties include the following:  1) acting as a liaison with other divisions and offices of DOJ when responding to FOIA/PA requests; 2) reviewing FOIA/PA requests for records located in this office and in the ninety-four United States Attorney offices ("USAO") around the country and in U.S. territories; 3) reviewing searches conducted in response to FOIA requests, and preparing EOUSA's responses to these requests to assure that determinations to withhold or release records are in accordance with FOIA and DOJ regulations

28 C.F.R. §§ 16.3 *et seq.*, and 16.40 *et. seq.*; and 4) assisting with the defense of EOUSA's position in FOIA/PA cases that are filed in U.S. District Court, where EOUSA is a Defendant.

      3.   Due to the nature of my official duties, I am familiar with the procedures that were followed by EOUSA in response to Plaintiff's FOIA requests of November 7, 2014.  The statements I make in this Declaration are based upon my review of the official files and records of EOUSA, my own personal knowledge, and information acquired by me through the performance of my official duties.

      4.   On or about November 13, 2014, Mr. Thomas's FOIA request that is dated November 7, 2014, was received by EOUSA.  In the first and second pages of his FOIA request, Mr. Thomas requested specific information concerning third parties.  *See* Attachment A (FOIA Request of Gregg Thomas, November 4, 2014).

      5.   On December 3, 2014, a member of staff at EOUSA's FOIA/PA Staff forwarded Mr. Thomas's request to the U.S.Attorney's Office for the Middle District of Florida ("the District") for review and for the search for potentially responsive documents.

      6.   On or about March 15, 2015, Paralegal Specialist, Belinda Brown, provided the results of the District's search for responsive records to EOUSA for review.

      7.   On or about April 7, 2015, Mr. Thomas's FOIA request and the responsive documents were submitted to a paralegal for review at EOUSA.

      8.   On or about April 14, 2015, Mr. Thomas's FOIA request and the responsive documents were assigned to the undersigned for review.

9. On April 17, 2015, the undersigned reviewed the requested items in Mr. Thomas's FOIA request, the responsive records that were provided to EOUSA by the District, and the recommended FOIA exemptions that were provided to the undersigned by the reviewing paralegal.

10. On that date, the undersigned observed that Exemption 7A of the FOIA had been raised by the Federal Bureau of Investigation ("FBI"), pursuant to a pending investigation into a matter that related to Mr. Thomas's FOIA request. Consistent with EOUSA's FOIA/PA Staff's policy, the undersigned counsel forwarded this case for assignment to another attorney advisor for additional review pursuant to Exemption 7A of the FOIA.

11. On May 11, 2015, the undersigned counsel returned a telephone call from Mr. Thomas. At that time, the undersigned counsel explained to Mr. Thomas that records pursuant to his FOIA request had been reviewed, that a large amount of them were going to be referred to the FBI, and any records that would likely be released to him would be small in number.

12. Between May 12 and May 18, 2015, the undersigned was out of the office on a period of emergency medical leave. On or about May 22, 2015, the undersigned counsel spoke with the reviewing paralegal and another Attorney Advisor regarding this case, and concluded that there was insufficient information for EOUSA to assert, among other exemptions, Exemption 7A of the FOIA at this time. Accordingly, the undersigned counsel signed the release letter that was mailed to the requestor on or about May 27, 2015. *See* Attachment B (Letter from EOUSA to Gregg Thomas, May 22, 2015).

13. Pursuant to the release letter that was mailed to the requestor on May 22, 2015, EOUSA released one page of responsive material in full, and released three pages of material, in part, to the requestor. *Id*. There were 59 pages of records that were withheld in full pursuant to Exemptions b(5), b(6), and b(7)(C) of the FOIA.

14. Approximately 140 pages of the remaining records that were provided to EOUSA by the District were referred to the FBI for that agency's FOIA point of contact to review and provide a direct response to Mr. Thomas's FOIA request.  These documents were referred to the FBI because they were documents originated from within that agency.

15.  When Mr. Thomas submitted his FOIA request, he provided EOUSA with Certificates of Identification from the following people:  1) Terry Gene Bollea; 2) Charles John Harder; 3) David R. Houston; 4) Kenneth G. Turkel; and 5) Heather Dawn Cole ("Heather Clem").  EOUSA did not receive any other Certificates of Identity for any other individuals in connection with Mr. Thomas's FOIA request.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this ___26th __ day of June, 2015.


_____/s/ Tricia Francis _____
TRICIA FRANCIS
Attorney-Advisor
Executive Office for United States Attorneys
FOIA/PA Staff

4