UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC. and }
GREGG D. THOMAS }
            Plaintiff }     Case No.:    **15-cv-1202-T-24EAJ**
}
        v. }
}
THE FEDERAL BUREAU OF }
INVESTIGATION, and }
THE EXECUTIVE OFFICE FOR }
UNITED STATES ATTORNEYS, }
        Defendants }
_____ }

## SECOND DECLARATION FOR TRICIA FRANCIS

I, Tricia Francis, declare the following to be a true and correct statement of additional facts as supplement to my First Declaration, with the Court in the above-captioned action and in response to the Court's Order of June 24, 2015, and in response to Plaintiff's Motion for Summary Judgment, which was filed on May 20, 2015. The purpose of this Second Declaration is to present an additional background information regarding the search that was conducted by the U.S. Attorneys' Office for the Middle District of Florida ("USAO/MDFL" or "District") pursuant to the FOIA request that was submitted by Mr. Gregg Thomas to EOUSA in November 2014, and to provide information regarding the exemptions taken by EOUSA on the documents it received from the District pursuant to Mr. Thomas's request. The statement(s) I make in this Declaration are based on my review of the official files and records of EOUSA, my own personal knowledge, and information acquired by me through the performance of my official duties.

## BACKGROUND

1.  On June 24, 2015, Assistant United States Attorney ("AUSA") Kenneth Stegeby provided EOUSA with a copy of the Court's Order that was issued on the same date.

2.  On June 25, 2015, pursuant to the Court's Order, EOUSA reviewed the exemptions that were previously raised on the records that it received from the USAO/MDFL, which were not previously referred to the FBI and which were not included in the first release of records to Mr. Thomas on May 22, 2015.

3.  Pursuant to EOUSA's review of the records that were in its possession, EOUSA issued a supplemental release letter to Mr. Thomas on June 26, 2015, in which it released 10 pages of records in full, and 12 pages of records that were released in part.  There were no additional documents sent to the FBI by EOUSA for referral.

4.  EOUSA has prepared a Vaughn Index, describing the types of records it currently possesses, and explaining the reasons for withholding portions of those records.  This Vaughn Index is being submitted along with this declaration as Attachment A.

5.  The majority of the records in EOUSA's possession that are responsive to Mr. Thomas's request is being withheld in full.  Exemption (b)(5) of the FOIA was applied to records that were identified as containing attorney work product and/or a deliberative process.  These records include attorney notes taken during the course of the Grand Jury investigation in this case which would reveal the scope and direction of the Government's investigation, as well as memoranda that was written regarding the investigation and the AUSA's assessment of the case.  Often, this exemption is applied with exemption (b)(7)(C), which is being asserted to protect the identity of third parties whose names and contact information is contained in these records.  Exemption (b)(7)(C) was applied to all of the investigative material from various law

enforcement agencies, as well as prosecutors. The District's investigation into this matter involved an extortion attempt on an individual by the target of its investigation; thus, it was a criminal matter. The materials that were generated during this Grand Jury investigation include the names of several third parties other than those who signed Certificates of Identification. Therefore, their names were redacted in order to protect their privacy.

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

12. All documents responsive to plaintiff's FOIA request have been located in the USAO/MDFL. The records are maintained in the Criminal Case File System (Justice/USA-007).

13. There are no other records systems or locations within the District in which other files regarding this Grand Jury investigation were maintained. *See* Attachment B (Declaration for Belinda Brown).

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(5)

14. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

15. EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privilege.

16. The records or portions of records to which the attorney work product privilege was applied reflect such matters as the direction and scope of the GJ investigation, investigative strategy, and personal evaluations and opinions pertinent to the investigation. The records contain deliberations concerning how to respond to inquiries made by those outside of the law enforcement community on the status or existence of the Grand Jury investigation. The records were prepared by or at the request or

direction of an attorney, and made in anticipation of or during litigation.  The substance of the records

was withheld in their entirety are exempt from disclosure pursuant to this privilege.

17.  In addition, these same records, in certain instances, contain deliberative process of

the United States Attorney's Office and/or other federal and state agencies in their consideration of issues

that arose during the Grand Jury investigation.  To disclose this information would reveal pre-decisional

communications among government personnel such as discussions of various litigation issues,

alternatives, and strategies.  Disclosure would jeopardize the candid and comprehensive considerations

essential for efficient and effective agency decision-making.  The attorney work product and deliberative

process are so interwoven as to make it all, in essence, attorney work product.  In this case, all the records

in question: the hand-written notes, drafts of memoranda, and emails between attorneys, were written by

attorneys preparing the case.

<u>EXEMPTION 5 U.S.C. §552(b)(7)(C)</u>

18.  The records withheld were deemed exempt under FOIA Exemption (b)(7)(C), which protects

from public disclosure information compiled for law enforcement purposes, if such disclosure could

reasonably be expected to constitute an unwarranted invasion of personal privacy.  All the information at

issue was compiled for law enforcement purposes − namely, to facilitate the investigation and criminal

prosecution of the target of the investigation.

19.  Exemption (b)(7)(C) was applied to the withheld records in an effort to protect the identity of

third-party individuals, such as potential witnesses and law enforcement personnel, the release of which

could subject such persons to an unwarranted invasion of their personal privacy.  Release of such personal

identifiers could result in unwanted efforts to gain further access to such persons or to personal

information about them− or subject them to harassment, harm, or exposure to unwanted and/or derogatory

publicity and inferences− all to their detriment.

20.  Consequently, EOUSA determined that such information is exempt from disclosure under

Exemption (b)(7)(C), and that there was no countervailing public interest in the release of this privacy-

protected information, because its dissemination would not help explain government activities and

operations or outweigh third-party individuals' privacy rights in the information withheld under this exemption. Moreover, no third-party individual provided authorization or consent to disclose such information. *Cf.* 5 U.S.C. § 552a(b) ("No agency shall disclose any record . . . contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless otherwise authorized by law).

## SEGREGABILITY

21. All information withheld was exempt from disclosure pursuant to a FOIA exemption. After EOUSA considered the segregability of the requested records, no reasonably segregable non-exempt information was withheld from plaintiff.

## CONCLUSION

Each step in the handling of plaintiff's request has been entirely consistent with the EOUSA's and the USAOs' procedures, which were adopted to ensure an equitable response to all persons seeking responsive records under the FOIA/PA.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this ___30th__ day of June, 2015.


_____/s/ Tricia Francis _____
TRICIA FRANCIS
Attorney-Advisor
Executive Office for United States Attorneys
FOIA/PA Staff
I declare under penalty of perjury that the foregoing is true and correct.

# ATTACHMENT A

*Gawker Media L.L.C., and Gregg Thomas v. The Federal Bureau of Investigation and the Executive Office for United States Attorneys*

Civil No. 15-cv-1202

Vaughn Index for the Executive Office for United States Attorneys

| Doc. No. | Pages | Description | Exempt Status | Justification |
|---|---|---|---|---|
| | | | | **SUMMARY OF ABBREVIATIONS**<br><br>**"WIF"-Withheld in full**<br>**"RIP"- Released in part**<br>**"AWP" – Attorney Work Product**<br>**"DP" – Deliberative Process**<br>**"GJ"- Grand Jury**<br>**"AUSA" – Assistant U.S. Attorney** |
| 1 | 16 | Internal memo created by an AUSA for the U.S. Attorney for the Middle District of Florida, dated February 28, 2013.  Contains factual background and analysis of the legal issues presented by information gathered during the GJ investigation involving the matter relating to Mr. Thomas's FOIA request. | WIF<br><br>(b)(5)<br>AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation.  Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action.  Exemption (b) (5) further protects the strategic and tactical information contained in this document.  Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the |

| | | | |
|---|---|---|---|
| | | | investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 2 | 2 | Email chain between AUSA and FBI dated between March 2 and March 4, 2013. Agent is seeking the AUSA's guidance regarding how to respond to an inquiry regarding the investigation. Contains handwritten notes by the AUSA regarding steps the AUSA had taken to resolve the issue. | WIF<br><br>(b)(5 AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 3 | 1 | A single page of handwritten notes, dated May 13, 2014, which contains notes regarding the GJ investigation. Contains the GJ AUSA's thoughts on information that could not be disclosed during the investigation. This note also contains the | WIF<br><br>(b)(5 AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. |

2

| | | | |
|---|---|---|---|
| | | | name and telephone number of an individual. | Because this material is attorney work product, there is no segregable material. Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 4 | 1 | A single page of handwritten notes, dated August 21, 2013, regarding the GJ investigation. The content of the note is the result of a phone call between the AUSA and someone in connection of the investigation. | WIF<br>(b)(5)<br>AWP<br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material. Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| 5 | 2 | Email between the AUSA and a supervisory AUSA dated March 8, 2013, in which the AUSA is seeking advice from the supervisory AUSA on an issue regarding investigation. The information contained in this document contains references to witnesses to the investigation. This email chain includes an email from an outside source to the assigned AUSA, which identifies a witness in the investigation by name and discusses the potential cooperation of the witness with the government. | WIF<br><br>(b)(5)<br>DP<br><br>(b)(7)(C) | There are no public interests to weigh.<br><br>The matters which are withheld are pre-decisional communications among government personnel, specifically between the AUSA and a supervisory AUSA, which, if disclosed, would jeopardize the candid considerations which are necessary for candid decision making in the Government.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 6 | 5 | Five pages of handwritten notes concerning the GJ investigation. These notes are dated on December 17 and December 20, 2012, March 22, 2013, April 5, 2013. Notes contain facts that were obtained and developed during the GJ investigation, and the AUSA's impressions of the facts that were obtained during this investigation. It contains the names of third parties and their involvement into the activities that are the subject of the GJ investigation. | WIF<br><br>(b)(5)<br>AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted |

| # | Document Description | Exemptions | Justification |
|---|---|---|---|
| 7 | | | members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 2 | Draft of an internal memo created by the GJ AUSA to the U.S. Attorney, Chief of the Criminal Division, and the Chief of the Economic Crimes Section of the U.S. Attorney's Office for the Middle District of Florida. This document contains GJ AUSA's handwritten notes, which contain discussions regarding the direction and scope of the GJ investigation. It contains references to third parties. | WIF<br>(b)(5)<br>AWP<br>(b)(7)(C) | Exemption (b)(5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b)(5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 8 | A single-paged email from an attorney to the Grand Jury AUSA and a member of law enforcement dated March 8, 2013. | WIF<br>(b)(7)(C) | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted |

| | | | | |
|---|---|---|---|---|
| | | The author of the email discusses some factual details relating to the Grand Jury investigation that was taking place at that time, and provides the names of several third parties, as well as information about them. | | members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 9 | 2 | A two-page letter to an attorney for a witness in the case that was prepared by the GJ AUSA, dated November 8, 2013. The letter contains the name and contact information of third parties, and it contains items of interest that were evaluated during the Grand Jury investigation. | WIF<br>(b)(7)(C) | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 10 | 2 | A two-page letter that was prepared by the Grand Jury AUSA on August 8, 2013, to an attorney who represented a witness in the Grand Jury investigation. The letter contains the name and/or contact information for third parties, and it discusses evidence that was evaluated during the Grand Jury investigation. | WIF<br>(b)(7)(C) | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |

| 11 | 2 | | | |
|---|---|---|---|---|
| 12 | 2 | Two-page email chain between the GJ AUSA and the attorney for Gawker Media as of November 2013, where they discuss the attorney for Gawker's understanding of the FOIA request. The first page of the document contains the GJ AUSA's identity and notes on discussions with members of law enforcement about the FOIA request. | WIF (b)(5) AWP (b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material. Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. There are no public interests to weigh. |
| 13 | 2 | Two-page letter from Attorney David Houston, to the GJ AUSA, dated September 3, 2013. The letter contains the identity of the GJ AUSA and third parties. | RIP (b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

Duplicate of Item 10 | Same as Item 10 | Same as Item 10

7

| | | | |
|---|---|---|---|
| 14 | A single-page email from the GJ AUSA to Attorney David Houston, dated September 3, 2013. It contains the GJ AUSA's identity and contact information, and the identity of a third party. | RIP<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 15 | A two-page letter from the GJ AUSA to Attorney David Houston, dated September 3, 2013. The letter contains the GJ AUSA's name and contact information, and the name of a third party. | RIP<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 16 | A single-page letter from the GJ AUSA to an attorney for Gawker Media, dated March 18, 2014, in which the AUSA informs the attorney of Gawker Media's status in relation to the GJ investigation being conducted by the U.S. Attorney's Office for the Middle District of Florida. The letter contains the identity of the GJ | RIP<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an |

| | | | | |
|---|---|---|---|---|
| | | AUSA. | | unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 17 | 3 | A two-page letter from the GJ AUSA to Attorney David Houston, dated November 8, 2013, and an attachment. The letter contains the GJ AUSA's identity, and the identity of other third parties. .The attachment contains the identity of a third party and information referring to a bank account. | RIP<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 18 | 2 | A two-page email chain that contains communications between the GJ AUSA and a representative of Attorney David Houston's office. It contains the identity of the GJ AUSA, the identity of a third party who relayed Mr. Houston's message to the GJ AUSA, and the identity of a member of law enforcement. | RIP<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |

ATTACHMENT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC. and
GREGG D. THOMAS                         }
         Plaintiff                    }        Case No.:     15-cv-1202-T-24EAJ
                                        }
     v.                                }
                                        }
THE FEDERAL BUREAU OF                   }
INVESTIGATION, and                      }
THE EXECUTIVE OFFICE FOR                }
UNITED STATES ATTORNEYS,                }
         Defendants                   }
                                        }

## DECLARATION FOR BELINDA BROWN

I, Belinda Brown, declare as follows:

    1.   I am a Paralegal Specialist with the United States Attorney's Office, Tampa, Florida, in the Middle District of Florida.

    2.   My responsibilities include acting as a contact for the Freedom of Information Act/Privacy Act ("FOIA/PA") for the USAO/MDFL.  The FOIA/PA staff for the Executive Office for United States Attorneys ("EOUSA") in Washington, D.C, processes and responds to FOIA/PA requests located in the USAO/MDFL.

    3.   My duties include receiving and processing requests made pursuant to FOIA, 5 U.S.C. § 552, and/or the PA, 5 U.S.C. § 552a, for records maintained by, or located in the District.  Along with other paralegal specialists, I am responsible for searching for records responsive to FOIA/PA requests.

4.  The statements I make in this declaration are made on the basis of my review of the Official files and records of the USAO/MDFL, my own personal knowledge, and on the basis of knowledge acquired by me through the performance of my official duties.

5.  I am familiar with the procedures followed by the District in conducting searches for records responsive to FOIA/PA requests. Also, I am familiar with the FOIA requests submitted by Plaintiff, Gregg Thomas, dated November 7, 2014, which relates to FOIA Request No. 2015-00350.

6.  Mr. Thomas requested to receive "any and all records in the possession, custody or control of the United States Department of Justice, including without limitation the agencies described below, relating to an investigation, and complaints or requests for investigation, concerning recording(s) of Terry Gene Bollea a/k/a "Hulk Hogan" engaged in sexual relations with Heather Clem. This request includes, but it not limited to:

- records reflecting any communications with Mr. Bollea or his counsel;

- any statements made by Mr. Bollea or his counsel;

- any records concerning such video recording(s), including the recording(s) themselves;

- any records relating to the source and distribution of such video recording(s); and

- records relating to any attempt to disseminate such video recording(s), including any attempt to sell such video recording(s) to Mr. Bollea or his counsel."

7.  In mid-January 2015, I received Mr. Thomas's FOIA request for processing.  Marie Miller, our District FOIA coordinator, had conducted her search for documents and informed me that I should search files under the name of the target of the investigation  for potentially responsive records.  On January 8, 2015, Ms. Miller conducted a search for files and signed a

certification of search.  In her search, Ms. Miller contacted supervisory AUSA Robert Mosakowski to seek direction regarding this  FOIA request.  Being familiar with many cases in the criminal division, AUSA Mosakowski informed Ms. Miller of the identity of the Grand Jury AUSA ("GJ AUSA") who was handling the case involving Mr. Bollea.

8.  Once I received the assignment, I contacted the GJ AUSA who was assigned to this matter.  I realized Mr. Bollea was not a defendant or target of an investigation, but was regarded as a victim.   Realizing this was a FOIA request involving a request for third-party information, I contacted Donna Preston with EOUSA's FOIA/Privacy Act Staff via e-mail, for clarification. Ms. Preston instructed me that Mr. Thomas was entitled to "the records regarding the individuals for which he has authorization."

9.  The GJ AUSA  provided me with a red well folder containing the entire volume of documents and electronic recordings involved with the Grand Jury investigation of the target of the investigation.   Also, the GJ AUSA  conducted a search of her computer for electronic files and e-mails, and sent me,  via e-mail, files that she found on her computer.

10. After reviewing the files, I copied all the responsive documents and recordings.  I then met with the GJ AUSA  to review and sort the documents I had copied and scanned.  I divided the documents into three categories:  Correspondence, Attorney Work Product, FBI Agency records.

11.  Following my search, I reported the results of my searches to EOUSA on March 15, 2015.  On the following day, March 16, 2015, I forwarded copies of the disks containing recordings to EOUSA via Federal Express.

12.  All systems of records within the District likely to contain records responsive to Mr. Thomas's request have been searched.  The searches were conducted utilizing methods which

should identify any responsive records.  To my knowledge, there is no other location in the

USAO/MDFL where any other records which might be responsive to Mr. Thomas's request are

likely to be located.   I am not aware of any other method or means by which a further search

could be conducted, which would likely locate additional responsive records.

13.  This completes my affidavit.


Executed this 30th day of June, 2015, in Tampa, Florida.


BELINDA BROWN
Paralegal Specialist
Office of the U.S. Attorney
Middle District of Florida, Tampa Division
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
Telephone: (813) 274-6000