UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D.
THOMAS,

          Plaintiffs,                        Case No. 8:15-cv-01202-SCB-EAJ

v.

THE FEDERAL BUREAU OF INVESTIGATION
and THE EXECUTIVE OFFICE OF UNITED
STATES ATTORNEYS,

          Defendants,

TERRY GENE BOLLEA professionally known as
HULK HOGAN,

          Intervening Defendant.
_____/

**TERRY BOLLEA'S MOTION TO INTERVENE**
**& INCORPORATED MEMORANDUM OF LAW**

      Terry Gene Bollea, professionally known as Hulk Hogan, by counsel and pursuant to Rule 24, Fed. R. Civ. P., and Local Rule 3.01, moves for leave to intervene in this action and file motions to protect the confidentiality of records being produced in this action, and states in support as follows:

**INTRODUCTION**

      1.     In 2007, Mr. Bollea was secretly, and illegally, recorded naked and engaged in private, consensual intercourse in a private bedroom. He did not know that he was filmed, or that a recording existed, until 2012, when news reports began to surface about the possible existence of a sex tape (in March 2012) and of the actual existence of a sex tape (in April 2012). In 2012, someone tried to extort him with illegally and secretly recorded footage of him having

1

sex in a private bedroom—a crime which Bollea sought the assistance of the FBI to prosecute. Later that year, Gawker received, and then edited and published on the Internet, a "highlight reel" of illegally and secretly recorded footage of Mr. Bollea naked and having sex in a private bedroom, so that millions of people would go to Gawker's web environment to watch it, and thereby benefit Gawker in the millions of dollars.

2. Mr. Bollea promptly sued Gawker in October 2012 for its invasion of his privacy, misappropriation of his publicity rights, and violation of Florida's Security of Communications Act. This lawsuit has been extensively litigated before the Honorable Pamela A.M. Campbell in Circuit Court in Pinellas County, Florida, Case No. 12012447 CI-011, since 2012 (the "State Court Litigation").

3. The State Court Litigation is scheduled for a jury trial commencing July 6, 2015.

4. Plaintiffs are using this lawsuit filed under the guise of Freedom of Information Act ("FOIA") to claim that they are being denied "discovery" critical to their defense of the State Court Litigation—when discovery in the State Court litigation is already closed pursuant to the Order Setting Pre-Trial Conference and Jury Trial in the State Court Litigation.

5. Gawker's and Thomas's *sole* basis for this lawsuit is for "discovery" in the State Court Litigation, while knowing that fact discovery in the State Court Litigation closed on April 10, 2015. Gawker knew about the FBI's claim of exemption under the criminal investigative privilege for months before the discovery cut-off in the State Court Litigation—yet never filed any motion seeking leave from the State Court to extend discovery, nor has any extension been provided by the State Court. This fact renders Plaintiffs' FOIA lawsuit moot.

## BACKGROUND

5. On May 19, 2015, Gawker filed its Complaint for Declaratory and Injunctive relief seeking the disclosure of records held in the possession of the Federal Bureau of Investigation ("FBI") and the Executive Office of United States Attorneys ("EOUSA").

6. On May 20, 2015, Gawker filed its Dispositive Motion for Summary Judgment and Memorandum of Law ("Motion for Summary Judgment"). In support of the Motion for Summary Judgment, Gawker submitted the Confidential Declaration of Gregg D. Thomas ("Confidential Declaration"), which included a number of exhibits that have been designated as Confidential ("Confidential Documents") in the State Court Litigation pursuant to a Protective Order, a copy of which is attached as **Exhibit A** (the "Protective Order"). The Protective Order was entered based on the stipulation of the parties.

7. Neither Gawker nor its counsel of record in the State Court Action, Mr. Thomas, provided any notice to the state court judge or Mr. Bollea, prior to filing its pleading and documents that referenced confidential documents subject to the Protective Order.

8. The State Court's Protective Order provides a procedure pursuant to which Gawker and Thomas were required to seek leave and approval from the State Court to submit Confidential Documents to this Court. For whatever reason, Gawker and Mr. Thomas ignored that procedure as well as the State Court's authority, and instead chose to reference and rely on the Confidential Documents and invite this Court to review them *in camera* without any mention of the threshold requirement of providing notice and seeking leave from the state court judge, Judge Pamela A.M. Campbell.

9. Mr. Bollea is the victim of the crime that the FBI asserted to be the subject matter of a pending criminal investigation. Accordingly, Mr. Bollea has a vested interest in ensuring

that any criminal investigation and prosecution of those responsible for the crimes committed against him is not compromised by Gawker's untimely and improper efforts to use FOIA to conduct discovery.

10. Mr. Bollea has a substantial interest in protecting his privacy under Protective Orders entered in the State Court litigation, as well as his rights as the victim of multiple crimes. The FBI and EOUSA are not parties to the State Court Litigation and Protective Order, and therefore do not necessarily share Mr. Bollea's interests.

11. While Mr. Bollea was ordered in the State Court Litigation to execute, and did execute, a consent form permitting Mr. Thomas, on behalf of Gawker, to seek otherwise private records relating to Mr. Bollea that are in the possession of the FBI and/or the EOUSA, Mr. Bollea nonetheless maintains a privacy interest to prevent the dissemination of any documents produced by the FBI and/or the EOUSA to anyone other than Mr. Thomas or Gawker's other litigation attorneys, and to prevent the use of any such documents for any purpose other than the State Court Litigation.

12. The parties agreed to a protocol whereby documents produced by the FBI and/or the EOUSA in response to the FOIA request of Mr. Thomas and/or Gawker would be designated as confidential / attorney's eyes only under the protective order in place in that litigation. Further, any videos produced by the FBI and/or the EOUSA would be sent to the Special Discovery Magistrate in the State Court Litigation, Hon. James Case.

13. Mr. Bollea's interests are personal to him and cannot be adequately represented by the existing parties to this lawsuit. Intervention will allow Mr. Bollea to protect his interests without creating any undue prejudice to the existing parties. As such, Mr. Bollea requests that this Court grant him intervention as a matter of right under Federal Rule of Civil Procedure

24(a)(2); or, alternatively, permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B).

## MEMORANDUM OF LAW

### I.  Mr. Bollea Meets the Requirements for Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2) provides that, upon timely motion, the Court must permit anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A party seeking to intervene as a matter of right must show that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.  If he establishes each of the four requirements, the district court must allow him to intervene."  *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989) (internal citation omitted).  Here, Mr. Bollea meets each of these requirements.

####    1.    *Mr. Bollea's Motion to Intervene is Timely*

The Complaint in this matter was recently filed on May 19, 2015.  No party to the existing action will be prejudiced by Mr. Bollea's intervention because Gawker is abundantly aware of Mr. Bollea's position concerning the disclosure of the documents sought by Gawker via the State Court Litigation, because the issue was litigated for months in the State Court Litigation, because Mr. Bollea objected to Gawker's discovery of the government's criminal investigation files, and because Mr. Bollea and Gawker stipulated to the protocol for maintaining the confidentiality of documents produced by the FBI and/or the EOUSA.

### 2. *Mr. Bollea Has an Interest in the Underlying Action*

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial, and legally protectable." *Georgia v. United States Army Corps of Eng'rs,* 302 F.3d 1242, 1249 (11th Cir. 2002). "[A] legally protectable interest is an interest that derives from a legal right." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.,* 425 F.3d 1308, 1311 (11th Cir. 2005). "To determine whether a proposed intervenor possesses the requisite interest for intervention purposes, the Court looks at the subject matter of the litigation." *Fla. Med. Ass'n v. HEW,* 2011 U.S. Dist. LEXIS 109451 at *36 (M.D. Fla. 2011).

Here, the subject matter of this lawsuit is discovery for use in State Court litigation, in which Mr. Bollea is the plaintiff, and the FBI records concern Mr. Bollea and implicate his privacy rights. Mr. Bollea has substantial and legally protectable interests at issue in this proceeding.

The records that Gawker seeks likely contain information and content that implicate serious privacy concerns for Mr. Bollea. He unquestionably has a significant interest in protecting his right to privacy. Indeed, the Florida State Constitution affords its residents (including Mr. Bollea) a Constitutional right to privacy. As a corollary, he also has a significant interest in the protection from public dissemination of information collected by the FBI during its criminal investigation. The State Court Litigation is premised on the enforcement of Mr. Bollea's privacy rights, and the information sought in this action arises out of the same factual circumstances.

The outcome of this lawsuit may significantly prejudice Mr. Bollea in the State Court Litigation. For instance, the discovery deadline has passed in the State Court Litigation, yet

Gawker has explicitly stated its intent to use the documents obtained from the Freedom of Information Act ("FOIA") request for its defense in that action. *See* Plaintiff's Dispositive Motion for Summary Judgment and Memorandum of Law, pg. 2 (Doc. 5); Complaint for Declaratory and Injunctive Relief, ¶¶ 4, 15 (Doc. 1). Gawker has not sought leave from the State Court to extend the fact discovery cutoff for this purpose. All of this prejudice is secondary to the greatest possible harm, and the basis of Mr. Bollea's claim, which is the prevention of public dissemination of information relating to surreptitiously (and criminally) recorded private nudity and sexual activity.

### 3. *Mr. Bollea's Ability to Protect His Interest Will Be Undermined If He Is Not Permitted to Intervene*

In the event Bollea is not permitted to intervene in this matter, his ability to protect his interests – particularly his privacy rights, and rights under the State Court's Protective Orders – will be undermined. If the FBI and EOUSA records are disclosed to the public or used for any purpose other than the State Court Litigation, Mr. Bollea will be irreparably harmed.

### 4. *Mr. Bollea's Interests Are Not Adequately Represented By the Existing Parties to the Litigation*

"[T]he inadequate representation requirement is satisfied if the proposed intervenor shows that representation of his interest may be inadequate." *Chiles,* 865 F.2d at 1214 (11th Cir. 1989) (citations and quotations omitted). The burden of making this showing "'should be treated as minimal.'" *Id* (quoting *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10 (1972)).

Here, Mr. Bollea's interests in the underlying matter are personal to him, and, therefore, are not adequately represented by the existing parties to the litigation (the FBI, EOUSA, Gawker and Thomas). His privacy concerns and the potential prejudicial effect of the outcome of this

7

lawsuit on the State Court Litigation are interests that only affect Mr. Bollea. Further, the FBI and EOUSA do not have the same interest that Mr. Bollea has in enforcing the terms of the State Court Protective Order. As a result, he cannot rely on the existing parties to protect those interests.

## II.     Mr. Bollea also Satisfies the Requirements for Permissive Intervention

As set forth above, Mr. Bollea meets the requirements for intervention as of right under Rule 24(a). In the event this Court disagrees, Mr. Bollea seeks permissive intervention under Rule 24(b).

A party seeking permissive intervention must show that: "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles,* 865 F.2d at 1213; *see also* Fed. R. Civ. P. 24(b)(3). Here, there is no question that this Motion is timely because the Complaint in this matter was filed on May 19, 2015. A determination by this Court concerning the privacy and disclosure of the criminal investigation files sought by Thomas and Gawker will have an impact on Mr. Bollea's interests. Thus, a common question of fact exists. Indeed, this Court's order filed on May 22, 2015 states that the State Court Litigation is "related to the instant case." Accordingly, Mr. Bollea requests that this Court grant permissive intervention under Rule 24(b) in the event the Court concludes that Mr. Bollea is not entitled to intervention as of right.

## III.    Mr. Bollea's Motion for Protective Order Satisfies the Requirements of Rule 24(c)

Federal Rule of Civil Procedure 24(c) provides that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

The Eleventh Circuit has rejected a strict reading of Rule 24(c) requiring a "pleading" as it is defined in Rule 7 to be filed with a motion to intervene. *See Petrik v. Reliant Pharms., Inc.,*

2007 U.S. Dist. LEXIS 82037, 2007 WL 3283170 (M.D. Fla. 2007); *Piambino v. Bailey,* 757 F.2d 1112 (11th Cir. 1985); *Danner Construction Co. v. Hillsborough County,* 2009 U.S. Dist. LEXIS 79488, 2009 WL 2525486 (M.D. Fla. 2009). In *Danner Construction*, two proposed intervenors were permitted to intervene based upon motions to dismiss because "the Motions to Intervene and the Motions to Dismiss filed by the intervenors in this action give Danner notice of the 'position, claim, and relief sought.' The Motions state a defense to the action, as required by Rule 24(c), and do not prejudice the Plaintiffs since the motions 'clearly spell [] out [the intervenors'] position in the case.'" 2009 U.S. Dist. LEXIS 79488 at *6 (quoting *Petrik,* 2007 U.S. Dist. LEXIS 82037 at *7).

Mr. Bollea concurrently files a motion for protective order, meeting the requirements of *Danner Construction*. The Motion provides Gawker with notice of Mr. Bollea's position, claim, and relief sought.

## IV.   CONCLUSION

Mr. Bollea respectfully requests that the Court grant his motion to intervene, allow him to file his motion for protective order, and grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Kenneth G. Turkel*
Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt
Florida Bar No. 0257620
Christina Ramirez
Florida Bar No. 0954497
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193

Email: kturkel@bajocuva.com
Email: svogt@bajocuva.com
Email: ramirez.nina@gmail.com

-and-

Charles J. Harder, Esq.
PHV No. 102333
HARDER MIRELL & ABRAMS LLP
1925 Century Park East, Suite 800
Los Angeles, CA 90067
Tel: (424) 203-1600
Fax: (424) 203-1601
Email:  charder@hmafirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June, 2015, a true and correct copy of the foregoing is being electronically filed and will be furnished via CM/ECF to:

Gregg D. Thomas, Esquire
Rachel E. Fugate, Esquire
Thomas & LoCicero PL
601 S. Boulevard
Tampa, Florida 33606
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

Alia L. Smith, Esquire
Seth Berlin, Esquire
Levine Sullivan Koch & Schulz, LLP
1899 L. Street, NW, Suite 200
Washington, DC 20036
sberlin@lskslaw.com
asmith@lskslaw.com

Erik Kenneth Stegeby, Esquire
United States Attorney's Office – FLM
400 N. Tampa Street, Suite 3200
Tampa, FL  33602
Kenneth.Stegeby@usdoj.gov

/s/ *Kenneth G. Turkel*
Attorney