UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D. THOMAS,

Plaintiffs, Case No. 8:15-cv-01202-SCB-EAJ

v.

THE FEDERAL BUREAU OF INVESTIGATION and THE EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS,

Defendants,

TERRY GENE BOLLEA professionally known as HULK HOGAN,

Intervening Defendant.
______________________________________/

**TERRY BOLLEA'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW**

Terry Gene Bollea, professionally known as Hulk Hogan, by counsel and pursuant to Fed. R. Civ. Proc. 12 and 56, moves for a protective order, and in support states as follows:

**INTRODUCTION**

1. In 2007, Mr. Bollea was secretly, and illegally, recorded naked and engaged in private, consensual intercourse in a private bedroom. He did not know that he was filmed, or that a recording existed, until 2012, when news reports began to surface about the possible existence of a sex tape (in March 2012) and of the actual existence of a sex tape (in April 2012). In 2012, he was victimized twice more when (a) someone tried to extort him with illegally and secretly recorded footage of him having sex in a private bedroom—a crime which Mr. Bollea sought the assistance of the FBI to prosecute, and (b) Gawker Media, LLC ("Gawker") received,

and then edited and published to the Internet, a "highlight reel" of illegally and secretly recorded footage of Mr. Bollea naked and having sex in a private bedroom, so that millions of people would go to Gawker's web environment to watch it, and thereby benefit Gawker in the millions of dollars.

2. Mr. Bollea promptly sued Gawker in October 2012 for its invasion of his privacy, misappropriation of his publicity rights, and violation of Florida's Security of Communications Act. The case has been extensively litigated before the Honorable Pamela A.M. Campbell in Circuit Court in Pinellas County, Florida, Case No. 12012447 CI-011, since 2012 (the "State Court Litigation").

3. The State Court Litigation is scheduled for a jury trial commencing July 6, 2015. Fact Discovery is closed, and on May 29, 2015, Judge Campbell denied two extensively briefed summary judgment motions filed by Gawker seeking to dispose of all of Mr. Bollea's claims.

4. Gawker and its litigation attorney, Gregg D. Thomas, filed this lawsuit under the Freedom of Information Act ("FOIA") because they claim Gawker is being denied "discovery" critical to its defense of the State Court Litigation. This action was filed after discovery closed in the State Court Litigation, and after 2.5 years of litigation in that action.

5. Because Gawker is using this lawsuit to conduct discovery, its actions fall under the orders entered by Judge Campbell in the State Court Litigation. However, Gawker and Thomas have not sought Judge Campbell's permission to file this action in pursuit of "discovery" after the close of discovery in the State Court Litigation, nor have they taken steps to ensure that Judge Campbell's protective orders will be applied to any "discovery" they may obtain through this lawsuit. Mr. Bollea therefore must intervene in this action and file this

motion to ensure that any records produced by the FBI and/or the EOUSA are produced and handled in compliance with the State Court Protective Order.

6. Under the procedure agreed to by the parties in the State Court Litigation, any documents received by Gawker or Thomas from the FBI or the EOUSA are to be treated as "highly confidential – attorney's eyes only" under the State Court Protective Order until Mr. Bollea has an opportunity to review them.

7. Under the procedure agreed to by the parties in the State Court Litigation, any videos that are determined to be non-exempt will be produced by the FBI or the EOUSA to Hon James Case, the Special Discovery Magistrate in the State Court Litigation. The parties agreed that Gawker is not to see the videos and will only receive a transcript of any content that Judge Case determines to be relevant. Due to Judge Case's unavailability, and the July 6 trial date, Gawker has proposed that the videos are to be sent to Judge Campbell, the trial judge instead.

8. Thus, Mr. Bollea has a substantive right that these documents remain confidential. His privacy waiver, which was compelled by order of the Florida state court, is applicable solely to Mr. Thomas and the other Gawker litigation counsel, and solely with respect to discovery in the State Court Litigation. Therefore, this Court should enter a protective order requiring that Gawker and Mr. Thomas fully comply with the State Court Protective Order and prohibiting dissemination of these documents and videos other than as provided therein.

***A Protective Order Is Proper.***

9. In *In re Alexander Grant & Co. Litigation*, 820 F.2d 352 (11th Cir. 1987), the Eleventh Circuit upheld the issuance of a protective order under similar circumstances to the case at bar. The parties in *Alexander Grant* stipulated to a protective order with respect to the production of documents and information in discovery in their civil lawsuit. "The order was

intended to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material deemed worthy of protection. The terms of the order were precisely drawn. The parties enjoyed liberal access to all of the discovery materials and were prohibited from disseminating to non-litigants only those items designated by another party as confidential." *Id.* at 356. Further, "Although the duration of the disclosure restriction extended throughout the pretrial discovery process, no less onerous alternative existed". *Id.*

10. The *Alexander Grant* holding was as follows: "A district court has broad discretion when fashioning protective orders…. We conclude that in complex litigation where document-by-document review of discovery materials would be unpracticable, and when the parties consent to an umbrella order restricting access to sensitive information in order to encourage maximum participation in the discovery process, conserve judicial resources and prevent the abuses of annoyance, oppression and embarrassment, a district court may find good cause and issue a protective order pursuant to Rule 26(c)." *Id.* at 357.

11. Additionally, the *Alexander Grant* Court made clear that non-parties have no right to access documents that would not have been disclosed but for the discovery process. "The discovery process, as a "matter of legislative grace," is a statutorily created forum not traditionally open to the public…. Although information exchanged in pretrial discovery would often generate considerable public interest if publicly disseminated, private litigants have protectable privacy interests in confidential information disclosed through discovery." *Id.* at 355.

12. Accordingly, because Gawker's and Mr. Thomas's action seeks records and videos that they would not be entitled to (because of the FOIA privacy exemption) outside the

discovery process, good cause exists for this Court to enter orders ensuring that the State Court Protective Orders are followed and that such documents are produced only to Gawker's litigation counsel and only for the purposes of this litigation.

13. For the foregoing reasons, the motion for a protective order should be granted and this Court should enter an order that (1) any documents produced to Gawker and/or Mr. Thomas in this litigation be treated as highly confidential – attorney's eyes only under the State Court Protective Order, (2) any video footage be sent to either Judge Case or Judge Campbell pursuant to the parties' agreed discovery protocol, (3) any documents or video footage be used solely for the purpose of the State Court Litigation, and (4) no other party other than Gawker's litigation counsel may receive copies of the documents or videos.

Respectfully submitted,

*/s/ Kenneth G. Turkel*
Kenneth G. Turkel, Esq.
Florida Bar No. 867233
Shane B. Vogt
Florida Bar No. 0257620
Christina Ramirez
Florida Bar No. 0954497
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199
Fax: (813) 443-2193
Email: kturkel@bajocuva.com
Email: svogt@bajocuva.com
Email: ramirez.nina@gmail.com

-and-

Charles J. Harder, Esq.
PHV No. 102333
HARDER MIRELL & ABRAMS LLP
1925 Century Park East, Suite 800
Los Angeles, CA 90067
Tel: (424) 203-1600
Fax: (424) 203-1601

Email: charder@hmafirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June, 2015, a true and correct copy of the foregoing is being electronically filed and will be furnished via CM/ECF to:

Gregg D. Thomas, Esquire
Rachel E. Fugate, Esquire
Thomas & LoCicero PL
601 S. Boulevard
Tampa, Florida 33606
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

Alia L. Smith, Esquire
Seth Berlin, Esquire
Levine Sullivan Koch & Schulz, LLP
1899 L. Street, NW, Suite 200
Washington, DC 20036
sberlin@lskslaw.com
asmith@lskslaw.com

Erik Kenneth Stegeby, Esquire
United States Attorney's Office – FLM
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
Kenneth.Stegeby@usdoj.gov

/s/ *Kenneth G. Turkel*
Attorney