# Exhibit A

to the

# Declaration of Alia L. Smith

1

1          UNITED STATES OF AMERICA
          UNITED STATES DISTRICT COURT
2          MIDDLE DISTRICT OF FLORIDA
               TAMPA DIVISION
3
               - - -
4          HONORABLE SUSAN C. BUCKLEW
     UNITED STATES DISTRICT JUDGE PRESIDING
5               - - -

6   GAWKER MEDIA, LLC, ET. AL. )
                              )
7          PLAINTIFF,         )
                              )
8   VS.                       ) NO. 8:15-CV-1202-T-24EAJ
                              )
9   FBI, ET. AL.              )
                              )
10         DEFENDANTS.        )
    _____)
11

12                    **MOTION HEARING**

13          REPORTER'S TRANSCRIPT OF PROCEEDINGS
14                    **JUNE 24, 2015**
                    TAMPA, FLORIDA
15

16

17          MELISSA A. PIERSON, CA/CSR 12499,
               IL/CSR 084.003138, RPR
18          FEDERAL OFFICIAL COURT REPORTER
          801 N. FLORIDA AVENUE, 2ND FLOOR
19             TAMPA, FLORIDA 33602
               PH:  (813) 301-5336
20          USDCTRANSCRIPTS@GMAIL.COM

21

22

23

24

25

```
 1    APPEARANCES OF COUNSEL:

 2    ON BEHALF OF PLAINTIFF:
              Levine, Sullivan, Koch & Schultz, LLP
 3            BY:  Mr. Seth D. Berlin, Esq.
              BY: Ms. Rachel E. Fugate, Esq.
 4            1899 L. Street, NW
              St. 200
 5            Washington, DC 20036
              (202) 508-1122
 6            www.lskslaw.com

 7    Also present:  Ms. Heather Detrick

 8

 9    ON BEHALF OF DEFENDANTS:

10            United States Attorney
              Mr. A. Lee Bentley, III
11            BY:  Mr. Erik K. Stegeby, Esq.
              400 N. Tampa St.
12            St. 3200
              Tampa, FL 33602
13            (813) 274-6087
              Kenneth.Stegeby@usdoj.gov
14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

Case 8:15-cv-01202-SCB-E_J  Document 43-1  Filed 07/01/15  Page 4 of 10 PageID 760

16

```
1    been signed by Mr. Bollea, his attorneys, Ms. Cole, formally

2    known as Ms. Clem, I guess, they were forwarded, as I

3    understand it, along with the FOIA request, the supplemental

4    FOIA request on November 7, 2014, the FBI is no longer

5    asserting a privacy exemption.  We are only now working with

6    the law enforcement exemption?

7              MR. STEGEBY:  That's correct, your Honor.

8              THE COURT:  Okay.  So that's no longer an issue

9    with the FBI.

10             MR. STEGEBY:  That's correct, your Honor.

11             THE COURT:  It may be an issue with the Executive

12   Office of the US Attorney or you don't know?

13             MR. STEGEBY:  At this point, I don't know.

14             As far as the privacy goes, if we have the waivers,

15   if the waivers were indeed submitted with the FOIA request to

16   the EOUSA, they obviously have to go through those documents

17   again and redact only information that do not fall under the

18   waivers.

19             THE COURT:  Well, I assume they were submitted

20   because I was given a copy of the November 7th, I believe it

21   was, request and they seemed to be attached.  So I assumed

22   they were submitted.

23             All right.  Let me move on.  So now, the FBI is

24   asserting a law enforcement exemption as to some of the

25   documents or all of the documents.  I'm going to assume it's
```

1    Monday, including a holiday next week, Friday the 3rd is a

2    holiday, we are sort of out of time.  I am sympathetic very

3    much to government officials who are often overworked and

4    underpaid and do very, very good work, but this is a

5    situation where I feel like the burden that we're asking for

6    at this point, which is to finish the work on what is

7    essentially 1100 pages, is something that needs to happen.

8              There is one other piece to this that I want to

9    address, which is, that essentially what the Government is

10   saying, and it was unclear to me from your questions whether

11   this was entirely clear, but as I understand it, what the

12   Government is saying is, "We want to review the documents

13   twice.  We want to review them now for purposes of the law

14   enforcement exemption, and we're entitled to do that on a

15   category-by-category basis.  Right?  Here are the 302's.

16   Here are the emails.  And to give you a Vaughn index on

17   that."  And then, they are asking for, essentially, another

18   three months to take that same 1100 pages and go through it a

19   second time and see, what are the documents for which there

20   are -- is not a valid law enforcement objection or exemption?

21   Can we assert a separate exemption?  And to the extent that

22   is what is being requested, that can't be right.

23             THE COURT:  Is that right?  Is that's what's being

24   requested?

25             MR. STEGEBY:  Yes, your Honor.  And the reason for

UNITED STATES DISTRICT COURT

1  that is there's plenty of case law where courts have upheld

2  withholding of documents under 7(a) only, without touching

3  any underlying exemptions separately, because if 7(a) applies

4  to all of these documents, we win the summary judgment.  If

5  they apply to some of the documents, we win to that extent.

6  If the Court finds that 7(a) does not apply to anything, then

7  we have to go back and see if there are any other --

8       THE COURT:  Well, Mr. Stegeby, that doesn't make

9  any sense to me.  Why couldn't you have done that in the

10  first place?

11       MR. STEGEBY:  Because the FBI was concerned and

12  wanted to go through with this as quickly as possible, and to

13  bifurcate the review, we could speed it up.  If we are

14  ordered to produce a Vaughn index, we have to go through each

15  document line-by-line and pull out whatever exemptions apply

16  to whatever line that is.  That is a much more time consuming

17  effort rather than looking at a document to say, "This is

18  this kind of a document.  They apply to the -- or the 7(a)

19  law enforcement exemption applies."

20       THE COURT:  Well, it would be my intention, I mean,

21  at the conclusion of this, I'm going to give you a schedule,

22  and I'm going to order you to give me a Vaughn index and I'm

23  going to order you to give me a declaration.  I'm going to

24  expect to be able to rule based on that, and I'm going to

25  expect to tell you to turn over whatever documents that I

1    think you ought to turn over.  So I don't see this as a

2    two-part process.  The only exemption that anybody has

3    mentioned here is 7(a).

4             MR. BERLIN:  Your Honor, can I speak to that one

5    point.  Before you went to Mr. Stegeby this is exactly the

6    point that I wanted to make.

7             FOIA is not a process that is a serial process

8    where you say, "Oh, let's assert exemption 7(a).  That didn't

9    work.  Now let's assert a different exemption.  That didn't

10   work.  Let's assert a third exemption."

11            It is true that the review that is required for

12   some exemptions, which can be done by category and other

13   exemptions which need to be done line-by-line, is different.

14   There is no case that I'm aware that says you get to do this

15   bifurcated procedure.  Especially where we have now had two

16   rounds of making a request, getting a denial.  Making an

17   appeal, getting a denial.  And the only exemption that has

18   been asserted has been a law enforcement exemption.

19            In fact, the whole point of that process is

20   designed to crystalize those issues so that this does not end

21   up on your Honor's desk, right?  So we have a situation where

22   the only thing we've been given is there's a law enforcement

23   exemption, and we didn't even know until we filed suit and we

24   got their opposition to our summary judgment motion that it

25   wasn't a federal investigation.  So we spent a bunch of time

```
 1    in our administer of appeal demonstrating that based on all
 2    of the documentation that we had that there was no federal
 3    investigation pending or contemplated, only to have them say
 4    "Yes, you're right."  It's a big waste of everybody's time.
 5              THE COURT:  Apparently they didn't know either,
 6    though.
 7              MR. BERLIN:  Well, they knew on the 4th of February
 8    is what they are saying.
 9              THE COURT:  Well, you're right.
10              MR. BERLIN:  Our appeal was denied a couple months
11    after that.  So they knew that then and could have said it
12    was a non-federal investigation.  It would have saved
13    everybody a lot of time.
14              Here we are, and they tell us in the summary
15    judgment opposition brief, and we have a situation where
16    we're then -- and now we're being told we didn't raise any
17    other exemptions at all, but now we want to, you know, after
18    we're done, and after your Honor rules about the law
19    enforcement exemption, we want to do another set of
20    exemptions.  My view about that, your Honor, that those have
21    been waived.
22              These exemptions are not -- FOIA sets up a
23    statutory scheme where the exemptions are discretionary.
24    Except for Exemption 3, every one of these is discretionary.
25    The Government is not required to assert these, right?  If
```

1    the Government has discretionary exemption and they don't

2    assert it for eight months and then they come and say, "After

3    your Honor rules then we want an opportunity to assert that,"

4    I don't think there's a procedure where you get to give them

5    another round at this.  Even if we weren't under time

6    pressure, there is no case I'm aware of that says, "Let's go

7    back and do that a second time."

8            So at a minimum, it has to be in the Vaughn index,

9    but I would respectfully submit that that's just a sideshow

10   because the only one we are focused on now is the one they

11   raised, which is the law enforcement exemption.

12           THE COURT:  All right.  The way you see this,

13   Mr. Berlin, is that, all right, turn over the DVD'S or CD's

14   according to the process.

15           Turn over any materials, should there be any

16   materials, that Mr. Hardy, it was my understanding, was

17   suggesting there were, that they have determined to be

18   non-exempt.

19           And then, supply a Vaughn index and a declaration

20   sometime, say -- I've got to have some time to look at it, by

21   Tuesday, have a hearing on Thursday.  Friday is a holiday,

22   and your trial starts Monday.

23           MR. BERLIN:  And the trial starts Monday.

24           THE COURT:  I know.

25           MR. BERLIN:  I would add two things to that, if I

```
 1                      CERTIFICATE OF REPORTER

 2


 3    COUNTY OF HILLSBOROUGH     )

 4                               )  SS.

 5    STATE OF FLORIDA           )

 6


 7    I, MELISSA A. PIERSON, OFFICIAL COURT REPORTER, REGISTERED

 8    PROFESSIONAL REPORTER, IN AND FOR THE UNITED STATES DISTRICT

 9    COURT FOR THE MIDDLE DISTRICT OF FLORIDA, DO HEREBY CERTIFY

10    THAT I REPORTED, STENOGRAPHICALLY, THE FOREGOING PROCEEDINGS

11    AT THE TIME AND PLACE HEREINBEFORE SET FORTH; THAT THE SAME

12    WAS THEREAFTER REDUCED TO TYPEWRITTEN FORM BY MEANS OF

13    COMPUTER-AIDED TRANSCRIPTION; AND I DO FURTHER CERTIFY THAT

14    THIS IS A TRUE AND CORRECT TRANSCRIPTION OF MY STENOGRAPHIC

15    NOTES.

16

17

18    DATE: 6-24-15

19

20    S:/Melissa A. Pierson

21    MELISSA A. PIERSON, CA/CSR 12499

22    IL/CSR 084.003138, RPR

23    FEDERAL OFFICIAL COURT REPORTER

24

25
```