UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC, and
GREGG D. THOMAS,

       Plaintiffs,                        CASE NO.: 8:15-cv-1202-T-24EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS,

       Defendant,

vs.

TERRY GENE BOLLEA professionally known as
HULK HOGAN,

       Defendant
_____/

## ORDER

This cause comes before the Court on Terry Gene Bollea's (Bollea) Motion to Intervene (Dkt. 39) and Bollea's Motion for a Protective Order (Dkt. 40), both of which were filed on June 30, 2015 at 6:34 p.m. and 6:38 p.m., respectively. For the reasons stated herein, the Court GRANTS Bollea's Motion to Intervene for the limited purpose of the Court's consideration of the Motion for Protective Order and DENIES Bollea's Motion for Protective Order.

## Background

Currently before this Court is Gawker Media, LLC and Gregg D. Thomas' May 19, 2015 Complaint for Declaratory and Injunctive Relief brought under the Freedom of Information Act ("FOIA), 5 U.S.C. §§ 552, *et seq.*, seeking the release of agency records from the Federal Bureau

of Investigation ("FBI") and the Executive Office of the United States Attorneys ("EOUSA"). (Dkt. 1). Plaintiffs seek records from the FBI and EOUSA relating to an FBI investigation, conducted in 2012, into the source and distribution of video footage depicting Bollea engaged in a sexual affair with Heather Clem. Dkt. 1 at 1. Plaintiffs have filed a motion for summary judgment and Defendants have filed a response. Dkts. 5, 23. The Court held a hearing on June 24, 2015 after which the Court also ordered the FBI and EOUSA to turn over non-exempt documents by June 26, 2015[1], to submit categorical indexes of the documents for which they claimed a FOIA exemption and declarations in support of the indexes, and to produce two videos[2]. Dkt. 31. The Court also ordered the FBI and EOUSA to produce two audio recordings. Dkt. 36. Tomorrow, on July 2, 2015, the Court will hold a second hearing regarding the FOIA exemptions claimed by the FBI and the EOUSA in the categorical indexes and declarations filed by both the FBI (Dkts. 37, 38) and the EOUSA (Dkt. 37). Dkts. 31, 32.

Bollea, who seeks to intervene in this case, sued Gawker in state court for invasion of privacy, misappropriation of his publicity rights, and violation of Florida's Security of Communications Act. Dkt. 39, ¶ 2. That case is scheduled for a jury trial commencing on July 6, 2015. *Id.* On July 25, 2013, the state court entered a protective order, which was stipulated to by the parties to the state court litigation, and governs the designation and treatment of confidential information in the state court case.[3]

---

[1] The Court granted Defendants' request for an extension of time to turn over non-exempt documents and ordered that they be produced by July 1, 2015 at 12:00 p.m. Dkt. 36.
[2] The Court subsequently ordered Defendants to turn over three videos.
[3] Despite reference to the state court protective order as Exhibit A to the motion to intervene, the state court protective order is not attached to the motion. However, the Court has a copy and has read the order. *See* Dkt. 7-1.

**Motion to Intervene**

Bollea has filed a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure in order to "file motions to protect the confidentiality of records being produced in this action." Dkt. 39 at 1.  Bollea states that he has a substantial interest in protecting his privacy under the protective order and that the EOUSA and FBI, which are not parties to the state court case, do not necessarily share Bollea's privacy interests.  Dkt. 39, ¶ 10.  Thus, Bollea asserts that his privacy interests are personal to him and cannot be adequately represented by the existing parties to this lawsuit.  *Id.*, ¶ 13.

The Court must permit intervention under Fed. R. Civ. P. 24(a)(2) if (1) the application to intervene is timely; (2) the person has an interest relating to the property or transaction that is the subject of the action; (3) the person is so situated that disposition of the action may impede or impair his ability to protect the interest; (4) the person's interest is inadequately represented by the existing parties to the suit.  *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).  The Court agrees with Bollea that he meets the requirements for intervention.  The subject matter of this lawsuit is a FOIA request for documents for use in the state court case in which Bollea is the plaintiff.  Bollea's interests in this matter are personal to him and he cannot rely on the existing parties to this case to protect those interests.

Accordingly, the Court GRANTS Bollea's motion to intervene so that Bollea may file and the Court may consider the motion for protective order.

**Motion for Protective Order**

In the motion for protective order, Bollea asks the Court to "enter a protective order requiring that Gawker and Mr. Thomas fully comply with the State Court Protective Order and prohibiting dissemination of these documents and videos other than as provided therein." Dkt. 40,

¶ 8. Bollea also asks that the Court order that documents produced to Plaintiffs in this case by the FBI and EOUSA be treated as "highly confidential – attorney's eyes only" under the state court protective order, documents or video footage produced in this case be used solely for purposes of the state court litigation, and that no other party other than Gawker's litigation counsel may receive copies of the documents or videos.[4]  Dkt. 40, ¶ 13.

As an initial matter, this Court is not in the business of entering orders directing parties to comply with the order of a state court judge in a state court case.  Here, this Court is concerned with Plaintiffs' FOIA requests to the FBI and EOUSA and ensuring that the agencies fulfill their obligations under FOIA.  If Bollea desires an order requiring Gawker and Thomas to comply with the state court protective order, he should bring that matter to the attention of the state court judge.

The state court protective order was entered by Judge Campbell in the state court case on July 25, 2013 and, by its terms, governs documents "produced in th[e state court] action."  Dkt. 7-1, ¶ 5.  Despite Bollea's contention otherwise (Dkt. 40, ¶ 6), the protective order does not explicitly require that documents received by Gawker or Thomas from the FBI or the EOUSA be treated as "highly confidential – attorney's eyes only."  If Bollea believes different, that is a matter for the state court.

Bollea also expresses concern that Gawker's and Thomas' sole basis for filing this federal lawsuit is for discovery in the state court litigation and fact discovery in the state court litigation closed on April 10, 2015.  Again, this is a matter for the state court judge who is capable of dealing with any violation of her discovery deadlines.  However, it does not render Plaintiffs' FOIA lawsuit moot.

---

[4] Bollea asks that videos produced in this case be sent to the special discovery master Case in the state court case or to Judge Campbell, the state court presiding judge.  The Court already ordered as much with respect to the three videos.  *See* Dkt. 31.

Finally, Bollea asserts that the privacy waiver, which was submitted along with Plaintiffs' FOIA requests to the FBI and EOUSA, "is applicable solely to Mr. Thomas and the other Gawker litigation counsel, and solely with respect to discovery in the state court litigation." Dkt. 40, ¶ 8. However, the privacy waiver itself contains only two directives: (1) video footage should be released to Judge Case, and (2) non-video records should be released to Gregg Thomas. Dkt. 23-1 at 32. Those two directives have been followed in this case. Nothing more is required of this Court regarding compliance with or enforcement of the privacy waiver, especially as it may relate to the state court litigation.

Accordingly, this Court declines to enter an order directing the parties to comply with the protective order that is in effect in the state court litigation. Bollea's concerns are more appropriately directed to the state court judge. The motion for protective order is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of July, 2015.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record