**ATTACHMENT A**
(to Plaintiff's Objections to Defendant Agencies'
FOIA Responses, Vaughn Indexes and Declarations)

## Gawker's Objections to FBI's Vaughn Index

| Category | Bates Pages | Description | Claimed Exemptions | Objections |
|---|---|---|---|---|
| Category 1: Electronic Communication (Non-Internal, Non-FBI) | 1174, 1176, 1178 | Private Twitter Account Screenshots (dates redacted) | b6/7C-2,4 | Gawker objects to the invocation of the privacy exemption, without any information about why the disclosure of these documents (including even their dates) would constitute an unwarranted invasion of personal privacy. The redaction of the dates of these screenshots appears especially pointless. A separate document produced by the FBI, an email dated November 13, 2012, appears to reference to these screenshots, referring to "3 sets of tweets from this morning." Conf. Thomas Obj. Decl. Ex. 59-C (Gawker 1042). |
| Category 2: Legal Memo | 430-445 | Investigation overview and legal analysis dated February 8, 2013 | b5-1,2, b6/7C-2,3,4 | Gawker objects on the grounds that that this entry does not contain sufficient detail to determine whether any of the claimed exemptions actually applies. As the Court noted at the July 2 hearing, this entry does not explain "who is doing the investigating" or "who is doing the legal analysis" or "why . . . a privacy exemption" is being claimed, among other things. July 2, 2015 Hrg. Tr. at 28:25 – 29:10 (also stating , "I don't have enough information" to tell if the claimed exemptions are valid). |
| Category 3: Photographs/ Images | 350, 354 | Photographic images (undated) | b6/7C-2 | Gawker objects on the grounds that this entry does not contain sufficient detail to determine whether the privacy exemptions validly apply. As this Court noted at the July 2 hearing, "I just don't have enough description." July 2, 2015 Hrg. Tr. at 29:14-15. |
|  | 563 | Image of CD containing apology | b6/7C-1,2 | Gawker objects on the grounds that the entry does not contain sufficient detail to determine whether the privacy exemptions validly apply. As this Court noted at the July 2 hearing, "it's not properly described." July 2, 2015 Hrg. Tr. at 29:23. Gawker's best guess, including from the reference to an apology and the date, is that this is a photograph of a CD containing the apology Bubba the |

| Category | Bates Pages | Description | Claimed Exemptions | Objections |
|---|---|---|---|---|
| | | | | Love Sponge Clem publicly broadcast on the radio.  If so, there is no basis to conclude that disclosure of the image of the CD would constitute an unwarranted invasion of personal privacy. |
| Category 4: Correspondence | 122-23 | Correspondence dated Nov. 5, 2012 | b6/7C-1,2 b7E-1 | Gawker objects on the grounds that this entry does not contain sufficient detail to determine whether the claimed exemptions validly apply.   As this Court noted at the July 2 hearing: "I don't know, is this an email correspondence, is this a letter correspondence, I don't know who it's between, I don't know enough to make any kind of intelligent decision regarding any kind of privacy exemption on this."  July 2, 2015 Hrg. Tr. at 29:25 – 30:4.  To the extent that disclosure of any information in this correspondence might legitimately be deemed to be an unwarranted invasion of personal privacy or about a properly protected law enforcement technique, the FBI has not explained why such information cannot be redacted, and the remainder of the document produced. |
| Category 5: Database Report-Results-Printout | 221-222 359-362 | "eAgent" Reports (dated Dec. 4, 2012 and Dec. 14, 2012) | b6/7C-4 b7E-4 | Gawker objects on the grounds that this entry does not contain sufficient detail to determine whether the claimed exemptions validly apply.  It does not even explain what an "eAgent" report is.  Moreover, the FBI does not give any reasons why disclosure of the names of "third parties merely mentioned" would constitute an unwarranted invasion of personal privacy, see Obj. at 15-17, or why disclosure of a "printout" of a database (as opposed to access to the database itself) could somehow enable a criminal to circumvent the law, id. at 23-24.  Nor does it explain why, even if the privacy or law enforcement claims were proper, it could not simply redact the exempt information and produce the remainder of the documents. |

| Category | Bates Pages | Description | Claimed Exemptions | Objections |
|---|---|---|---|---|
| Category 6: Received Property/ Documents | 591-592 | Check related information/ copies | b6/7C-4 | Gawker objects on the grounds that this entry does not contain sufficient detail to determine whether the claimed exemption validly applies. As this Court noted at the July 2 hearing: "Again, I have no idea what we're talking about." July 2, 2015 Hrg. Tr. at 30:12-13. In addition, withholding this check appears to be pointless as it is described in numerous other documents produced. In addition, if that check is the one elsewhere described, one of the parties is a corporation that has no personal privacy interest. See FCC v. AT&T Inc., 562 U.S. 397, 409-10 (2011) ("We reject the argument that because 'person' is defined for purposes of FOIA to include a corporation, the phrase 'personal privacy' in Exemption 7(C) reaches corporations as well. The protection in FOIA against disclosure of law enforcement information on the ground that it would constitute an unwarranted invasion of personal privacy does not extend to corporations.").<br><br>To the extent that these documents contain legitimately private information, the FBI has not explained why the private information cannot be redacted and the remainder of the materials produced. |
| Category 7: Forms re Consensual Monitoring | 951-54<br>955-58<br>959-62<br>963-66<br>967-70<br>971-74 | FD-759 forms: "Approval for Electronic Monitoring – Not Requiring a Court Order" (dates redacted) | b6/7C-1,2,3<br>b6/7C-1,2,4 (page 968)<br>b7E-1 | Gawker objects on the grounds that this entry does not contain sufficient detail to determine whether the claimed exemptions validly apply. The FBI does not explain why the forms allegedly implicate privacy interests, or why disclosure of the information contained therein would allow criminals to circumvent the law (i.e., the showing that is required under Exemption (b)(7)(E)), particularly given that both transcripts and audio recordings of both telephone calls and the so-called "sting" operation on December 14, 2012 have already been produced. The FBI also does not explain why the dates needed to be redacted. |

| Category | Bates Pages | Description | Claimed Exemptions | Objections |
|---|---|---|---|---|
| Category 8: Federal Grand Jury Information | 977-78<br>981<br>986<br>990-92<br>996-98<br>1001-03<br>1008<br>1010-11<br>1015<br>1019<br>1022<br>1024<br>1026-28<br>1030-34<br>1037 | Responses to grand jury subpoenas; sealed court record (all dates redacted) | b3-1<br>b6/7C-1,2,4 | Gawker objects on the grounds that this entry does not contain sufficient detail to determine whether the claimed exemptions validly apply.<br><br>For each document, the FBI claims Exemption (b)(3) for grand jury materials. But neither the index entries or the Third Hardy Declaration indicate that the documents referenced here reflect matters that actually occurred before the grand jury or would somehow expose grand jury secrets. See Obj. at 21-22 (also questioning whether a grand jury was convened). As this Court explained at the July 2 hearing, "I'm not sure [the referenced documents] fall[] into [Exemption (b)(3)] without more information." July 2, 2015 Hrg. Tr. at 31:11-12. In any event, at a minimum, the redaction of the dates is improper. They do not reveal the inner workings of a grand jury.<br><br>Likewise, the FBI claims that the privacy exemptions apply to each of the documents, because they name FBI agents, "third parties of investigative interest," and "third parties merely mentioned." But, it has not (a) explained why the disclosure of any of these names would constitute an unwarranted invasion of personal privacy, especially if the identities are already known; (b) addressed the public interest in disclosure; or (c) explained why the documents could not properly be produced with redactions. See Obj. at 15-17. |