# EXHIBIT 5

to the

## DECLARATION OF GREGG D. THOMAS
## IN SUPPORT OF PLAINTIFFS' OBJECTIONS

1  CHARLES J. HARDER (State Bar No. 184593)
   JENNIFER J. McGRATH (State Bar No. 211388)
2  SARAH E. LUPPEN (State Bar No. 258559)
   HARDER MIRELL & ABRAMS LLP
3  1925 Century Park East, Suite 800
   Los Angeles, California 90067
4  Telephone:   (424) 203-1600
   Facsimile:   (424) 203-1601
5
   Attorneys for
6  TERRY GENE BOLLEA pka Hulk Hogan

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 2 0 2015

Sherri R. Carter, Executive Officer/Clerk
By Raul Sanchez, Deputy

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF LOS ANGELES**

10

11  TERRY GENE BOLLEA professionally known     Case No.: BS154295
    as Hulk Hogan,
                                               **OPPOSITION OF TERRY BOLLEA TO**
12                        Plaintiff,            **PETITION TO ENFORCE SUBPOENA;**
                                               **REQUEST FOR MONETARY**
13          vs.                                **SANCTIONS; DECLARATION OF**
                                               **CHARLES HARDER**
14  HEATHER CLEM, GAKWER MEDIA, LLC
    a/k/a Gawker Media; et al.,
15                                             **DATE:  May 1, 2015**
                                               **TIME:  8:30 a.m.**
16                        Defendants.          **DEPT:  31**

17                                             Hon. Samantha P. Jessner

18                                             Date Action Filed: March 13, 2015
                                               Trial Date: N/A
19

20  **I.     INTRODUCTION**

21          The petition filed by Gawker Media, LLC ("Gawker") to enforce the subpoena served on

22  non-party Keith Davidson, Esq. is procedurally defective and substantively meritless.  The

23  petition is procedurally defective for two reasons:  First, the fact discovery cut-off in the

24  underlying Florida action passed on April 10, 2015.  The Florida trial court specifically ruled that

25  "fact discovery after April 10, 2015 shall be permitted only as allowed by the Special Discovery

26  Magistrate, by the Court, or by stipulation of the parties."  Exhibit 1 at 5.

27          Gawker has been aware of the identity of Attorney Davidson since at the latest May 8,

28  2014, but Gawker did not issue a subpoena to him until December 2014; did not serve the

                                        - 1 -
        TERRY BOLLEA'S OPPOSITION TO PETITION TO ENFORCE SUBPOENA

1  subpoena until January 2015; and did not file its petition to enforce until March 2015.  Gawker

2  has not asked the Florida trial court or the Special Discovery Magistrate to extend the fact

3  discovery cut-off so it can take this discovery.  Second, Gawker failed to serve the required

4  separate statement that must be filed with any discovery motion, pursuant to California law.

5  Substantively, Gawker seeks documents of no relevance to the underlying Florida

6  proceedings.  The civil action in Florida arose out of Gawker's unlawful publication of a secretly

7  recorded video of Terry Bollea (Hulk Hogan) engaging in a private, consensual sexual encounter,

8  in a private bedroom (the "Sex Video").  Gawker posted the video at its celebrity tabloid site,

9  gawker.com, where millions of people viewed it.  The video leaves little to the imagination—it

10  shows Mr. Bollea fully naked and engaged in sexual intercourse. Mr. Bollea sued for invasion of

11  privacy and related claims, and the case centers on three issues (1) whether Mr. Bollea can

12  establish an invasion of his privacy; (2) whether Gawker's publication of the Sex Video is

13  protected by the First Amendment as a "matter of public concern"; and (3) Mr. Bollea's damages.

14  The discovery that Gawker seeks from Attorney Davidson does not concern **any** of these

15  issues.  There is no evidence that Attorney Davidson possesses any evidence that affirms or

16  negates Gawker's First Amendment defense, or possesses any evidence relating to Mr. Bollea's

17  damages claims.  Rather, Attorney Davidson was involved in an FBI investigation relating to an

18  attempt to extort money from Mr. Bollea by threatening to release recordings depicting Mr.

19  Bollea if Mr. Bollea did not pay money.  Gawker is attempting to find out if there are **other** sex

20  tapes—which Gawker has never seen before, and is not entitled to see—and to obtain copies of

21  any such tapes if they exist.  Such additional video footage, if it even exists, has nothing to do

22  with what **Gawker** did to Mr. Bollea.  Moreover, Gawker's celebrity tabloid site, gawker.com,

23  has already posted the Sex Video depicting Mr. Bollea, and presumably is attempting to obtain

24  additional secretly-filmed sex footage of Mr. Bollea, for purposes of posting that new footage at

25  gawker.com and thereby further violating Mr. Bollea's rights (and profiting from the millions of

26  people who would watch it at gawker.com).

27  Moreover, the Florida trial court has imposed strict limits on Gawker's discovery of Mr.

28  Bollea.  The Florida trial court entered a protective order that prohibits discovery of any sexual

1  relationship involving Mr. Bollea other than his relationship with Heather Clem, the woman

2  depicted in the Sex Video.  A second protective order was entered prohibiting Gawker from

3  obtaining any sex tapes in discovery other than the tape that it published.[1]

4        Additionally, Attorney Davidson raises the Fifth Amendment constitutional privilege

5  against self-incrimination (because the FBI investigated him in connection with a possible

6  extortion attempt).  Attorney Davidson also raises the attorney-client privilege in objecting to the

7  subpoena, because the subpoena seeks to obtain communication between Attorney Davidson as

8  his client(s).  Mr. Bollea joins in those objections as well, for two reasons:  first, because the

9  materials sought, including alleged sex videos, are private and should not fall into the hands of

10  Gawker, which runs a celebrity tabloid site that already published the Sex Video and would

11  potentially have the ability to post more secretly filmed sex footage in violation of Mr. Bollea's

12  rights, and second because if evidence that is obtained in violation of a constitutional or attorney

13  client privilege or work product is obtained and introduced, it could lead to potential reversal of a

14  judgment.

15        For the foregoing reasons, and as discussed below, the Court should deny Gawker's

16  petition in its entirety.  Moreover, because the petition lacks substantial justification, and violates

17  the Florida court's orders regarding the discovery cut-off and Mr. Bollea's privacy, the Court

18  should order Gawker to reimburse Mr. Bollea's for the reasonable attorney's fees that he was

19  required to incur to oppose the petition, in the amount of $6,140.  Harder Decl. ¶9.

20  **II.    STATEMENT OF FACTS**

21        The Florida action was filed in October 2012 after Gawker published at gawker.com a

22  surreptitiously recorded, explicit video depicting Mr. Bollea engaging in private, consensual

23  sexual relations in a private bedroom.  Mr. Bollea asserted causes of action for invasion of

24  privacy and related torts, and sought compensatory and punitive damages and injunctive relief.

25  Mr. Bollea moved for a temporary injunction in early 2013, and the parties set forth their

26  respective positions with respect to Gawker's conduct:  Mr. Bollea argued that Gawker's conduct

27

28  [1] If any other sex tapes are discovered to exist, they must be turned over to the Special Discovery Magistrate in the
action, and reviewed for any relevant evidence.

TERRY BOLLEA'S OPPOSITION TO PETITION TO ENFORCE SUBPOENA

1  constituted a tortious public disclosure of private facts, while Gawker argued that posting the Sex

2  Video was protected by the First Amendment because it was a "matter of public concern".

3      During Fall 2012, Mr. Bollea participated in an FBI sting operation relating to persons

4  who claimed to have recordings of Mr. Bollea engaged in sexual relations, and who were

5  attempting to extort money from Mr. Bollea in exchange for the delivery of those recordings.

6  Attorney Davidson, the witness herein, represented certain parties involved in that FBI sting.

7      Discovery has gone on in the Florida action for two years.  Repeatedly in the discovery

8  process in Florida, Gawker sought broad discovery of Mr. Bollea's sex life generally, even though

9  his general sex life has nothing to do with Gawker's publication of the Sex Video.  On February

10  26, 2014, the trial court in Florida entered a protective order prohibiting any discovery of Mr.

11  Bollea's sexual relationships, other than his relationship with Heather Clem, the woman depicted

12  in the video.  Then, on May 14, 2014, the trial court entered a further order that any video

13  recordings of sexual activity that were disclosed in discovery **other than** the 30 minute sex video

14  that was sent to Gawker would have to go to the Special Discovery Magistrate (i.e., discovery

15  referee) in the case would view the video, determine if any content was relevant and, if so,

16  provide a written transcript of the relevant material to the parties.

17      Mr. Bollea produced his communications with the FBI in discovery on May 8, 2014.

18  These communications revealed Attorney Davidson's identity and his involvement in the FBI

19  investigation.  Nonetheless, Gawker failed to issue its subpoena until December 2014; failed to

20  serve it until January 2015; and failed to move to enforce it until March 2015.

21      The Florida trial court entered an order setting a fact discovery cut-off of April 10, 2015.

22  The jury trial has been scheduled for July 6, 2015.  Gawker has not sought any relief with the trial

23  court in Florida to have the discovery cut-off extended in order to seek the nonparty discovery at

24  issue from Attorney Davidson.

25  **III.    THE SUBPOENA VIOLATES THE FLORIDA DISCOVERY CUT-OFF.**

26      The Florida trial court ordered that all fact discovery in the case be completed by April 10,

27  2015, except by order of the Court or the Special Discovery Magistrate or stipulation of the

28  parties.  (The expert discovery cutoff was set for April 13, 2015.)  The fact discovery cutoff has

TERRY BOLLEA'S OPPOSITION TO PETITION TO ENFORCE SUBPOENA

1   now passed.  Gawker has no basis for seeking fact discovery from Attorney Davidson after the

2   cut-off, and therefore is in violation of the Florida trial court's order by doing so.  (This is not the

3   first time that Gawker has ignored and violated the Florida trial court's order in this action; in

4   April 2013, Gawker refused to comply with the Florida trial court's temporary injunction order

5   requiring the removal of the Sex Video at issue and an accompanying narrative.  See Harder Decl.

6   ¶ 4.)

7        Gawker knew the identity of Attorney Davidson on May 8, 2014, when Mr. Bollea

8   produced his communications with the FBI to Gawker.  However, Gawker did not issue a

9   subpoena at that time.  Instead, Gawker delayed for months.  It eventually issued a subpoena in

10  December 2014, then waited to serve it until January 2015, and then waited to file a petition to

11  enforce it in March 2015.  By delaying in this manner, Gawker pushed the subpoena at issue far

12  past the fact discovery cut-off.

13       Gawker also has been aware since March 2015 that Mr. Bollea asserts the fact discovery

14  cut-off in opposition to the petition at issue.  However, Gawker has failed to seek any relief from

15  the Florida trial court or the Special Discovery Magistrate (as required by the Florida court order)

16  to permit Gawker to complete the discovery at issue of Attorney Davidson's records.  Having not

17  asked for or obtained relief from the Florida court order, the discovery at issue is prohibited by

18  the fact discovery cutoff.

19       Enforcement of the discovery cut-off in these circumstances is particularly important,

20  because (1) the Florida trial court entered the cut-off as part of a comprehensive case management

21  order, and its determinations regarding the timing and sequence of discovery are entitled to

22  deference; and (2) the jury trial is set for July 6, 2015, and continued discovery proceedings will

23  seriously impede the parties from being able to prepare for trial – which was the entire point of

24  having a discovery cut-off in the first place.

25  **IV.   GAWKER'S PETITION SHOULD BE DENIED BECAUSE GAWKER FAILED**

26  **        TO SUBMIT A SEPARATE STATEMENT, AS REQUIRED BY THE**

27  **        CALIFORNIA RULES OF COURT.**

28

1    Pursuant to California Rule of Court 3.1345(a)(3), Gawker is required to file a separate

2 statement in support of its petition to enforce its subpoena.  This statement is necessary to set out

3 the precise discovery at issue, and the precise reasons why such discovery should be compelled.

4 Gawker failed to comply with this order, thereby prejudicing Mr. Bollea and Attorney Davidson,

5 and severely inconveniencing this Court and counsel for Mr. Bollea and Attorney Davidson.  The

6 petition should be denied on this ground as well.  *See Mills v. U.S. Bank*, 166 Cal. App. 4th 871,

7 879 (2008) (where moving party's separate statement failed to comply with predecessor to Rule

8 3.1345(a)(3), the trial court was well within its discretion to deny the motion to compel discovery

9 on that basis).

10  **V.    GAWKER'S PETITION SEEKS DISCLOSURE OF SENSITIVE, PRIVATE**

11  **MATTERS THAT ARE NOT RELEVANT TO THE FLORIDA ACTION AND**

12  **HAVE BEEN RULED OFF LIMITS BY THE FLORIDA TRIAL COURT.**

13    As set forth above, the discovery at issue does not concern the claims and defenses in the

14 case.  Attorney Davidson has no evidence that would affect Gawker's First Amendment defense,

15 or evidence that relates to Mr. Bollea's damages.  Gawker appears to be hoping that it can

16 discover from Attorney Davidson the existence of **additional** alleged sex footage (i.e., beyond the

17 sex footage that Gawker previously received), which would be a continuation of Gawker's

18 attempts to invade Mr. Bollea's privacy.  The discovery is not relevant, is invasive of Mr.

19 Bollea's privacy rights (which are constitutionally protected in Florida as they are here in

20 California), and is inconsistent with several court orders entered in the Florida action.

21    The discovery sought is not relevant for the simple reason that it does not relate to the

22 claims and defenses in the case and is not reasonably likely to lead to the discovery of admissible

23 evidence.  Gawker's petition does not articulate **how** continued discovery into the extortion

24 matter will assist it in asserting its First Amendment defenses at trial or negating Mr. Bollea's

25 damages.  Fla. R. Civ. Proc. 1.280(b)(1) (discovery must be relevant to the subject matter and

26 reasonably calculated to lead to the discovery of admissible evidence).  Indeed, as the moving

27 party, **Gawker bears the burden** on this issue, and fails to meet that burden.

28

TERRY BOLLEA'S OPPOSITION TO PETITION TO ENFORCE SUBPOENA

1    Gawker argues that the documents are "potentially relevant," but does not articulate any

2    theory why, instead simply noting that the Florida court compelled production of Mr. Bollea's

3    communications with the FBI (which Mr. Bollea produced).  However, Gawker fails to articulate

4    any theory as to how the Davidson documents that it seeks would be actually relevant, as opposed

5    to "potentially" relevant, to the Florida law.

6    In addition, the discovery touches on private sexual matters that are not discoverable

7    under Florida law (or California law, for that matter) absent the strongest showing of relevance.

8    Florida's Constitution, like California's, recognizes a right to privacy.  Fla. Const. Art. 1 § 23.

9    Thus, private sexual matters are nondiscoverable absent the strongest showing of relevance.

10   *South Florida Blood Service, Inc. v. Rasmussen*, 467 So.2d 798, 801 (Fla. App. 1985) (identities

11   of donors to blood bank non-discoverable because discovery could reveal donors with STD's and

12   thus disclose their private sex lives).  California's Constitution, Article I, Sec. 1, states:  "All

13   people are by nature free and independent and have inalienable rights. Among these are enjoying

14   and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and

15   obtaining safety, happiness, **and privacy**." (Emphasis added.)  *Tylo v. Superior Court*, 55 Cal.

16   App. 4th 1379 (1997) (holding that intrusive questions about actress' sex life were impermissible

17   in a wrongful termination action).

18   In recognition of the strict standards for discovery of private sexual matters under Florida

19   law, the trial court entered two protective orders strictly limiting Gawker's discovery of such

20   material.  First, Gawker was not permitted to discover **anything** related to any relationships Mr.

21   Bollea had with any person other than Heather Clem.  Second, Gawker was not permitted to

22   discover the contents of any other sex tapes that were disclosed in discovery; rather, such tapes

23   would only be viewed by the Special Discovery Magistrate who would then decide whether to

24   provide the parties with a written transcript of any content therein which he deemed relevant.

25   Gawker's discovery requests to Attorney Davidson are an attempt to circumvent these

26   orders and invade Mr. Bollea's privacy by attempting to obtain discovery of **other** alleged sex

27   footage (i.e., not merely the video that Gawker received).  This material, if it even exists, would

28   have nothing to do with Mr. Bollea's lawsuit or Gawker's defenses thereto, and would contain

- 7 -

1 | private sexual matters that are not discoverable under Florida law and the Florida trial court's
2 | orders.  Thus, discovery should be denied.

3 | **VI.   MR. BOLLEA JOINS IN DAVIDSON'S OBJECTIONS TO THE SUBPOENA.**

4 |      Attorney Davidson has interposed serious objections to the subpoena based on the Fifth
5 | Amendment to the U.S. Constitution, and also the attorney-client privilege and attorney work
6 | product doctrine.  Mr. Bollea joins in those objections.

7 | **VII.  THE COURT SHOULD ORDER GAWKER TO PAY MR. BOLLEA'S**
8 | **ATTORNEY'S FEES.**

9 |      Gawker's motion was filed and maintained in clear violation of the fact discovery cut-off
10 | in Florida.  Moreover, Gawker's substantial and unjustified delay in both serving, and seeking to
11 | enforce, its subpoena caused this matter to extend until the fact discovery cutoff.  Moreover,
12 | Gawker's subpoena seriously violates Mr. Bollea's privacy rights and attempts to thwarts the
13 | privacy protections put in place by the Florida trial court.  Accordingly, Gawker's motion lacks
14 | substantial justification.  Code Civ. Proc. § 2023.010(h); *Espinoza v. Classic Pizza, Inc.*, 114 Cal.
15 | App. 4th 968, 975-76 (2003) (service of second subpoena in violation of court's order merited
16 | discovery sanction).  Gawker therefore should be ordered to reimburse Mr. Bollea for the
17 | attorney's fees that he was required to incur to oppose the petition, as a monetary sanction, in the
18 | amount of $6,140.  Harder Decl., ¶ 9.

19 | **VIII. CONCLUSION**

20 |      For the foregoing reasons, Gawker's petition should be denied in its entirety, and this
21 | Court should order Gawker to pay Mr. Bollea's reasonable attorney's fees.

23 | DATED: April 20, 2015           HARDER MIRELL & ABRAMS LLP

25 |              By:   *Jennifer J. McGrath*
26 |                  JENNIFER J. MCGRATH
27 |                  Attorneys for TERRY GENE BOLLEA
28 |                  professionally known as Hulk Hogan

- 8 -