# EXHIBIT 26

to the

**DECLARATION OF GREGG D. THOMAS
IN SUPPORT OF PLAINTIFFS' OBJECTIONS**

IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

| | |
|---|---|
| THE FLORIDA BAR, | Supreme Court Case No. SC14-1052 |
| Complainant, | |
| v. | The Florida Bar File No. 2013-10,735 (13F) |
| STEPHEN CHRISTOPHER DIACO, | |
| Respondent. | |
| _____/ | |
| THE FLORIDA BAR, | Supreme Court Case No. SC14-1054 |
| Complainant, | |
| v. | The Florida Bar File No. 2013-10,736 (13F) |
| ROBERT D ADAMS, | |
| Respondent. | |
| _____/ | |
| THE FLORIDA BAR, | Supreme Court Case No. SC14-1056 |
| Complainant, | |
| v. | The Florida Bar File No. 2013-10,737 (13F) |
| ADAM ROBERT FILTHAUT, | |
| Respondent. | |
| _____/ | |

## REFEREE'S PRELIMINARY FINDINGS OF FACT
## AND CONCLUSIONS OF LAW FOLLOWING TRIAL

Based upon the Parties' stipulation and request, the Referee agreed to bifurcate the trial of this matter. The initial evidence and testimony was received solely to determine if Respondents had committed acts that violated the Standards of Conduct and Rules of Professional Conduct of the Rules Regulating Members of The Florida Bar. The presentation of evidence and testimony concerning the penalties to be recommended by the Referee was deferred, should it be necessary, pending these preliminary findings and conclusions. A more expansive narrative of the facts and law relied upon by the Referee will be included in the Referee's Report submitted to the Florida Supreme Court at the conclusion of these proceedings.

## FINDINGS OF FACT

The Referee finds from clear and convincing evidence presented during the trial, including all permissible inferences derived therefrom, the following ultimate facts:

1. Respondents, STEPHEN CHRISTOPHER DIACO, ESQ. ("DIACO"), ROBERT D. ADAMS, ESQ. ("ADAMS"), AND ADAM ROBERT FILTHAUT, ESQ. ("FILTHAUT"), members of Adams & Diaco, PA, conspired among themselves and with others to deliberately and maliciously affect the arrest of C. Philip Campbell, Esq., an opposing attorney, solely to obtain an advantage in an ongoing high-profile jury trial in which the Respondents' firm was engaged.

2. On January 24, 2013, the Respondents DIACO and ADAMS became aware that the trial briefcase belonging to C. Philip Campbell, Esq. had been left in the car of Adams & Diaco, PA's paralegal Melissa Personius, when Mr. Campbell was arrested. Neither Respondents DIACO, ADAMS, nor Brian Motroni, another member of the firm who also learned this fact, made any effort to immediately return Mr. Campbell's property to him or to advise him of their possession of it.

3. Respondent DIACO, following a hearing on January 24, 2013, before Presiding Judge Arnold in which all parties agreed to a brief continuance of the ongoing jury trial, made public statements to the news media criticizing the conduct of C. Philip Campbell, Esq. and falsely claiming that Respondent did not agree with the recess of the trial. Respondent DIACO's comments failed to disclose his own active participation in the events that resulted in the recess or the participation of Respondents ADAMS, FILTHAUT, and others.

4. Respondents DIACO and ADAMS were attorneys with supervisory authority over associate attorney Respondent FILTHAUT, associate attorney Motroni, and

2

nonlawyer employee Melissa Personius. Both Respondents DIACO and ADAMS failed or refused to properly supervise associate attorneys Respondent FILTHAUT and Motroni and nonlawyer employee Melissa Personius.

5. The actions of the Respondents, as set out above, and subsequent efforts to cover up or otherwise destroy evidence of those actions were intended to disrupt, unfairly influence and/or otherwise prejudice the tribunal, the administration of justice, opposing attorney C. Philip Campbell, Esq., and/or opposing parties in ongoing litigation in which the Respondents' law firm was engaged.

## CONCLUSIONS OF LAW

### I.   STEPHEN CHRISTOPHER DIACO

A. Respondent DIACO violated **Rule 3-4.3** (Misconduct and Minor Misconduct) by conspiring with Respondents ADAMS and FILTHAUT, employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., and then covering up or otherwise destroying evidence of his participation in that conspiracy.

B. Respondent DIACO violated **Rule 4-3.4(a)** (Unlawfully Obstruct Another Party's Access to Evidence or Other Material) by deliberately obstructing or concealing the trial bag of C. Philip Campbell, Esq., erasing data on his cell phone that he knew to be relevant, refusing to produce his cell phone or information about his cell phone provider at the January 25, 2013 hearing, and otherwise concealing his cell phone and its contents that he knew or should have known were relevant to a pending or reasonably foreseeable proceeding.

C. Respondent DIACO violated **Rule 4-3.4(g)** (Present, Participate in Presenting, or Threaten to Present Criminal Charges Solely to Obtain an Advantage in a Civil Matter) by conspiring with Respondents ADAMS and FILTHAUT, employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., for the sole purpose of gaining an advantage in ongoing litigation.

D. Respondent DIACO violated **Rule 4-3.5(c)** (Conduct Intended to Disrupt a Tribunal) by conspiring with Respondents ADAMS and FILTHAUT, employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., an opposing attorney in a much-publicized ongoing jury trial in which the Respondent's law firm was engaged.

E. Respondent DIACO violated **Rule 4-3.6(a)** (Prejudicial Extrajudicial Statements Prohibited) by making statements to the media on January 24, 2013 regarding: his disagreement with the Court's granting a stipulated trial recess; the arrest of C. Philip Campbell, Esq.; and the work ethic and prior history of Mr. Campbell. All statements

3

were made with the knowledge that there was a substantial likelihood of materially prejudicing the ongoing jury trial.

F. Respondent DIACO violated **Rule 4-4.4(a) and (b)** (Respect for Rights of Third Persons) by failing to immediately notify C. Philip Campbell, Esq. or his firm that Respondent DIACO and/or his employees were in possession of Mr. Campbell's trial bag and by retaining possession of the bag for hours after it had been discovered.

G. Respondent DIACO violated **Rule 4-5.1(c)** (Responsibilities of Partners, Managers and Supervisory Lawyers) by deliberately conspiring with or otherwise ordering or ratifying the actions of Respondents ADAMS and FILTHAUT regarding the actions taken to affect the arrest of C. Philip Campbell, Esq. and/or failing to take remedial action to avoid or mitigate the foreseeable potential results of those wrongful actions. Further Respondent DIACO ordered or otherwise ratified the conduct of associate Brian Motroni in retaining the trial bag of opposing counsel and failing to notify Mr. Campbell or Mr. Campbell's firm regarding his possession or knowledge regarding it. As an attorney with managerial authority, Respondent DIACO was responsible for the conduct of Respondent FILTHAUT and attorney Brian Motroni.

H. Respondent DIACO violated **Rule 4-5.3(a), (b), and (c)** (Responsibilities Regarding Nonlawyer Assistants) by conspiring with, directing and/or ratifying the conduct of his nonlawyer employee, Melissa Personius regarding her actions on January 23, 2013 to affect the arrest of C. Philip Campbell, Esq., by failing to take appropriate remedial action when he knew that the consequences of her conduct could be avoided, and by failing to make reasonable efforts to ensure that her conduct was compatible with Respondent's professional obligations regarding the possession of Mr. Campbell's trial bag. As an attorney with managerial authority, Respondent DIACO was responsible for the conduct of Melissa Personius.

I. Respondent DIACO violated **Rule 4-8.4(a), (c), and (d)** (Violating or Promoting Violation of Rules of Professional Conduct; Engaging in Conduct Involving Dishonesty, Fraud or Deceit; Conduct in Connection with the Practice of Law that Is Prejudicial to the Administration of Justice) by conspiring with Respondents ADAMS and FILTHAUT, nonlawyer employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., and then covering up or otherwise destroying evidence of his participation in that conspiracy. Respondent DIACO further engaged in fraudulent, dishonest or deceitful conduct by lying to Judge Arnold on January 25, 2013 regarding his knowledge of his cell phone provider, and his recollection of discussions or communications with Melissa Personius and Respondent FILTHAUT on the evening of January 23, 2013. He further engaged in misleading and deceitful conduct by making public statements to the news media that were intended to embarrass and humiliate opposing counsel in regards to his arrest for DUI on the previous evening without disclosing Respondent DIACO's own active role in those events or the role played by the other Respondents, his employee Melissa Personius, and that of Sergeant Raymond Fernandez. In addition, this conduct delayed the ongoing litigation and required Judge Arnold to interview the jurors regarding this trial publicity.

4

## II.     ROBERT D. ADAMS

A. Respondent ADAMS violated **Rule 3-4.3** (Misconduct and Minor Misconduct); **Rule 4-3.4(g)** (Present, Participate in Presenting, or Threaten to Present Criminal Charges Solely to Obtain an Advantage in a Civil Matter); and **Rule 4-3.5(c)** (Conduct Intended to Disrupt a Tribunal) by conspiring with Respondents DIACO and FILTHAUT, employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., for the sole purpose of obtaining an unfair advantage in ongoing civil litigation, and then covering up or otherwise destroying evidence of his participation in that conspiracy.

B. Respondent ADAMS violated **Rule 4-3.4(a)** (Unlawfully Obstruct Another Party's Access to Evidence) and **Rule 4-4.4(a)** (Respect for Rights of Third Persons) by failing to immediately notify C. Philip Campbell, Esq. that a member of the firm or its employee was in possession of his trial bag; erasing his cell phone messages or otherwise concealing his cell phone that he knew or should have known was relevant to a pending or reasonably foreseeable proceeding.

C. Respondent ADAMS violated **Rule 4-5.1(c)** (Responsibilities of Partners, Managers, and Supervisory Lawyers) by participating in the conspiracy, which included associate attorney Respondent FILTHAUT, to affect the arrest of C. Philip Campbell, Esq. Respondent ADAMS ordered Respondent FILTHAUT to contact Sergeant Raymond Fernandez of the Tampa Police Department in furtherance of the effort to affect Mr. Campbell's arrest; Respondent ADAMS was aware of Respondent FILTHAUT's improper conduct and ratified it; and Respondent ADAMS failed to take remedial action at a time when the consequences of that improper conduct could have been avoided or mitigated. As an attorney with managerial authority, Respondent ADAMS was responsible for the conduct of Respondent FILTHAUT.

D. Respondent ADAMS violated **Rule 4-5.3(a) and (b)** (Responsibilities Regarding Nonlawyer Assistants) by conspiring with, directing and/or ratifying the conduct of his nonlawyer employee, Melissa Personius regarding her actions on January 23, 2013 to affect the arrest of C. Philip Campbell, Esq., and by failing to take appropriate remedial action when he knew that the consequences of her conduct could be avoided. As an attorney with managerial authority, Respondent ADAMS was responsible for the conduct of Melissa Personius.

E. Respondent ADAMS violated **Rule 4-8.4(a), (c), and (d)** (Violating or Promoting Violation of Rules of Professional Conduct; Engaging in Conduct Involving Dishonesty, Fraud or Deceit; Conduct in Connection with the Practice of Law that Is Prejudicial to the Administration of Justice) by conspiring with Respondents DIACO and FILTHAUT, employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., for the sole purpose of obtaining an unfair advantage in ongoing civil litigation, and then covering up or otherwise destroying evidence of his participation in that conspiracy. In addition, this

5

conduct delayed the ongoing litigation and required Judge Arnold to interview the jurors regarding trial publicity.

### III. ADAM ROBERT FILTHAUT

A. Respondent FILTHAUT violated **Rule 3-4.3** (Misconduct and Minor Misconduct) by conspiring with Respondents DIACO and ADAMS, employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., for the sole purpose of obtaining an unfair advantage in ongoing civil litigation, and then covering up or otherwise destroying evidence of his participation in that conspiracy.

B. Respondent FILTHAUT violated **Rule 4-3.4(a)** (Unlawfully Obstruct Another Party's Access to Evidence) by deliberately erasing his cell phone data and/or concealing or secreting his cell phone that he knew or should have known was relevant to a pending or reasonably foreseeable proceeding.

C. Respondent FILTHAUT violated **Rule 4-3.4(g)** (Presenting or Participating in Presenting Criminal Charges Solely to Obtain an Advantage in a Civil Matter) and **Rule 4-3.5(c)** (Conduct Intended to Disrupt a Tribunal) by conspiring with Respondents DIACO and ADAMS, employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., for the sole purpose of obtaining an unfair advantage in ongoing civil litigation.

D. Respondent FILTHAUT violated **Rule 4-8.4(a), (c), and (d)** (Violating or Promoting Violation of Rules of Professional Conduct; Engaging in Conduct Involving Dishonesty, Fraud or Deceit; Conduct in Connection with the Practice of Law that Is Prejudicial to the Administration of Justice) by conspiring with Respondents DIACO and ADAMS, employee Melissa Personius, and Sergeant Raymond Fernandez of the Tampa Police Department to affect the arrest of C. Philip Campbell, Esq., for the sole purpose of obtaining an unfair advantage in ongoing civil litigation, and then covering up or otherwise destroying evidence of his participation in that conspiracy. Respondent FILTHAUT further engaged in dishonesty, deceit and/or misrepresentation when he failed to disclose to Sergeant Fernandez that Mr. Campbell was the opposing attorney in a high profile civil action that was then currently being defended by the Adams & Diaco law firm. In addition, this conduct delayed the ongoing litigation and required Judge Arnold to interview the jurors regarding trial publicity.

Submitted and distributed this 7th day of July, 2015 at Clearwater, Pinellas County, Florida.

W. Douglas Baird, Referee

6