# EXHIBIT 32

to the

**DECLARATION OF GREGG D. THOMAS
IN SUPPORT OF PLAINTIFFS' OBJECTIONS**

# LAW OFFICE OF
# DAVID R. HOUSTON
*STATE AND FEDERAL CRIMINAL DEFENSE*

**Criminal Law Office**

**David R. Houston, Esq.**
*Attorney*
**Kc Rosser**
*Business Manager*
**Lisa Bailey**
*Legal Assistant*
**Lisa Bartels**
*Secretary*

3 February 2012

Madonna
c/o Guy Oseary
Untitled Entertainment

NBC / Universal
Mark Lazarus
Chairman of NBC Sports

Madonna
c/o Interscope Records
Jimmy Iovine/ Steve Berman

National Football League
Rodger Goodell
Commissioner of the NFL

*Re:   Joe Francis*
*Girls Gone Wild v. Madonna*
**CEASE AND DESIST**

To All Interested Parties:

I am litigation counsel for Joe Francis and Girls Gone Wild.  As you are aware, Mr. Francis has pioneered a brand for many years known as Girls Gone Wild.  I am writing this document to protect my clients' intellectual property rights.

We became aware through this morning's presale release on Apple ITunes of Madonna's new album MDNA, and that the number one song on the album is entitled Girls Gone Wild.

Mr. Francis and Girls Gone Wild have worked tirelessly for an excess of two decades to build his brand and to protect his trademark Girls Gone Wild.

Obviously, your misappropriation of my clients' trademark will not to be tolerated.

Girls Gone Wild's trade identity and trademark are extremely valuable assets which my clients protect

vigorously.

My research indicates, and numerous news articles have mentioned, that Madonna plans to perform publicly the song entitled Girls Gone Wild at this Sunday's Super Bowl on February 5, 2012. It is clear Madonna is making unauthorized commercial use of Girls Gone Wild's trademark.

Your attempt to "free ride" on the valuable consumer goodwill and brand recognition of my clients' trademark constitutes, inter alia, unfair competition, and false designation of origin, trademark infringement, and trademark dilution.

In addition, Madonna and her co-conspirators have violated Federal and State trademark laws by making unauthorized use of Mr. Francis' trademark Girls Gone Wild in not only the title, but subject line of her various advertisements in order to lure potential consumers to purchase her latest musical effort.

My client has not given any license to use his trademark. Nevertheless, Madonna's efforts have made commercial use in commerce of these marks in an effort to sell her particular product which constitutes inter alia, unfair competition, false designation of origin, infringement, and dilution of my clients' trademark rights. Given that such violations are willful, Madonna and her co-conspirators may well be liable for profits derived from her unlawful use of the Girls Gone Wild trademark, for actual damages, enhanced damages, and attorney's fees.

My client is ready and willing to pursue legal action against Madonna and her co-conspirators for her flagrant attempt to syphon value form Girls Gone Wild trade identity. Nonetheless, costly and extensive litigation may be avoided if Madonna and each of her co-conspirators immediately agree to the following: (1) cease and desist all use of Girls Gone Wild trade identity and trademark; (2) account for the number of times Madonna and her co-conspirators have utilized the phrase Girls Gone Wild representing a violation of my clients' trade identity and trademark; (3) negotiate an immediate licensing agreement for use of the Trademark; (4) agree to pay Mr. Francis' attorney's fees associated with this matter; and (5) agree that Madonna shall not perform or market the song at the Super Bowl this Sunday. We look forward to receiving your response no later than 5:00pm February 3, 2012.

Sincerely,

David R. Houston

DRH:kc