UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D.
THOMAS,

       Plaintiffs,

vs.                                     Case No.:  8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS

       Defendants.
_____/

**PLAINTIFFS' UNOPPOSED MOTION TO FILE THE CONFIDENTIAL DECLARATION OF GREGG D. THOMAS, AND EXHIBITS ATTACHED THERETO, <u>UNDER SEAL AND REQUEST FOR EXPEDITED CONSIDERATION</u>**

      Pursuant to Rule 1.09 of the Local Rules for the Middle District of Florida, Plaintiffs Gawker Media, LLC and Gregg D. Thomas (collectively "Gawker"), seek to file under seal the Confidential Declaration of Gregg D. Thomas, dated July 24, 2015, and the exhibits attached thereto.  The Confidential Declaration would be filed in support of Plaintiff's Objections to Defendant Agencies' FOIA Responses, *Vaughn* Indexes, and Declarations, which is being filed contemporaneously herewith (the "Objections").  The Confidential Declaration contains information and documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," by Terry Gene Bollea, professionally known as Hulk Hogan ("Hogan"), under a protective order in place in the related litigation pending in state court, in which Hogan is the plaintiff.  *See* Dkt. 7-1.

      If this Court does not permit the sealing of the Confidential Thomas Declaration and the exhibits attached thereto, it will not have the information it needs to adjudicate Gawker's

1

objections to the Agencies' FOIA responses or its request for full and complete responses because, under the protective order in the Florida Litigation, "confidential" documents may not be publicly filed.

## MEMORANDUM OF LAW

1.  As this Court is aware, Gawker sought, under FOIA, information concerning the FBI's investigation into the source and distribution of a sex tape involving Hogan for use in the $100 million state court lawsuit Hogan brought against it. In late June and early July, the Agencies produced documents responsive to Gawker's request, many of them heavily redacted. They also produced *Vaughn* indexes and declarations purporting to explain the documents they withheld in full or in part. Pursuant to a protocol entered in the state court, Gawker provided copies of all documents produced by the Agencies to counsel for Hogan. Shortly thereafter, pursuant to the protective order in place in the state court action, Hogan designated every document produced by the government as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." While Gawker questions Hogan's confidentiality designations, for now it is required to treat the Agencies' entire document production as confidential.

2.  By Order dated July 2, 2015, this Court directed Gawker to submit its objections to the Agencies' withholdings and redactions. Dkt. No. 46. Although Gawker is able to explain some of its objections by reference to non-confidential documents (in the non-confidential Declaration of Gregg D. Thomas submitted herewith), it necessarily must reference some documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.  Submission of such documents to this Court is essential to explain Gawker's objections and requested relief with respect to (a) various missing or otherwise unaccounted-for

documents, many of which are referenced in documents designated as confidential, and (b) documents withheld in their entirety or redacted in the Agencies' document production – particularly with respect to the latter category, given that the FBI's redactions appear only on the documents themselves and not in a *Vaughn* index.  *See* Objections at 12.  Submission of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is also necessary, among other reasons, to explain how and why Gawker believes certain materials are missing from the production, *id.* at 4-9, to amplify the comments made by counsel for Gawker at the July 2, 2015, hearing about various discrepancies, *id*. at 8, to explain the significance of the documents, *id*., and to understand the public interest that is at stake, which is a necessary factor in the privacy analysis, *id*. at 18-20.  In short, it would be nearly impossible for this Court to meaningfully address Gawker's objections and requested relief without reviewing documents that, according to the state court protective order, Gawker is required to treat as confidential and to file under seal.

4. As noted, Gawker questions Hogan's designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Nevertheless, because Gawker must treat these materials as confidential, and those documents which are attached to the Confidential Thomas Declaration are necessary for this Court to resolve Gawker's Objections, Gawker requests that this Court grant its sealing motion.

### **REQUEST FOR EXPEDITED CONSIDERATION**

So as to not unnecessarily delay the adjudication of its objections, as well as its pending motion for summary judgment (all of which should be promptly decided, given FOIA's goal of "efficient, prompt, and full disclosure of information," *Smith v. Dep't of Justice*, 251 F.3d 1047, 1051 (D.C. Cir. 2001)), Gawker seeks expedited consideration of this sealing motion.  *See also*

28 U.S.C. § 1657 (providing that courts "shall expedite the consideration of" FOIA cases). Alternatively, Gawker requests that the Court grant the motion provisionally to allow it to review the documents in connection with Gawker's motion on the merits, but also allowing the Court and the parties to address whether the records should remain sealed. If it would streamline matters, or if this Court otherwise feels it would be useful, Gawker would be pleased to provide the confidential declaration and exhibits at issue for *in camera* review.

## **CERTIFICATE OF GOOD FAITH**

Pursuant to M.D. Fla. R. 3.01(g), counsel for plaintiffs (Seth D. Berlin, Esq.) states that, on July 23, 2015, he spoke with counsel for defendant Agencies (Kenneth Stegeby, Esq.), who advised that Defendant Agencies do not oppose this motion.

July 24, 2015

Seth D. Berlin (pro hac vice)
Alia L. Smith (pro hac vice)
Patrick Kabat (pro hac vice)
Pro hac vice application forthcoming
LEVINE SULLIVAN KOCH
  & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Tel: (202) 508-1122; Fax: (202) 861-9888
sberlin@lskslaw.com
asmith@lskslaw.com
pkabat@lskslaw.com

Respectfully submitted,

THOMAS & LOCICERO PL

By: *Gregg D. Thomas*
　　Gregg D. Thomas
　　Florida Bar No.: 223913
　　Rachel E. Fugate
　　Florida Bar No.: 0144029
601 South Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Tel: (813) 984-3060; Fax: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of July 2015 a true and correct copy of the foregoing is being electronically filed and served via CM/ECF on the following:

Kenneth Stegeby
Office of the United States Attorney for the Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Kenneth.Stegeby@usdoj.gov

*Counsel for Defendants*

                                                  */s Gregg D. Thomas*
                                                    Attorney