UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC, and
GREGG D. THOMAS,

        Plaintiffs,                      CASE NO.: 8:15-cv-1202-T-24EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS,

        Defendants,

vs.

TERRY GENE BOLLEA professionally known as
HULK HOGAN,

        Intervenor Defendant.
_____/

## ORDER

        This matter comes before the Court on Plaintiffs' Unopposed Motion to File the Confidential Declaration of Gregg D. Thomas and the Exhibits Attached Thereto Under Seal. (Dkt. 56) and Plaintiffs' Unopposed Motion to Manually File Audio/Visual Materials Referenced in the Declaration of Gregg D. Thomas (Dkt. 57). The motions are unopposed.

        Plaintiffs submit that the confidential declaration contains information and documents that have been designated as "CONFIDENTIAL" and "CONFIDENTIAL—Attorneys' Eyes Only" by Terry Gene Bollea in the pending state court proceeding, which is related to the instant case. Such documents marked as confidential in the state court case are subject to a protective order. *See* order filed at Dkt. 7. Under the state court protective order, documents marked confidential may not be publicly filed.

Pursuant to Local Rule 1.09, Plaintiffs seek to file the declaration and exhibits under seal. Plaintiffs assert that without the information contained in the declaration and exhibits, the Court will not have the information it needs to adjudicate Plaintiffs' Objections to Defendant's FOIA Responses, Vaughn Indexes, and Declarations (Dkt. 54).

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted). "[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C.Cir.1996) (citation omitted). As a result, good cause is required to seal any portion of the court's record. *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). The movant bears the burden of proving that such cause exists. The Court finds that there is good cause to seal the confidential declaration and exhibits attached thereto, which are submitted in support of Plaintiffs' Objections to Defendant's FOIA Responses, Vaughn Indexes, and Declarations, and **GRANTS** Plaintiffs' motion to seal.

The Clerk is directed to file the confidential declaration of Gregg D. Thomas and the exhibits attached thereto under seal. Pursuant to Local Rule 1.09(c), the documents shall remain sealed for no longer than one year.

Plaintiffs also seek to manually file three audio/visual exhibits to the July 24, 2015 Declaration of Gregg D. Thomas. Dkt. 57. Because the exhibits are in a format that cannot be electronically filed, the Court **GRANTS** Plaintiffs' motion to manually file the exhibits.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of July, 2015.

3

_____
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record