# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and
GREGG D. THOMAS,

    Plaintiffs,

v.

Case No. 8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE
EXECUTIVE OFFICE OF
UNITED STATES ATTORNEYS,

    Defendants.
_____/

## THIRD DECLARATION FOR TRICIA FRANCIS

I, Tricia Francis, declare the following to be a true and correct statement of additional facts as supplement to my First Declaration and Second Declaration with the Court in the above-captioned action and in response to the Court's Order of June 24, 2015, and in response to Plaintiffs' Objections to Defendant Agencies' FOIA Responses, *Vaughn* Indexes, and Declarations ("Objections"), which was filed on July 24, 2015. The purpose of this Third Declaration is to present additional information regarding two issues raised by Plaintiffs in their Objections. The statements I make in this Declaration are based on my review of the official files and records of EOUSA, my own personal knowledge, and information acquired by me through the performance of my official duties.

## EOUSA'S DISCLOSURE DETERMINATIONS

1.    Plaintiff states that three redacted pages that were referred to in the EOUSA's release letter dated May 27, 2015, did not appear on EOUSA's *Vaughn* Index, which was submitted for filing on June 30, 2015. On August 5, 2015, I learned for the first time that those pages were not included on EOUSA's *Vaughn* Index, and that this was due to an oversight. Accordingly, I have included an entry for those pages on to an amended *Vaughn* Index, which has been submitted to AUSA Kenneth Stegeby.

2.    Also, on August 5, 2015, I learned that Plaintiff is asserting that there is a discrepancy regarding the number of pages that EOUSA denoted as being withheld in full in its release letters of May 27, 2015 and June 27, 2015. In its first letter, EOUSA stated that 59 pages were being withheld in full. However, at the time EOUSA had reprocessed its records and prepared to do a supplemental release in June 2015, I observed that this page count included two pages that were not responsive to Plaintiff's FOIA request. Specifically, those pages consisted of two cover sheets labeled "Attorney Work Product" and "Agency Records, FBI," which accompanied the documents that were submitted by the District to EOUSA. Despite the presence of these cover sheets, EOUSA reviewed each of the documents that were submitted for its review by the District, and made its own determinations regarding which documents were to be withheld from release pursuant to the Attorney Work Product doctrine, and which were to be referred to the FBI. At the conclusion of this review, I deducted those two coversheets from the final page

count.

3.     Additionally, the 59 pages that were cited in EOUSA's first letter included three duplicate pages of material that were duplicate copies of material that was submitted by the District and that were already reviewed by EOUSA. Accordingly, those three duplicate pages were not included in the final page count that was provided in the release letter of June 27, 2015. Therefore, the page count that was provided to the Plaintiff by EOUSA in that letter was for 54 pages of records that were going to be withheld in full.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 7th day of August, 2015.

*[signature]*

TRICIA FRANCIS
Attorney-Advisor
Executive Office for United States Attorneys
FOIA/PA Staff