UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D. THOMAS,

    Plaintiffs,

vs.

Case No.:  8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF INVESTIGATION and THE EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS

    Defendants.
_____/

## DECLARATION OF ALIA L. SMITH

I, Alia L. Smith, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. The statements made in this Declaration are based on my personal knowledge.

2. I am a partner at Levine Sullivan Koch & Schulz, LLP, counsel for Plaintiffs Gawker Media, LLC and Gregg D. Thomas (collectively "Gawker") in the above-captioned action. I have been admitted *pro hac vice* in this action. I submit this Declaration to put before the Court certain additional evidence and information, not already in the record, referenced in Gawker's Opposition to the Agencies' Motion for Summary Judgment.

**The FBI's Supplemental Production**

3. On July 1, 2015, the FBI produced 1178 pages of documents (plus certain audio files) to Gawker, and represented in the Third Hardy Declaration, Dkt. 37-1 ¶¶ 6, 44, that those documents constituted the entirety of all responsive documents.

4. On August 14, 2015, the Fourth Hardy Declaration, Dkt. 61-3 ¶ 7, recited that, upon reviewing documents that had been returned from "another law enforcement agency," the FBI "reexamined it investigative file and discovered that some of the [files] processed pursuant to the Court's order were incomplete," that "there could be additional responsive records not originally accounted for" in the FBI's prior production," and that the FBI was conducting "an audit . . . to ensure that the FBI has processed all responsive records in the pertinent FBI file."

5. To provide additional context for the FBI's admission that it had not made a complete production, I attach hereto as Exhibit 1 is a true and correct copy of a letter dated August 7, 2015, from the Hillsborough County State's Attorney's Office to Gregg D. Thomas, Esq. concerning Gawker's Public Records Act requests to that office and to the Tampa Police Department. Included as attachments to that correspondence are an August 4, 2015 letter from the FBI to the Office of the State's Attorney demanding return of the documents previously supplied by the FBI, and an August 5, 2015 letter from the State's Attorney's Office transmitting records being returned.

6. For the Court's information, also attached hereto as Exhibit 2 is a true and correct copy of a report of criminal complaint initiating the Tampa Police Department investigation, which Gawker obtained through its records request.

7. Consistent with Mr. Hardy's Fourth Declaration, by letter dated August 14, 2015 (received on August 17, 2015), the FBI advised that it had identified and reviewed an additional 408 pages of documents, produced 238 of those pages (most with redactions), and withheld the remaining documents. A true and correct copy of the FBI's August 14 letter is attached hereto as Exhibit 3. The FBI did not provide a *Vaughn* index to justify why it had withheld or redacted documents from its supplemental production.

8. By Order dated June 29, 2015, Dkt. 36, the Agencies were directed to submit copies of all documents they produced to the Court. I therefore understand and assume that, pursuant to that order, the FBI has provided its supplemental production to the Court. If that is not the case, my co-counsel and I would be pleased to provide a set of those documents to the Court (under seal to comply with the protective order in the state case).

9. Upon reviewing the FBI's supplemental production, we have identified a number of issues, ultimately raising additional concerns about the completeness of the FBI's productions.

10. First, the FBI's second production does not contain six of the seven missing categories of documents identified on pages 5-7 of Gawker's Objections (Dkt. 54). The FBI's second production includes the Form FD-302 that was missing from its first production (the seventh item). *See* Second Production at GAWKER 1179-1181.

11. Second, the FBI's second production includes, at GAWKER 1182-84, a document listing items that the FBI had provided to a Tampa Police Department detective and an Assistant State's Attorney. Twenty-one items are listed and identified by "serial" numbers. Because those "serial" numbers were not included on the documents when they were produced in the FBI's first production in a way that would allow us to connect serial numbers with corresponding documents, we have no way to confirm whether the items listed have in fact been produced to Gawker. In addition, the FBI's August 5, 2015 letter demanding return of the documents, *see* Ex. 1 at 5-6, states that these documents "included, but were not necessarily limited to, eighteen (18) FD-302s and corresponding attachments generated in the course of the . . . FBI investigation." Ex. 1 at 5. We have no way of resolving the apparent discrepancy between the 21 items reflected in the list of items provided to the state and local officials, and the 18 items it demanded be returned, including because (a) the use of "serial" numbers that have not been

supplied to Gawker, and (b) the FBI demand's references to "documents that included, but were not necessarily limited to. . ." and to "corresponding attachments." Because the FBI's justification for a second production is the return of these documents, it is impossible to know whether Gawker has received a complete production without addressing these discrepancies.

12. Third, turning to the universe of documents that was actually processed in connection with the FBI's second production, the numbering conventions used by the FBI in its second production have made it more difficult to ascertain whether the production is complete. The FBI's second production uses bates numbers that duplicate bates numbers from the first production. For example, the FBI's first production ended with the document bates numbered "GAWKER 1178," but the FBI's second production begins with "GAWKER 1041," such that there are now two sets of documents with more than 130 overlapping bates numbers.

13. Fourth, the second document production was produced and/or accounted for in five "batches." The cover page for each batch purports to identify each document in that batch that has been withheld in full either because the FBI asserts that (a) the document is a duplicate of another document previously produced or (b) that the entire document is subject to one or more FOIA exemptions. True and correct copies these five covering sheets are attached hereto in Exhibit 4; we have added a notation to the upper right corner of each document ("Batch 1," "Batch 2," etc.) to facilitate review. These cover sheets reveal a number of additional issues with the FBI's second production. These are described in detail below, and summarized in charts we prepared and have attached as Exhibit 5:

    a. Documents withheld as exempt are not described, other than by page number and exemption, so there is no way to determine whether the claimed exemption is justified.

b. Rather than identify the withheld documents by bates number, the withheld documents appear to be identified on the cover sheets by the page number in that batch. For example, the first document produced is labeled GAWKER 1041, and this correlates with "Page 1" of the first batch. The cover sheet to the first batch indicates that "Page 9" is being withheld as a duplicate; that means that GAWKER 1049 has been withheld. And, indeed, the first batch does not include GAWKER 1049. While the documents themselves bear bates numbers starting with GAKWER 1041 and proceed sequentially through the five batches, each batch's cover sheet starts over again with "Page 1," so there are five separate "Page 1"s, one for each batch.

c. Despite the difficulty in matching the cover sheets to the corresponding documents as the result of two different and often inconsistent numbering conventions, it is clear, after reviewing the cover sheets, that not all documents were accounted for. They also raise a number of other questions, again causing us serious concern about the completeness of the FBI's second production. For example:

**Batch 1:**

- The documents in this batch that are Pages 129 and 133 (which would correspond to GAWKER 1169 and 1173)[1] have neither been produced nor accounted for as withheld on the cover page.

- The cover page indicates that Pages 131 and 139 (which would correspond to GAWKER 1171 and 1179) have been withheld, but they appear in the production. Moreover, the cover page indicates that Page 139 (which would correspond to

---

[1] Unless otherwise specified, the bates numbers in this part of my declaration refer to documents in the FBI's second production on August 14, 2015, and not to documents that were also numbered with the same numbers in the first production. *See* Paragraph 12 *supra*.

5

GAWKER 1179) is a "duplicate of GAWKER 939" from the first production. But GAWKER 1179 (second production) and GAWKER 939 (first production) are not in fact the same document.

**Batch 2:**

- The cover page for Batch 2 indicates that several documents have been withheld as "duplicate[s] of Serial 5." But, as described above, Gawker does not know what that means, or how to correlate "Serial 5" with the first production.

- The following documents have neither been produced nor accounted for as withheld on the cover page for Batch 2: Page 3 (which would correspond to GAWKER 1187), Page 10 (which would correspond to GAWKER 1194), Page 12 (which would correspond to GAWKER 1196), Page 18 (which would correspond to GAWKER 1202), Page 22 (which would correspond to GAWKER 1206), Page 28 (which would correspond to GAWKER 1212), Page 29 (which would correspond to GAWKER 1213), Page 31 (which would correspond to GAWKER 1215), Page 35 (which would correspond to GAWKER 1219), Page 37 (which would correspond to GAWKER 1221), and Pages 41-42 (which would correspond with GAWKER 1225-26).

- The cover page for Batch 2 indicates that Pages 49-52 are being produced, but they, too, are missing. (The FBI appears not to have assigned bates numbers to these documents. They would correspond GAWKER 1233-36, but those numbers were instead assigned to different documents in Batch 3.)

- The cover page states that Page 6 (which would correspond to GAWKER 1190) has been withheld as a duplicate of GAWKER 954 (from the first production), but

6

GAWKER 1190 was included in the second production and it is not in fact a duplicate of GAWKER 954 (from the first production). Likewise, the cover page also states that the following other pages were withheld as duplicates, but they were not withheld, and they also do not match the documents they supposedly duplicate: Page 20 (which would correspond to GAWKER 1204), Page 32 (which would correspond to GAWKER 1216), and Page 45 (which would correspond to GAWKER 1229).

- The cover page states that Pages 26-27 (which would correspond to GAWKER 1210-11) have been with withheld as duplicates of Serial 5, but GAWKER 1210-1211 were included in the second production, and, as noted above, we do not know what "duplicate of Serial 5" refers and cannot confirm whether they are in fact duplicates.

**Batch 3:**

- The cover page for Batch 3 indicates that a number of documents are being withheld as duplicates, but, unlike the other four cover pages, does not indicate the page from the prior production that is duplicated. This makes it impossible to check or to place in context the surrounding documents that have been produced.

- The following documents have neither been produced nor accounted for as withheld on the cover page for Batch 3: Page 88 (which would correspond to GAWKER 1317), Page 91 (which would correspond to GAWKER 1320), Page 95 (which would correspond to GAWKER 1324), Pages 98-99 (which would correspond to GAWKER 1327-28), Page 103 (which would correspond to GAWKER 1332), Pages 107-108 (which would correspond to GAWKER 1336-

37), Page 110 (which would correspond to GAWKER 1339), Page 112 (which would correspond to GAWKER Pages 119-121 (which would correspond to GAWKER 1348-1350), and Pages 123-124 (which would correspond to GAWKER 1352-53).

- Page 134, near the end of Batch 3, has neither been produced nor accounted for as withheld on the cover page. It appears that Page 134 should correspond to GAWKER 1363, but as happened with the end of Batch 2, it has simply been skipped, as the next batch (Batch 4) starts with GAWKER 1363.

- The cover sheet states that Page 94 (which would correspond to GAWKER 1232), Page 101 (which would correspond to GAWKER 1330), Pages 113-118 (which would correspond to GAWKER 1342-1347), and Pages 131-33 (which would correspond to GAWKER 1360-62) are being withheld under various exemptions, and that Pages 104 and 106 (which would correspond to GAWKER 1333 and 1335, respectively) are being withheld as (unidentified) duplicates, but all of those documents appear in the production, thereby raising a question as to whether the FBI withheld other documents and intended to assert exemptions/duplication as to them instead.

14. The FBI's second production contains some documents which are closely similar, but not exactly identical, to documents produced in the FBI's first production. For example, the document labeled GAWKER 869 in the first production is the same as the document labeled GAWKER 1424 in the second production, but each contains different hand-written notes. The same applies to GAWKER 903 from the first production, which contains no handwritten notations, and GAWKER 1441, which is the same document with handwritten notations added.

The same is also true of GAWKER 871 (from first production) and GAWKER 1425 (from second production). I note this because (a) the FBI has withheld a number of documents from its two productions on the basis that they are duplicates (even though they have asserted documents are duplicates when they are not, as described above) and (b) have not produced documents, including multiple drafts of the Bollea-Davidson agreement, that are similar and may have been mistaken as duplicates, *see* Gawker's Objections (Dkt. 54) at 6 & n.1.

Washington, DC
August 28, 2015

_____
Alia L. Smith

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 28th day of August 2015 a true and correct copy of the foregoing is being electronically filed and served via CM/ECF on the following:

Kenneth Stegeby
Office of the United States Attorney for the Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Kenneth.Stegeby@usdoj.gov

*Counsel for Defendants*

                                                */s Gregg D. Thomas*
                                                    Attorney