# EXHIBIT 1
to the
DECLARATION of
ALIA L. SMITH



# State Attorney

**MARK A. OBER**
Thirteenth Judicial Circuit
419 N. Pierce Street
Tampa, Florida 33602-4022
(813) 272-5400

August 7, 2015

Gregg Thomas
Thomas & LoCicero
601 South Boulevard
Tampa, FL 33606

Re: Public Records Request re Terry Bollea Records

Dear Mr. Thomas:

    As we have previously discussed, your letter to Mark Cox, dated July 10, 2015, has been directed to my attention. The letter pertains to the denial of your request for "all records related to an investigation concerning recording(s) of Terry Gene Bollea a/k/a "Hulk Hogan" engaged in sexual relations with Heather Clem." In your letter, you challenged Mr. Cox's assertion that the records are exempt from disclosure because such records are active criminal intelligence information, pursuant to §119.071(2)(c)1. You acknowledged the application of the exemption, but questioned whether it was being applied too broadly in light of the fact that §119.011(3)(c) provides that criminal investigative information shall not include the following:

1. The time, date, location, and nature of a reported crime.
2. The name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s. 119.071(2)(h).
3. The time, date, and location of the incident and of the arrest.
4. The crime charged.
5. Documents given or required by law or agency rule to be given to the person arrested (with listed exceptions).
6. Informations and indictments except as provided in s. 905.26.

You have also posited that incident reports do not generally qualify as criminal investigative information.

1

We do not agree that incident reports are generally excluded from the exemption for criminal investigative information. We do agree, however, that incident reports may include nonexempt information pursuant to §119.011(3)(c). Regardless, the reports that we received in this case are investigation reports generated by the FBI, and access to those reports has been restricted to official use only.

The State Attorney's Office received from the Tampa Police Department (TPD) reports generated by the Federal Bureau of Investigations (FBI). These reports were received pursuant to an active criminal investigation. The investigation is ongoing. None of the reports that we received are the equivalent of an "incident report," i.e. a report that that summarizes the nature of the crime, the date, time and location, the name of the accused and the name of the victim. The reports are investigative reports consisting of law enforcement interviews and observations, all of which were compiled by a criminal justice agency in the course of a criminal investigation. Therefore, we consider these reports to be covered by the exemption for active criminal investigation information. Whether these reports could be redacted to protect exempt information but provide non-exempt information in an intelligible manner is questionable. Given the restrictions placed on the documents by the FBI, however, the issue of whether the reports could be adequately redacted is secondary to the issue of whether the FBI has made the reports available to the public and would give permission for our office to do so.

The FBI labeled these reports as unclassified, for official use only. Each report contains the following statement:

> This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

The FBI may provide information to other law enforcement agencies for the purpose of criminal investigations without making the reports subject to disclosure under chapter 119. *Buenoano v. State*, 707 So.2d 714 (Fla. 1998). Furthermore, section 119.071(2)(b), Florida Statutes, provides as follows:

> Whenever criminal intelligence information or criminal investigative information held by a non-Florida criminal justice agency is available to a Florida criminal justice agency only on a confidential or similarly restricted basis, the Florida criminal justice agency may obtain and use

2

such information in accordance with the conditions imposed by the providing agency.

In this case, the FBI placed a condition on the loaning of its records to other law enforcement agencies which prohibits providing the records to the public. We have determined that providing you any content from the FBI documents we possess without the permission of the FBI would violate the restrictions placed on the documents by the FBI. Furthermore, disclosure is not required by Florida Statutes and would be contrary to the purpose behind §119.071(2)(b), which is to encourage cooperation between non-state and state criminal justice agencies. See *Buenooano v. State*, 707 So.2d at 717.

As we have previously discussed, if we found that records in our possession were previously provided to the public, we would not intend to withhold any documents that were made available by the FBI to the extent they were previously made public. In an attempt to determine whether and to what extent this may have occurred and whether the FBI would permit similar disclosure under Chapter 119, I communicated with attorneys from the U.S. Attorney's Office and the FBI. During these discussions I was informed that, while some records might have been provided at least in part during pending litigation, the records we possessed had not been disclosed to the public. I was also informed that the FBI considered the documents to be the property of the FBI, and that they were on loan to the Tampa Police Department and the State Attorney's Office. I was told that the FBI did not want any of the documents loaned to our office to be disclosed to any outside party, in whole or in part. I was also put on notice that the FBI was recalling the documents that had been loaned to TPD and our office. On August 4, 2015, I received written confirmation that the FBI requested the return of all documents on loan from the FBI (see letter from James P. Greene, Chief Division Counsel for the FBI, attached). We have complied with the FBI's request (see letter from me to James Greene, dated August 5, 2015, attached).

Therefore, we no longer possess any reports, and we do not have any other documents pertaining to this investigation that can be disclosed at this time other than the letters I am providing. All records still in our possession are exempt as active criminal investigative information, work product, or attorney notes, and we do not have any

3

reports which contain non-exempt information. We do not have a specific time frame for concluding our investigation. If any records become subject to release under chapter 119 upon the conclusion of the investigation, we will provide you with a cost estimate for providing public records at that time.

Sincerely,

MARK A. OBER
STATE ATTORNEY

Michael C. Sinacore
Chief Assistant State Attorney

4



**U.S. Department of Justice**

Federal Bureau of Investigation

---

*Office of the Chief Division Counsel*     Tampa Division
5525 West Gray Street
Tampa, Florida  33609

August 4, 2015

BY EMAIL AND FIRST-CLASS MAIL

Michael Sinacore
Office of the State Attorney
13th Judicial Circuit, Hillsborough County
419 N. Pierce Street
Tampa, Florida 33602
sinacore_mi@sao13th.com

Re:   Case 8:15-cv-01202

Dear Mr. Sinacore:

      I understand that your office may be in possession of Federal Bureau of Investigation (FBI) documents loaned to the Tampa Police Department during the FBI's investigation of potential federal crimes associated with video recording of Terry Gene Bollea (a/k/a Hulk Hogan).  These documents included, but were not necessarily limited to, eighteen (18) FD-302s and corresponding attachments generated in the course of the aforementioned FBI investigation.  These documents were explicitly marked as being "… the property of the FBI and … loaned to your agency; it and its contents are not to be distributed outside your agency."

      The FBI was permitted to disclose those documents from its Privacy Act system of records under one of its established "blanket" routine uses.  These blanket routine uses were established pursuant to the Privacy Act of 1974 (5 U.S.C. §552a) and applied to the FBI's system of records from which the loaned documents derive.

      Since that time, the FBI has received a Freedom of Information Act (FOIA) request pursuant to 5 U.S.C. § 552 related to these same records.  The FBI, in conjunction with the United States Attorney's Office, Middle District of Florida (USAO), has been processing this FOIA request and has redacted certain documents based on exemptions in the Privacy Act.

      I further understand that your office received a request under Florida's Sunshine Laws for records that may include the documents loaned to you by the FBI (including, but not limited to, the aforementioned documents).  Because state law may not afford the same protections as those under federal law, it is possible that the processing of the loaned documents could reveal the very information that the FBI has redacted.  To achieve consistency in the release of information from its Privacy Act system of records, the FBI requests that you return all copies of these communications as soon as practicable.

      Similarly, this information must not be further distributed without the prior written approval of the FBI, in conformance with the provisions of federal laws and regulations, including FOIA and the Privacy Act.  Furthermore, pursuant to Fla. Stat. §§ 119.071(2)(b) and

Michael Sinacore
8:15-cv-01202

119.071(3)(a), this information is confidential and may be exempt from public disclosure under Fla. Stat. § 119.07(1) and Section 24(a), Art. I of the Florida Constitution (the "Sunshine" law).

If, to your knowledge, any FBI information was further disseminated or shared, please notify me so we may take the necessary steps to retrieve and/or protect this information. Henceforth, should this FBI information ever become the subject of a subpoena or disclosure request, please advise my office immediately. In such a case, the FBI would consult with the USAO, to determine the necessity of obtaining a protective order from the U.S. District Court.

For your reference, I have enclosed the following two cases which support the FBI's demand for the return of its documents: (1) <u>United States v. Napper</u>, 887 F.2d 1528 (11th Cir. 1989), and (2) <u>State v. Buenoano</u>, 707 So. 2d 714 (Fla. 1998).

Thank you in advance for your attention to this matter. Should you have any questions, please contact me at your earliest opportunity at 813-253-1300.

Sincerely yours,

Paul Wysopal
Special Agent in Charge

By: *[signature]*
James P. Greene
Chief Division Counsel

cc (by email):
    Tampa Police Department
    United States Attorney's Office, Middle District of Florida, Tampa Division
    Federal Bureau of Investigation, Office of the General Counsel



# State Attorney

**MARK A. OBER**
Thirteenth Judicial Circuit
419 N. Pierce Street
Tampa, Florida 33602-4022
(813) 272-5400

August 5, 2015

James Greene, Esq.
Chief Division Counsel
Federal Bureau of Investigation
Tampa Division
5525 West Gray Street
Tampa, FL 33609

Dear Mr. Greene:

    I have received your letter dated August 4, 2015, in which you have requested that the State Attorney's Office return all copies in its possession of any Federal Bureau of Investigation (FBI) documents loaned to the Tampa Police Department pertaining to the FBI's investigation of potential federal crimes associated with the video recording of Terry Gene Bollea (a/k/a Hulk Hogan). You have previously advised our office that the FBI was recalling these documents, and that your letter would serve as written confirmation of this request. In your letter and during our previous conversation, you have made it clear that the FBI considered all documents provided to the Tampa Police Department, which were subsequently provided to our agency for consideration of potential state crimes, to be the property of the FBI, and that these documents were provided solely for law enforcement investigative purposes and were not to be disclosed to outside parties. Also, each report we have been provided contains a statement

indicating that the document is the property of the FBI, is loaned to our agency, and is not to be distributed outside our agency.

I am familiar with the statutes and case law you have recited in your letter. I agree that Florida Statutes and the applicable case law dictates that when criminal investigation information held by a non-Florida criminal justice agency is made available to a Florida criminal justice agency on a confidential or restricted basis, as in this case, the restrictions and confidentiality placed on the information by the non-Florida criminal justice agency supersedes other requirements under Florida's public records law. Accordingly, I am returning all documents in our possession that we believe were provided to the Tampa Police Department by the FBI.

Enclosed you will find all copies of these documents in our possession. Rather than disposing of any copies we might have made for use within our office, I have compiled all copies and am providing them to you for your agency to handle as it deems appropriate. It is apparent from my previous discussions with you and with the U.S. Attorney's Office that we only received a portion of the FBI documents related to this case. If after reviewing these documents you feel that there are any documents that we might possess but failed to return, or if you have any other questions or concerns, please contact me to discuss.

Sincerely,

MARK A. OBER
STATE ATTORNEY

Michael C. Sinacore
Chief Assistant State Attorney