UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC, and
GREGG D. THOMAS,

       Plaintiffs,                        CASE NO.: 8:15-cv-1202-T-24EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS,

       Defendants,

vs.

TERRY GENE BOLLEA professionally known as
HULK HOGAN,

       Intervenor Defendant.
_____/

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (Dkt. 5) and Defendant's Response thereto (Dkt. 23), and on Plaintiffs' Motion to Expedite Consideration of the motion for summary judgment and for Vaughn Indexes (Dkt. 20). With leave of Court, Plaintiffs filed a reply (Dkt. 28). The background and procedural history in this Freedom of Information Act case is laid out in detail in the Court's recent order on Defendants' Motion for Summary Judgment (Dkt. 75), and the Court will not repeat it in this order.

In Plaintiffs' Motion for Summary Judgment, which was filed one day after the complaint was filed in this case, Plaintiffs argue that they are entitled to the documents identified as being responsive to their FOIA request by the FBI because the FBI had insufficiently invoked FOIA's

law enforcement exemption under 5 U.S.C. § 552(b)(7)(A) ("exemption 7(A)").[1] Plaintiffs argue that exemption 7(A) can not apply to a law enforcement investigation that is "clearly long over." At the time Plaintiffs filed the Motion for Summary Judgment, the EOUSA had not yet responded to the FOIA request.

The FBI maintained that claimed exemption at the hearing on June 24, 2015. However, at the hearing on Plaintiff's Motion for Summary Judgment on July 2, 2015, the FBI announced it no longer claimed that exemption 7(A) applied to the responsive records and instead asserted that a number of other exemptions applied, including (b)(3) for grand jury information; (b)(5) for privileged information; (b)(6) and (b)(7)(C) for invasion of personal privacy; and (b)(7)(E) for law enforcement investigative techniques and procedures. Pursuant to this Court's order, the FBI submitted a Vaughn Index and the supporting declaration of David Hardy. Dkts. 37-1, 38-1. The EOUSA also submitted a Vaughn Index, which showed that the EOUSA withheld and redacted documents based on exemptions (b)(5) for attorney work product or deliberative process and (b)(7)(C) for unwarranted invasion of personal privacy. Dkts. 37-2. In support of the Vaughn Index, the EOUSA submitted the declaration of Tricia Francis. Dkt. 37-2.

The Court finds that Plaintiffs' Motion for Summary Judgment is moot because it does not address the exemptions now claimed by the FBI and the EOUSA in their Vaughn Indexes and supporting declarations. The motion is instead based solely on Exemption 7(A), the exemption at issue when Plaintiffs filed their summary judgment motion but was withdrawn and is no longer at issue in this case. Thus, the Court denies Plaintiffs' Motion for Summary Judgment as moot.

---

[1] "This section does not apply to matters that are—(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings…." 5 U.S.C. § 552(b)(7)(A).

As to Plaintiff's Motion for Expedited Consideration and for Vaughn Indexes, the Court denies the request for expedited consideration and finds as moot the request that the FBI and EOUSA produce Vaughn Indexes. The Court has already ordered, and Defendants have already produced, Vaughn Indexes.

Accordingly, Plaintiffs' Motion for Summary Judgment is denied as moot. Plaintiffs' Motion for Expedited Consideration is denied and Plaintiff's Request for Vaughn Indexes is moot.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of November, 2015.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record