UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC, and
GREGG D. THOMAS,

       Plaintiffs,                        CASE NO.: 8:15-cv-1202-T-24EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS,

       Defendants,

vs.

TERRY GENE BOLLEA professionally known as
HULK HOGAN,

       Intervenor Defendant.
_____/

**ORDER**

This matter comes before the Court on its own after reserving ruling on the FBI and EOUSA's motion for summary judgment with respect to the EOUSA's claimed FOIA exemptions (b)(5) for privilege and (b)(7)(C) for privacy and the FBI's claimed FOIA exemption (b)(3) for grand jury materials. On October 30, 2015, the Court ordered that the EOUSA provide certain documents to the Court so that the Court could complete its *in camera* review of the documents withheld in full and redacted in part based on FOIA exemptions (b)(5) for privilege and (b)(7)(C) for privacy by the EOUSA. Dkt. 72. Because it did not have all of the documents listed on the EOUSA's amended Vaughn Index, the Court was unable to rule on these claimed exemptions in its order on summary judgment and reserved ruling. Dkt. 75. The Court now has all nineteen

documents identified as either being withheld in full or redacted in part by the EOUSA on its amended Vaughn Index (Dkt. 77-1) and has completed its *in camera* review of the documents. The Court finds as follows as to each document:

**Documents 1, 2, 3, 4, 5, 6, 7, and 8**: The Court finds that the EOUSA has properly withheld these documents based on the claimed FOIA exemptions asserted for each document.

**Documents 9, 10, and 11**: The Court finds that these documents should be redacted in part as follows: The EOUSA shall redact the names and personal identifying information of the private attorneys identified in the documents. It shall unredact the names of Sara Sweeney and Keith Davidson but may continue to redact their personal identifying information. The EOUSA shall produce the redacted in part versions of the documents to Plaintiffs.

**Document 12**: The Court finds that this document should be redacted in part as follows: The EOUSA shall redact the handwritten notes appearing on the document and Sara Sweeney's personal identifying information. The EOUSA shall produce the redacted in part version of the document to Plaintiffs.

**Documents 13, 14, and 15**: The Court finds that these documents should be redacted in part as follows: The EOUSA shall redact personal identifying information for David Houston and Sara Sweeny. The EOUSA shall produce the redacted in part versions of the documents to Plaintiffs.

**Document 16**: The EOUSA shall produce the document in full to Plaintiffs.

**Document 17**: The Court finds that this document should be redacted in part as follows: The EOUSA shall redact personal identifying information for David Houston and Keith Davidson. The EOUSA shall produce the redacted in part version of the document to Plaintiffs.

**Document 18**: The Court finds that this document should be redacted in part as follows: The EOUSA shall redact personal identifying information for Sara Sweeney, David Houston, and David Houston's assistant, Emily Heavrin. The EOUSA shall produce the redacted in part version of the document to Plaintiffs.

**Document 19**: The Court finds that this document should be redacted in part as follows: The EOUSA shall unredact Sara Sweeney's name and Jason Shearn's name and produce to Plaintiffs. Identifying information for Ms. Sweeney and Mr. Shearn shall remain redacted. The names and identifying information of the other individuals appearing on the documents shall remain redacted.

Based on the above, the Court grants and part and denies in part the EOUSA's motion for summary judgment (Dkt. 62) as to claimed exemptions (b)(5) and (b)(7)(C).

**The EOUSA shall produce the documents to Plaintiffs** *by November 20, 2015*.

On October 30, 2015, the Court also ordered the FBI to provide materials withheld on the basis of claimed exemption (b)(3) for grand jury materials so that the Court could complete its *in camera* review of the documents withheld in full by the FBI. Dkt. 72, ¶ 1. Because it did not have the grand jury materials, the Court was unable to rule on the claimed exemption in its order on summary judgment and reserved ruling. Dkt. 75. The Court now has the documents withheld by the FBI as grand jury materials under exemption (b)(3) and has reviewed the documents *in camera*. The Court finds that the FBI has properly withheld the documents and grants summary judgment in favor of the FBI as to exemption (b)(3).

**DONE AND ORDERED** at Tampa, Florida, this 12th day of November, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record