IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| GAWKER MEDIA, LLC et al, <br><br> Plaintiff, <br><br> v. <br><br> THE FEDERAL BUREAU OF INVESTIGATION and THE EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS, <br><br> Defendants. | Case No. 8:15-CV-01202-SCB-EAJ |

### FIFTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), in Winchester, Virginia. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 218

1

employees who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request seeking records pertaining to an investigation concerning recording(s) of Terry Bollea aka "Hulk Hogan" engaged in sexual relations with Heather Clem.

(4) This declaration incorporates by reference my declarations dated June 8, 2015, June 26, 2015, June 30, 2015, and August 7, 2015 hereinafter "First Hardy Declaration," "Second Hardy Declaration," "Third Hardy Declaration," and "Fourth Hardy Declaration" respectively. (Dkt. Nos. 23-1, 35-1, 37-1, and 61-3). The First Hardy Declaration provided the administrative history of the Plaintiff's FOIA request, a general description of the FBI's recordkeeping system, and a description of the FBI's search efforts in locating responsive records. The Second Hardy

2

Declaration incorporated the First Hardy Declaration, and detailed the FBI's continuing efforts to meet the deadlines set forth in the June 24, 2015 briefing schedule. The Third Hardy Declaration incorporated the First Hardy Declaration and the Second Hardy Declaration, and provided justifications for withholding of information in full or in part from the records responsive to Plaintiff's request pursuant to FOIA Exemptions 3, 5, 6, 7(C), 7(E), 5 U.S.C. §§ 552 (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). The Fourth Hardy Declaration addressed issues Plaintiff raised regarding alleged missing or unaccounted-for FBI responsive records and the issues the FBI encountered when it initially processed the video DVDs. Additionally, the Fourth Hardy Declaration identified additional documents responsive to Plaintiff's request and notified the Court it would produce those documents by August 14, 2015.

(5) In response to the Court's Order of October 30, 2015 (Dkt. No. 72), hereinafter "Order", the FBI submits this declaration addressing the Court's directives in that Order.

### Documents[1] Responsive to Plaintiff's FOIPA Requests

(6) By letter dated June 30, 2015, the FBI advised Plaintiff it reviewed 1,178 pages responsive to Plaintiff's FOIA request. Of those 1,178 responsive pages, 373 pages were withheld in full ("WIF"), and 805 pages were released in part ("RIP") or released in full ("RIF") pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). **(See Exhibit A.)** Of the 805 pages, 723 pages were RIP, and 82 pages were RIF. Additionally, by letter dated August 14, 2015,

---

[1] The FBI's updated WIF index notes 285 pages WIF as duplicates and 88 pages WIF per exemptions for its June 30, 2015 release. It also notes 108 pages WIF as duplicates and 62 pages WIF per exemptions for its August 14, 2015 release.

3

the FBI advised Plaintiff it reviewed an additional 408 responsive pages. Of those 408 pages, 170 responsive pages were WIF, and 238 responsive pages were RIF or RIP pursuant to FOIA Exemptions (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E). **(See Exhibit B.)** Of the 238 responsive pages RIF or RIP, 164 pages were RIP and 74 were RIF. Thus, to date, the FBI has reviewed a total of 1,586 responsive pages. Of those 1,586 responsive pages, 543 pages were WIF, 156 pages were RIF, and 887 pages were RIP. As noted in the First and Fourth Hardy Declarations, the FBI conducted numerous searches for records responsive to Plaintiff's FOIA request. The FBI has determined that files it searched (specifically, file number 9B-TP-2534791, its associated sub files, and the additional documents the FBI had loaned to another law enforcement agency) represent the entirety of documents responsive to Plaintiff's FOIA request in the FBI's possession.

## Responsive Audio and Video CDs

(7)   In its search for records, the FBI located a total of three (3) DVDs and two (2) audio CDs. The FBI has not located any additional audio or video material in its subsequent searches for responsive material. The FBI processed and released the two audio CDs in its June 30, 2015 release to Plaintiff. The three DVDs were processed and released to the United States Attorney's Office for the Middle District of Florida ("USAO") for delivery to the state court Special Discovery Magistrate Hon. James R. Case on June 30, 2015, as ordered. Plaintiff reviewed these DVDs at the state court and noted discrepancies with the processing of the DVDs. On approximately July 13, 2015, the FBI corrected the discrepancies on the DVDs and sent corrected copies of the three DVDs via FedEx to the USAO for delivery to the state court.

## CONCLUSION

(8)     As detailed above, the FBI searched for and located 1,586 total pages responsive to Plaintiff's FOIA request.  This count includes the 138 pages referred to the FBI by the Executive Office of United States Attorneys.  Of those 1,586 total pages responsive to Plaintiff's FOIA request, 543 pages were WIF and 1,043 pages were released to Plaintiff (of the 1,043 pages released to Plaintiff, 156 pages were RIF, and 887 pages were RIP.)  The FBI also reviewed, processed, and released the two responsive audio CDs to Plaintiff and the three DVDs to the state court.  The FBI also notes that it has released all the responsive pages, audio, and video material either to Plaintiff or the state court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A and B attached hereto are true and correct copies.

Executed this ____ day of November, 2015.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| GAWKER MEDIA, LLC et al,<br><br>    Plaintiff,<br><br>v.<br><br>THE FEDERAL BUREAU OF<br>INVESTIGATION and THE EXECUTIVE<br>OFFICE OF UNITED STATES<br>ATTORNEYS,<br><br>    Defendant. | Case No. 8:15-CV-01202-SCB-EAJ |

# Exhibit A



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

June 30, 2015

MR. GREGG D. THOMAS
THOMAS & LOCICERO PL
601 SOUTH BOULEVARD
TAMPA, FL 33606

FOIPA Request No.: 1238212-002
Civil Action No. 8:15-CV-01202
Subject: BOLLEA, TERRY

Dear Mr. Thomas:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

**Section 552**

- ☐ (b)(1)
- ☐ (b)(2)
- ☑ (b)(3) Federal Rules of Criminal Procedure, Rule 6(e)
- ☐ (b)(4)
- ☑ (b)(5)
- ☑ (b)(6)
- ☐ (b)(7)(A)
- ☐ (b)(7)(B)
- ☑ (b)(7)(C)
- ☐ (b)(7)(D)
- ☑ (b)(7)(E)
- ☐ (b)(7)(F)
- ☐ (b)(8)
- ☐ (b)(9)

**Section 552a**

- ☐ (d)(5)
- ☐ (j)(2)
- ☐ (k)(1)
- ☐ (k)(2)
- ☐ (k)(3)
- ☐ (k)(4)
- ☐ (k)(5)
- ☐ (k)(6)
- ☐ (k)(7)

1178 page(s) were reviewed and 805 page(s) are being released.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

☑ In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Although your request is in litigation, we are required by 5 § USC 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐  The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑  See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

In response to your client's Freedom of Information Act (FOIA) request, submitted to FBI Headquarters, Records Management Division, Winchester, Virginia, and his subsequent civil action case pending in the U.S. District Court for the Middle District of Florida, Tampa Division, styled, *Gawker Media LLC v. FBI et al.*, Civil Action No. 8:15-CV-01202, enclosed is one (1) compact disc containing main file responsive material and two (2) compact discs containing audio recordings. The enclosed documents Bates Stamped Gawker-1 through Gawker-1178 represent the final release of information responsive to the referenced request and civil action case.

Enclosure(s)

The enclosed documents contained in sections one through nine of Tampa Field Office File 9B-TP-2534791 represent the final release of information responsive to your Freedom of Information/Privacy Acts (FOIA) request.

This material is being provided to you at no charge.

The FBI cited Category (b)(3)-1 on the following Bates pages: Gawker-448-449, Gawker-450-451, Gawker-920 -922, Gawker-976-978, 980-992, 994-998, 1000-1003, 1005, 1008-1015, 1017-1034, 1036-1037.

The FBI cited Category (b)(5)-1 on the following Bates pages: Gawker-430-445.

The FBI cited Category (b)(5)-2 on the following Bates pages: Gawker-430-445.

The FBI cited Category (b)(6)-1 and (b)(7)(C)-1 on the following Bates pages: Gawker-1, Gawker-2, Gawker-6, Gawker-12, Gawker-15, Gawker-17-19, Gawker-79, Gawker-81, Gawker-84, Gawker-86, Gawker-93, Gawker-208, Gawker-209, Gawker-211, Gawker-212, Gawker-216-220, Gawker-226, Gawker-227, Gawker-240-242, Gawker-244, Gawker-246, Gawker-248, Gawker-262, Gawker-263, Gawker-265, Gawker-280, Gawker-281, Gawker-297, Gawker-298 , Gawker-313-315, Gawker-318, Gawker-320, Gawker-322-325, Gawker-344, Gawker-347-348, Gawker-351-352, Gawker-357-358, Gawker-363, Gawker-366, Gawker-368-369, Gawker-380-381, Gawker-383-385, Gawker-387-388, Gawker-390-391, Gawker-393, Gawker-401-403, Gawker-409, Gawker-415, Gawker-420, Gawker-422, Gawker-424, Gawker-428, Gawker-446-449, Gawker-450-453, Gawker-455, Gawker-456, Gawker-458, Gawker-459, Gawker-461-462, Gawker-464, Gawker-466-472, Gawker-474, Gawker-477-480, Gawker-483, Gawker-490, Gawker-494, Gawker-562-564, Gawker-567, Gawker-570-571, Gawker-573, Gawker-582-583, Gawker-588, Gawker-590, Gawker-593, Gawker-595, Gawker-599, Gawker-601, Gawker-604, Gawker-606, Gawker-608, Gawker-721, Gawker-788, Gawker-800, Gawker-804, Gawker-917, Gawker-919-923, Gawker-929, Gawker-933, Gawker-935, Gawker-937, Gawker-942-951, Gawker-953, Gawker-955-969, Gawker-971-973, Gawker-976-978, Gawker-980, Gawker-982-985, Gawker-987-990, Gawker-994-996, Gawker-998, Gawker-1000, Gawker-1005-1006, Gawker-1008-1009, Gawker-1017-1018, Gawker-1021, Gawker-1023, Gawker-1025-1029, Gawker-1036, Gawker-1039-1042, Gawker-1079, Gawker-1081, Gawker-1098-1099, Gawker-1101, Gawker-1109, Gawker-1111, Gawker-1119, Gawker-1121, Gawker-1124-1125, Gawker-1129-1130, Gawker-1135-1136, and Gawker-1173.

The FBI cited Category (b)(6)-2 and (b)(7)(C)-2 on the following Bates pages: Gawker-1, Gawker-2, Gawker-6 -10, Gawker-12, Gawker-13, Gawker-15 -22, Gawker-29, Gawker-39-55, Gawker-58 -69, Gawker-72 -86, Gawker-89 -93, Gawker-208-209, Gawker-211-220, Gawker-223-242, Gawker-244, Gawker-246, Gawker-248, Gawker-262-263, Gawker-265, Gawker-280-282, Gawker-297-300, Gawker-301-315, Gawker-317, Gawker-318, Gawker-320-326, Gawker-328-330, Gawker-344-351, Gawker-352-355, Gawker-357-358, Gawker-363, Gawker-366-367, Gawker-370-383, Gawker-386-388, Gawker-390-400, Gawker-401-416, Gawker-417-420, Gawker-422, Gawker-424-428, Gawker-430-433, Gawker-434-449, Gawker-450 -453, Gawker-455, Gawker-456, Gawker-458, Gawker-459, Gawker-461-464, Gawker-469, Gawker-471-472, Gawker-474-477, Gawker-478, Gawker-480-481, Gawker-483, Gawker-494, Gawker-562-564, Gawker-567, Gawker-570-571, Gawker-573, Gawker-582, Gawker-590-593, Gawker-595, Gawker-599, Gawker-601-602, Gawker-604-608, Gawker-612-634, Gawker-636-653, Gawker-655-685, Gawker-687-688, Gawker-690-721, Gawker-723-750, Gawker-752-788, Gawker-800, Gawker-803-804, Gawker-808-830, Gawker-832-849, Gawker-851-881, Gawker-883-917, Gawker-919-923, Gawker-928-937, Gawker-939-940, Gawker-943, Gawker-945, Gawker-947, Gawker-949, Gawker-951-953, Gawker-955-957, Gawker-959-960, Gawker-963-965, Gawker-967-969, Gawker-971-973, Gawker-975-976, Gawker-980-981, Gawker-985, Gawker-987, Gawker-994, Gawker-1000, Gawker-1005, Gawker-1010, Gawker-1012-1015, Gawker-1017, Gawker-1020-1025, Gawker-1027-1029, Gawker-1031, Gawker-1036-1037, Gawker-1039-1040, Gawker-1044, 1079, Gawker-1081, Gawker-1097-1101, Gawker-1109, Gawker-1111, Gawker-1119, Gawker-1121-1130, Gawker-1135-1136, Gawker-1142-1146, Gawker-1152, Gawker-1174, Gawker-1176, and Gawker-1178.

The FBI cited Category (b)(6)-3 and (b)(7)(C)-3 on the following Bates pages: Gawker-2, Gawker-422, Gawker-430-433, Gawker-434-446, Gawker-456, Gawker-462, Gawker-469, Gawker-474, Gawker-477, Gawker-478, Gawker-480, Gawker-953, Gawker-957, Gawker-960, Gawker-965, Gawker-969, Gawker-973, Gawker-983, Gawker-989, Gawker-1009, Gawker-1081, Gawker-1098-1099, Gawker-1101, Gawker-1109, Gawker-1111, Gawker-1119, Gawker-1130, Gawker-1135, and Gawker-1173.

The FBI cited Category (b)(6)-4 and (b)(7)(C)-4 on the following Bates pages: Gawker-6, Gawker-8-13, Gawker-15, Gawker-17, Gawker-19-26, Gawker-28-35, Gawker-39-41, Gawker-51-54, Gawker-56-64, Gawker-66, Gawker-67, Gawker-69, Gawker-71-88, Gawker-209, Gawker-212, Gawker-220-222, Gawker-226, Gawker-227, Gawker-240-242, Gawker-244, Gawker-246, Gawker-248-249, Gawker-263, Gawker-265, Gawker-281-282, Gawker-297-298, Gawker-313, Gawker-315, Gawker-317, Gawker-318, Gawker-320, Gawker-322-323, Gawker-325, Gawker-327, Gawker-344, Gawker-347, Gawker-351, Gawker-359-363, Gawker-386-387, Gawker-393, Gawker-395, Gawker-405-406, Gawker-408, Gawker-422, Gawker-427, Gawker-430-433, Gawker-434-445, Gawker-462-463, Gawker-470, Gawker-476, Gawker-494, Gawker-583, Gawker-607-608, Gawker-610-613, Gawker-616-617, Gawker-619, Gawker-629-637, Gawker-651-653, Gawker-656-661, Gawker-663, Gawker-665-666, Gawker-668-673, Gawker-675, Gawker-682-684, Gawker-693, Gawker-710-716, Gawker-718-720, Gawker-723, Gawker-727, Gawker-731, Gawker-736-737, Gawker-740, Gawker-744, Gawker-747, Gawker-749, Gawker-759, Gawker-768, Gawker-771-773, Gawker-803-804, Gawker-806-809, Gawker-812-813, Gawker-815, Gawker-825-833, Gawker-847-849, Gawker-851-857, Gawker-859, Gawker-861-862, Gawker-864-869, Gawker-871-872, Gawker-878-880, Gawker-889, Gawker-906-912, Gawker-914-916, Gawker-928-931, Gawker-934-939,

Gawker-941-942, Gawker-949-950, Gawker-968, Gawker-975, Gawker-977, Gawker-984-987, Gawker-991-992, Gawker-996, Gawker-998, Gawker-1006, Gawker-1008, Gawker- 1010, Gawker-1020, Gawker-1029-1030, Gawker-1033-1034, Gawker-1040-1042, Gawker-1079, Gawker-1098-1101, Gawker-1108-1109, Gawker-1111, Gawker-1119, Gawker-1144, Gawker-1152, Gawker-1173-1174, Gawker-1176, and Gawker-1178.

The FBI cited Category (b)(6)-5 and (b)(7)(C)-5 on the following Bates pages: Gawker-6, Gawker-472-475, Gawker-479-480, Gawker-938.

The FBI cited Category (b)(6)-6 and (b)(7)(C)-6 on the following Bates pages: Gawker-15, Gawker-317.

The FBI cited Category (b)(7)(E)-1 on the following Bates pages: Gawker-1, Gawker- 951-974.

The FBI cited Category (b)(7)(E)-2 on the following Bates pages: Gawker-18, Gawker-209, Gawker-227, Gawker-315, Gawker-318, Gawker-320, Gawker-323, Gawker-420, Gawker-422, Gawker-448-449, Gawker-450-452, Gawker-456, Gawker-462, Gawker-464, Gawker-472, Gawker-474, Gawker-480, Gawker-1123, Gawker-1129, and Gawker-1136.

The FBI cited Category (b)(7)(E)-3 on the following Bates pages: Gawker-1120-1129 and Gawker-1135-1136.

The FBI cited Category (b)(7)(E)-4 on the following Bates pages: Gawker-216-225, Gawker-357-362.

The FBI cited Category (b)(7)(E)-5 on the following Bates pages: Gawker-458-459, Gawker-464-468.

The FBI cited Category (b)(7)(E)-6 on the following Bates pages: Gawker-453-455.

The FBI cited Category (b)(7)(E)-7 on the following Bates pages: Gawker-453-455.


# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| GAWKER MEDIA, LLC et al, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE FEDERAL BUREAU OF )<br>INVESTIGATION and THE EXECUTIVE )<br>OFFICE OF UNITED STATES )<br>ATTORNEYS, )<br>)<br>Defendant. )<br>_____) | Case No. 8:15-CV-01202-SCB-EAJ |

# Exhibit B



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

August 14, 2015

MR. GREGG D. THOMAS
THOMAS & LOCICERO PL
601 SOUTH BOULEVARD
TAMPA, FL 33606

FOIPA Request No.: 1238212-002
Civil Action No.: 8:15-CV-01202
Subject: BOLLEA, TERRY

Dear Mr. Thomas:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| Federal Rules of Criminal Procedure, Rule 6(e) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

<u>408</u> pages were reviewed and <u>238</u> pages are being released.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

☑ In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

Although your request is in litigation, we are required by 5 § USC 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐   The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

In response to your Client's Freedom of Information Act (FOIA) request, submitted to FBI Headquarters, Records Management Division, Winchester, Virginia, and his subsequent civil action case pending in the U.S. District Court of the Middle District of Florida, Tampa Division, styled, *Gawker Media LLC v. FBI et al.*, Civil Action no. 8:15-CV-01202, enclosed is one (1) compact disc containing additional responsive material. The enclosed documents Bates Stamped Gawker-1041 through Gawker-1448 represent the final release of information responsive to the referenced request. These records were recently located as a result of a reexamination of the investigative file and a review of records returned by another law enforcement agency to the FBI.

# EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ