# EXHIBIT A

*Gawker Media L.L.C., and Gregg Thomas v. The Federal Bureau of Investigation and the Executive Office for United States Attorneys*
**Civil No. 15-cv-1202**

**Second Amended Vaughn Index for the Executive Office for United States Attorneys**

| Doc. No. | Pages | Description | Exempt Status | Justification |
|---|---|---|---|---|
|  |  |  |  | **SUMMARY OF ABBREVIATIONS**<br><br>**"WIF"-Withheld in full**<br>**"RIP"- Released in part**<br>**"AWP" – Attorney Work Product**<br>**"DP" – Deliberative Process**<br>**"GJ"- Grand Jury**<br>**"AUSA" – Assistant U.S. Attorney** |
| 1 | 16 | Internal memo created by an AUSA for the U.S. Attorney for the Middle District of Florida, dated February 28, 2013. Contains factual background and analysis of the legal issues presented by information gathered during the GJ investigation involving the matter relating to Mr. Thomas's FOIA request. | WIF<br><br>(b)(5)<br>AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 2 | 2 | | Email chain between AUSA and FBI dated between March 2 and March 4, 2013. Agent is seeking the AUSA's guidance regarding how to respond to an inquiry regarding the investigation. Contains handwritten notes by the AUSA regarding steps the AUSA had taken to resolve the issue. | WIF<br><br>(b)(5 AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 3 | 1 | | A single page of handwritten notes, dated May 13, 2014, which contains notes regarding the GJ investigation. Contains the GJ AUSA's thoughts on information that could not be disclosed during the investigation. This note also contains the | WIF<br><br>(b)(5) AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. |

| | | | | |
|---|---|---|---|---|
| | | name and telephone number of an individual. | | Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 4 | 1 | A single page of handwritten notes, dated August 21, 2013, regarding the GJ investigation.  The content of the note is the result of a phone call between the AUSA and someone in connection of the investigation. | WIF<br><br>(b)(5)<br>AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| | | | | |
|---|---|---|---|---|
| | | | | There are no public interests to weigh. |
| 5 | 2 | Email between the AUSA and a supervisory AUSA dated March 8, 2013, in which the AUSA is seeking advice from the supervisory AUSA on an issue regarding investigation.  The information contained in this document contains references to witnesses to the investigation. This email chain includes an email from an outside source to the assigned AUSA, which identifies a witness in the investigation by name and discusses the potential cooperation of the witness with the government. | WIF<br><br>(b)(5)<br>DP<br><br>(b)(7)(C) | The matters which are withheld are pre-decisional communications among government personnel, specifically between the AUSA and a supervisory AUSA, which, if disclosed, would jeopardize the candid considerations which are necessary for candid decision making in the Government.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 6 | 5 | Five pages of handwritten notes concerning the GJ investigation.  These notes are dated on December 17 and December 20, 2012, March 22, 2013, April 5, 2013.  Notes contain facts that were obtained and developed during the GJ investigation, and the AUSA's impressions of the facts that were obtained during this investigation. It contains the names of third parties and their involvement into the activities that are the subject of the GJ investigation. | WIF<br><br>(b)(5)<br>AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted |

4

| | | | | | |
|---|---|---|---|---|---|
| | | | | | members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 7 | 2 | | Draft of an internal memo created by the GJ AUSA to the U.S. Attorney, Chief of the Criminal Division, and the Chief of the Economic Crimes Section of the U.S. Attorney's Office for the Middle District of Florida.  This document contains GJ AUSA's handwritten notes, which contain discussions regarding the direction and scope of the GJ investigation.  It contains references to third parties. | WIF<br><br>(b)(5) AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 8 | 1 | | A single-paged email from an attorney to the Grand Jury AUSA and a member of law enforcement dated March 8, 2013. | WIF<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted |

| | | | | |
|---|---|---|---|---|
| | | The author of the email discusses some factual details relating to the Grand Jury investigation that was taking place at that time, and provides the names of several third parties, as well as information about them. | | members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 9 | 2 | A two-page letter to an attorney for a witness in the case that was prepared by the GJ AUSA, dated November 8, 2013. The letter contains the name and contact information of third parties, and it contains items of interest that were evaluated during the Grand Jury investigation. | WIF<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 10 | 2 | A two-page letter that was prepared by the Grand Jury AUSA on August 8, 2013, to an attorney who represented a witness in the Grand Jury investigation. The letter contains the name and/or contact information for third parties, and it discusses evidence that was evaluated during the Grand Jury investigation. | WIF<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |

| 11 | 2 | A two-page letter from the Grand Jury AUSA, dated August 8, 2013, to an attorney who represented a witness in the Grand Jury investigation.  The letter contains the name and/or contact information of third parties, and it discusses evidence that was evaluated by the Government during the investigation. | WIF<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| --- | --- | --- | --- | --- |
| 12 | 2 | Two-page email chain between the GJ AUSA and the attorney for Gawker Media, dated March 14, March 18, and March 19, 2014, where they discuss the attorney for Gawker's understanding of the FOIA request.  The first page of the document contains the GJ AUSA's identity and notes on discussions with members of law enforcement about the FOIA request. | WIF<br><br>(b)(5)<br>AWP<br><br>(b)(7)(C) | Exemption (b) (5) is asserted to protect attorney work product prepared in anticipation of litigation. Exemption (b) (5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b) (5) further protects the strategic and tactical information contained in this document. Because this material is attorney work product, there is no segregable material.<br><br>Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 13 | 2 | Two-page letter from Attorney David | RIP | Exemption (b) (7) (C) is asserted to protect the names |

7

| | | | | |
|---|---|---|---|---|
| | | Houston, to the GJ AUSA, dated September 3, 2013. The letter contains the identity of the GJ AUSA and third parties. | (b)(7)(C) | and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 14 | 1 | A single-page email from the GJ AUSA to Attorney David Houston, dated September 3, 2013. It contains the GJ AUSA's identity and contact information, and the identity of a third party. | RIP<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 15 | 2 | A two-page letter from the GJ AUSA to Attorney David Houston, dated September 3, 2013. The letter contains the GJ AUSA's name and contact information, and the name of a third party. | RIP<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| | | | | There are no public interests to weigh. |
|---|---|---|---|---|
| 16 | 1 | A single-page letter from the GJ AUSA to an attorney for Gawker Media, dated March 18, 2014, in which the AUSA informs the attorney of Gawker Media's status in relation to the GJ investigation being conducted by the U.S. Attorney's Office for the Middle District of Florida. The letter contains the identity of the GJ AUSA. | RIP (b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There are no public interests to weigh. |
| 17 | 3 | A two-page letter from the GJ AUSA to Attorney David Houston, dated November 8, 2013, and an attachment. The letter contains the GJ AUSA's identity, and the identity of other third parties. .The attachment contains the identity of a third party and information referring to a bank account. | RIP (b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There are no public interests to weigh. |
| 18 | 2 | A two-page email chain that contains communications between the GJ AUSA and a representative of Attorney David Houston's office. It contains the identity of the GJ AUSA, the identity of a third party who relayed Mr. Houston's message to the GJ AUSA, and the identity of a member of law enforcement. | RIP (b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| | | | | |
|---|---|---|---|---|
| | | | | There are no public interests to weigh. |
| 19 | 3 | Three email chains that were forwarded from an AUSA to a Paralegal Specialist on February 23, 2015.  The body of the emails contains information that was referred to the Federal Bureau of Investigation ("FBI").  The caption of the email contains the identity of the AUSA and the member of staff to whom the email was sent. | RIP<br><br>(b)(7)(C) | Exemption (b) (7) (C) is asserted to protect the names and other identifying information of third parties, witnesses, government personnel who assisted members of the investigative team, and law enforcement personnel whose names appear in these documents, and who provided information to the investigation team, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |