IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and
GREGG D. THOMAS,

    Plaintiffs,

v.                                         Case No. 8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE
EXECUTIVE OFFICE OF
UNITED STATES ATTORNEYS,

    Defendants.
_____/

## FOURTH DECLARATION FOR TRICIA FRANCIS

I, Tricia Francis, declare the following to be a true and correct statement of additional facts as a supplement to my First, Second, and Third Declarations with the Court in the above-captioned action, and in response to the Court's Order of October 30, 2015. The purpose of this Fourth Declaration is to address the issues raised by the Court in its Order of October 30, 2015. The statements I make in this Declaration are based on my review of the official files and records of EOUSA, my own personal knowledge, and information acquired by me through the performance of my official duties.[1]

---

[1] Pursuant to the Court's Order, the undersigned has closely reviewed EOUSA's Vaughn Index, EOUSA's initial release letter of May 22, 2015, to the Plaintiff, its Supplemental Release materials that were sent to Plaintiff on or about June 26, 2015, and her Third Declaration. During her review, the undersigned has observed the presence of incorrect information in some of these documents, which she will address in this Declaration. The undersigned extends her sincerest apologies to the Court and the Plaintiff for any inconvenience that may have been caused by these oversights.

1. On November 5, 2015, pursuant to the Court's Order of October 30, 2015, the undersigned provided AUSA Kenneth Stegeby with an amended Vaughn Index, in which the undersigned corrected the entry relating to Document 12, by noting the correct dates that are contained in this two-page document. The entry for Document 12 was previously incorrect due to a typographical error. Today, November 13, 2015, the undersigned noted an error in the description of Document 11 in EOUSA's amended Vaughn Index, where the document was erroneously described as a duplicate of Document 10. The undersigned noted that although Documents 10 and 11 were written on the same date and by the same author, those documents were addressed to two different individuals. Accordingly, the undersigned corrected that entry by providing the correct description of Document 11. A copy of this newly-amended Vaughn Index was provided to AUSA Stegeby on November 13, 2015.

2. Also, pursuant to the Court's Order of October 30, 2015, the undersigned provided AUSA Stegeby with unredacted copies of Documents 9 through 19 for the Court's review. This was done on November 9, 2015. Also, on November 10, 2015, the undersigned provided the AUSA with Document 8. Although those unredacted records were previously gathered in August 2015, and intended to be delivered to AUSA Stegeby with other unredacted versions of the records that were cited on EOUSA's Vaughn Index at that time, these additional records were not sent to him due to an administrative oversight. EOUSA was not aware of this oversight until AUSA Stegeby provided the undersigned with the Court's Order of October 30, 2015.

3. To prepare this Declaration, the undersigned obtained a copy of the

supplemental release packet that was prepared by EOUSA and sent to the Plaintiff on or about June 26, 2015. Upon reviewing this packet and the Vaughn Index, the undersigned observed for the first time that the first page of Document 18, as it was sent to the Plaintiff in June 2015, was inadvertently released to the Plaintiff twice. More specifically, Plaintiff received three pages in total, when he should have received only two. Since Plaintiff received an additional page in error, EOUSA's release letter of June 26, 2015, incorrectly states that EOUSA released 12 pages in part to the Plaintiff, when he was only to receive 11 pages. To correct this matter, the undersigned immediately informed AUSA Stegeby of these issues, and has provided a correct copy of Document 18 to the AUSA.[2]

4. Also, as the undersigned was reviewing the record in order to prepare this Declaration, the undersigned observed for the first time that there was a typographical error on its supplemental release letter to the Plaintiff, regarding the amount of pages that were being withheld in full. Although EOUSA's letter incorrectly states that 32 pages were being withheld in full, EOUSA was actually withholding 38 pages in full. The undersigned has counted each of the pages that EOUSA has sought to withhold in full by hand, and has confirmed that the latter is the correct figure.[3] The undersigned counsel reviewed the EOUSA's amended Vaughn Index

---

[2] Although EOUSA's release of June 2015, shows that it properly provided Plaintiff with the first and second pages of Document 18, the undersigned provided these two pages to AUSA Stegeby on November 13, 2015, for his review, and for production to the Plaintiff if the AUSA deems it necessary.

[3] The undersigned reviewed EOUSA's first release letter of May 22, 2015, and noted that the letter accounts for a total of 63 pages that were reviewed by EOUSA. Pursuant to the oversights and corrections that were discovered in connection with EOUSA's supplemental release letter of June 26, 2015, the undersigned has observed that this total figure regarding EOUSA's records is accurate and remains the same.

and has observed that it correctly reflects the number of pages that EOUSA has withheld in full.[4]

5. Pursuant to the oversights and corrections that EOUSA discusses in the preceding paragraphs, the undersigned has determined that EOUSA possessed 63 pages of records. From those records, EOUSA ultimately released 11 pages of those records in full, released 14 pages in part, and withheld 38 pages in full. This total figure is consistent with the number of pages that EOUSA accounted for in its original release letter of May 22, 2015, and in the amended Vaughn Index which provided to AUSA Stegeby on November 13, 2015.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 13th day of November, 2015.

*[signature]*
TRICIA FRANCIS
Attorney-Advisor
Executive Office for United States Attorneys
FOIA/PA Staff

---

[4] At the time that the undersigned had prepared her Third Declaration in this matter, the undersigned was simultaneously working on another litigation matter that was pending in another jurisdiction, in which there was a referral of records to the FBI, and where EOUSA conducted a page count to account for the records it was to review. At the time that the undersigned was preparing her Third Declaration in this case, the undersigned erroneously included numerical information in her Third Declaration that related to the other litigation matter that she was working on at that time.