UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D.
THOMAS,

             Plaintiffs,

                                       Case No.:  8:15-cv-01202-SCB-EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS

             Defendants.

_____/

## PLAINTIFFS' OBJECTIONS TO DEFENDANT AGENCIES' NON-COMPLIANCE AND EXPEDITED MOTION FOR IMMEDIATE COMPLIANCE

In its order dated October 30, 2015, this Court ordered the FBI and the EOUSA to submit supplemental declarations to address the ongoing concerns over the completeness of the Agencies' production.  Plaintiffs Gawker Media, LLC and Gregg D. Thomas (collectively, "Gawker") hereby submit the following objections to the declarations filed on November 13, 2015, because they do not in material respects comply with that Order, and move for an order directing immediate compliance.  In addition, as explained below, Gawker respectfully requests that the Court set a deadline for the Agencies' production of unredacted documents as ordered in the Court's November 4, 2015 Order on the Agencies' asserted privacy exemptions.

1.       In both Gawker's briefing and at the October 29 hearing, there was substantial discussion of issues arising from three prior declarations from the EOUSA's Tricia Francis and the four prior declarations from the FBI's David Hardy, including whether each Agency's production was complete.  Dkt. 65 at 4-5 & n.3 (citing numerous FOIA cases requiring declarations based on personal knowledge); Oct. 29, 2015 Hrg. Tr. at 11:2 – 22:14, 29:16 – 40:1,

1

40:23 – 42:22, 92:19 – 95:11, 110:3 – 113:10.  Those serial declarations made clear that, as officials in Washington, DC and Winchester, VA, respectively, who had no involvement whatsoever in the underlying investigation at issue, they had no first-hand knowledge of the documents or whether the production was complete.  As a result, the Court's October 30, 2015 order directed each agency to submit a declaration from a "*person with knowledge*" about whether "the documents produced [or] withheld" by each agency and "listed on its Vaughn Indexes are in fact a complete set of the documents" in each agency's possession.  Dkt. 72 at 2 (emphasis in original).

2.     Despite this instruction, both agencies once again submitted declarations from the same two declarants.  On their face, both declarations state that, in addition to "personal knowledge," they are also based on simply reviewing the records or being assured by others that they are complete.  *See, e.g.*, Dkt. 79 (Fifth Hardy Decl.) at 2 ("The statements contained in this declaration are based on my personal knowledge, information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith."); Dkt. 81 (Fourth Francis Decl.) at 1 ("The statements I make in this Declaration are based on my review of the official files and records of EOUSA, my own personal knowledge, and information acquired by me through the performance of my official duties.").  Neither declaration addresses which portions of its contents is purportedly based on personal knowledge, and which portions are based on things like "review of official files and records" or second-hand "information provided" in an "official capacity" or the "conclusions and determinations reached" as a result. In addition, neither declaration indicates any effort to even consult with officials directly involved in the investigation (such as FBI Special Agent Jason Shearn or AUSA Sara Sweeney) in responding to the concerns of the Court.

3.     The latest declarations further illustrate the difficulty of obtaining reliable information about the completeness of the production from someone who has no first-hand knowledge about the underlying investigation.  Like prior declarations from Mr. Hardy, Ms. Francis devotes almost her entire declaration to explaining factual misstatements in her prior sworn declarations, on which the Court – and Gawker – should have reasonably been entitled to rely as accurate.  And, despite the fact that Gawker has been asking for many months now, Mr. Hardy has still not explained why the FBI initially represented that it had identified 1168 responsive documents from its investigation, but then produced or accounted for only 1040 of those documents in its initial production.  *See* Dkt. 65 at 2.

4.     Moreover, as explained in Gawker's previously-filed papers, and at the October 29, 2015 hearing, these concerns are not simply academic, but arise from specific documents that have not either been produced or accounted for in any iteration of the Agencies' *Vaughn* indexes.  Gawker addressed these missing documents in their Objections, Dkt. 54 at 5-7; addressed them again in their opposition to the Agencies' motion for summary judgment, Dkt. 65 at 1-5 and the accompanying Declaration of Alia L. Smith, Dkt. 66; and enumerated them yet again at AUSA Kenneth Stegeby's request in a detailed email following this Court's order directing the Agencies to address the completeness of their production, *see* Exhibit A (Nov. 5, 2015 email).[1]

5.     Although the new declarations once again attest to the completeness of the Agencies' production, they nowhere address *any* of those specific missing or unaccounted for

---

[1] Because Terry Bollea and his counsel have designated the entirety of the Agencies' production as "Attorneys' Eyes Only" in the state court case, the Confidential Declaration of Gregg D. Thomas included a detailed discussion of these documents demonstrating that they exist and are missing.  *See* Dkt. S-59 at ¶¶ 23-34 & Exs. 48-C – 55-C.

documents that Gawker has repeatedly enumerated.  These missing and unaccounted for documents continue to include the following:

    a.   The video of the December 14, 2012 sting operation;

    b.   The audio of a November 27, 2012 call between Houston and Davidson, and a transcript of same;

    c.   The audio of a December 5, 2012 call between Houston and Davidson;

    d.   A significant component of the final Hogan-Davidson agreement (Exhibit B) and drafts of the full agreement that were submitted to the government (including drafts version 4 and redlined version 5);

    e.   The declination letter, which appears to have been in the files of both Agencies and which is obviously significant given the public interest in the FBI's decision to conduct a full investigation and the U.S. Attorney's decision not to prosecute;

    f.   A number of other missing communications between the Agencies and Hogan that Hogan produced and the Agencies did not, *see* Dkt. 54 at 5-6 ¶ 4;

    g.   The fact that the FBI loaned the Tampa Police Department 21 files but only requested 18 be returned, *see* Dkt. 66 at 3-4 ¶ 11;

    h.   Specific documents from the FBI's second production in August 2015 that were neither produced nor included on the FBI's *Vaughn* index, *see* Ex. A ¶ 4 (enumerating those missing documents by number).

    6.    The Agencies are not entitled to summary judgment with respect to "evolving" declarations from persons who lack personal knowledge, particularly where, as here, Gawker has made a specific factual showing that there are missing documents and the Agencies have not even attempted to address them.  *See, e.g.*, *Richardson v. United States*, 2015 WL 709118, at *3

(D.D.C. Feb. 19, 2015) (denying summary judgment motions because "'positive indications of overlooked materials' may create 'substantial doubts. . . about the caliber of [the agency's] search'" or production) (citation omitted).

    7.    Gawker respectfully requests that the Court direct the Agencies to comply immediately with its earlier order, to submit declarations from persons who have actual personal knowledge about the investigations and records at issue, and to address the remaining specific missing and/or unaccounted for documents.

    8.    Finally, in its November 4, 2015 Order, the Court denied the Agencies' summary judgment motions with respect to privacy exemptions in all but one respect and "order[ed] that the FBI and EOUSA shall unredact those names from the documents."  Dkt. 75 at 7-17, 20.  The Court's order did not set a specific deadline, however.  Gawker's counsel has asked counsel for the Agencies on multiple occasions for a proposed schedule for producing the documents, *See* Ex. A, and has not received a substantive response.  Gawker respectfully requests that the Court set a deadline of November 25, 2015 (three weeks after this Court's order) for the production of unredacted documents, audio files and video files covered by its November 4, 2015 Order.

Dated:  November 16, 2015

Seth D. Berlin (pro hac vice)
Alia L. Smith (pro hac vice)
Patrick Kabat (pro hac vice)
LEVINE SULLIVAN KOCH
  & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Tel.: (202) 508-1122; Fax: (202) 861-9888
sberlin@lskslaw.com
asmith@lskslaw.com
pkabat@lskslaw.com

Respectfully submitted,

THOMAS & LOCICERO PL

By:   */s/ Gregg D. Thomas*
    Gregg D. Thomas
    Florida Bar No.: 223913
    Rachel E. Fugate
    Florida Bar No.: 0144029
601 South Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Tel.: (813) 984-3060; Fax: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of November 2015 a true and correct copy of

the foregoing is being electronically filed and served via CM/ECF on the following:

Kenneth Stegeby
Office of the United States Attorney for the Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Kenneth.Stegeby@usdoj.gov

*Counsel for Defendants*


_____*/s Gregg D. Thomas*_____
Attorney