# Exhibit A

| | |
|---|---|
| **From:** | Seth Berlin |
| **To:** | kenneth.stegeby@usdoj.gov |
| **Cc:** | Seth Berlin; Alia Smith; Patrick Kabat; gthomas@tlolawfirm.com; Rachel E. Fugate |
| **Subject:** | Gawker v. FBI |
| **Date:** | Thursday, November 05, 2015 3:28:41 PM |

Kenneth –

Thanks again for your call this morning.  As requested, I am emailing you to summarize the outstanding issues about the completeness of the universe of documents produced or withheld/indexed by the FBI and EOUSA.

1. Please review the list of missing items 1-6 in Dkt. 54 (Gawker's Objections) at pp. 5-7.  These reflect video and audio footage, the declination letter, versions of the Davidson-Bollea agreement and attachments, and other missing documents.  As discussed, item 7 (Bubba Clem's 302) has been produced.  The details supporting our assertion that these documents exist are reflected in the Confidential Thomas Declaration and the cited exhibits (Dkt. S-59).  We would request that both the FBI and USAO be asked about these items, including because copies of at least some number of the documents, such as the declination letter, would appear to be maintained in the files of both agencies.

2. Please review the additional issues described at pp. 1-4 of our opposition to the Government's summary judgment motion (Dkt. 65).  This addresses discrepancies in the number of documents produced/withheld by the FBI, documents referred by the EOUSA to the FBI, and documents produced/withheld by the EOUSA.  These issues include

    a. The discrepancy between the FBI's initial representation that it had 1,168 documents, and the 1,040 it produced in its initial production (after deducting the number of documents referred to the FBI by the EOUSA, as described by Mr. Hardy).  This is significant given the number of missing documents, including as addressed in item 1 above.

    b. The omission of at least three documents from the EOUSA's Vaughn index, as also addressed by Judge Bucklew at the hearing and in her October 30 order directing that additional Vaughn index to be produced by tomorrow.

    c. The discrepancy between the EOUSA's June 26 production (accounting for 54 pages, and withholding 32 in full), and the June 30 Vaughn index (accounting for 60 pages, and withholding 38 in full).

3. Please review the August 28, 2015 Declaration of Alia Smith.  Specifically, Paragraph 11 describes a discrepancy between the number of files loaned to the Tampa Police Department (21 files), and the number of the FBI requested be returned (18 files).  That Declaration also details a number of other issues, many of which relate to duplicates.  It is our hope that the production of the previously-withheld duplicates will clear up most if not all of those issues, but we reserve our rights in that regard.

4.  Based on our analysis of the FBI's August 14, 2015 production, the initial "batch" cover sheets, and the FBI's supplemental affidavit/Vaughn index produced on October 20, 2015 (Dkt. 70, 70-1), it appears that the following document numbers have not been accounted for – i.e., they have neither been produced nor listed as withheld on the Vaughn index:

    a.  Batch 2:  1198, 1230, 1231
    b.  Batch 3:  1232, 1233, 1234, 1235, 1236, 1237, 1238, 1363, 1365
    c.  Batch 4:  1364

Finally, could you please let me know, so that we can report to Judge Campbell, the FBI's ETA for producing the unredacted documents, videos and audio files?  As discussed, I would ask that the FBI **retain the same numbering** for the new production.

I very much appreciate your efforts to resolve these last lingering issues so that we can conclude this matter.  If you have any questions or there is anything I can do to help, please do not hesitate to let me know.

Thank you.
Seth

Seth D. Berlin



1899 L Street, NW
Suite 200
Washington, DC 20036
(202) 508-1122 | Phone
(202) 861-9888 | Fax
www.lskslaw.com