**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GAWKER MEDIA, LLC and
GREGG D. THOMAS,

      Plaintiffs,

v.                          Case No. 8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE
EXECUTIVE OFFICE OF
UNITED STATES ATTORNEYS,

      Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS**
**TO DEFENDANT AGENCIES' NON-COMPLIANCE AND**
**<u>EXPEDITED MOTION FOR IMMEDIATE COMPLIANCE</u>**

Defendants, the Federal Bureau of Investigation ("FBI") and the Executive

Office of United States Attorneys ("EOUSA"), respectfully file this response to

Plaintiffs' Objections to Defendant Agencies' Non-Compliance and Expedited Motion

for Immediate Compliance ("Objections") [Doc. 82].  In support of this response,

defendants state as follows:

For an agency to prevail in a FOIA action, it must – at the time the FOIA

request is made – show that it made "a good-faith effort to conduct a search for the

requested records, using methods which can be reasonably expected to produce the

information requested."  *Nation Magazine v. United States Customs Serv.*, 71 F.3d

885, 890 (D.C. Cir. 1995).  The "crucial" search issue is whether an agency's search was "reasonably calculated to discover the requested documents . . ."  *Maynard v. Central Intelligence Agency*, 986 F.2d 547, 559 (1st Cir. 1993); *see also Schoenman v. Federal Bureau of Invest.*, 2009 WL 763065, *1, *10 (D.D.C. Mar. 19, 2009) ("In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness."); *Bonaparte v. Department of Justice*, 531 F. Supp. 2d 118, 122 (D.D.C. 2008) ("The Court's review of the adequacy of an agency's search for responsive record is based on principles of reasonableness.").  The fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" *Steinberg v. Department of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984))

There is "no requirement that an agency [locate] all responsive documents[.]" *Nation Magazine*, 71 F.3d at 892 n. 7; *see also Ethyl Corp. v. Environmental Protection Agency*, 25 F.3d 1241, 1246 (4th Cir. 1994) ("In judging the adequacy of an agency's search for documents the relevant question is not whether every single potentially responsive document has been unearthed.");  *In re Wade*, 969 F.2d 241, 249 n.11 (7th Cir. 1992) (declaring that issue is not whether other documents might exist, but whether search was adequate); *Ramstack v. Department of the Army*, 607 F. Supp. 2d 94, 105 (D.D.C. 2009) ("The principal issue is not whether the agency's search uncovered responsive documents, but whether the search was reasonable."); *Citizens for Responsibility and Ethics in Wash. v. Department of Justice*, 535 F.

Supp. 2d 157, 162 (D.D.C. 2008) ("The question is not whether other responsive

documents may exist, but whether the search itself was adequate.").

      To establish the reasonableness of its search, an agency relies upon

declarations showing that its search method was reasonably calculated to uncover

all relevant documents.  *See Ferranti v. Bureau of Alcohol, Tobacco and Firearms*,

177 F. Supp. 2d 41, 47 (D.D.C. 2001) ("Affidavits that include search methods,

locations of specific files searched, descriptions of searches of all files likely to

contain responsive documents, and names of agency personnel conducting the

search are considered presumptively sufficient.").   Once an agency has

demonstrated the reasonableness of its search, its position can be rebutted "only by

showing that the agency's search was not made in good faith," because agency

declarations are "entitled to a presumption of good faith."  *Maynard*, 986 F.2d at 560

(citing Miller, 779 F.2d 1378, 1383 (D.C. Cir. 1983)); *Chilingirian v. Executive Office

for U.S. Attorneys*, 71 F. App'x 571, 572 (6th Cir. 2003) (citing *Department of State v.

Ray*, 502 U.S. 164, 179 (1991)).

      Even if a requester points to some record or document indicating "that as yet

uncovered documents may exist [that would] not undermine the finding that the

agency conducted a reasonable search for them."  *Steinberg*, 23 F.3d at 552.

Moreover, if a requested document indisputably exists or once existed, summary

judgment is not generally defeated by an unsuccessful search for the document, so

long as the search was diligent.  *See Twist v. Gonzales*, 171 F. App'x 855, 855 (D.C.

Cir. 2005) (ruling that failure to locate specific documents does not render search

3

inadequate or demonstrate that search was conducted in bad faith); *Nation Magazine*, 71 F.3d at 892 n.7 ("Of course, failure to turn up [a specified] document does not alone render the search inadequate.").  Agencies are not required by law to "document the fate of documents it cannot find."  *Roberts v. Department of Justice*, 1995 WL 356320, *1, *2 (D.D.C. Jan. 28, 1993); *Whitfield v. Department of Treasury*, 255 F. App'x 533, 534 (D.C. Cir. 2007) (*per curiam*) ("[T]he agency's failure to turn up specific documents does not undermine the determination that the agency conducted an adequate search for the requested records."); Miller, 779 F.2d at 1385 ("Thus, the Department is not required by the Act to account for documents which the requester has in some way identified if it has made a diligent search for those documents in places in which they might be expected to be found.")

Here, FBI conducted a reasonable search for records responsive to plaintiffs' FOIA request.  As noted in the First and Fourth Hardy Declarations, FBI conducted several searches for responsive records [Docs. 23-1 and 61-3].  Specifically, paragraphs 16 – 27 of the First Hardy Declaration provide a detailed description of its search efforts in locating responsive records.  Additionally, paragraph 7 of the Fourth Declaration of David M. Hardy describes an additional audit of the responsive case file to ensure the FBI had processed any and all responsive records in the case file in its possession that were not previously produced.

As a result of these searches, the FBI located a total of three DVDs and two audio CDs, in addition to well over a thousand responsive pages.  The responsive pages have been either released in full or in part to plaintiffs, or have been logged

4

on the FBI's Vaughn Index of withheld in full documents.  The three DVDs and two audio CDs have also been processed and released either to plaintiffs or to the state court magistrate as ordered by this Court.  As of November 12, 2015, the FBI had processed and accounted for all responsive documents it had located after exercising its due diligence in conducting a good faith search for responsive records.

On November 16, 2015, plaintiffs filed Plaintiffs' Objections to Defendant Agencies' Non-Compliance and Expedited Motion for Immediate Compliance (hereinafter, "Objections") in which, among other things, plaintiffs listed 8 categories of documents they contend to be "missing or unaccounted for."  In a good faith effort to locate the documents specifically identified by plaintiff, FBI expanded its search for responsive records by searching an evidence control room.  While evidence is not normally subject to FOIA searches, the FBI decided to search the evidence in a good faith effort to locate the documents identified in the Objections.    During this search, FBI located DVDs of the video file identified in category "a" of the Objections, and the audio files identified in categories "b" and "c."  FBI is diligently working on processing these DVDs, and in a good faith effort should have them completed by the November 30th court deadline.

Additionally, on August 4, 2015, FBI sent a letter to the Office of the State Attorney noting that it was the understanding of FBI that the Office of the State Attorney was in possession of FBI documents related to FBI's criminal investigation of potential federal crimes associated with a video recording of Terry Gene Bollea (a/k/a Hulk Hogan) [Doc. 66-1, pp. 6-7 of 9].  The documents "included, but were not

necessarily limited to, eighteen (18) FD-302s and the corresponding attachments generated in the course of the [FBI] investigation."  FBI requested that the Office of the State Attorney "return all copies of these communications as soon as practicable."  FBI further requested notification if any FBI information was further disseminated or shared so that it could take steps necessary to retrieve and/or protect such information.

By letter dated August 5, 2015, the Office of the State Attorney acknowledged that FBI's August 4, 2015 letter had requested that it "return all copies in its possession of any Federal Bureau of Investigation (FBI) documents loaned to the Tampa Police Department pertaining to the FBI's investigation of potential federal crimes associated with the video recording of Terry Gene Bollea (a/k/a Hulk Hogan)."  [Doc. 66-1, p. 8 of 9].  In response to that request, the Office of the State Attorney enclosed all copies of the documents in its possession, which comprised 408 pages.  These 408 pages of documents were processed and released to plaintiffs' in August 2015.

Subsequently, via letter dated November 18, 2015, the Office of the State Attorney sent a letter to FBI again acknowledging that in FBI's August 4, 2015 letter, FBI had "requested that the State Attorney's Office return all copies in its possession of any [FBI] documents loaned to the Tampa Police Department pertaining to the FBI's investigation of potential federal crimes associated with the video recording of Terry Gene Bollea (a/k/a Hulk Hogan)."   The letter further read in relevant part:

> On August 5, 2015, I returned to you the documents in our
> possession that fell under your request, and indicated that I

6

was returning all documents in our possession that we believe were provided to the Tampa Police Department by the FBI.  While we responded to your request in good faith, I have been advised that we still had possession of documents that fell under your request and should have been included with documents that were returned on August 4, 2015.  These records include additional FBI reports and attachments.  Enclosed, please find the additional records that were provided to the Tampa Police Department by the FBI which were recalled by your agency.  I apologize for the inadvertent omission.

The letter enclosed 491 pages of documents.  These documents are largely duplicative of pages previously released to plaintiffs, but FBI has processed the 491 pages and will be releasing them to plaintiffs.

Also enclosed with the Office of the State Attorney's November 18 letter was a copy of the video of the December 14, 2012 operation.  However, there are technical issues with this copy.  As such the FBI is processing only the copy of the December 14, 2012 video recording that was located in the FBI evidence room (discussed above).

As for the EOUSA, it has filed a declaration stating that the universe of documents responsive to plaintiffs' FOIA request comprises sixty-three pages.  [Doc. 81, ¶ 5].  Of those, thirty-eight were withheld in full, fourteen were partially redacted and eleven were released in full.  The EOUSA is not in possession of any additional documents or records responsive to plaintiff's FOIA request or the categories of documents listed in their Objections.

## <u>CONCLUSION</u>

Based on the foregoing, defendants respectfully request that this Court reject

plaintiffs' objections and deny their expedited motion for immediate compliance.

<div style="margin-left:40%">

**A. LEE BENTLEY, III**
United States Attorney

Respectfully submitted,

By:  <u>*s/ E. Kenneth Stegeby*</u>
      **E. KENNETH STEGEBY**
Esquire Assistant U.S.
Attorney
USAO No. 112
400 North Tampa Street, Ste. 3200
Tampa, Florida 33602
Telephone:  (813) 274-6087
Facsimile:  (813) 274-6198
Email: kenneth.stegeby@usdoj.gov
*Attorney for Defendant*

</div>

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alia L. Smith
Gregg Darrow Thomas
Patrick Kabat
Rachel E. Fugate
Seth D. Berlin
*Plaintiffs' Counsel*

<u> s/E. Kenneth Stegeby </u>
E. Kenneth Stegeby

9