UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D.
THOMAS,

        Plaintiffs,

                                Case No.:  8:15-cv-01202-SCB-EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS

        Defendants.

_____/

## PLAINTIFFS' SECOND NOTICE OF NON-COMPLIANCE AND EMERGENCY MOTION FOR IMMEDIATE COMPLIANCE

Compliance with court orders is not optional.  Nevertheless, the FBI has violated this Court's orders, including those dated October 30, 2015 (Dkt. 72), November 4, 2015 (Dkt. 75), and November 17, 2015 (Dkt. 83), by, among other things, failing to produce the vast majority of documents that this Court ordered it to produce in unredacted form by November 30, 2015, as further described below.  Consistent with this Court's order setting that November 30 deadline, **the state court set a December 10, 2015 deadline** for Gawker to identify additional witnesses based on the responses to its FOIA requests.  Gawker therefore respectfully moves this Court for an order directing full compliance by **noon on December 7, 2015**.

## MEMORANDUM OF LAW

1.      On November 4, 2015, this Court ordered the FBI to produce to Gawker certain unredacted documents that it had previously produced in redacted form.  Specifically, the FBI was to unredact all references to Keith Davidson, Bubba Clem, Mr. Clem's attorneys, Heather Clem's attorneys, Sara Sweeney, Robert Mosakowski, Jason Shearn, Harvey Levin, Mike Walters, Howard Stern, K.C. Rosser, and any nicknames for Bollea.  *See Gawker Media, LLC v.*

*FBI*, --- F. Supp. 3d ----, 2015 WL 6736800, at *9 (M.D. Fla. Nov. 4, 2015) (Dkt. 75 at 20) (FBI "shall unredact those names from the documents").

2.      On November 17, 2015, this Court ordered the FBI to produce such documents by November 30, 2015.  Dkt. No. 83.  The Court also ordered the FBI and EOUSA to respond to objections filed by Gawker identifying categories of "missing or unaccounted for" documents that were specifically referenced in other documents, directing the agencies to "address *each category* listed as a-h on page 4 of [Gawker's] Objection."  *Id.* at 2 (emphasis added).

3.      The state court issued a pretrial order on November 19, 2015.  That order set a deadline of December 10, 2015 for Gawker to identify additional witnesses based on the responses to the FOIA Requests.  *See* Ex. 1 at 3 n.1.

4.      On November 30, 2015, the FBI produced a disk of documents to Gawker.  The transmittal letter asserted that "the enclosed documents contain the previously processed pages with the un-redacted specific names mentioned in the [November 4] order."  Ex. 2 at 2.  The FBI's letter also stated that it was providing a supplemental production of 546 pages.  Ex. 2 at 1.[1]

5.      The FBI's latest production fails to comply with the Court's various orders in a number of respects:

---

[1] As the Court knows, Gawker submitted the FOIA requests in November 2014 and, after seven months of repeated efforts to secure the records, filed this action.  This Court initially directed the FBI to produce all non-exempt documents by June 26, 2015.  Dkt. 31.  After that deadline passed and the FBI had not complied, the agency sought additional time, including 30 days to produce five audio files.  Dkt. 35-1 at 7; *see also* Dkt. 23-1 at 13 (FBI request for 90 days to produce documents and 120 days to prepare *Vaughn* index).  After receiving a more modest extension, Dkt. 36, the FBI certified under oath that all responsive non-exempt records had been produced, Dkt. 37-1 at 24.  Despite that sworn representation, the FBI then advised in mid-August that it had located 400-plus additional pages.  Dkt. 61-3 at 5.  After producing them, the FBI again certified under oath that its production was complete.  Dkt. 79 at 4.  Despite that second sworn representation, the FBI later advised that it had located another 500-plus pages, making a third production on November 30.  As discussed herein, in addition to failing to provide previously-produced records in unredacted form, that production, too, was incomplete.

a.   First and most disturbingly, the FBI's disk did not in fact include unredacted versions of virtually any of the previously-produced documents.  It omitted the documents bates-labeled GAWKER 1 through 927, 1041 through 1078 (first production), 1041 through 1078 (second production – as the Court may recall, the FBI re-used these bates numbers), 1078 through 1373, and 1386 through 1442.  This represents the vast majority of the FBI's first two productions.  There are literally hundreds of pages that clearly include the names of Keith Davidson, Bubba Clem, Jason Shearn and others ordered unredacted by the Court, that the FBI failed to produce in unredacted form as ordered.

b.   Second, the documents that the FBI did provide continued the FBI's prior practice of using slip sheets for duplicates, even though the Court ordered the production of all documents, *including duplicates*.  *See* Oct. 30, 2015 Order (Dkt. 72) at ¶ 6.

c.   Third, with respect to the new production of documents, the FBI's transmittal letter (Ex. 2) represents that 546 pages were being produced, but the FBI produced only 490 pages (GAWKER 1449-1939).  The remaining 56 pages are unaccounted for.

d.   Fourth, even had the FBI produced all 546 pages (which it did not), its transmittal letter indicates that 37 pages from the latest production have been withheld in full based on the two privacy exemptions.  The Court ordered a *Vaughn* index for all documents withheld, including newly-located documents.  See Oct. 30, 2015 Order (Dkt. 72) at ¶ 2.  But, the FBI has provided no *Vaughn* index with this latest production, and has not, to Gawker's knowledge, provided the Court with an unredacted set of the new documents produced in redacted form or the new documents withheld in full.

e.   Fifth, certain documents identified in Gawker's objections, *see* Dkt. 82 ¶ 5.h. & Ex. A ¶ 4 ("category h"), are documents that have been bates numbered by the FBI, but were

3

neither produced *nor* indexed, and remain unaccounted for.[2]

6.      On November 30, 2015, the Agencies also filed a response to Gawker's Objections.  Dkt. 84.  That response addressed categories a through c, and, despite the FBI's prior sworn representations that it had previously produced all responsive, non-exempt documents, *see* note 1 *supra*, it produced the video file and two audio files enumerated in categories a, b and c.  *Id.* at 5.  The Agencies' response did not, however, address categories d through h.  (The FBI's efforts to re-litigate the question of the adequacy of its search with respect to those categories should be rejected, particularly given the history of five evolving declarations, from a person without personal knowledge (David Hardy), who has repeatedly contended that all documents had been produced only to later produce hundreds of additional documents – including documents readily found in the agency's own investigative files.)

7.      Gawker therefore respectfully requests an order directing the FBI to comply immediately with the Court's prior orders.  Given the state court deadline and the FBI's long history in this action of simply ignoring deadlines set by the Court, *see* note 1 *supra*; *see also* Dkts. 50 & 61-62 (disregarding summary judgment deadlines), such an order is warranted.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3.01(g)

8.      In light of these serious issues, and the state court deadline of December 10, counsel for Gawker emailed counsel for the FBI on December 1, 2015, asking for immediate compliance with the Court's orders.  *See* Ex. 3.  Counsel for the FBI replied by email: "I have

---

[2] As Gawker received the latest production late on November 30, 2015, its review – including to determine whether the documents were properly unredacted as ordered and whether additional documents are missing – is ongoing.  Given the deadlines in the state court case, Gawker has filed this emergency motion now to address the FBI's wholesale failure to comply. While Gawker intends to address informally any issues it identifies with individual documents (as it has done throughout this process), Gawker does not intend to waive its right to challenge other deficiencies in the production not specifically identified herein.

not received an affirmative answer regarding whether FBI will be able to produce the requested documents by the end of the week.  They simply said they will look into it."  Ex. 4.

## **CONCLUSION**

For the foregoing reasons, Gawker respectfully requests that this Court grant its emergency motion for compliance with the Court's prior orders, and to order full compliance by **noon on December 7, 2015**, including (a) complete production of all documents requiring un-redacted names, (b) no use of "duplicate" slip sheets, (c) complete production of the 546 pages recited in the FBI's transmittal letter for its most recent production (or a sworn explanation from a person with knowledge for the production of only 490 pages), (d) a *Vaughn* index for documents withheld from the FBI's most recent production, (e) the production of the documents from the second (mid-August) production that have been numbered, not indexed and not produced, and (f) a response to categories d through h of Gawker's Objections (including because the exercise of responding to categories a through c yielded the production of additional previously-undisclosed materials).

Dated:  December 2, 2015

Seth D. Berlin (pro hac vice)
Alia L. Smith (pro hac vice)
Patrick Kabat (pro hac vice)
LEVINE SULLIVAN KOCH
  & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Tel.: (202) 508-1122; Fax: (202) 861-9888
sberlin@lskslaw.com
asmith@lskslaw.com
pkabat@lskslaw.com

Respectfully submitted,

THOMAS & LOCICERO PL

By:   */s/ Gregg D. Thomas*
        Gregg D. Thomas
        Florida Bar No.: 223913
        Rachel E. Fugate
        Florida Bar No.: 0144029
601 South Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Tel.: (813) 984-3060; Fax: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

*Counsel for Plaintiffs*

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of December 2015 a true and correct copy of

the foregoing is being electronically filed and served via CM/ECF on the following:

Kenneth Stegeby
Office of the United States Attorney for the Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Kenneth.Stegeby@usdoj.gov

*Counsel for Defendants*

_____*/s Gregg D. Thomas*_____
Attorney