# EXHIBIT 1
## to
## PLAINTIFFS' SECOND NOTICE OF NON-COMPLIANCE AND EMERGENCY MOTION FOR IMMEDIATE COMPLIANCE

IN THE CIRCUIT COURT IN AND FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

---

**CASE NO. 12 012447 CI 11**
**UCN:  522012CA012447XXCICI**

**TERRY GENE BOLLEA,** professionally known as HULK HOGAN,

    Plaintiff,

v.

**GAWKER MEDIA, LLC a/k/a GAWKER MEDIA;**
**NICK DENTON; and A.J. DAULERIO,**

    Defendants.

---

**SECOND ORDER SETTING JURY TRIAL**
**& PRETRIAL CONFERENCE**
*(15 Days - Negligence)*
*(Con't from 7/6/15)*

---

**Pretrial Date:  9:00 a.m., Wednesday,   FEBRUARY 17, 2016**
**Pretrial Location:  3rd Floor, Courtroom E**

**Jury Trial Date:  9:00 a.m., Monday   MARCH 7, 2016        (3 Week Docket)**

**Appear for Calendar Call for Trial to:  4th Floor, Courtroom B**

**Judge Pamela A.M. Campbell**
**St. Petersburg Judicial Building**
**545 First Avenue North, Room 300**
**St. Petersburg, Florida 33701**

---

    I hereby certify that a conformed copies of the Second Order Setting Jury Trial and Pretrial Conference, proposed Uniform Pretrial Conference Order, Notice to Expert Witnesses, Section 11 Standing Trial Procedures have been furnished by **email** to the below listed individuals on November 19, 2015.

Copies to :
See Attached Service List

**ORIGINAL SIGNED**
**Circuit Court**
**Pinellas County, Florida**

**NOVEMBER 19, 2015**

**Teresa M.O. McCreary**
**Judicial Assistant to**
**Pamela A.M. Campbell**
**Circuit Judge**

_____
Teresa M.O. McCreary
Judicial Assistant to
Pamela A.M. Campbell, Circuit Judge

## ORDER SETTING PRE-TRIAL CONFERENCE AND JURY TRIAL

**THIS CAUSE** being at issue and the Court being otherwise fully advised in the premises, it is hereby

**ORDERED**  as follows:

## PRE-TRIAL CONFERENCE

1.  A **PRE-TRIAL CONFERENCE** shall be held as noticed on the preceding page.

## JURY TRIAL

2.  A **JURY TRIAL** shall be held as noticed on the preceding page.

## CASE MANAGEMENT AND CONFERENCES

3.  Case Management and Status Conferences shall be held as follows (all to be held in Courtroom E, 3rd Floor):

- **October 28, 2015      9:30 – 12:00**
- **November 18, 2015     3:00 – 4:30**
- **January 13, 2015      9:00 - 4:00**
- **February 17, 2016     9:00 – 4:00 (Also Pretrial)**
- **February 26, 2016     9:00 – 4:00**
- **March 4, 2016         9:00 – 4:00**

## JURY SELECTION

4.  Jury Selection shall be conducted on special set dates as follows:

- **March 1, 2016     8:30 – 4:00     (Courtroom M, 1st Floor)**
- **March 2, 2016     8:30 – 4:00     (Courtroom A, 4th Floor)**
- **March 3, 2016     8:30 – 4:00     (Courtroom A, 4th Floor)**

## <u>WITNESS & EXHIBIT DISCLOSURES</u>

5.  The parties previously filed and served their final **WITNESS LISTS**; including all lay witnesses who are expected to testify at trial, for substantive, corroborative, impeachment and rebuttal purposes.  With the exception of additional witnesses identified by the parties based upon the "FOIA Requests" (defined in Footnote 2), lay witnesses not identified in the parties' previously filed witness lists may not provide testimony at trial, unless upon stipulation of all parties or as allowed by order of Court **at or before** the Pretrial Conference for good cause shown.[1]

6.  The parties previously filed and served their **EXHIBIT LISTS** for trial. However, additional discovery and investigation is currently being conducted, as set forth in Paragraphs 11-14 below, and additional events have transpired since the parties filed their original Exhibit Lists for trial on June 8, 2015, which may result in the need for the parties to identify additional exhibits. Accordingly, no later than **January 14, 2016**, counsel for all parties, and any unrepresented party, shall serve opposing counsel and any unrepresented party and **file directly** with the clerk an updated list of all exhibits which are expected to be admitted at trial whether for substantive, demonstrative, corroborative, impeachment or rebuttal purposes.  No later than **January 22, 2016**, the parties shall serve and **file directly** with the clerk supplemental exhibit lists, identifying any additional exhibits which are expected to be admitted at trial based upon the updated exhibits identified in the parties' January 14, 2016 Exhibit Lists.  The exhibits on these lists shall use the same exhibit numbers that were on the previously filed exhibit lists, and any new exhibits should be given a new exhibit number, continuing from the last exhibit listed on the previously filed lists.

---

[1] The witness list previously filed by the Defendants noted that they expect to call witnesses identified in documents produced by the federal government in response to requests made pursuant to the Freedom of Information Act and this Court's order dated February 26, 2014 (affirming the Report and Recommendation dated February 5, 2014) and the order entered by the Second District Court of Appeal on August 15, 2014, which are the subject of *Gawker Media, LLC v. FBI*, Case No. 8:15-cv-01202-SCB-EAJ (M.D. Fla.).  (The requests are referred to hereinafter as the "FOIA Requests.")  Notwithstanding Paragraph 5, the Defendants will be permitted to call such witnesses provided that they are identified by name and address in an amended witness list which must be served on Plaintiff's counsel and **filed directly** with the clerk no later than **December 10, 2015**.  No later than **December 18, 2015**, Plaintiff may serve on Defendants' counsel and **file directly** with the clerk an amended witness list identifying by name and address any additional witnesses he wishes to call at trial based on the witnesses identified in Defendants' amended witness list and the FOIA Requests.

7.  The parties previously served on each other copies of all exhibits, other than demonstrative exhibits, that each party identified in their Exhibit Lists.  If the parties identify additional non-demonstrative exhibits they intend to use at trial which have not been previously served, they shall serve copies of all such exhibits on each other contemporaneously with the Exhibit Lists identified in paragraph 6 above**.**  These additional exhibits may be delivered via disk, flash drive, or other electronic means.  These additional exhibits shall not be filed with the Clerk.  (The parties shall exchange copies of demonstrative aids intended for use during opening statements prior to trial, and no later than **March 1, 2016.**)

8.  Counsel for the parties have agreed to meet and confer with one another by no later than **January 29, 2016** to try to reach a stipulation as to any exhibits which will be admitted at trial, as well as to reduce the number of exhibits identified in the parties' Exhibit Lists.  The parties should take into account the Court's rulings and statements at the July 1, 2015 hearing in trying to reach an agreement on the admissibility and reduction in the number of trial exhibits.  The parties shall file and serve a list of any exhibits that they stipulate will be introduced into evidence at trial no later than **February 15, 2016**.  The parties shall also serve their **"FINAL"** Exhibit Lists no later than **February 15, 2016**, based on any agreements reached concerning reducing the number of exhibits at trial.  If the parties disagree about whether a particular exhibit or category of exhibits should be admitted as evidence, they will confer about whether to seek rulings from the Court about the admissibility of such exhibits in advance of the trial.  If the parties agree to seek a pretrial ruling from the Court, the party seeking to use the exhibit(s) shall submit such exhibit(s) to the Court, and each party shall file a position statement about the admissibility of the exhibit(s) on or before **February 12, 2016**.

9.  Witnesses and exhibits which are not listed as described above may provide testimony or be admitted at trial only upon stipulation of all parties or as allowed by order of the Court **at or before** the Pretrial Conference with the exception of experts on financial worth for purposes of punitive damages, as set forth in paragraph 12, below.

## EXPERT WITNESSES

10.    The parties previously disclosed their expert witnesses for trial, and on July 1, 2015, the Court ruled on the parties' respective *Daubert* motions.  No additional expert witnesses may provide testimony unless upon stipulation of all parties or as allowed by order of the Court **at or before** the pre-trial conference; with the exception of experts on the issue of financial worth for purposes of punitive damages, as set forth in paragraph 12, below.

## <u>COMPLETION OF DISCOVERY</u>

11.     The fact discovery deadline was **April 10, 2015**.  Further depositions of lay witnesses and fact discovery shall not be permitted absent Court Order[2] or by stipulation of the parties; with the exception of paragraphs 12-14, below; and the discovery authorized by the Court's October 28, 2015 Amended Order Permitting Limited Discovery on Potential Violation of Protective Order and Appointing Electronic Forensic Expert.

12.     The deadline for depositions of expert witnesses and all expert discovery was **April 13, 2015**.  Further depositions of expert witnesses and expert discovery shall not be permitted absent Court Order or by stipulation of the parties; with the exception that the parties shall be permitted to disclose and conduct depositions of expert witnesses on the issue of financial worth for the purposes of punitive damages, subject to the following:

• No later than **December 11, 2015**, counsel for Plaintiff shall serve opposing counsel and any unrepresented party and **<u>file directly</u>** with the clerk a designation of the name and address of their expert witness expected to testify at trial regarding financial worth for purposes of punitive damages.

• No later than **January 25, 2016**, counsel for Defendants shall serve opposing counsel and **<u>file directly</u>** with the clerk a designation of the name and address of their rebuttal expert witness expected to testify at trial regarding financial worth for purposes of punitive damages.

• In addition to the name and address of their financial worth expert for punitive damages at trial, the parties shall provide to each other no later than the dates of their respective deadlines to designate financial worth experts:

> ➤     the subject matter about which the expert is expected to testify;

> ➤     the substance of the facts and opinions about which the expert is expected to testify;

> ➤     a summary of the grounds for each opinion;

> ➤     a copy of written reports issued by the expert regarding this case;

---

[2] On October 9, 2015, Plaintiff filed a Motion to Compel relating to Financial Worth Requests for Production and additional depositions; which is schedule to be heard on November 18, 2015.

> ➤ a copy of the expert's curriculum vitae, as well as citations to all cases in which the person has testified at any deposition, hearing or trial as an expert, going back three years;

> ➤ the scope of the expert's employment in the pending case and the compensation for such service;

> ➤ the expert's general litigation experience as an expert, including the percentage of work performed for plaintiffs and defendants;

> ➤ an approximation of an expert's involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of income derived from serving as an expert witness; however, the parties shall not be required to disclose the expert's earnings as an expert witness or income derived from other services, except to note the expert's compensation for his/her service in this case as noted above;

> ➤ a list of all documents relied upon by the expert in forming his/her opinions (including bates-numbers for documents previously produced in this litigation), and copies of any of those documents that are not pleadings in this case, transcripts of deposition testimony taken in this case, or documents previously produced by a party in this case; and

> ➤ three (3) potential dates during the weeks of January 25-29, 2016 and February 1-5, 2016, when the party's financial worth expert is available for deposition.

• All depositions of financial worth expert witnesses must be completed no later than **February 5, 2016**.

• Pursuant to Fla. R. Civ. P. 1.280(b)(4)(c), the party taking the expert's deposition shall pay the expert a reasonable fee for the time spent in attending the deposition; such payment to be made immediately upon completion of the deposition.

13. Defendants shall be permitted to finish obtaining documents and materials from the U.S. Government pursuant to the FOIA Requests. Any delay in obtaining these materials or, relatedly, being able to identify witnesses as contemplated in Footnote 2 shall be brought to this Court's attention **in writing** promptly upon discovering the delay. The parties shall be permitted to conduct depositions of any witnesses identified in Amended Witness Lists identified in Footnote 2 above; as well as depositions of any witnesses

necessary to establish the foundation and/or authenticity of additional exhibits identified in the parties' updated Exhibit Lists based on the FOIA Requests. This limited discovery associated with witnesses and documents arising out of the FOIA Requests must be completed no later than **January 22, 2016,** unless otherwise agreed by the parties or permitted by the Court.

14.    At the hearing on July 1, 2015, this Court ruled that Defendants could call a corporate representative of MindGeek as a witness at trial.  If the parties are unable to reach a stipulation that would avoid the need to call MindGeek at trial, the Defendants shall identify a corporate designee who will testify on behalf of MindGeek by **December 1, 2015**, and at that time provide Plaintiff's counsel with no less than three (3) potential dates for the deposition of MindGeek's designated corporate representative; which deposition must be completed no later than **January 22, 2016**.

15.    Unavailability of hearing times on motions prior to the Pre-Trial Conference shall not be grounds for extension of deadlines or continuation of the Pre-Trial Conference or Trial, absent exceptional circumstances, as determined by the Court.

## SUMMARY JUDGMENT

16.    The deadline for filing summary judgment passed, and the Court ruled on Defendants' summary judgment motions.  Accordingly, no additional summary judgment motions shall be filed or heard.

## DEPOSITION DESIGNATIONS

17.  The parties previously served designations of depositions, and counter-designations.  Nevertheless, each party intends to update its designations and counter-designations.

18.  No later than **January 21, 2016**, each party shall serve updated designations of depositions (video or otherwise) each party intends to offer as testimony in their case-in-chief.

19.  No later than **February 8, 2016**, each opposing party shall serve counter designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated.

20.  No later than the Pre-Trial Conference, each party shall serve its objections to counter designations served by an opposing party.

21.  All such objections **must** be resolved prior to the first day of trial or will be considered waived.  Video depositions to be shown at trial must be appropriately edited **prior to trial**.

## MOTIONS

22.    The parties previously filed numerous motions *in limine,* which were heard by the Court on July 1, 2015.  Absent a showing of good cause, the parties are only permitted to file additional motions *in limine* that involve:

- New Exhibits identified by the parties since their original Exhibit Lists were filed on June 8, 2015;

- Evidentiary issues arising from any material produced by the federal government in response to the FOIA Requests; and

- Any ruling on a motion *in limine* made at the July 1, 2015 hearing that was made without prejudice.

In addition, the parties are permitted to file additional briefs (not to exceed five (5) pages each) on the following pending motions *in limine*:

- Defendants' Motion *In Limine* to Preclude Plaintiff from Calling Their Retained Expert Kevin D. Blatt as a Witness;

- Plaintiff's Motion *in Limine* No. 3, relating to Plaintiff's settlement with Bubba The Love Sponge Clem;

- Plaintiff's Motion *in Limine* No. 18, relating to exhibits used at his deposition; and

- To the extent not resolved or addressed through the meet-and-confer between counsel outlined in Paragraph 8, any motion *in limine* upon which the Court deferred ruling at the July 1, 2015 hearing.

Any such motions or briefs shall be filed no later than **January 29, 2016**, and any oppositions thereto shall be filed on or before **February 12, 2016**.  Neither party is permitted to file a reply brief.  All motions *in limine* and any issues arising from the meet-and-confer between counsel, as described in Paragraph 8 above, shall be heard at the Pretrial Conference or the first available case management conference thereafter.

23.  The parties also are permitted to file *Daubert* motions concerning any expert witness, identified pursuant to Paragraph 12 above on the issue of financial worth for the purposes of punitive damages.  Any *Daubert* motion shall be filed no later than **February 15, 2016**, and **any opposition thereto shall be filed on or before February 24, 2016**.  Neither party is permitted to file a reply brief.  All *Daubert* motions shall be heard at the February 26, 2016 case management conference or the first available case management conference thereafter.

24.  All other motions, including any motion by the Defendants under the Florida anti-SLAPP statute or pursuant to their alleged "fraud on the court" defense, as well as Plaintiff's Motion to Strike these defenses, shall be filed in sufficient time to be heard at the Pre-Trial Conference unless good cause exists.  If such good cause exists, the Court will hear such motions at a separate hearing following the Pre-Trial Conference.

25.  All motions *in limine* must relate to specific evidence to be adduced at trial.  The Court will not hear or consider "boiler-plate" motions *in limine*. Examples of "boiler-plate" motions *in limine* are motions seeking the exclusion of "golden rule" arguments in closing, motions seeking to prevent counsel from expressing personal beliefs, etc.  The Court will assume that all trial counsel are aware of the rules of evidence.

## TRIAL WITNESSES

26.  The parties shall, **prior to the Pre-Trial Conference**, contact each witness they will call at trial to determine their availability to appear at trial.

27.  A copy of the Notice titled "Notice Regarding Scheduling of Experts for Trial Testimony" shall be provided to any expert witness subpoenaed as an expert witness for trial, no later than **February 10, 2016**.

## PRE-TRIAL CONFERENCE

28. No later than **three (3) days** before the Pretrial Conference, the parties must submit directly to the Court a joint proposed Pre-Trial Conference Order, using the form provided by the Court.  In the event the parties are unable to agree on any matter in the Pre-Trial Conference Order, they shall leave the matter blank and the Court will resolve the dispute at the Pre-Trial Conference.  **This meeting is mandatory and cannot be waived by agreement of the parties.**

29. The parties are directed to meet together by agreement instigated by counsel for the Plaintiff to draft the proposed Pre-Trial Conference Order, and also:

- Discuss the possibility of settlement;

- Stipulate to as many facts and issues as possible;

- Examine all exhibits;

- Review all video depositions; and

- Complete all other matters which may expedite both the Pre-Trial Conference and the Jury Trial of this case.

30.  The Court will consider all matters as may be appropriate as set forth in Fla. R. Civ. P. 1.200.

31.  At the Pre-Trial Conference, each *pro se* litigant will appear and each represented party will be represented by lead trial counsel or at least one of the attorneys who will participate in the trial and is authorized to make binding decisions.  Any attorney or party having conflicts with the trial date set forth above must provide the Court and opposing counsel/party with written notification of such conflict (including, at a minimum, the court, case number and the date any conflicting trial was set), as soon as practicable but, in no event later than the pre-trial conference.  The Court and opposing counsel shall be provided written notification immediately in the event any such conflicts are resolved.

32.  At the Pre-Trial Conference, counsel and *pro se* litigants shall be prepared to negotiate settlement.  Counsel shall have full authority to make stipulations and to settle the case or have available by telephone, or in person, a party or representative who does have full authority to make stipulations and to settle the case.

## MANDATORY MEETING OF COUNSEL PRIOR TO TRIAL

33.  Counsel and pro se litigants are directed to meet no later than **February 18, 2016**, to:

- Mark all exhibits for identification and prepare an exhibit list for use of the clerk and Court at trial (actual exhibits and documentation evidence shall be available for inspection at this time), listing to the extent practicable the exhibits in the order the parties anticipate using them at trial;

- Admit or not admit items as evidence and list specific objections, if any;

- Stipulate as to any matter of fact and/or law about which there is no issue, to avoid unnecessary proof;

- Review all depositions which are to be offered for any purpose other than impeachment, to resolve objections to the portions to be offered in evidence;

- Discuss the possibility of settlement;

- Submit an itemized statement of special damages plaintiff expects to prove;

- Discuss and complete any other matters which may simplify the issues or aid in the speedy disposition of this action, its pre-trial conference and trial.

34. At the meeting prior to commencement of trial, each party will be represented by one of the attorneys who will participate in the trial and all *pro se* litigants. Such attorney or individual shall be vested with full authority to make all inspections, stipulations, agreements and admissions as described above.

## JURY INSTRUCTIONS

35. No later than **January 21, 2016**, Plaintiff shall provide to the Court a complete set of proposed jury instructions and verdict form(s), with a copy to opposing counsel.

36. No later than **February 12, 2016**, the Defendants shall provide to the Court, with a copy to opposing counsel, of any proposed special instructions or those standard instructions not included in the proposal submitted by Plaintiff, together with any specific objections to the instructions submitted by Plaintiff, as well as a proposed verdict form, if Defendants object to Plaintiff's proposed form.

37. At the hearing on **February 26, 2016**, the Court will hear argument on the proposed instructions and verdict forms, and render a decision on the instructions and verdict form to be used at trial.

38. All instructions submitted to the Court shall be by email or by disc or flash-drive and shall be in Microsoft Word format. All instructions shall be in a form suitable for submission to the jury and, in the case of standard instructions, shall bear the number and title assigned in the standard instructions approved by the Florida Supreme Court. The jury instructions electronically submitted to the Court are for purposes of permitting the Court to provide the jury with written instructions for their use during deliberations and should be "clean," *i.e.,* they should make no reference to the party submitting the instructions or citations to supporting authority. All instructions shall be submitted with one jury instruction per page. Each page shall be numbered. These requirements are completely separate from anything the parties intend to submit to the Clerk for purposes of any appellate record.

39. Nothing herein shall foreclose the right of each party to seek to modify instructions up to and including the instruction conference at the close of evidence.

## **TRIAL**

40. The parties shall be prepared to discuss the time required and the methodology to be used for voir dire at the **January 13, 2016** case management conference; keeping in mind that voir dire is for selection of a fair and impartial jury, not for argument or "conditioning" the jurors.

41. No later than **December 18, 2015**, the parties shall exchange proposed jury questionnaires. Counsel for the parties shall meet and confer (in person or by telephone) no later than **January 8, 2016** to try to reach an agreement upon a jury questionnaire. If the parties are able to agree, they shall file a stipulated questionnaire with the clerk no later than **January 12, 2016**. If the parties are unable to agree, they shall present their proposed questionnaires to the Court at the **January 13, 2016** Case Status Conference for discussion and a decision by the Court on the questionnaire to be used.

42. Once the final jury questionnaire has been approved by the Court, the parties have agreed to equally share the cost of preparing and printing the questionnaire and providing the clerk with three hundred (300) copies of the questionnaire, clipboards and pens to be provided to the jury pool. These materials shall be provided to the clerk no later than **February 5, 2016**.

43. Each side shall have **60 minutes** to present its **opening statement**.

44. Each side shall have **90 minutes** to present its **closing argument**.

## **NOTICE OF SETTLEMENT**

45. Counsel and *pro se* litigants shall immediately provide **written** notification to the Court in the event of settlement, and promptly submit a stipulation for an order of dismissal and a final disposition form. Failure to provide **written** notification of settlement to the court may result in sanctions against parties and/or counsel, including but not limited to fines equal to the expense incurred in summoning a jury, when a trial is not conducted.

## **SANCTIONS**

46. Failure to comply with the requirements of this Order shall subject counsel and *pro se* litigants to such sanctions as the Court shall determine just and proper under the circumstances. Such sanctions may include, but are not limited to, striking of pleadings, dismissal of case and monetary sanctions.

47. PLEASE REVIEW THIS ORDER TO SEE THAT IT HAS BEEN SENT TO ALL PROPER PARTIES/COUNSEL, AT PROPER ADDRESSES.  FAILURE TO IMMEDIATELY NOTIFY THE COURT OF ANY ERRORS MAY RESULT IN REMOVAL FROM THE TRIAL CALENDAR, ALONG WITH POSSIBLE SANCTIONS.

**ORDERED** in Pinellas County, Florida on November 19, 2015.

ORIGINAL SIGNED
Circuit Court
Pinellas County, Florida

NOVEMBER 19, 2015

Pamela A.M. Campbell
Circuit Court Judge

Pamela A.M. Campbell
Circuit Judge

Copies furnished to:
Attached Service List

**BOLLEA v. GAWKER**

Case No:  12 012447 CI 11

**Attorney Service List**

| | |
|---|---|
| Alia L. Smith, Esquire | asmith@lskslaw.com |
| Allison M. Steele, Esquire | asteele@rahdertlaw.com |
| Barry A. Cohen, Esquire | bcohen@tampalawfirm.com |
| Charles D. Tobin, Esquire | charles.tobin@hklaw.com |
| Charles J. Harder, Esquire | charder@hmafirm.com |
| David R. Houston, Esquire | dhouston@houstonatlaw.com |
| Douglas E. Mirell, Esquire | dmirell@hmafirm.com |
| Gregg D. Thomas, Esquire | gthomas@tlolawfirm.com |
| Jennifer J. McGrath, Esquire | jmcgrath@hmafirm.com |
| Kenneth G. Turkel, Esquire | kturkel@bajocuva.com |
| Michael Berry, Esquire | mberry@lskslaw.com |
| Michael D. Sullivan, Esquire | msullivan@lskslaw.com |
| Michael W. Gaines, Esquire | mgaines@tampalawfirm.com |
| Paul J. Safier, Esquire | psafier@lskslaw.com |
| Rachel E. Fugate, Esquire | rfugate@tlolawfirm.com |
| Seth D. Berlin, Esquire | sberlin@lskslaw.com |
| Shane B. Vogt, Esquire | svogt@bajocuva.com |
| Terri DeLeo | teri.deleo@bajocuva.com |
| Timothy J. Conner, Esquire | timothy.conner@hklaw.com |
| | |
| | |
| James Case | jamescase@aol.com |
| | |
| Ayala Santiago | Santiago@atxforensics.com ray@atxforensics.com |