# EXHIBIT 3
## to
## PLAINTIFFS' SECOND NOTICE OF NON-COMPLIANCE AND EMERGENCY MOTION FOR IMMEDIATE COMPLIANCE

| | |
|---|---|
| **From:** | Seth Berlin |
| **Sent:** | Tuesday, December 01, 2015 4:35 PM |
| **To:** | kenneth.stegeby@usdoj.gov |
| **Cc:** | Seth Berlin; gthomas@tlolawfirm.com; Rachel E. Fugate; Alia Smith; Patrick Kabat |
| **Subject:** | Gawker v. FBI -- Significant Production Issues |
| **Importance:** | High |

Kenneth,

We have now had an opportunity to review the FBI's production from yesterday.  The FBI has not produced significant portions of what is required.  Specifically:

1. The FBI has not produced unredacted versions of the vast majority of previously-produced documents, including GAWKER-1-927, 1041 through 1078 (first production), 1041 through 1078 (second production – recall that these numbers were re-used), 1078 through 1373, and 1386 through 1442.  This represents most of the first two productions.  There are literally hundreds of pages that include Davidson, Bubba Clem, Jason Shearn and others ordered unredacted by the Court, that simply have not been produced in unredacted form as ordered.

2. The FBI production of re-processed unredacted versions continues to use slip sheets for duplicates, even though the Court ordered the production of all documents, including duplicates.  See Oct. 310, 2015 Order (Dkt. 72), ¶ 6.

3. The FBI's cover letter reports that it is releasing 546 new documents recently provided by the Tampa Police Department, but produced only 490 pages (Gawker 1449-1939, as reflected in the note at the end of the letter and in the documents themselves).   Even by the FBI's own counting, we are missing 56 documents.

4. The FBI's cover letter appears to indicate that 37 pages from the November 25 production have been withheld in full based on the two privacy exemptions.  The Court required a *Vaughn* index for all documents withheld in full, including newly-located documents.  *See* Oct. 30, 2015 Order (Dkt. 72) ¶ 2.  No *Vaughn* index has been provided or filed, as required.  We also assume that the Court will want an unredacted set of both the new documents and the new documents withheld in full.

5. Certain documents identified in our last objections, *see* Dkt. 82 ¶ 5.h. & Ex. A ¶ 4, are documents that have been numbered, but were neither produced NOR indexed.  This is unrelated to the adequacy of the FBI's search since these are documents that were actually identified, but have not been accounted for.

6. Our review of the documents that were produced is ongoing, including to determine whether the redactions were properly removed as ordered by the Court.  In that vein, we note that among the groups of re-processed documents that were produced, there are a number of documents missing.  We reserve our rights in this regard.

As I have discussed with you, although we have patiently worked with you over the past six months, we are under a December 10 deadline in the state court, so I must insist on immediate compliance with the Court's orders.  We will require full compliance by the close of business on December 4.  Please consult with your client and confirm to us in writing by the close of business today that the FBI will do so.  If I do not have that in writing today, we will seek emergency relief in the Court tomorrow morning.  Should you wish to discuss the above, please do not hesitate to contact me.  Thank you.

Seth

Seth D. Berlin



1899 L Street, NW
Suite 200
Washington, DC 20036
(202) 508-1122 | Phone
(202) 861-9888 | Fax
www.lskslaw.com