UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC, and
GREGG D. THOMAS,

              Plaintiffs,                        CASE NO.: 8:15-cv-1202-T-24EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS,

              Defendants,

vs.

TERRY GENE BOLLEA professionally known as
HULK HOGAN,

              Intervenor Defendant.

_____/

## ORDER

The Court has held a hearing on December 8, 2015 on Gawker's Objections and Notices of Noncompliance (Dkts. 82, 85) regarding Defendants' production of documents, audio files and videos previously ordered by the Court. Prior to the hearing, the Court ordered Defendants to produce certain unredacted documents, produce duplicates or pages previously produced, to respond to the Objections, and to the extent that Defendants failed to sufficiently respond to a previous Court order, to respond to that Order. Dkts. 83, 86, 87. Defendants responded and produced documents, audio files and a video. Dkts. 84, 90.

The Court is satisfied that Defendants have produced the documents, audio files and videos required to be produced by this Court.  Plaintiffs raised additional issues at the hearing, which the Court will address in turn.

Plaintiffs asked the Court to order Agent Jason Shearn to search his email records from the extortion investigation to determine whether there are any additional responsive materials located within his email that have not yet been produced.  Based on the representation made by the FBI to the Court, all such relevant emails should have been moved and/or copied into the FBI's central records system, which was then searched for materials responsive to Plaintiffs' FOIA request.  The Court declines to require Agent Shearn to engage in an additional search for responsive materials.

At the hearing, Plaintiffs also raised the matter of a recent Tampa Police Department investigation report regarding the alleged Bollea extortion having been released to the public.  Plaintiffs seek to have ten names contained within that report unredacted from the FBI and EOUSA's documents previously turned over to Plaintiffs.  The Court has reviewed the Tampa Police Department report and the documents released by the Office of the Hillsborough County State Attorney.  Based on the Court's previous ruling (Dkt. 75), the Court declines to require that those names be unredacted.  The ten individuals have not been identified in public filings in this Court and have not otherwise publicly identified themselves as being involved in the investigation.  The ten individuals maintain a privacy interest that is not outweighed by the public interest in disclosure.

The Court also declines to establish a procedure for the government in responding to questions and requests from Plaintiffs.  The Court is not in the business of overseeing the manner in which parties communicate with each other.  With that said, the parties should both act in an effort to bring this matter to a prompt resolution.

Finally, Plaintiffs indicated at the hearing that they have addressed the issue of entitlement to and amount of attorneys' fees with Defendants and that both parties are trying to resolve the matter without Court intervention.  The parties are directed to notify the Court **by January 15, 2015** if the matter has not been resolved.  If it has not been resolved, the Court will consider referring the attorneys' fees issue to a mediator.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of December, 2015.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record