IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and
GREGG D. THOMAS,

    Plaintiffs,

v.                                      Case No. 8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE
EXECUTIVE OFFICE OF
UNITED STATES ATTORNEYS,

    Defendants.
_____/

## DEFENDANTS' NOTICE REGARDING ATTORNEYS' FEES

Defendants, the Federal Bureau of Investigation and the Executive Office of United States Attorneys, respectfully file this Notice in response to the Court's December 14, 2015 Order [Doc. 96].

The parties have not been able to reach an agreement regarding the attorneys' fees. As further discussed below, it is defendants' position that case law establishes that attorneys' fees are inappropriate where a party uses the Freedom of Information Act ("FOIA") for commercial benefits and personal interests in defending against other litigation. Nevertheless, defendants have made an offer to plaintiffs, but the offer was rejected.

The FOIA generally authorizes the Court to issue reasonable attorneys' fees to a substantially prevailing party. See 5 U.S.C. § 552(a)(4)(E)(i). The D.C. Circuit

Court has stated that the issue of attorneys' fees comprises two questions. First, is the plaintiff eligible for attorneys' fees, and, second, is the plaintiff entitled to such fees? *See Dorsen v. United States Sec. & Exch. Comm'n*, 15 F. Supp. 3d 112, 116 (D.D.C. 2014) (citations omitted). A plaintiff may successfully answer the first question by showing that it "substantially prevailed" in the FOIA litigation. 5 U.S.C. § 552(a)(4)(E)(i). For purposes of this notice, defendants will not dispute that plaintiffs may be able to answer the first question. However, plaintiffs cannot show that they are entitled to attorneys' fees.

To determine whether a FOIA plaintiff is entitled to attorneys' fees, courts review four factors: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents. *See Dorsen*, 15 F. Supp. 3d at 117 (D.D.C. 2014) (citations omitted). In the present case, as also found by the *Dorsen* court, the public benefit factor does not tilt this case one way or the other. *See Dorsen*, 15 F. Supp. 3d at 122 ("In sum, the public benefit factor neither favors nor disfavors an award of attorneys' fees to Lauer."). Likewise, the fourth factor does not make it more or less likely that an award of attorneys' fees is warranted because, while the Court ordered defendants to remove some redactions, the Court also found that other redactions were properly made. Nonetheless, plaintiffs cannot satisfy factors two or three, so attorneys' fees are not appropriate in this case.

The *Dorsen* court announced that where a FOIA plaintiff may obtain "a

commercial benefit or a personal interest in pursuing litigation, an award of fees is generally inappropriate' because there is already sufficient motivation for the claimant to bring suit without the promise of attorneys' fees." 15 F. Supp. 3d at 122-23 (citations omitted). A plaintiff "stands to gain a commercial benefit when he or she seeks documents that could aid his efforts in ongoing civil litigation." *Dorsen*, 15 F. Supp.3d at 123 (citations omitted). The reason courts do not award attorneys' fees in such cases is that the "[o]ngoing litigation provides sufficient incentive for parties to bring suit under FOIA regardless of whether fees and costs are recovered under the Act." *Id.* (citation omitted).

In *Dorsen*, the defendant successfully argued "that Lauer has a commercial interest in the FOIA litigation because his ultimate goal is to obtain relief from a $63 million judgment against him." *Id.* (citation omitted). The *Dorsen* court also found "[t]he plaintiff's stated motives are primarily commercial and personal interests, thus this factor weighs against an award of attorneys' fees." The situation in the present case is analogous to *Dorsen*. Based on the case law, it is defendants' position that plaintiffs are not entitled to attorneys' fees because plaintiffs' potential commercial benefits and personal interests in the state court case were sufficient motivators for plaintiffs to file the present FOIAA suit. Thus, the second and third factors weigh heavily against an award of attorneys' fees in this case. Nevertheless, defendants did present plaintiffs with an offer, but plaintiffs subsequently rejected defendants' offer.

Plaintiffs have asked that the case be referred to mediation. However,

3

defendants believe the issue of whether plaintiffs are entitled to attorneys' fees is strictly a legal issue.  Mediation would likely not be successful.[1]

                              Respectfully submitted,

                              **A. LEE BENTLEY, III**
                              United States Attorney

                              Respectfully submitted,

By:   s/ E. Kenneth Stegeby
       E. KENNETH STEGEBY, Esq.
       Assistant U.S. Attorney
       USAO No. 112
       400 North Tampa Street, Ste. 3200
       Tampa, Florida 33602
       Telephone:  (813) 274-6087
       Facsimile:     (813) 274-6198
       Email: kenneth.stegeby@usdoj.gov
       *Counsel for Defendants*

---

[1] Contrary to plaintiffs' assertions in paragraph 3, defendants' records show that the parties did in fact communicate regarding the issue of attorneys' fees.  On December 14, 2015, after having reviewed the Court's Order, defendants asked plaintiffs for their demand for attorneys' fees because the January 15, 2016 deadline set by the Court would approach quickly, especially considering the holiday season.  On December 18, plaintiffs informed defendants that they were addressing a computer issue that prevented them from pulling the attorneys' fees from the computer, but that defendants would be getting the fee demand the following Monday, December 21, 2015.  On January 4, 2016, the parties spoke by telephone for 30:52 minutes.  On January 8, 2015, plaintiffs requested a status update, and they were informed by email that same day that defendants were working on a reply to plaintiffs' demand.  After reviewing the applicable case law and holding internal discussions, defendants made its offer on January 15, 2016.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alia L. Smith
Gregg Darrow Thomas
Patrick Kabat
Rachel E. Fugate
Seth D. Berlin
*Plaintiffs' Counsel*

                                              *s/E. Kenneth Stegeby*
                                              E. Kenneth Stegeby