UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC and GREGG D.
THOMAS,

             Plaintiffs,

                                                              Case No.:  8:15-cv-01202-SCB-EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS

             Defendants.
_____/

### PLAINTIFFS' RESPONSE TO DEFENDANTS' "STATUS REPORT"

On January 15, 2016, after Plaintiffs filed their status report with this Court (Dkt. 99), the

Agencies then filed their own "status report" (Dkt. 100).  But it was not so much a "status report"

as a brief on why they should not have to pay attorneys' fees at all, despite (a) Gawker's having

"substantially prevailed," and (b) the Agencies' representation to the Court five weeks ago that

they wanted to "informally resolve" the issue of attorneys' fees, even before trying mediation,

*see, e.g.*, Dkt. 97 (Dec. 8, 2015 Hrg. Tr.) at 59:14-15 (counsel for the Agencies, accompanied

Civil Division Chief and counsel from FBI headquarters, expressing that "in principle, we have

no problems with" referring the fee issue to the magistrate judge if it cannot be informally

resolved).  Because it may bear on how the Court elects to proceed, Plaintiffs respond briefly to

the Agencies' newly-minted contention that no fees are warranted, and the lone authority they

cite for the first time in their "status report" for that proposition.  Dkt. 100 at 2-3 (citing *Dorsen

v. SEC*, 15 F. Supp. 3d 112, 116 (D.D.C. 2014)).

*Dorsen* is wholly inapplicable in this context for two reasons.  First, unlike here, the three

documents obtained by the plaintiff there (shortly after he filed the lawsuit) were "highly

1

particularized" and specific to a private person who was not in the public eye. *Id*. at 114, 125.

This FOIA litigation could not be more different. For the reasons explained in Plaintiffs' prior

briefing, *see, e.g.*, Dkt. 54 at 18-20; Dkt. 65 at 17-19, and recognized by this Court, *see Gawker*

*Media, LLC v. FBI*, --- F. Supp. 3d ----, 2015 WL 6736800 (M.D. Fla. Nov. 4, 2015), there is

clearly a significant public interest in, among other things, the FBI's investigation into the

alleged extortion of Hulk Hogan, the EOUSA's subsequent decision not to prosecute the alleged

extortionist, and the Agencies' rather tortured and evolving responses to Gawker's FOIA

requests and this lawsuit. *Id.* at *7 (noting "the public interest in understanding how its

government makes decisions is present and requires disclosure, especially in this case where the

government chose not to prosecute an alleged extortionist") (Dkt. 75 at 15).

In similar circumstances, numerous courts have not hesitated to award fees even where

the FOIA request benefited the FOIA requestor in other litigation. *See, e.g., Cazales v. DOJ*, 709

F.2d 1051, 1054-55 (5th Cir. 1983) (fee award appropriate despite fact that plaintiff sought

records for use in separate litigation); *Bory v. U.S. Railroad Ret. Bd.*, 2013 WL 5408309, *2-3

(M.D. Fla. Sep. 25, 2013) (awarding fees despite plaintiffs' admission that they sought the

information for "personal use" in connection with administrative proceedings); *Negley v. FBI*,

818 F. Supp. 2d 69, 75-77 (D.D.C. 2011) (awarding fees even though information was for

personal use); *Whalen v. IRS*, 1993 WL 532506, *6 (N.D. Ill. Dec. 20, 1993) (awarding fees

despite plaintiff's litigation interest in documents, including because documents would shed light

on operation of IRS); *Williams v. Dep't of Army*, 1993 WL 372245, *4 (N.D. Cal. Sep. 13, 1993)

(awarding fees despite Agency's argument that "Plaintiff's primary motive in filing this action

was to get information for a lawsuit"); *Landano v. DOJ*, 873 F. Supp. 884, 892 (D.N.J. 1994)

("although [plaintiff] has a strong private interest in the information," fees would be awarded

because "[t]he public clearly benefits from this disclosure since it has an interest in the fair and just administration of the criminal justice system").  In light of numerous authorities such as these, nothing in *Dorsen* would preclude a fee award here.

Second, in *Dorsen*, the court went out of its way to emphasize that the SEC had not been "recalcitrant or obdurate"; indeed, the court never had to adjudicate the merits of the claimed exemptions, because the records were produced shortly after the complaint was filed.  15 F. Supp. 3d at 125.  Here, by contrast, this Court has already held that the Agencies improperly withheld documents, redacted documents, failed to provide adequate *Vaughn* indexes, delayed responses, and otherwise behaved in a manner was "wasting all of our time.  Not just my time, plaintiffs' time."  Dkt. 97 (Dec. 8, 2015 Hrg. Tr.) at 5:3-4; *see also* Dkt. 87 at 1-2 (questioning whether "Defendants are incompetent or intentionally disregarding the Court's Orders").  Because no FOIA requestor, even one involved in other litigation, has an incentive to subject itself to a pattern of such conduct, this is precisely the type of case in which courts have found an award of fees *particularly* appropriate.  *See, e.g.*, *Sikes v. United States*, 987 F. Supp. 2d 1355, 1375 (S.D. Ga. 2013) (awarding fees based in part on "Defendants' inconsistent and varying justifications for withholding the materials requested"); *Negley*, 818 F. Supp. 2d at 77 (awarding fees where "the FBI has stonewalled, has delayed, has repeatedly 'found' responsive documents long after it should have, and on numerous occasions failed to meet its obligation under FOIA," and concluding that "the FBI's conduct 'was exactly the kind of behavior the fee provision was enacted to combat'") (citation omitted); *Whalen*, 1993 WL 532506 at *9 (awarding fees where Agency's compliance was "dilatory").  Indeed, another member of this Court has recently suggested that, in cases where the Agency's conduct has been similarly problematic, the

"reasonableness" of the Agency's response "is a most significant, if not potentially determinative factor, justifying an award of fees and costs." *Bory*, 2013 WL 5408309, at *2-3.[1]

Finally, even were *Dorsen* in any way determinative, the Agencies' suggestion that a dispute over a legal issue precludes mediation and requires contested briefing is also not well-taken. Parties successfully mediate issues all the time, even when they disagree over the law or the facts, provided they are willing to approach the process in the spirit of compromise, as Plaintiffs have communicated they are. We trust that the Agencies will now factor the above authorities into their analysis, and continue to believe that investing a modest amount of time pursuing mediation is in everyone's interest – the parties' *and* the Court's. We respectfully request the Court to refer the matter to mediation, attended by the decision-makers, in the hopes of resolving the one remaining issue in this matter.

 January 19, 2016

Seth D. Berlin (pro hac vice)
Alia L. Smith (pro hac vice)
Patrick Kabat (pro hac vice)
LEVINE SULLIVAN KOCH
  & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, DC 20036
Tel.: (202) 508-1122
Fax: (202) 861-9888
sberlin@lskslaw.com
asmith@lskslaw.com
pkabat@lskslaw.com

Respectfully submitted,

THOMAS & LOCICERO PL

By:   */s/ Gregg D. Thomas*
    Gregg D. Thomas
    Florida Bar No.: 223913
    Rachel E. Fugate
    Florida Bar No.: 0144029
601 South Boulevard
P.O. Box 2602 (33601)
Tampa, FL 33606
Tel.: (813) 984-3060
Fax: (813) 984-3070
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com

*Counsel for Plaintiffs*

---

[1] The Agencies' status report does not meaningfully dispute that this pattern of conduct continued in connection with the fee issue. Although it contends that counsel were in contact with one another, it concedes that the Agencies did not provide a substantive response for close to four weeks, on the morning of the Court's deadline. Dkt. 100 at 4 n.1.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of January 2016 a true and correct copy of

the foregoing is being electronically filed and served via CM/ECF on the following:

Kenneth Stegeby
Office of the United States Attorney for the Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602
Kenneth.Stegeby@usdoj.gov

*Counsel for Defendants*

*/s Gregg D. Thomas*
Attorney
