UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWKER MEDIA, LLC, and
GREGG D. THOMAS,

       Plaintiffs,                          CASE NO.: 8:15-cv-1202-T-24EAJ

vs.

THE FEDERAL BUREAU OF
INVESTIGATION and THE EXECUTIVE
OFFICE OF UNITED STATES ATTORNEYS,

       Defendants,
vs.

TERRY GENE BOLLEA professionally known as
HULK HOGAN,

       Intervenor Defendant.
_____/

**ORDER**

This cause comes before the Court on Gawker's status report (Dkt. 99), the Government's Notice regarding attorneys' fees (Dkt. 100), and Gawker's response to the Government's Notice (Dkt. 101). The parties indicated to the Court at the December 8, 2015 hearing that they had addressed the issue of entitlement to and amount of attorneys' fees and that the parties were trying to resolve the matter without Court intervention. *See* Dkt. 96. The Court directed the parties to notify the Court by January 15, 2015 if the matter has not been resolved. *Id.* If it had not been resolved, the Court indicated that it would consider referring the attorneys' fees issue to a mediator. *Id.*

Gawker indicates in its status report that on December 21, 2015, it transmitted to the Government a lengthy submission detailing its fees incurred in this case. The Government responded and proposed that the FBI would be willing to resolve the fees matter by discounting

Gawker's fee request by 94%.  Dkt. 99.  Based on the Government's offer, Gawker submits that the fees issue will not be resolved without either mediation or litigation.  Gawker prefers that the issue be referred to a mediator.

The Government did not file a status report, but rather a "Notice Regarding Attorneys' Fees."  Dkt. 100.  In the Notice, the Government now contends that Gawker is not entitled to fees because it has used FOIA for commercial benefit and personal interest.  The Government's Notice contains legal argument as to why Gawker is not entitled to attorneys' fees.  Gawker then filed a response to the Notice and argued its entitlement to fees.  Dkt. 101.

It is clear that the matter of entitlement to and amount of attorneys' fees is not going to be resolved by the parties on their own. However the Court questions whether the attorneys' fees issue is ripe for consideration. In order for the attorneys' fees issue to be properly before the Court, there must not be any other outstanding issues.  Gawker indicates that the fees issue is "the one remaining issue in this matter."  Dkt. 101 at 4.  If this is accurate, and if the parties do not object by **Monday, January 25, 2016**, the Court will administratively close the case retaining jurisdiction over the fees issue.

Assuming the parties agree that this case has been resolved except for the issue of entitlement to and amount of attorneys' fees, the Court will decide the issue of Gawker's entitlement to attorney fees.  The Court agrees this is a legal issue to be decided by the Court. The parties may submit additional briefing, if they wish, on the issue of Gawker's entitlement to fees by **Friday, January 29, 2016**.  In the event that the Court finds that Gawker is entitled to fees, the parties shall also indicate by **January 29, 2016** whether they would prefer to have the matter referred to a mediator or to file a motion with the Court regarding the amount of fees.

Magistrate Judge Jenkins is unavailable for mediation in this matter. The Court will either appoint a mediator or direct the parties to agree to a mediator of their choosing.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of January, 2016.

>     Susan C. Bucklew
> SUSAN C. BUCKLEW
> United States District Judge

Copies: Counsel of Record