# EXHIBIT 5

To

PLAINTIFFS' MOTION FOR
<u>AN AWARD OF ATTORNEYS' FEES</u>

IN THE SECOND DISTRICT COURT OF APPEAL
STATE OF FLORIDA

TIMES PUBLISHING COMPANY,
et al.,

                Petitioners,

vs.                                   Case No. 2D15-5044
                                   L.T. Case No. 12012447-CI-011

TERRY GENE BOLLEA,
et al.,

                Respondents.

_____

ON REVIEW FROM THE CIRCUIT COURT FOR
THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

_____

### PETITIONERS' REPLY
      _____

Alison Steele, Florida Bar No. 701106, Rahdert, Steele, Reynolds & Driscoll, P.L., The Alexander Building, 535 Central Avenue, St. Petersburg, FL 33701-3703, Telephone: (727) 823-4191, Facsimile: (727) 823-6189, Email: amnestee@aol.com

Charles D. Tobin, Florida Bar No. 816345, Holland & Knight LLP, 800 17th St., N.W., Suite 1100, Washington, D.C. 20006, Telephone: (202) 955-3000, Facsimile: (202) 955-5564, Email: charles.tobin@hklaw.com

Timothy J. Conner, Florida Bar No. 767580, Holland & Knight LLP, 50 North Laura Street, Suite 3900, Jacksonville, FL 32202, Telephone: (904) 353-2000, Facsimile: (904) 358-1872, E-mail: timothy.conner@hklaw.com

*Attorneys for Times Publishing Company, First Look Media, Inc., WFTS-TV and WPTV-TV, Scripps Media, Inc.,WFTX-TV, Journal Broadcast Group, and The Associated Press*

Pursuant to this Court's Order of December 3, 2015, Times Publishing Company, First Look Media, Inc., WFTS-TV and WPTV-TV, Scripps Media, Inc., WFTX-TV, Journal Broadcast Group, and The Associated Press ("the News Media Petitioners") are joined in this Reply by Amici Curiae The Florida Press Association, The First Amendment Foundation, the Marion B. Brechner First Amendment Project, the National Press Club, the Reporters Committee for Freedom of the Press, and the National Press Photographers Association.

The Responses filed by Respondent Bollea ("Bollea") and the Gawker Defendants ("Gawker") are, in the main, in complete agreement with the Petitioners' and Amici's key points: First, the Florida Constitution Article I, section 24(a) and Florida Supreme Court precedent squarely mandate that Florida court records and proceedings shall be open to the public and to their surrogate, the news media. Second, for each record it seals, a Florida court must specify particular grounds under Florida Rule of Judicial Administration 2.420(c).  Third, the "degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect" the interests identified to support the sealing, and there must be "no less restrictive measures … available to protect the interests."  *See* Fla. R. Jud. Admin. 2.420(c)(9)(B) and (C).  Finally, even Bollea, who argues the sealed documents are all "peripheral" to the litigation, concedes that, as the Florida Supreme Court and this Court have firmly established, "in order

1

to protect our respected system of open courts, litigants cannot have a reasonable expectation of privacy with regard to matters that are inherent to their civil proceedings." *Carnegie v. Tedder,* 698 So.2d 1310, 1312 (Fla. 2d DCA 1997)(exception to openness of civil court files is limited to matters "peripheral to the litigation"; allegations of the parties not "peripheral"); *see also Barron v. Florida Freedom Newspapers, Inc.,* 531 So.2d 113, 119 (Fla. 1988)(confidential medical records were "inherent part of these proceedings," precluding closure).

From there, the two Responses diverge.  Gawker's Response supports the Petition, adding (as best Petitioners and Amici can tell from the significantly redacted version to which they have access) details and context that show the sealed court records involve matters that are apparently already public and that are, in any event, far from "peripheral" to the litigation.  Indeed, the factual record and legal arguments the Circuit Court sealed -- as to liability, the scheduling of trial, the admissibility of evidence, and serious accusations and counter-accusations of misconduct by the parties and their counsel -- are core issues in the litigation. Bollea's own publicly filed Statement of Facts (pp. 10-26, detailing law enforcement investigations of extortion attempts, multiple recordings, racist statements, media interviews, and an alleged "leak" of sealed evidence, among other things), actually confirms the public and central nature of the issues now being vigorously litigated in the Circuit Court and the United States Middle

2

District of Florida FOIA case.  Despite this, the Circuit Court has repeatedly rendered decisions based on sealed arguments and evidence, preventing the public from meaningfully monitoring the administration of justice in these proceedings. The clear weight of authority favors openness as to each sealed record.

In arguing otherwise, Bollea's Response largely omits relevant Florida rules and precedent establishing this Court's jurisdiction in these exact circumstances. As to the substantive right of access to judicial records, the Bollea Response draws selectively from a handful of federal cases that speak of "confidential discovery materials" and urges this Court to treat the sealed documents as such rather than as the substantive motions and supporting evidence they are.  Bollea further contends that the Circuit Court only "provisionally" sealed the materials to protect his right to a fair trial, intending to revisit the rulings at some future date;  that some of the sealed records – although the Response does not say which ones – contain names of "third parties," and telephone numbers that should be sealed; that Petitioners should have asked the Circuit Court's Special Magistrate to decide the sealing motions; and that unsealing should be further delayed by remand and by stay until after trial.  Bollea has presented no grounds to dismiss the petition or decline to unseal the court records at issue.

**I. This Court's jurisdiction to review the sealings is beyond dispute.**

Bollea's arguments contravening this Court's jurisdiction do not address Fla.R.App.P. 9.100(d) at all.  The cases Bollea cites concerning certiorari jurisdiction do not involve court orders sealing records and do not include this Court's own precedent directly on point.  Of course this Court has specific authority to review the lower court's sealing orders.  Rule 9.100(d), adopted in 1977, "establishe[d] an entirely new and independent means of review in the district courts" of orders excluding the press and public from court proceedings and records.  *See* Committee Notes, 1977 Amendment.  The Amendment specifically contemplated that such orders would be reviewable on an expedited basis while the proceedings in the lower court were ongoing.

Moreover, this Court has specifically ruled that its certiorari jurisdiction lies in the precise circumstances presented here because deprivation of access to public records at the time a member of the public is entitled to those records is harm that cannot be remedied on appeal after trial or other conclusion of the case below. *See Times Publishing Co. v. State*, 903 So.2d 322, 327 (Fla. 2d DCA 2005)(requirements for certiorari relief "satisfied" by order erroneously sealing discovery materials until underlying case concluded); *Times Publishing Co. v. State,* 827 So.2d 1040 (Fla. 2d DCA 2002)(same).  Moreover, Bollea ignores the independent jurisdictional basis noted by this Court in *Sarasota Herald-Tribune v.*

4

*State*, 924 So.2d 8, n.1 (Fla. 2d DCA 2006): as to the petitioning media members precluded from viewing evidence admitted at a criminal trial, the sealing order was "arguably a final, appealable order."

Bollea further erroneously argues that this Court has no jurisdiction because the lower court's sealing orders are "temporary" and "provisional." However, the orders below unequivocally determine that the Petitioners are not now entitled to access to motions, briefs and exhibits filed in the lower court. This Court has established that even temporary protective orders sealing records to which the public and news media have a right of access are subject to its review and reversal. *See, e.g., Media General Operations, Inc. v. State,* 933 So.2d 1199 (Fla. 2d DCA 2006); *Times Publishing Co. v. State*, 903 So.2d 322; *Times Publishing Co. v. State,* 827 So.2d 1040.

## II.   Respondent Bollea, not Petitioners, bears the "heavy burden" here to overcome Florida law's presumption of openness.

Bollea asserts "this is **not** a proceeding to determine whether or not a particular record should be sealed *ab initio*" (*see* Bollea Response at p. 37, emphasis in original) and that "it is the media companies who bear the burden of demonstrating that each record they seek to unseal is neither private nor peripheral to the underlying litigation." (*Id.* at 38). Bollea also contends the Petitioners must show "good cause" for unsealing. These assertions are flatly wrong. They are based on inapplicable case law.

In fact, this **is** a proceeding to review whether the records at issue were properly sealed *ab initio:* the orders now presented for review are the first time the Circuit Judge considered whether any of the filed motions, briefs, transcripts and other materials should be sealed.  Therefore, this case is not in the same posture as *Times Publishing Co. v. Russell*, 615 So.2d 158 (Fla. 1993), or *Scott v. Nelson*, 697 So.2d 207 (Fla. 1st DCA 1997), where parties obtained specific judicial orders sealing court files, numerous years passed, and then non-parties sought access to them for various reasons.  *Carter v. Conde Nast Publications,* 983 So.2d 23 (Fla. 5th DCA 2008)(cited at Bollea Response, p. 37-38), distinguishes both *Russell and Scott* on this basis and confirms that, where parties file materials "under seal" provisionally pursuant to a general protective order governing discovery, as here, the party wanting closure must in fact make his case to a judge and is not entitled to a presumption favoring closure. Also, members of the public seeking access to such records are **not** required to bear the burden of showing "good cause" for unsealing.

Respondent Bollea continues erroneously to reverse the burdens of proof and persuasion with his assertion that the Petition here "identifies not a single document or other record that is either inherent in Mr. Bollea's invasion of privacy lawsuit or integral to its resolution" (Bollea Response, p. 35).  Although Petitioners obviously are not privy to the details contained in each document, the titles

indicate that they are substantive motions and oppositions to substantive motions:

requests for and oppositions to judicial action affecting the course and substance of

the case as it moves toward trial, which formed and will form the basis for ruling

after ruling below.  Under the Florida Supreme Court precedent Bollea barely

mentions, as the party seeking closure *he* bears the "heavy burden" to substantiate

the sealing orders, both in the court below and here.

> The presumption of openness continues through the appellate review
> process, and the party seeking closure continues to have the burden to justify
> closure. This heavy burden is placed on the party seeking closure not only
> because of the strong presumption of openness but also because those
> challenging the order will generally have little or no knowledge of the
> specific grounds requiring closure.

*Barron v. Florida Freedom Newspapers, Inc.,* 531 So. 2d at 118-119.

Thus the Circuit Court's sealing orders do not come to this Court clothed in

a presumption of correctness. The burden remains on Bollea as the party seeking

closure to justify the closures ordered.

**III.    The sealed records, which formed the basis for many key decisions
below and will continue to do so, are not "confidential discovery
materials," and federal case law does not control access to them.**

Throughout his Response, Bollea talismanically recites that the sealed

materials are "confidential discovery materials." (Bollea Response, pp. 1, 5, 7, 10,

34-36, 38, 44). This argument launches partly from some federal case authority,

chiefly *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304 (11th

Cir. 2001), in which a federal appeals court, construing Rule 26 of the Federal

Rules of Civil Procedure, restricted public access to documents filed in support of motions to compel discovery on a lesser showing than it required for material filed with "more substantive motions" such as summary judgment. While federal precedent is conflicting and inconsistent in applying the public access to various types of federal court papers, Florida's controlling precedent is uniform and resolute. Florida's explicit constitutional guarantee of public access to records includes court records, without distinguishing among the types. "A citizen's access to public records is a fundamental constitutional right in Florida. *See Rhea v. District Bd. of Trustees of Santa Fe College,* 109 So.3d 851 (Fla. 1st DCA 2013). The state's Constitution, Rule of Judicial Administration 2.420, the Florida Supreme Court's decisions, this Court's decisions, and those of sister District Courts of Appeal simply do not countenance an approach that, as a matter of course, treats the right of access to court records with greater or lesser dignity depending on the title affixed to the paper at issue. Florida courts have never drawn the hazy distinctions among types of filed motions that some federal courts construing Rule 26 have. Florida law does not allow it.

A case where an international celebrity challenges a publisher's reliance on First Amendment protections for a free press, as well as the parties' serious allegations and counter-allegations of wrongdoing, misconduct, and unfairness, quite clearly are matters of public concern. This Court should not retreat from its

historic and critical protection of public access to judicial records here to create some new category of records the rights to which are accorded less protection. To quote this Court's observation in another context, "Secret evidence is the hallmark of an oppressive regime; it is not a policy generally acceptable in a free society with courts that must be open to the people to assure legitimacy of those courts and the fairness of the proceedings that occur therein." *Sarasota Herald-Tribune v. State*, 924 So.2d 8, 12 (Fla. 2d DCA 2005).

Respondent Bollea also suggests that our law allows the sealing of all material in a Florida court file that is inadmissible as evidence in an upcoming trial. Bollea urges that potential or actual inadmissibility of evidence at trial means that access can or should be restricted based on a lesser showing. Thirty-five years of public access law shows he is wrong. *See Tallahassee Democrat, Inc.,* 370 So.2d 867 (Fla. 1st DCA 1979)(striking down blanket administrative order purporting to protect fair trial rights by sealing all depositions filed in criminal and civil cases until conclusion of trials). In civil cases approaching trial, motions *in limine* to obtain advance rulings concerning the admissibility or exclusion of evidence are commonplace and often have significant impact on the outcomes of those cases. There is no Florida authority, and Bollea cites none, creating a lesser right of access to these motions and exhibits. To the contrary, Florida courts have staunchly defended the public's right of access to pre-trial proceedings in which

the admissibility or exclusion of evidence is decided.  *See Miami Herald Pub. Co.*
*v. Lewis*, 426 So.2d 1, 8 (Fla. 1983)(right of access to pretrial hearing on motion to
suppress confessions, so that public can monitor and decide for itself if ruling was
correct). Judicially-imposed requirements that permit the media to report only on
admitted evidence are anathema for numerous reasons, including that access to
information about the reasons why evidence is excluded serves the cause of public
confidence in the courts. *See State ex rel. Miami Herald Pub. Co. v. McIntosh*, 340
So.2d 904, 910 (Fla. 1976)(one of the two cases firmly establishing Florida's right
of public access to judicial proceedings and records: "To prevent star-chamber
injustice the public should generally have unrestricted access to all proceedings").
Petitioners respectfully suggest that this highly contentious and publicized case, in
which both sides have claimed they are fighting for their professional lives, is not
the place to begin carving out exceptions to the Florida public's traditional right of
access to court files.

A final note concerning Bollea's "confidential discovery materials"
assertions: calling the sealed court records "discovery" and thereby clothing them
with "confidentiality" on the basis of a general order allowing a party's unilateral
declaration that he wants them confidential threatens Florida's entire system of
open courts.  Allowing a party some measure of control over records he produces
(a factor underlying much of the analysis of *Firestone* and the handful of other

10

federal cases involving general discovery orders) can provide efficiencies. But allowing wholesale, unilateral designation as "confidential" documents and testimony of all kinds obtained from all manner of places and witnesses, including documents obtained from the federal government, and allowing that designation to control access to our court files, is dangerous. With all due respect, the trial court below has not provided the close judicial scrutiny needed to prevent Bollea from unilaterally designating away the entire presumption of openness. This Court should step in and correct these serious errors.

## IV. Respondent Bollea never raised fair trial concerns, and the Circuit Court made no findings concerning "serious and imminent threat" to seating an impartial jury.

For the first time, Bollea advances in this Court the argument that court records below should be sealed to preserve and protect his "right to a fair trial." He did not make that argument below, and the Circuit Court Judge did not state that she was sealing any records to preserve Bollea's right to a fair trial.

In addressing the intersection of public access and a criminal defendant's Sixth Amendment fair trial rights, this Court has taken great care to hold the movant to his extraordinary burden. *See, e.g., Media General Operations, Inc. v. State,* 933 So.2d 1199 (Fla. 2d DCA 2006)(disapproving of order permitting defendant to file motions under seal). Motions to embargo records are subject to exacting standards and the circuit courts must explicitly make factual findings to

order closure to protect fair trial rights.  *See , e.g., WESH Television, Inc. v. Freeman*, 691 So.2d 532 (Fla. 5th DCA 1997).  Here, the court below made no such findings. Bollea has proffered no facts that would support such findings. Moreover, without sealing broad swaths of their court files, Florida circuit courts have routinely seated juries in even the most closely covered, widely publicized cases involving sensational, heinous crimes – *see, e.g., Rolling v. State*, 695 So.2d 278 (Fla. 1997), and *Bundy v. Duggar*, 850 F.2d 1402 (11th Cir. 1988) – and have succeeded in conducting fair trials.

The United States Supreme Court's decision in *Skilling v. U.S.*, 561 U.S. 358, 130 S.Ct. 2896 (2010), reinforces that careful voir dire—as the Circuit Court Judge here already has provided for[1]— is the appropriate method to protect the parties' interests in seating a fair and impartial jury. As the Supreme Court explained, jurors "need not enter the box with empty heads in order to determine the facts impartially. It is sufficient if the juror[s] can lay aside [their]

---

[1] The Circuit Court's November 19, 2015 Second Order Setting Jury Trial & Pretrial Conference (Bollea's Appendix to Response, Vol. II, Tab 18), provides for three full days for voir dire (*Id.* at p.2) the week before the start of trial on March 7, 2016; requires the parties to prepare jury questionnaires for court approval, with the explicit instruction that "voir dire is for selection of a fair and impartial jury, not for argument or 'conditioning' the jurors"; and requires <u>300</u> copies of the approved questionnaire to be available for delivery to the jury pool. The judge has even authorized a special questionnaire dealing only with media coverage. (Pet. Supp. App. , at 27:24 through 35-10; Pet. Supp. App. T, at 56:16 through 65:1).

impression[s] or opinion[s] and render a verdict based on the evidence presented in court." 561 U.S. at 398-99, 130 S.Ct. at 2925 (internal quotations omitted).

## V. Respondent Bollea's other arguments do not warrant denial of the petition or further delay in unsealing the records.

Contrary to Bollea's assertion (Bollea Response at 42-43), a federal court's allowance of redaction from FBI records of the names of 10 individuals does not support the sealing of Florida court records here: obviously, no party has filed FBI records with the names unredacted, because the FBI did not produce the records unredacted. The existence of "telephone numbers" in other unspecified records is also not a reason to seal 23 separate Circuit Court records in their entireties "to protect the privacy of non-parties." (Bollea Response at 10).

Bollea's argument that Petitioners should have presented their arguments for access to the Special Magistrate appointed by the Circuit Court to oversee "discovery disputes" (*see* Order, Bollea App. Tab 27) is without foundation. The public's right of access to court files is not a "discovery dispute." Neither Bollea nor the Circuit Judge (nor Gawker) ever raised below the possibility that access to the Court's files was a matter the Special Magistrate should address. In any event, consent is required before a matter may be referred to a Special Magistrate. *See* Rule 1.490(c), Fla. R. Civ. P. ("No reference shall be made to a magistrate, general or special, without the consent of the parties.") The Petitioners never consented, nor were they ever asked to do so.

13

Despite having the motions to determine confidentiality of court records accumulate for more than a year with no rulings, Bollea requests that this Court simply send the closure problem back for consideration by the Special Magistrate, or for further consideration by the Circuit Judge, and that it stay any further action until after the March 2016 trial is over.  These are simply naked requests for deferral and delay for no good reason, further harming the public and interfering with its ability to understand and monitor the administration of justice in this case, and the federal FOIA case, as is the public's right and responsibility.  Instead, this Court's immediate intervention is needed because, while this Petition has been pending, yet more legal briefs and evidence were filed under seal below, including one apparently seeking dismissal of the case for fraud on the court.  (Pet. Supp. App. U).

## <u>CONCLUSION</u>

The Circuit Court's wholesale sealing of the parties' motions, oppositions, and materials supporting their requests for judicial action are clear departures from the essential requirements of law.  These records should be ordered unsealed with no further delay, as every day of secrecy is an incursion on the public's constitutional rights.

Respectfully submitted,

 **/s/ Alison Steele**
Fla. Bar No. 701106

14

Rahdert, Steele, Reynolds & Driscoll, P.L.
The Alexander Building
535 Central Avenue
St. Petersburg, Florida 33701-3703
Telephone: (727) 823-4191
Facsimile: (727) 823-6189
Email: amnestee@aol.com

/s/ Charles D. Tobin
Florida Bar No. 816345
Holland & Knight LLP
800 17th St., N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
E-mail: charles.tobin@hklaw.com

/s/ Timothy J. Conner
Florida Bar No. 767580
Holland & Knight LLP
50 North Laura Street , Suite 3900
Jacksonville, Florida 32202
Telephone:  (904) 353-2000
Facsimile:   (904) 358-1872
E-mail: timothy.conner@hklaw.com

*Attorneys for Petitioners T i m e s
P u b l i s h i n g   C o m p a n y ,  First Look
Media, Inc., WFTS-TV and WPTV-TV,
Scripps Media, Inc., WFTX-TV, Journal
Broadcast Group, a n d The Associated
Press*

15

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of January, 2016, I caused a true and correct copy of these Appendices to be served via the Florida Courts' E-Filing Portal on the following counsel of record:

Gregg D. Thomas
Rachel E. Fugate
THOMAS & LOCICERO PL
601 South Boulevard
P.O. Box 2602
Tampa, FL 33601
gthomas@tlolawfirm.com
rfugate@tlolawfirm.com
Attorneys for Gawker Media LLC,
Nick Denton and A.J. Daulerio

Seth D. Berlin
Michael Berry
LEVINE SULLIVAN KOCH &
SCHULZ LLP
1899 L. Street, NW, Suite 200
Washington, DC 20036
sberlin@lskslaw.com
mberry@lskslaw.com
Attorneys for Gawker Media LLC,
Nick Denton and A.J. Daulerio

Kenneth G. Turkel
BAJO CUVA COHEN & TURKEL
100 N. Tampa, Street, Suite 1900
Tampa, FL 33602
kturkel@BajoCuva.com

Charles J. Harder
HARDER MIRELL & ABRAMS
1925 Century Park East, Suite 800
Los Angeles, CA 90067
charder@HMAfirm.com

David M. Caldevilla
de la Parte & Gilbert, P.A.
P. O. Box 2350
Tampa, FL 33601-2350
dcaldevilla@dgfirm.com

David R. Houston
Law Offices of David R. Houston
432 Court Street
Reno, NV 89501
dhouston@houstonlaw.com

Attorneys for Terry Gene Bollea

**/s/ Alison M. Steele**
Alison M. Steele
Fla. Bar No. 701106

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this Petition is submitted in Times New Roman 14-point font and otherwise complies with the requirements of Rule 9.100(l), Fla. R. App. P.

**/s/ Alison M. Steele**
Alison M. Steele
Fla. Bar No. 701106