## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GAWKER MEDIA, LLC and
GREGG D. THOMAS,

      Plaintiffs,

v.                                                     Case No. 8:15-cv-01202-SCB-EAJ

THE FEDERAL BUREAU OF
INVESTIGATION and THE
EXECUTIVE OFFICE OF
UNITED STATES ATTORNEYS,

      Defendants.
_____/

## DEFENDANTS' SUPPLEMENTAL
## BRIEFING REGARDING ATTORNEYS' FEES

Defendants, the Federal Bureau of Investigation ("FBI") and the Executive

Office of United States Attorneys ("EOUSA"), as allowed by the Court's January 21,

2016 Order [Doc. 102], respectfully submit this additional brief in support of their

position that attorneys' fees are not warranted in this case.  In support of their

position, defendants state as follows:

The Freedom of Information Act ("FOIA") authorizes district courts to "assess

against the United States reasonable attorney fees and other litigation costs

reasonably incurred in any case under this section in which the complainant has

substantially prevailed."  5 U.S.C. Section 552(a)(4)(E).  Applications for an award

of fees under this provision are subject to a two-step inquiry.  First, the requester

must show that he or she "substantially prevailed" and is therefore "eligible" for an award, and, second, the requester must show he or she is "entitled" to the award. *See Weisberg v. Department of Justice*, 745 F.2d 1476, 1495 (D.C. Cir. 1984); *Dorsen v. United States Sec. & Exch. Comm'n*, 15 F. Supp. 3d 112, 116 (D.D.C. 2014).  For purposes of this brief, defendants will assume that plaintiffs can show that they substantially prevailed in their case and are eligible for attorneys' fees. However, plaintiffs cannot show that they are entitled to attorneys' fees.

In determining whether plaintiffs are entitled to attorneys' fees, the Court must consider at least four factors: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the withholdings by the agencies. *See Weisberg*, 745 F.2d at 1498; *Dorsen*, 15 F. Supp. 3d at 117 (D.D.C. 2014).  These factors dictate against an award of attorneys' fees.

The first factor is satisfied if a court ordered disclosure is "likely to add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (citation omitted).  The D.C. Circuit found in *Cotton* "that the district court misapplied the public-benefit prong, interpreting it far too broadly."  *Id.*  The purpose of the FOIA is to facilitate "the free flow of information between the government and individuals, [and] the public benefit prong requires a distinction . . . to be drawn between the plaintiff who seeks to advance his private commercial interests and . . . the public interest group seeking

2

information to further a project benefiting the general public." *Id.* (citation omitted).[1]

It has long been held that Congress did not enact the FOIA fee provision to reward

a claimant who is successful in obtaining information that the government sought to

withhold. *See Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 711 (D.C.

Cir. 1977). Rather, the fee provision has the "more limited purpose to remove the

incentive for administrative resistance to disclosure requests based not on the

merits of exemption claims, but on the knowledge that many FOIA plaintiffs do not

---

[1] In the context of FOIA Exemption 7(C)'s public interest balancing test, it is not sufficient for a plaintiff to assert a broad general interest in serving as a watchdog over an investigation by a law enforcement agency and any subsequent decisions not to bring charges. Such broad public interests have been rejected by the courts. *See*, *e.g.*, *SafeCard Servs. v. Securities Exchange Comm'n*, 926 F.2d 1197, 1205-06 (D.C. Cir. 1991) (noting that "unless there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity, and access to the names of private individuals appearing in the agency's law enforcement files is necessary in order to confirm or refute that evidence, there is no reason to believe that the incremental public interest in such information would ever be significant."); *Miller v. Bell*, 661 F.2d 623, 630 (7th Cir. 1981) (rejecting a claim of public interest in information to allow plaintiff "to serve as a watchdog over the adequacy and completeness of an FBI investigation" because "this justification would apparently apply to every FBI criminal investigation, severely vitiating the privacy and confidentiality provisions of exemptions 7(C) and (D).") *rev'd on other grounds United States Dep't of Justice v. Landano*, 508 U.S. 165 (1993); *Fund for Constitutional Gov't v. National Archives & Records Serv.*, 656 F.2d 856, 863 (D.C. Cir. 1981) (affirming withholding after noting that "the decision to prosecute an individual for a crime is one typically entrusted solely to the prosecutor's discretion and rarely subject to judicial review or public scrutiny").

Plaintiffs' stated public interest in the present case is particularly inappropriate here because they apparently seek to second-guess the prosecutorial discretion of government officials or to determine whether federal or state law enforcement agencies conspired with Mr. Bollea to withhold evidence that would potentially help Gawker in the state court action. If plaintiffs' position were the law, virtually every FOIA request regarding a criminal investigation would be subject to attorneys' fees. This is not a cognizable public interest under FOIA, and attorneys' fees should not be awarded.

have the financial resources or economic incentives to pursue their requests through expensive litigation." *Id.*

In the present case, the public benefit factor weighs against an award of attorney's fees. First, Gawker cannot be said to be a "public interest group seeking information to further a project benefiting the general public." *Cotton*, 63 F.3d at 1120 (citation omitted). Instead, Gawker is a large, highly visible and successful media conglomerate with 64,000,000 million readers per month within the United States alone, *see* The Gawker Media Group, available at http://advertising.gawker.com/about/, last visited January 29, 2016, seeking to advance its private commercial interests. *See Cotton*, 63 F.3d at 1120 (citation omitted).

Second, Plaintiffs have stated on numerous occasions that the information they have been seeking had to be produced because much of it had already been made public by Mr. Terry Bollea, Mr. Todd Clem, Mr. Clem's former wife and others, including their attorneys, while speaking with, for example, Mr. Howard Stern on national radio, or participating in public interviews. In addition, this Court has found that much of this information has been made public starting in as early as 2012. *See* Order dated November 4, 2015 [Doc. 75], p. 9 ("This case is unique in that the events surrounding the release of the Bollea [] tape, including the names and roles of those involved, have been heavily documented in the media and in court filings in this Court, in the Florida state court, and in the California state court since October 2012."). Clearly, much of the information plaintiffs have obtained was already in the

4

public domain and thus do not "add to the fund of information that citizens may use in making vital political choices."  *Cotton*, 63 F.3d at 1120.

Additionally, plaintiffs have admitted that they submitted their FOIA requests because they intend to use the records and information to defend against a $100 million dollar lawsuit filed by Mr. Bollea against Gawker in state court.  They did not submit the FOIA requests for the benefit of the public.  *See Ellis v. United States*, 941 F. Supp. 1068, 1078 (D.Utah,1996) ("The purpose of FOIA is to provide a method of informing the public about Government operations and not to benefit private litigants.") (citing *Aviation Data Serv. v. Federal Aviation Administration*, 687 F.2d 1319, 1322 (10th Cir. 1982) (questioning "whether the disclosure will assist the citizenry generally in making an informed judgment as to governmental operations.")); *Fenster v. Brown*,  617 F.2d 740, 743-44 (D.C. Cir.  1979)) (noting the district court's finding that the "public benefit from disclosure was 'minimal,' the commercial benefit to appellant 'enormous,' and the government's original withholding of the manual justified by 'a reasonable basis in law,'" and upholding the denial of attorneys' fees).

The present case is similar to *Mullen v. United States Army Criminal Investigation Command*, 2012 WL 2681300, *1 (E.D. Va. July 6, 2012).  In *Mullen*, the plaintiff asked for all documents the defendant possessed as a result of two investigations of plaintiff for possible misuse of government funds.  *See id.*, at *10. Defendant initially withheld all documents pursuant to FOIA Exemption 7(A) based on the ongoing law enforcement investigations.  *See id.*, at *1.  After the

investigations closed, the defendant withheld in full numerous documents and produced some documents that it then had redacted pursuant to Exemptions 6 and 7(C).  The defendant stated to the court "that it had completed production of responsive documents on August 5, 2011."  *Id.*, at *2.  However, the plaintiff "received another set of documents on October 4, 2011, and on November 3, 2011, it received approximately 181 additional pages."  *Id.*  The plaintiff asked the court to order the defendant to produce a *Vaughn* index, but there was initially a dispute regarding the index.  *See id.*  After producing the index and filing a motion for summary judgment.  *See id.*  Nevertheless, after this, defendant produced additional documents.  *See id.*  Subsequently, as a substantially prevailing party, plaintiff requested attorneys' fees.  *See id.*, at *7.

The *Mullen* court found the plaintiff eligible for attorneys' fees, but it found that the plaintiff was not entitled to attorneys' fees based on all four factors.  *See id.*, at *10.  With respect to the public interest factor, the court ruled that it "is doubtless true . . . that the successful FOIA plaintiff always acts in some degree for the benefit of the public."  *Id.*, at *9 (citation omitted).  It also held that "[w]here the public interest is secondary to a private interest the Court must evaluate whether the public interest is sufficient to trigger the award of attorney fees."  *Id.* (citation omitted).  The factors to consider in that analysis is the "degree of dissemination to the press and public . . . ."  *Id.* (citation omitted).  The plaintiff argued that it had been subjected to years of improper investigations by the defendant "and that it sought disclosure of documents to shed public light on Defendant's improper investigation methods."  *Id.*

The court noted that the plaintiff, like in the present case, had not identified any specific improper investigation methods, and it stated that "[g]eneral allegations of impropriety after production are alone insufficient . . . .  And, it is not obvious that the public has any general interest about the two investigations into UCI or Mr. Hopmeier.  Minimal, incidental and speculative public benefit will not suffice." *Id.* (citation omitted).  Like in the *Mullen* case, the first factor in the present case weighs heavily against an award of attorneys' fees.  At best, the public benefit factor does not tilt this case one way or the other.  *See Dorsen*, 15 F. Supp. 3d at 122 ("In sum, the public benefit factor neither favors nor disfavors an award of attorneys' fees to Lauer.").

The second and third factors also weigh heavily against the granting of attorneys' fees.  If a claimant uses the FOIA to obtain records "for a commercial benefit or other personal reasons, an award of fees is usually inappropriate." *United Am. Fin., Inc. v. Potter*, 770 F. Supp. 2d 252, 256 (D.D.C. 2011) *aff'd sub nom. United Am. Fin., Inc. v. Donahoe*, 464 F. App'x 6 (D.C. Cir. 2012) (citing *Cotton*, 63 F.3d at 1120); *Dorsen*, 15 F. Supp. 3d at 122-23 (noting that where a plaintiff may obtain "a commercial benefit or a personal interest in pursuing litigation, an award of fees is generally inappropriate because there is already sufficient motivation for the claimant to bring suit without the promise of attorneys' fees.") (citations omitted); *Solone v. Internal Revenue Serv.*, 830 F. Supp. 1141, 1143 (N.D. Ill. 1993) ("When a complainant seeks disclosure of information to advance its private commercial interests, an award of fees is generally inappropriate.") (citing *Fenster*, 617 F.2d

at 743).

These two factors are intended to assess whether a plaintiff has sufficient

private incentive to seek disclosure of records under the FOIA, recognizing that

"many FOIA plaintiffs do not have the financial resources or economic incentives to

pursue their requests through expensive litigation." *Nationwide Bldg. Maint.*, 559

F.2d at 711; *Alliance for Responsible CFC Policy, Inc. v. Costle*, 631 F. Supp. 1469,

1471 (D.D.C. 1986) ("Here plaintiff's suit clearly was motivated primarily by personal

interest, not by the sort of altruistic public concerns envisioned by the drafters of the

FOIA attorneys' fees provision."); *Solone*, 830 F. Supp. at 1143 ("In such cases,

"[t]he private self-interest motive of, and often pecuniary benefit to, the complainant

will be sufficient to insure the vindication of the rights given in the FOIA.") (citation

omitted); *Mullen*, 2012 WL 2681300 at *9 ("[T]here will seldom be an award of

attorneys' fees when the suit is to advance the private commercial interests of the

complainant.  In these cases there is usually no need to award attorneys' fees to

insure that the action will be brought.  The private self-interest motive of, and often

pecuniary benefit to, the complainant will be sufficient to insure the vindication of the

rights given in the FOIA.") (citation omitted).  Because these factors are closely

related, they are often considered together. *See Fenster*, 617 F.2d at 743 ("Two of

the four criteria are closely related in this case: the commercial benefit to the

complainant and the nature of the complainant's interest in the record sought.").

Additionally, courts routinely decline to award attorneys' fees where a plaintiff

uses the FOIA as a discovery tool. *See Ellis*, 941 F. Supp. at 1079 (holding "the

8

use of FOIA as a substitute for discovery constitutes a private, noncompensable interest.") (listing cases on point).  Specifically, courts have declined to award attorneys' fees where a plaintiff "stands to gain a commercial benefit when he or she seeks documents that could aid his efforts in ongoing civil litigation."  *Dorsen*, 15 F. Supp.3d at 123 (citations omitted).  The reason courts do not award attorneys' fees in such cases is that the "[o]ngoing litigation provides sufficient incentive for parties to bring suit under FOIA regardless of whether fees and costs are recovered under the Act."  *Dorsen*, 15 F. Supp.3d at 123 (citation omitted).  For example, in *Dorsen*, plaintiff was seeking certain documents from the U.S. Securities Exchange Commission to defend against a judgment in favor of the SEC in the amount of $63 million.  *See Dorsen*, 15 F. Supp.3d at 123.  The court found that the "plaintiff's stated motives are primarily commercial and personal interests, thus this factor weighs against an award of attorneys' fees."  *Dorsen*, 15 F. Supp. 3d at 123.

The present case is analogous to *Dorsen.*  Plaintiffs' brief openly states that the records are necessary to advance Gawker's own interests in the underlying civil litigation between itself and Mr. Bollea: "In the short term, Gawker seeks unredacted documents to be able to demonstrate to the state court and the jury in its upcoming trial that Hogan's proffered version of events departs in material respects from what he and his counsel David Houston told the FBI and what that investigation reveals." Plaintiff's Objections to Defendant Agencies' FOIA Responses, *Vaughn* Indexes, and Declarations [Doc. 54], p. 18.  Thus, even though Gawker is a media company and provides information to the public, the interest involved here is purely private

and pecuniary in nature, and Gawker admits as much when it states that the records are "essential [] to Gawker's defense of the $100 million law suit against it . . . ." *Id.* In fact, plaintiffs have urged the Court to resolve this case expeditiously precisely because they need the documents for its defense in the state court case.

Additionally, "[i]n weighing the commercial benefit factor, the Court should consider whether the party requesting fees was indigent or a non-profit public group and not a large corporate interest." *Mullen*, 2012 WL 2681300, at *10. Gawker certainly does not fall into any of these two categories. Instead, as noted above, Gawker is a large corporation. *See* The Gawker Media Group, available at http://advertising.gawker.com/about/, last visited January 29, 2016. Courts have made clear that a FOIA requestor's private need for information in connection with litigation does not further any public interest. In short, because plaintiffs have a private, commercial interest in the amount of $100 million, factors two and three weigh heavily against an award of attorneys' fees.

Attorneys' fees are also not warranted under the fourth factor because "the government had a reasonable basis in law for withholding the requested documents. *Dorsen*, 15 F. Supp. 3d at 123. In fact, "although the test of entitlements involves a balance of several factors, there can be no doubt that a party is not entitled to fees if the government's legal basis for withholding requested records is correct." *Cotton*, 63 F.3d at 1117 (citation omitted); *Nationwide Bldg. Maint.*, 559 F.2d at 712 n.34 ("Certainly where the government can show that information disclosed after initial resistance was nonetheless exempt from the FOIA

a plaintiff should not be awarded attorney fees under section 552(a)(4)(E).  Indeed,

if the government only establishes that it had a reasonable basis in law for resisting

disclosure it may be proper to deny a FOIA plaintiff's motion for attorney fees unless

other factors affirmatively justify such an award.").

To avoid paying attorneys' fees, the government only has to show that it had

"a colorable basis in law" for the withholdings and redactions.  *Cotton*, 63 F.3d at

1121 (citations omitted); *Ellis*, 941 F. Supp. at 1080 (citations omitted).  Although

the Court has ordered defendants to release duplicate documents withheld in full

and to unredact the names of certain individuals, the Court has upheld defendants'

withholdings in full of many documents and the redactions of many names and other

information.  In addition, even though the Court has ruled that the names of certain

individuals must be unredacted because their names had already been made

public, it nevertheless upheld the redactions of these individuals' "addresses, birth

dates, social security numbers, telephone numbers, and other such private

identifiers . . . ."  Order dated November 4, 2015 [Doc. 75], p. 10.

During the production of the additional records as ordered by the Court,

defendants have experienced some technical difficulties, delays and have defended

vigorously its withholdings and redactions.  However, these facts do not rise to the

level of either recalcitrant or otherwise obdurate behavior.  *See Mullen*, 2012 WL

2681300 at *9; *Cotton*, 63 F.3d at 1121.  To the contrary, the FBI has spent over

1,000 hours to respond to plaintiffs' FOIA request, and at all times, defendants have

attempted to comply fully with the FOIA and the Courts orders.  In addition, as noted

above, the Court has found that large portions of defendants' withholdings and

redactions were proper.  In short, defendants had a reasonable legal basis for their

withholdings and redactions, and the fourth factor therefore weighs against

awarding attorneys' fees.   At most, the fourth factor does not make it more or less

likely that an award of attorneys' fees is warranted.

## BRIEFING REQUESTED

Defendants are still analyzing whether a negotiated settlement may be

possible, but based on the information currently available, defendants request that

the amount of attorneys' fees, if any, be briefed to the Court rather than be

mediated.

## CONCLUSION

Based on the foregoing, defendants respectfully request that the Court deny

plaintiffs' request for attorneys' fees.

**A. LEE BENTLEY, III**
United States Attorney

Respectfully submitted,

By:   *s/ E. Kenneth Stegeby*
**E. KENNETH STEGEBY**
Esquire Assistant U.S.
Attorney
USAO No. 112
400 North Tampa Street, Ste. 3200
Tampa, Florida 33602
Telephone:  (813) 274-6087
Facsimile:  (813) 274-6198
Email: kenneth.stegeby@usdoj.gov
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on January 29, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Counsel of Record:

| | |
|---|---|
| Alia L. Smith | Rachel E. Fugate |
| Gregg Darrow Thomas | Seth D. Berlin |
| Patrick Kabat | *Plaintiffs' Counsel* |

                           *s/E. Kenneth Stegeby*
                           E. Kenneth Stegeby